James C. Rehnquist
617.570.1820
jrehnquist@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

January 5, 2005

**_By Facsimile and Regular Mail_**

William M. Welch II
Assistant United States Attorney
U.S. Attorney's Office
Federal Building & Courthouse, Room 310
1550 Main Street
Springfield, MA  01103

*Re:*   USA  v. Raymond Asselin, Sr., et al., Crim. A. No: 04-30033-MAP

Dear Mr. Welch:

Pursuant to Local Rule 116.3(A), defendant Peter Davis requests that the government provide him with each of the following or, alternatively, identify with reasonable precision where the following information is located in the documents and/or things already made available to defendants through automatic discovery:

1. Identify all contracts on which a bid was submitted by, or on behalf of, P.J. Richfield, Inc. ("P.J. Richfield") and/or Peter Davis to the Springfield Housing Authority.  For any contracts and/or bids submitted on behalf of P.J. Richfield and/or Peter Davis, please identify the person or persons who submitted the contract and/or bid on his behalf.

2. All indices and/or summaries of documents and/or things made available to defendants through automatic discovery.[1]

3. All bid documents submitted by, or on behalf of, P.J. Richfield and/or Peter Davis to the Springfield Housing Authority.

---

[1] I am aware that the government has already provided us with a copy of a partial index of certain documents and/or things made available during automatic discovery.  Please provide a full copy of that index, as well as any additional indices and/or summaries which exist.

William M. Welch II
January 5, 2005
Page 2

    4.    Identify any actions allegedly taken by a state employee in violation of his official duty as a result of Peter Davis allegedly giving, offering, and/or promising something of value, as alleged in Paragraph 38(d) of the Indictment. Specifically:

        a.    Identify any bid proposals allegedly "fraudulently generate[d]" by, on behalf of, or for the benefit of, P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify by whom such proposals were allegedly "fraudulently generated";

        b.    Identify any bid proposals on which P.J. Richfield and/or Peter Davis "colluded in the preparation of," as alleged in Paragraph 38(d) of the Indictment, and identify with or by whom this alleged collusion took place;

        c.    Identify any contracts that were awarded to P.J. Richfield and/or Peter Davis as a result of conduct allegedly taken by Peter Davis, as alleged in Paragraph 38(d) of the Indictment;

        d.    Identify any sub-contracts that were "steer[ed]" to P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify by whom such contracts were allegedly "steered"; and

        e.    Identify any other "preferential treatment" received by P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify when and by whom such preferential treatment was given.

    5.    Identify all overt acts allegedly taken by Peter Davis and/or P.J. Richfield in furtherance of the racketeering conspiracy, as alleged in Paragraph 56 of the Indictment.

Pursuant to Local Rule 116.3(A), please reply in writing to the above-listed requests no later than fourteen (14) days from now, *i.e.,* no later than January 19, 2005. Defendant Peter Davis reserves the right to supplement these requests.

William M. Welch II
January 5, 2005
Page 3


I look forward to hearing from you.

Very truly yours,

**/s/ James C. Rehnquist**

James C. Rehnquist

JCR/kl

cc:    Clerk's Office
        Defense counsel of record (attached distribution list)

William M. Welch II
January 5, 2005
Page 4


bcc:   Kathleen Luz, Esq.
       Elizabeth K. Train, Esq.
       Albert M. Lessard

LIBA/1438972.2