UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION TO COMPEL
COMPLIANCE WITH THE COURT'S ORDER THAT
THE GOVERNMENT PROVIDE A BILL OF PARTICULARS**

Defendant Peter Davis hereby moves this Court to compel the government to comply with the Court's September 9, 2005 Memorandum and Order with Regard to Defendant Peter Davis's Motion for a Bill of Particulars and to Compel Discovery. In support of this Motion, Mr. Davis states as follows:

1. On June 30, 2005, Mr. Davis filed a Motion for a Bill of Particulars and to Compel Discovery, seeking, *inter alia*, a bill of particulars that identifies the contracts he bid on and any benefits he received from Springfield Housing Authority ("SHA") officials.

2. After a hearing on August 25, the Court (M.J. Neiman) on September 9, 2005 ordered the government to "provide Defendant [Davis] with a bill of particulars identifying (a) all contracts and subcontracts for which a bid was submitted to SHA by or on behalf of Defendant, and (b) all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value. (The Order is attached hereto as Exhibit 1.)

3. In response to the Court's Order, the government provided a purported bill of particulars on September 19, 2005 (hereinafter, "Bill of Particulars," and attached hereto as Exhibit 2), that (1) identified by date and amount 21 bids submitted to SHA by P.J. Richfield,

Mr. Davis's company, between 1990 and 1998, and (2) listed by category the types of action the SHA allegedly took as a result of Mr. Davis's having given, offered, and/or provided something of value.

4.  Although the first part of the government's response does not literally comply with the Court's order that the government identify "all contracts and subcontracts for which a bid was submitted to SHA by or on behalf of Defendant," the government's identification of bids, coupled with discovery materials that have been made available, would appear to give Mr. Davis the substance of the information the Court ordered.[1]

5.  The government's generalized description of alleged SHA benefits, on the other hand, does not satisfy the Court's order that the government identify "all actions alleged taken by SHA as a result of Defendant's having given, offered and/or provided something of value." The second part of the government's purported bill of particulars merely states:

> Regarding actions taken by SHA as a result of the defendant having given, offered, and/or provided something of value, those actions consisted of steering contracts to P.J. Richfield, Inc.; directing general contractors to use P.J. Richfield, Inc. as a sub-contractor; permitting the continued use of P.J. Richfield, Inc. as a contractor despite sub-standard work; directing SHA employees to finish work for P.J. Richfield, Inc.; permitting the use of SHA supplies by P.J. Richfield, Inc.; certifying the completion of work that had not been completed; and causing more lenient enforcement of site inspections and wage compliance for P.J. Richfield, Inc.

This is insignificant; it provides no particulars as to the government's charges beyond the same general, categorical allegations contained in the Superseding Indictment, which were the object of Mr. Davis's motion. *See* Superseding Indictment ¶ 40 (alleging, *inter alia*, that defendants Asselin and Sotirion "steer[ed] sub-contracts" to Mr. Davis). Rather than providing particular information about its charges (such as which bid proposals it claims were fraudulently generated,

---

[1] Mr. Davis has not yet had an opportunity to review the voluminous automatic discovery in light of the Court's order and the government's response, and reserves the right to supplement this motion later if necessary.

which contracts the SHA allegedly steered to P.J. Richfield, or what specific preferential treatment was given), the Bill of Particulars merely lists additional, yet still vague categories of actions that the SHA allegedly took to reward Mr. Davis.

6.    The very purpose of the Court's Order was "to prevent surprise and to save Defendant from undue labor in the preparation of his case." Order, at 3. The Court recognized that "[t]he particulars Defendant seeks—*i.e.*, identification of contracts he had or benefits he received—are integral to the case against him," and that the Indictment is deficient in that it does not identify "what contracts Defendant bid, tainted or otherwise, or any 'preferential treatment' or 'rewards' he received." *Id.* The government simply has not complied with the Court's order.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that this Court order the government to file a bill of particulars that complies with the Court's order by specifically identifying all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value.

Respectfully submitted,

PETER DAVIS

By his attorneys,

/s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
Elizabeth K. Train (BBO # 650682)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: October 13, 2005