FILED
- -K'S OFFICE

UNITED STATES DISTRICT COURT 2005 OCT 28 ₱ 5: 09
DISTRICT OF MASSACHUSETTS

U.S.
UNITED STATES OF AMERICA,          )    CR-N-04-30033-MAP
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )
                                   )
RAYMOND ASSELIN, SR., et al.,      )
                                   )
_____ Defendants.   )

## GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'
## MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDER

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Davis' Motion to Compel Compliance with Court's Order as follows:

During the course of oral argument on this matter, it is the Government's recollection that Magistrate Judge Neiman asked counsel for defendant Davis whether or not the information that defendant Davis needed was the "universe" of bids that defendant Davis had submitted to Springfield Housing Authority (hereinafter "SHA") as well as the "universe" of favorable treatment received from SHA by defendant Davis. It is the Government's recollection that counsel for defendant Davis in substance concurred with that assessment because that information at least permitted defendant

1

Davis to know what he was defending himself against and would prevent unfair surprise. Consistent with that inquiry, Magistrate Judge Neiman issued his order requiring the Government to identify those two categories of information.

The Government has complied with Magistrate Judge Neiman's order. As an initial matter, the Government complied, literally and otherwise, with the first part of Magistrate Judge Neiman's order. The Government in fact identified all bids submitted to Springfield Housing Authority by or on behalf of defendant Davis. If defendant Davis expected more than that, the Government did not understand the court's order to compel such further identification or the manner by which the Government should identify the bids. Identifying the bids by date and amount were the best way of consistently identifying all bids submitted by defendant Davis because, for example, SHA did not maintain copies of losing bids.

Regarding the second half of the defendant's request, the Government again complied with Magistrate Judge Neiman's order because the Government identified "all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value." Once again, it is the Government's recollection that Magistrate Judge Neiman inquired of the Government at oral argument whether or not there was "preferential treatment" received by defendant Davis, as alleged in the Superseding Indictment, that defendant Davis would not find within

2

the discovery, but which may be contained within the oral

statements of some witnesses.[1]

Therefore, consistent with Magistrate Judge Neiman's inquiry

and order, the Government expanded upon the allegations of the

---

[1] The Superseding Indictment contained the following caption and
language:

## Objectives of the Racketeering Activity

It was an objective of the defendants to
reward those individuals and businesses that
paid bribes, kickbacks, gratuities and other
things of value to members employed by and
persons associated with the Enterprise by
defendants ASSELIN, SR. and SOTIRION using
their positions within SHA to award
contracts, steer sub-contracts, purchases
goods and services, provide preferential
treatment, and otherwise direct SHA resources
to said individuals and businesses for the
benefit of said individuals and businesses.

Superseding Indictment, ¶ 23.  The superseding indictment also
contained the following caption and language:

## Manner and Means of the Racketeering Enterprise

Defendants ASSELIN, SR. and SOTIRION and
their associates conducted and participated
in the conduct of the affairs of the
Enterprise by then rewarding . . . P.J.
Richfield, Inc. . . . with contracts, sub-
contracts, change orders, purchase orders,
preferential treatment, and other SHA
resources through their corrupt influence on
the contract and purchase order bid process
and otherwise directing general contractors
to award sub-contracts to said individuals
and businesses.

Id. at ¶ 29.

indictment by identifying the "universe" of favorable or preferential treatment, including that identified within oral statements of witnesses, more precisely as follows:

> permitting the continued use of P.J.
> Richfield, Inc. as a contractor despite sub-
> standard work; directing SHA employees to
> finish work for P.J. Richfield, Inc.;
> permitting the use of SHA supplies by P.J.
> Richfield, Inc.; certifying the completion of
> work that had not been completed; and causing
> more lenient enforcement of site inspections
> and wage compliance for P.J. Richfield, Inc.

None of that more specific information had been alleged in the Superseding Indictment.

Of course, in addition to the information contained within its discovery letter, the Government acknowledged at oral argument that the SHA bidding process was a "pay to play" system -- a contractor had to provide things of value simply to gain access to a rigged bidding process. Therefore, if counsel for defendant Davis did not understand from the allegations in the Superseding Indictment, the discovery, the early disclosure of some Jencks materials of other cooperating contractors, or the Government's statements during oral argument, then the Government will make clear that preferential treatment and rewards also included access to a rigged bidding process and contracts that defendant Davis received from SHA. That information, as defendant Davis concedes, has been provided.

4

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis' Motion to Compel.

Filed this 28 th day of October, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

WILLIAM M. WELCH II
Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

Hampden,  ss.                          Springfield, Massachusetts
                                       October 28, 2005

     I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by mailing said
motion to:

All counsel of record


                          WILLIAM M. WELCH II
                          Assistant United States Attorney