UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>   Defendants. | Criminal No. 04-30033-MAP |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
PETER DAVIS'S MOTION TO COMPEL COMPLIANCE WITH RULE 16**

Defendant Peter Davis submits this Reply Memorandum in Support of his Motion to Compel Compliance with Rule 16.

The government's position appears to be as follows: Rule 16 permits the government to simply dump all of the files collected during the course of an investigation as a means of discharging its Rule 16 discovery obligation, and the Court has no authority to require the government to do more. But the government makes two fundamental legal errors. First, the government cites to no persuasive authority for its contention that the government has no obligation to identify, out of the voluminous materials made available, those documents upon which it truly intends to rely at trial. The cases relied upon by the government are outliers which are readily distinguishable on their facts. Second, the government's reliance on *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny of cases, is similarly misplaced. While *Brady* and its progeny concerned the constitutionality of the prosecution's suppression of evidence exculpatory to an accused, these cases do not bear at all on the government's obligations under the Federal Rules of Criminal Procedure.

1

**ARGUMENT**

I. **THE GOVERNMENT PROVIDES NO PERSUASIVE AUTHORITY IN SUPPORT OF ITS ARGUMENT THAT RULE 16 DOES NOT OBLIGATE IT TO IDENTIFY EVIDENCE IT INTENDS TO USE IN ITS CASE-IN-CHIEF AT TRIAL.**

The government gives short shrift to defendant's argument that Rule 16(a)(1)(E)(ii) requires the government to identify those materials it intends to use as part of its case-in-chief at trial, focusing more on whether the government is required to disclose documents that are "material to the defense." Indeed, the government cites to only two outlier cases – *United States v. Causey*, 356 F. Supp. 2d 681 (S.D. Tex. 2005), and *United States v. Nachamie*, 91 F. Supp.2d 565 (S.D.N.Y.. 2000) – for the proposition that it has no obligation to identify those documents it intends to use at trial. But these cases are readily distinguishable on their facts. In *Causey*, the government made available to defendants over 80 million pages of documents as part of its "open file" discovery. 356 F. Supp. 2d at 683. The government, however, also voluntarily provided the defendants with a set of "hot documents" that the government asserted "represent[ed] a rough cut of what the government believes is the central evidence for both the government and the defense." *Id.* at 687. The defendants filed a motion seeking to have the government identify, among other things, which documents the government intended to rely upon in its case-in-chief at trial. *Id.* at 686. The court rejected defendant's claim, since the government had "not merely offered defendants 'a perfuctory invitation to look at the contents of a file,'" but rather specifically produced hot documents it identified as central to its defense. *Id.* at 687.

The government's reliance on *Nachamie* is likewise misplaced. *Nachamie* involved a Rule 16 motion by all four defendant co-conspirators, who <u>conceded</u> that the

2

documents made available by the government were all "material to the preparation of the defense," but argued that Rule 16 required the government to designate which files fell into which of the three Rule 16 subcategories (*i.e.*, which were material to the defense, which were to be used in the case and chief at trial, and which were the property of the defendants). *Nachamie*, 91 F. Supp. 2d at 568. In contrast, Mr. Davis is requesting simply that the government present for discovery only those documents falling under the Rule 16 categories, rather than burying those documents in hundreds of thousands of others that do not fall under <u>any</u> of the Rule 16 categories.

The reasoning of both *Causey* and *Nachamie* is unpersuasive in this instance given the facts here. Here, unlike in *Causey,* the government has not provided the defendant with a subset it views as central evidence to the government and the defense; indeed, the government's position that it is not required to do so.[1] And the defendant here, unlike the defendant in *Nachamie*, is not asking that the government identify specifically which documents fall under which categories, or present the defendant with a precise and final list of documents it intends to use in its case-in-chief at trial.

The cases cited by defendant in his opening memorandum demonstrate that, in certain circumstances (such as here), "open-file" discovery does not necessarily satisfy the requirements of Rule 16, and thus more is necessary. *See, e.g.*, *United States v. Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (citing cases holding that, "based on the policy concerns of Rule 16 and principles of fairness, it is within a district court's authority to direct the Government to identify the documents it intends to rely on in its

---

[1] The government goes so far to suggest that, in fact, the court has no authority to order the government to comply with Mr. Davis's discovery request. *See* Government's Opposition, at 6-7. As argued in defendant's opening memorandum, this Court has ample discretion to order the discovery defendant seeks. *See* Defendant's Memorandum, at 11-14.

3

case in chief"); *United States v. Upton*, 856 F. Supp. 727, 747-49 (E.D.N.Y. 1994) (government must "provide defendants with adequate notice of the allegedly falsified documents upon which it plans to rely at trial in order to allow them to adequately prepare their defense"); *United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989) (Rule 16 requires the government to do "more than [] identify several thousand pages, any of which it 'may' rely on at trial"; such a "broad brush approach" is insufficient); *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (ordering government to identify within fourteen days which of the 25,000 documents it planned to use in its case-in-chief, rather than allowing government to "bury[] the defendant in paper" with open file discovery). The courts in these cases recognized open file discovery which is too broad and voluminous is not meaningful and hinders the defendant's ability to adequately prepare for trial. Here, the need for more particularized discovery is particularly acute, given the vast conspiracy alleged as part of the complaint, and Mr. Davis' relatively minor role in the alleged conspiracy.[2]

