UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S RENEWED
MOTION FOR A BILL OF PARTICULARS**

Pursuant to the Court's November 4, 2005 Order, Defendant Peter Davis hereby renews his motion to compel the government to provide a Bill of Particulars. In support of this Motion, Mr. Davis states as follows:

1. On June 30, 2005, Mr. Davis filed a Motion for a Bill of Particulars and to Compel Discovery, seeking, *inter alia*, a bill of particulars that identifies the contracts he bid on and any benefits he received from Springfield Housing Authority ("SHA") officials.

2. After a hearing on August 25, the Court (M.J. Neiman) on September 9, 2005 ordered the government to "provide Defendant [Davis] with a bill of particulars identifying (a) all contracts and subcontracts for which a bid was submitted to SHA by or on behalf of Defendant, and (b) all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value. (The Order is attached hereto as Exhibit 1 to the Declaration of James C. Rehnquist ("Rehnquist Decl."), submitted herewith.)

3. In response to the Court's Order, the government provided a purported bill of particulars on September 19, 2005 (hereinafter, "Bill of Particulars," and attached to the Rehnquist Decl. as Exhibit 2), that (1) identified by date and amount 21 bids submitted to SHA

by P.J. Richfield, Mr. Davis's company, between 1990 and 1998, and (2) listed by category the types of action the SHA allegedly took as a result of Mr. Davis's having given, offered, and/or provided something of value.

4. On October 13, 2005, Mr. Davis filed a Motion to Compel Compliance with the Court's Order that the Government Provide a Bill of Particulars. Specifically, Mr. Davis argued that the government's generalized description of alleged SHA benefits provided no particulars as to the government's charges beyond the same sort of general, categorical allegations contained in the Superseding Indictment, which were the object of Mr. Davis's motion. Rehnquist Decl., at ¶ 4.

5. On November 4, 2005, Magistrate Judge Neiman denied Mr. Davis's motion to compel without prejudice. In doing so, the Court noted:

> If, after reviewing the voluminous automatic discovery produced by the Government (see footnote 1 to Defendant's motion), Defendant cannot readily identify particular actions in his favor taken by the Springfield Housing Authority as a result of his having allegedly given something of value, e.g., permitting ongoing contracts despite substandard work or certifying the completion of uncompleted work, Defendant may refile his motion by December 30, 2005, to which the Government shall respond by January 13, 2006.

6. Pursuant to the Court's November 4, 2005 order, Mr. Davis hereby renews his motion. As detailed in the Declaration of James C. Rehnquist, submitted herewith, counsel for Mr. Davis has made a significant effort to review the materials made available by the government and obtain this information, but to date, have not been able to do so.

7. Specifically, in response to the Court's order, counsel for Mr. Davis reviewed an index of materials made available by the government in an effort to determine whether counsel could "readily identify" particular actions taken in Mr. Davis's favor; however, counsel was unable to do so. Rehnquist Decl., at ¶ 6. In an effort to further narrow the scope of voluminous

discovery and to determine precisely where information relating to particular actions taken in Mr. Davis's favor could be found, counsel for Mr. Davis then asked the government to identify in which boxes this information could be found. Rehnquist Decl., at ¶ 7. The government identified seven sources, which constituted approximately 72 boxes of documents. *Id.*[1] After these sources were identified, counsel for Mr. Davis returned to the FBI offices in Springfield, and reviewed these 72 boxes of documents in an effort to locate the requested information. *Id.* ¶ 8. Counsel was unable to do so. *Id.*

      8.      Counsel for Mr. Davis has made a good faith effort to comply with the Court's November 4, 2005 order. Despite reviewing over 72 boxes of documents, counsel has been unable to "readily identify" particular actions taken on Mr. Davis's behalf. Accordingly, pursuant to the Court's order, Mr. Davis hereby renews his motion, and seeks an order from the Court requiring the government to "identify particular actions in his favor taken by the Springfield Housing authority as a result of his having allegedly given something of value," as stated by the Court in its prior ruling.

---

[1] The government also suggested that this information could be found in additional sources, without particularly identifying these sources. *See* Letter from William M. Welch II to James C. Rehnquist, dated January 4, 2006 (stating that the Assistant United States Attorney had not "personally gone through every box of at the FBI and make[s] no representations regarding other documentary sources for this information") (attached to the Rehnquist Decl. as Exhibit 4).

**CONCLUSION**

For the foregoing reasons, Mr. Davis respectfully requests that this Court order the government to file a bill of particulars that complies with the Court's order by specifically identifying all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
Elizabeth K. Train (BBO # 650682)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: January 10, 2006

**LOCAL RULES CERTIFICATION**

I, James C. Rehnquist, hereby certify that, pursuant to Local Rules 7.1 and 116.3, counsel for defendant Peter Davis, conferred with counsel for the United States in a good-faith attempt to resolve or narrow the issues presented by this motion.

 /s/ James C. Rehnquist
James. C. Rehnquist

**CERTIFICATE OF SERVICE**

I, James C. Rehnquist, counsel for defendant, hereby certify that a copy of the foregoing document has been served on counsel of record electronically and/or by first class mail, postage prepaid, on this 10th day of January, 2006.

 /s/ James C. Rehnquist
James C. Rehnquist

LIBA/1662989.1