UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>        Defendants. | Criminal No. 04-30033-MAP |

### DECLARATION OF JAMES C. REHNQUIST

I, James C. Rehnquist, do depose and say under the penalties of perjury:

1.  I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am an attorney at the Boston, Massachusetts law firm of Goodwin Procter LLP, counsel for the defendant Peter Davis in this matter. I make this Declaration in support of Defendant Peter Davis's Renewed Motion for a Bill of Particulars.

2.  On June 30, 2005, after unsuccessfully requesting information from the government, Mr. Davis filed a Motion for a Bill of Particulars and to Compel Discovery, seeking, *inter alia*, a bill of particulars that identifies the contracts he bid on and any benefits he received from Springfield Housing Authority ("SHA") officials. On September 9, 2005, the Court granted Mr. Davis's initial motion for a bill of particulars. A true and accurate copy of Magistrate Judge Neiman's September 9 order is attached hereto as Exhibit 1.

3.  In response to the Court's Order, the government provided a purported bill of particulars on September 19, 2005. A true and accurate copy of this letter, from Assistant U.S. Attorney William M. Welch, II and dated September 19, 2005, is attached hereto as Exhibit 2.

1

4.      On October 13, 2005, Mr. Davis filed a Motion to Compel Compliance with the Court's Order that the Government Provide a Bill of Particulars. Specifically, Mr. Davis argued that the government's generalized description of alleged SHA benefits provided no particulars as to the government's charges beyond the same general, categorical allegations contained in the Superseding Indictment, which were the object of Mr. Davis's motion.

5.      On November 4, 2005, Magistrate Judge Neiman denied Mr. Davis's motion to compel without prejudice. In doing so, the Court noted:

> If, after reviewing the voluminous automatic discovery produced by the Government (see footnote 1 to Defendant's motion), Defendant cannot readily identify particular actions in his favor taken by the Springfield Housing Authority as a result of his having allegedly given something of value, e.g., permitting ongoing contracts despite substandard work or certifying the completion of uncompleted work, Defendant may refile his motion by December 30, 2005, to which the Government shall respond by January 13, 2006.

6.      In response to the Court's order, counsel for Mr. Davis reviewed an index of materials made available by the government in an effort to determine whether counsel could "readily identify" particular actions taken in Mr. Davis's favor. When we were unable to do so, I sent a letter to the government on December 20, 2005. A true and accurate copy of that letter is attached hereto as Exhibit 3. In this letter, I asked the government to confirm a statement to a paralegal in my office that documents relevant to any "particular actions taken in Mr. Davis's] favor" could be found in one of four sources: Documents labeled Documents labeled "Manny's Plumbing and Heating;" Documents labeled "G&R Associates;" Documents seized from Arthur Sotirion's office; and Documents seized from Raymond Asselin, Sr.'s office.

7.      On January 4, 2006, the government responded to this letter. A true and accurate copy of the January 4, 2006 letter from William M. Welch II to James C. Rehnquist is attached hereto as Exhibit 4. In this letter, the government indicated that documents relating to such

benefits could be found in seven sources: Documents labeled Documents labeled "Manny's Plumbing and Heating;" Documents labeled "G&R Associates;" Documents seized from Arthur Sotirion's office; Documents seized from Raymond Asselin, Sr.'s office; the SHA contract files; Documents seized from Frank Ware; and the P.J. Richfield subpoenaed documents. These seven sources comprise approximately 72 boxes of documents. The government also suggested that this information could be found in additional sources, without particularly identifying these sources. *See* January 4, 2006 Letter (stating that the Assistant United States Attorney had not "personally gone through every box of at the FBI and make[s] no representations regarding other documentary sources for this information").

8. Counsel for Mr. Davis has engaged in extensive review of each of the 72 boxes of documents identified by the government in an attempt to identify alleged actions taken in Mr. Davis's favor by the Springfield Housing Authority as a result of alleged payments made by Mr. Davis. After reviewing these documents, counsel for Mr. Davis have not been able to "readily identify particular actions taken in [Mr. Davis's] favor."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of January, 2006.

                                               **/s/ James C. Rehnquist**
                                               James. C. Rehnquist

LIBA/1662988.1