UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-N-04-30033-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PETER DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'
RENEWED MOTION FOR A BILL OF PARTICULARS

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Davis' Renewed Motion for a Bill of Particulars as follows:

I. **Defendant Davis' Renewed Motion for a Bill of Particulars Should Be Denied Because It Seeks Evidentiary Details To Which He Is Not Entitled.**

"The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy." United States v. Nelson-Rodriguez, 319 F.3d 12, 30 (1st Cir. 2003)(citing United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)). However, where an indictment is sufficiently specific, and a defendant has enough information to understand the nature of the charges alleged

1

in the indictment, the Government should not be required to prepare a bill of particulars. Nelson-Rodriquez, 319 F.3d at 30; United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993); United States v. Paiva, 892 F.2d 148 (1st Cir. 1989). See also United States v. Hallock, 941 F.23d 36, 40 n.2 (1st Cir. 1991) (stating that "there is no need to grant a bill of particulars when the indictment is sufficiently specific."); United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

"A bill of particulars, however, is not a proper tool for discovery." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). See United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). A bill of particulars "is not to be used to provide detailed disclosure of the government's evidence at trial." Wessels, 12 F.3d at 750. See also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Smith, 776 F.2d 1104, 1111 (3rd Cir. 1985); United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978).

The denial of a motion for a bill of particulars rests within the sound discretion of the district court. Nelson-Rodriquez, 319 F.3d at 30. A district court's decision to deny a motion for a bill of particulars will "only be reversed upon a defendant's showing of a clear abuse of discretion that resulted in actual

surprise at trial or actual prejudice to his substantial rights." Id.

On January 10, 2006, defendant Davis filed his Renewed Motion for a Bill of Particulars (hereinafter "Motion") accompanied by the sworn declaration of Attorney James Rehnquist (hereinafter "Declaration."). Defendant Davis, both through his motion and through the sworn declaration of Attorney Rehnquist, claimed the following:

    1. On or about December 20, 2005, counsel for defendant Davis went "to the FBI offices in Springfield to review the documents housed there in order to identify more specifically, `particular actions in [Mr. Davis'] favor by the Springfield Housing Authority.'" See Declaration, Exhibit 3. Defendant Davis' representatives, however, apparently "were unable to do so." See Declaration, ¶ 6.

    2. Between on or about January 4, 2006, and January 10, 2006, "counsel for Mr. Davis returned to the FBI offices in Springfield, and reviewed these 72 boxes of documents in an effort to locate the requested information." See Motion, ¶ 7. Once again, "[c]ounsel was unable to do so." See Motion, ¶ 7.

    3. Despite engaging in extensive review of the documents, "counsel for Mr. Davis have not been able to `readily identify particular actions taken in [Mr. Davis's] favor.'" See Declaration, ¶ 8. Moreover, counsel for Mr. Davis declared that they had "made a good faith effort to comply with the Court's November 4, 2005 order." See Motion, ¶ 8.

Based upon these representations, defendant Davis asserts that the court must order the Government to produce a list of documents evidencing "particular actions in his favor taken by the

Springfield Housing Authority as a result of his having allegedly given something of value, e.g. permitting ongoing contracts despite substandard work or certifying the completion of uncompleted work." See Order, dated November 5, 2005.

The court should reject defendant Davis' claims and deny his Renewed Motion for a Bill of Particulars. If counsel for defendant Davis truly have "extensively" reviewed the evidence and made a "good faith" effort to find the requested documentation, then the presence of the documents should have been plainly obvious to them.

For example, one of the actions taken by the Springfield Housing Authority to benefit defendant Davis has been the certification of completion of uncompleted work. Exhibit No. 1 is a certification of completion executed by the Springfield Housing Authority (hereinafter "SHA") on October 17, 1994 for a project captioned "504/ADA Site Work for 14 Developments." As a result of this certification, SHA released a final payment of $31,087.00 out of a contract worth $621,737.50 to defendant Davis, the general contractor on the job. These documents were located in two places: a box containing a number of SHA contracts awarded to defendant Davis, and a box seized from co-defendant Sotirion's office. The box containing the SHA contracts awarded to defendant Davis bore the sticker, "Goodwin Proctor 38, which signified that this box had been inspected by counsel for defendant Davis. The

4

box from Sotirion's office had written in large magic marker letters on one side, "504/ADA Site Work" and on another side, "P.J. Richfield." The box from Sotirion's office also bore the sticker, "Goodwin Proctor 212" (hereinafter "Box 212").

