UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

## **DECLARATION OF KATHLEEN LUZ**

I, Kathleen Luz, do depose and say under the penalties of perjury:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am an attorney at the Boston, Massachusetts law firm of Goodwin Procter LLP ("Goodwin Procter"), counsel for the defendant Peter Davis in this matter. I make this Declaration in support of Defendant Peter Davis's Reply Memorandum in Support of his Renewed Motion for a Bill of Particulars.

2. I (alone and with my colleagues) have visited the FBI offices in Springfield on several occasions to review the voluminous discovery made available by the government in the above-captioned matter. During these visits to the FBI, I met Special Agent Clifford Hedges.

3. Special Agent Hedges has asked me and my colleagues on several occasions to identify what documents we were looking for. On many such occasions, I purposely told Special Agent Hedges that I did not know what documents we were looking for. I intentionally made this statement because, as counsel for the defendant, I did not want to share our defense strategy or work product with the government.

4.     In January 2006, I and two of my colleagues visited the FBI to review documents as contemplated by Judge Neiman's November 4, 2005 order. The purpose of our visit was to attempt to identify any documents that reflected benefits given to Mr. Davis as a result of alleged payments made by Mr. Davis that are charged in the Superseding Indictment. While I was at the FBI, Special Agent Hedges asked me if I knew what documents I was looking for. I responded that I did not; because the government had refused to identify particular benefits that Mr. Davis had allegedly received, I truthfully did not know precisely which documents I was looking for, or where such documents would be located in the 72 boxes of documents identified by the government.

5.     On several occasions while I have visited the FBI, I spoke to Special Agent Hedges about the manner in which the discovery was organized. Special Agent Hedges told me, in effect, that while executing search warrants at the Springfield Housing Authority and other locations, the FBI simply dumped documents into boxes (or other containers available such as baskets or bags). Accordingly, due to the haphazard manner in which the documents were collected, when searching for any documents which reflected "benefits" provided to Mr. Davis as a result of him providing something of value, I felt it necessary to review all boxes of documents identified by the government to ensure that I located any such documents.

6.     While reviewing documents at the FBI, I reviewed the boxes labeled "SHA contracts" made available by the government. Contrary to the government's assertion, not all of the P.J. Richfield contracts and related documents were found in one box or location. I and my colleagues found P.J. Richfield contracts and related documents located in numerous boxes, and certainly not organized alphabetically in one location as suggested by the government.

7.  My Goodwin Procter colleagues and I have all made diligent efforts to review the voluminous automatic discovery provided by the government.  Some of this discovery has been copied and reviewed further at Goodwin Procter's offices in Boston, including by Mr. Rehnquist.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of February, 2006.

                                              **/s/ Kathleen Luz**
                                              Kathleen Luz