UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                                          )
        v.                  ) NO. 04-CR-30033-MAP
                                          )
RAYMOND ASSELIN, SR., ET AL.,)
      Defendants     )

MEMORANDUM AND ORDER REGARDING
MOTION TO COMPEL COMPLIANCE WITH RULE 16
OF DEFENDANT DAVIS
(Docket No. 111)

February 15, 2006

PONSOR, D.J.

    Defendant Davis has filed this motion seeking to compel the government to provide document discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E). This section of Rule 16 states that, upon a defendant's request, the government must permit the defendant to inspect or copy documents that the government intends to use in its case-in-chief at trial.

    The government takes the position that it has substantially complied with this requirement by taking an "open file" approach to this case and giving defense counsel access to all relevant documents in the government's possession. The government also points out (1) that the indictment itself identifies a large number of documents, all

of which the defense can expect to see in the government's case-in-chief, (2) that the government has made early disclosure of <u>Jencks</u> materials relating to certain key cooperating witnesses, and (3) that the government has informally assisted defense counsel in identifying files of particular relevance.

Defense counsel notes that the total quantum of documents made available by the government comprises 250 to 300 boxes and file cabinets, as well as ten to twenty computer hard drives. Even acknowledging the assistance provided by the government, defense says that further specification of which documents the government intends to offer in its case-in-chief is necessary to allow the defense to prepare adequately.

Both sides to the dispute have reasonable arguments supporting their interpretations of Rule 16, and, as the parties' memoranda make clear, the few courts that have directly addressed the scope of the government responsibility have taken different positions. The problem is most appropriately addressed from a practical point of view as an exercise of the court's obligation to manage this lengthy, complex trial in a way that was fair to all parties.

With this in mind, Defendant's Motion to Compel is hereby ALLOWED, as follows:

1. In addition to the disclosures already made, the government will provide the defense with a good faith, comprehensive listing of all documents it intends to offer during its case-in-chief, no later than July 24, 2006. This is seven weeks prior to trial.

2. Any motions in limine any defense counsel wishes to file regarding the documents disclosed will be filed no later than August 11, 2006 and opposed by August 28, 2006. The court will hear argument on motions in limine on August 31, 2006 at 2:00 p.m. As the scheduling order issued this day has indicated, all motions in limine will be filed and heard in accordance with this schedule, not simply those related to the disclosed documents.

3. In obligating the government to make the good faith disclosure of documents it intends to offer in its case-in-chief by July 24, 2006, the court does not intend to suggest that documents not disclosed by that date will necessarily be barred from trial, if the government has an explanation for the late disclosure and the defense cannot demonstrate unfair surprise. However, the importance of avoiding unnecessary problems should convince the government to make its July 24, 2006 disclosure as comprehensive and scrupulous as possible.

It is So Ordered.

_____
MICHAEL A. PONSOR
United States District Judge

3