UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 04-30033-MAP |
| ) | |
| RAYMOND ASSELIN, SR., et al., ) | |
| Defendants ) | |

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT
PETER DAVIS'S MOTION FOR A BILL OF PARTICULARS AND TO
COMPEL DISCOVERY (Document No. 93)
September 9, 2005

NEIMAN, U.S.M.J.

Presently before the court is Peter Davis ("Defendant")'s motion for a bill of particulars and to compel further discovery. Defendant seeks the identification of contracts on which he bid and any benefits he is alleged to have received from Springfield Housing Authority ("SHA") officials. Defendant also seeks the early disclosure of items which the Government intends to use in its case-in-chief. After hearing oral argument, the court will deny as premature that part of the motion which seeks to compel discovery (without prejudice to its renewal before District Judge Michael A. Ponsor). The court, therefore, will only address herein that part of Defendant's motion which seeks a bill of particulars and, in the end, will allow that request.

I. BACKGROUND

Defendant is in a somewhat unique position with respect to the present


GOVERNMENT EXHIBIT 3

indictment insofar as he is one of three of the thirteen defendants who is alleged to have been rewarded "with contracts, sub-contracts, change orders, purchase orders, preferential treatment, and other SHA resources" in exchange for "the payment of bribes, kickbacks, gratuities, and other things of value." (See Indictment ¶¶ 29, 40.) In particular, Defendant is charged in four of the one hundred and twenty-two counts, namely, racketeering in violation of 18 U.S.C. § 1962(c) (Count I), racketeering conspiracy in violation of 18 U.S.C. § 1962(b) (Count II), conspiracy to violate the bribery/gratuity statute, 18 U.S.C. § 201 (Count III), and obstruction of justice in violation of 18 U.S.C. § 1503 (Count CVII). Although all of the charges are rooted in allegations that he received "rewards" from SHA, the indictment, Defendant argues, does not state what rewards were received or on what SHA contracts he bid.

For its part, the Government asserts that the indictment is specific enough insofar as it alleges the times, dates, amounts and descriptions of the things of value provided by Defendant to members of the alleged racketeering enterprise. (See, e.g., Indictment ¶ 40.) In addition, the Government maintains that it has made available to Defendant for inspection and copying all Rule 16 materials within its possession, custody and control. Although voluminous, the documents include all bids and all contracts in the Government's possession relevant to this matter. Moreover, the Government asserts, it has since identified all unindicted co-conspirators and has produced the grand jury testimony of approximately six witnesses. In addition, the Government argues, it provided Defendant with two compact discs containing SHA Board minutes and accounts payable information.

## II. DISCUSSION

As both parties recognize, "[t]he purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). Moreover, as the parties recognize, trial courts enjoy broad discretion in ruling on such requests. *Will v. United States*, 389 U.S. 90, 98 (1967).

Although the question here is close, the court believes that the bill of particulars which Defendant seeks is necessary to prevent surprise and to save Defendant from undue labor in the preparation of his case. The particulars Defendant seeks -- i.e., identification of contracts he had or benefits he received -- are integral to the case against him. Although the indictment alleges that Defendant induced co-defendants Arthur Sotirion and Raymond Asselin, Sr., to "fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during terms of contracts to [Defendants], d/b/a P.J. Richefield, Inc.," (Indictment ¶ 40), it nowhere identifies what contracts Defendant bid, tainted or otherwise, or any "preferential treatment" or "rewards" he received.

To be sure, the Government asserted at oral argument that all contracts on which Defendant bid or in which he participated were tainted in one way or another. But that representation appears to the court to be much too general in the context of this case, particularly in light of the fact that the specific allegations of bribery are limited to 1996 and 1997, thereby pre-dating other events of the alleged criminal

3

enterprise from 1988 through April of 2003. As Defendant argues, many courts have found more particularized information to be essential to the preparation of a defense in analogous contexts. *See, e.g., United States v. Johnson*, 21 F. Supp. 2d 329, 340 (S.D.N.Y. 1998) ("the defendants are entitled to know the names of the individual corporations that were the alleged victims of the extortions, and the construction sites or projects related to the alleged extortions"); *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (although indictment alleged generally that the defendant had received benefits from the Democratic National Committee as a result of his fraudulent contributions, the government should more specifically lay out exactly what benefits ran to the defendant as a result of his alleged activity); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting in part a motion for a bill of particulars "as it relates to the defendant's request for the basis of the government's allegations that the defendant solicited and received things of value for and because of *official acts* performed and to be performed by defendant") (emphasis in original); *United States v. Aliperti*, 867 F. Supp. 142, 149 (E.D.N.Y. 1994) (defendants in extortion case entitled to some particularization of any *quid pro quo*).

The Government's "open file" approach here does not eliminate Defendant's need for particularization in light of the voluminous discovery provided. *See United States v. Bortnovsky*, 820 F.2d 572, 573-75 (2d Cir. 1987) (government did not fulfill its obligation to inform defendant of the charges "merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be

4

staged"). This is particularly true in cases, as here, which charge criminal offenses under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) ("With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope").

### III. CONCLUSION

For the reasons stated, Defendant's motion is DENIED without prejudice insofar as it seeks to compel further discovery, but ALLOWED with respect to its request for a bill of particulars. Accordingly, the Government shall, within ten days of this order, provide Defendant with a bill of particulars identifying (a) all contracts and subcontracts for which a bid was submitted to SHA by or on behalf of Defendant and (b) all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value.

IT IS SO ORDERED.

DATED:  September 9, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

5