UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff    )
              )
              )
              )
      v.    ) Criminal No. 04-30033-MAP
              )
              )
              )
RAYMOND ASSELIN, SR. et al.,    )
          Defendants    )

### MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT PETER DAVIS' RENEWED MOTION FOR A BILL OF PARTICULARS (Document No. 137)
February 6, 2006

NEIMAN, C.M.J.

      Having considered the parties' respective positions, the court concludes that the Government has not adequately fulfilled its obligation to identify for Peter Davis ("Defendant") "all actions allegedly taken by SHA [Springfield Housing Authority] as a result of Defendant's having given, offered, and/or provided something of value." Memorandum and Order (September 9, 2005) at 5. Accordingly, the court will allow Defendant's renewed motion for a bill of particulars. The reasons underlying this decision were set out in the court's memorandum of September 9, 2005, and will not be repeated here. Suffice it to say for present purposes that, given the more recent representations by both Defendant and the Government, the court finds that a more particularized identification of actions taken by the SHA in Defendant's favor is still required.

      First, as Defendant notes, the recent identification by the Government of certain



GOVERNMENT EXHIBIT 5

activities taken by the SHA, see Government's Opposition (Document No. 142), appear to predate the alleged payments made by Defendant in 1996 and 1997. Second, even if the Government intends to rely on these pre-1996 activities in its case-in-chief, those activities they do not appear to have been "readily" identifiable, as required by the court in its November 4, 2005 order (denying without prejudice Defendant's subsequent motion to compel), for many of the reasons set forth in Defendant's reply memorandum (see Document No. 145). To be sure, the Government is not required to provide a road map to Defendant and Defendant himself, perhaps, needs to assist his attorneys in reviewing documents so they might not be quite so perplexed. Nonetheless, for many of the reasons previously described by the court, a further bill of particulars is required with respect to actions taken by the SHA as a result of Defendant's having given, offered, or provided something of value. That can be accomplished in the summary fashion suggested by Defendant on page 6 of his reply memorandum.

Accordingly, Defendant's motion is ALLOWED and the Government is ordered to supplement its bill of particulars in accord herewith by February 20, 2006.

IT IS SO ORDERED.

DATED: February 6, 2006

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge

2