## II. THE *BRADY* PROGENY OF CASES CITED BY THE GOVERNMENT ARE INAPPOSITE.

In a further analytical mis-step, or perhaps an attempt to muddle the issue for the Court, the government conflates its obligations under Rule 16(a)(1)(E)(i) with those required by *Brady v. Maryland,* 373 U.S. 83 (1963). The *Brady* progeny cases on which the government relies in its Opposition are inapposite to the issues here: *Brady*

---

[2] Notably, the government argues that more detailed discovery is not necessary here because the government has produced to the defendants the grand jury testimony of about at least two SHA contractors who described "how they, along with other SHA contractors, had to pay bribes to co-defendants Asselin, Sr. and Sotirion in order to do business at SHA." *See* Government's Opposition, at 6. None of this grand jury testimony, however, directly implicates Mr. Davis in this scheme. While these contractors discussed their own involvement in this alleged kickback scheme, neither of the subcontractors testified to knowledge that *Mr. Davis* was involved in this alleged scheme as well.

4

concerned the constitutionality of the prosecution's suppression of evidence exculpatory to an accused, and did not bear at all on the government's obligations under the Federal Rules of Criminal Procedure. That *Brady* itself did not hold that the government must pinpoint the "potentially defense-favorable" information in its "open file" discovery is irrelevant to what the government should be required to do under Rule 16. Mr. Davis is not requesting *Brady* materials here, but instead has asked the government, under Rule 16, to make meaningful disclosure of the documents it intends to use in its case-in-chief at trial and that are material to the defense. This is a discovery issue under Rule 16, rather than a constitutional question under *Brady*.

Moreover, even if we were to assume *arguendo* an analytic parallel between the *Brady* and Rule 16 questions, the cases cited by the government do not support its contention that it has complied with Rule 16 by providing "open file" discovery. For instance, the *Pelullo* court made clear that its finding of no *Brady* violation was based in part on the defendant's superior knowledge as to the existence of certain exculpatory documents. *See* 399 F.3d 197, 211 (3d Cir. 2005) ("[T]hese were Pelullo's *own* documents…. This, therefore, is not a situation where the government failed to disclose documents unknown to the defense, about which the government had superior knowledge."). The government's reliance upon *United States v. Mmahat*, 106 F.3d 89 (5th Cir. 1997), is likewise misplaced, and not simply because it is a *Brady*, rather than Rule 16 case. In *Mmahat*, as in *Pelullo*, the defendants had personal knowledge of the exculpatory evidence in the government's possession; the court found that, given that knowledge, the defendants' failure to exercise due diligence in finding the relevant documents they knew existed meant there could be no *Brady* violation. 106 F.3d at 94.

5

These cases are completely inapposite to the situation here, where Mr. Davis has no way of knowing what exculpatory evidence – documents forged by other defendants being just one possible example – may exist.

The government's reliance on *United States v. Parks*, 100 F.3d 1300 (7th Cir. 1996), is likewise flawed. There the court found that *Brady* did not require the government to transcribe sixty-five hours of intercept, "much of which contain[ed] irrelevant information," where the government made all the tapes available to defendants, and where it had transcribed (and provided to defendants) the four hours of intercept it intended to use at trial. Contrary to the government's assertion here, this analysis in fact weighs in favor of Mr. Davis's Rule 16 motion, where he simply asks the government to make the meaningful disclosure of documents the government intends to use in its case-in-chief at trial and that are material to the defense.

In sum, the *Brady* cases cited by the government here are wholly separate from the government's obligations under Rule 16; indeed, the *Brady* progeny of cases is irrelevant to the government's obligation, pursuant to Rule 16(a)(1)(E)(ii), to provide to the defendant evidence it intends to use as part of its case-in-chief at trial.

**CONCLUSION**

For the foregoing reasons the defendant respectfully requests that the Court order the government to comply with Fed. R. Crim. P. 16. as requested above.

                                    Respectfully submitted,

                                    PETER DAVIS

                                    By his attorneys,

                                    **/s/ James C. Rehnquist**
                                    James C. Rehnquist (BBO # 552602)
                                    Kathleen Luz (BBO # 643278)
                                    Elizabeth K. Train (BBO # 650682)
                                    William J. Trach (BBO #661401)
                                    GOODWIN PROCTER LLP
                                    Exchange Place
                                    Boston, MA 02109-2881
                                    (617) 570-1000

Dated: December 16, 2005

**LOCAL RULES CERTIFICATION**

I, James C. Rehnquist, hereby certify that, pursuant to Local Rules 7.1 and 116.3, counsel for defendant Peter Davis conferred with counsel for the United States in a good-faith attempt to resolve or narrow the issues presented by this motion.

                                    **/s/ James C. Rehnquist**
                                    James C. Rehnquist (BBO # 552602)

**CERTIFICATE OF SERVICE**

I, James C. Rehnquist, counsel for defendant, hereby certify that a copy of the foregoing document has been served on counsel of record by first class mail, postage prepaid, on this 16th day of December, 2005.

                                    **/s/ James C. Rehnquist**
                                    James C. Rehnquist (BBO # 552602)

LIBA/1656442.1