Contained in Box 212 was Exhibit 2. Exhibit 2 is a letter, which is dated approximately two weeks <u>after</u> the execution of the certification of completion, that states in part as follows: "There is enough work which is not completed to make it impossible for me to prepare a punch list." In addition, the letter further states as follows: "I wrote P.J. Richfield a letter several weeks ago requesting a report on what work was outstanding, and have not received a response."

Contained in Box 212 was Exhibit 3. Exhibit 3 is a self-explanatory letter, which is dated approximately two months <u>after</u> the execution of the certification of completion, that contains an estimate of how much work remains to be completed at several of the developments required to have been completed by October 17, 1994.

Contained in Box 212 was Exhibit 4. Exhibit 4 is a punchlist, which is an itemized list of uncompleted work needed to be completed pursuant to the SHA contract, that shifts some of defendant Davis' contractual responsibilities to SHA employees. Of course, the net effect of having SHA employees complete

5

defendant Davis' work is to reduce defendant Davis' expenses and increase his profits.

Finally, contained in Box 212 was Exhibit 5. Exhibit 5 is a handwritten request from defendant Davis to co-defendant Sotirion in which defendant asks co-defendant Sotirion to have SHA painters complete some of defendant Davis' contractual obligations. Once again, the net effect of this is more profit for defendant Davis.

Exhibits 1 through 5 are just several examples of a number of documents that evidence SHA actions taken to benefit defendant Davis. The Government can conceive of only several scenarios that would cause counsel for defendant Davis to represent to the court that the aforementioned documents were not "readily identifiable" despite the extensive review and good faith efforts by counsel for defendant Davis. First, counsel for defendant Davis have been deliberately obtuse as a means of trying to compel the court to order the Government to produce of list of documents that the Government intends to use in its case-in-chief against defendant Davis. Second, that counsel for defendant simply do not have the experience to identify the relevant documents. Third, that counsel for defendant Davis simply missed what appear to be readily identifiable documents during their review.[1]

---

[1] The Government further notes that approximately 50 of the 72 boxes contained SHA contracts in contract files captioned alphabetically for vendors A through Z. It is hard to fathom that counsel for defendant Davis truly believed that actions taken by the Springfield Housing Authority for the benefit of

6

The Government notes that Attorney Rehnquist has never reviewed the evidence at the FBI. Instead, Attorney Rehnquist has sent two associates and a paralegal to review the documentation at the FBI. On more than one occasion the associates individually have stated to Special Agent Hedges that "they have no idea what they are looking for." See Exhibit 6, Affidavit of Special Agent Hedges, ¶ 3. According to Special Agent Hedges, of the two associates, one appeared much more diligent in her review of the records, while the other associate seemed to be "just going through the motions." Id. at ¶ 4.

Whatever the scenario, the true purpose of this Renewed Motion for a Bill of Particulars should be clear. Defendant Davis' motion is nothing more than a disguised discovery motion that seeks to obtain "detailed disclosure of the government's evidence at trial." Defendant Davis simply wants the Government to do his work for him. The court has no discretion to grant such a motion.

Filed this 27 th day of January, 2006.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ William M. Welch II
> WILLIAM M. WELCH II
> Assistant United States Attorney

---

defendant Davis appeared, for example, in contract files labeled "Acme Radiator Company" or "Zephyr Communications."

7

CERTIFICATE OF SERVICE

Hampden, ss.                          Springfield, Massachusetts
                                      January 27, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

All counsel of record

                                            WILLIAM M. WELCH II
                                            Assistant United States Attorney