## AFFIDAVIT

I, Priscilla Fifield Chesky, do depose and say under the penalties of perjury:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am a partner at the Holyoke, Massachusetts law firm of Lyon & Fitzpatrick, LLP.

2. I am counsel for the Springfield Housing Authority Board of Commissioners with respect to federal corruption investigation and criminal indictments. I was initially hired by the Board in October, 2002 and my contract was renegotiated in October, 2004.

3. I have visited the FBI offices in Springfield, Massachusetts on numerous occasions to review and obtain copies of documents on behalf of my client. During these visits to the FBI, I met with Special Agent Clifford Hedges and other FBI agents as well as agents of the Internal Revenue Service and the Office of Inspector General for Housing and Urban Development. Therefore, I am quite familiar with what the SHA evidence looks like, how much there, and how it is organized. I write this affidavit because, after having read the pleadings and affidavit(s) filed by counsel for Peter Davis, I believe that those submissions accurately recount the state of the discovery at the FBI.

4. The boxes of contract documents seized from the Springfield Housing Authority are for the most part in alphabetical order. There are some that are not as, it is my understanding from the markings of the boxes, that they were seized from separate offices within the Housing Authority. For example, to the best of my knowledge the accounting department would have had a copy of the contract file, the maintenance department would have had a copy of the contract file and the individual employee of the Springfield Housing Authority responsible for overseeing that contract might have also had a copy of the contract file or a portion thereof. All of the vendor payments are organized by date and check number and marked accordingly. The outside of the boxes reflect the dates covered for said vendor payments.

5. I have never had a problem looking for and retrieving a particular document for my client. The only time that I have been unable to find a document or contract that I am looking for is when it has been pulled for alleged submission to the Grand Jury in this case or other cases. I have not been allowed access


GOVERNMENT EXHIBIT 8

to any materials presented to the Grand Jury or seized from any other locations other than my client, Springfield Housing Authority. However, I observed those materials organized in the FBI evidence rooms. Those materials are typically located in boxes on shelves with a tag indicating the source of the materials, or in file folders with the source clearly marked by a labels.

    6. On several occasions I have been at the FBI offices when counsel for Peter Davis has been there reviewing the documents seized during the FBI raids of the Springfield Housing Authority offices and homes and business of the defendants in the criminal matter, <u>USA v. Raymond Asselin, Sr., et al.</u> It is my understanding that Mr. Davis is a named defendant in that case.

    7. On those occasions, counsel for Mr. Davis inquired of me as to where they might find documents relating to Mr. Davis and his company P.J. Richfield, Inc. I pointed out several boxes to them as to where contracts and change orders would be located.

    8. I also was asked by counsel for Mr. Davis whether or not the Springfield Housing Authority kept a list of the payments made to vendors and contracts awarded. I informed counsel that there was a vendor list and board meeting minutes approving contracts that were searchable as to vendor. At that time, Agent Hedges placed a call to Assistant United States Attorney William Welch inquiring as to whether those vendor lists and board meeting minutes were part of the automatic discovery in the criminal case. We were all informed that said documents were part of the automatic discovery and were provided on CD for the numerous defendants.

    9. On one occasion, I received a telephone call from Agent Hedges who stated that counsel for Mr. Davis were at the FBI offices and were inquiring as to whether or not they needed to review several boxes for information relating to Mr. Davis. It was my understanding that counsel for Mr. Davis had requested that Agent Hedges call me to ask me as I have gone through most of the boxes in the FBI offices. I responded that I could not be sure what would or would not be beneficial to the defense of their client and suggested that they review the boxes.

    10. Counsel for Mr. Davis inquired of me as to the bid process of the Springfield Housing Authority, what the bid documents looked like, how they would be reviewed, and the process for change orders. I directed said counsel to a contract file between P.J. Richfield and Springfield Housing Authority for an example of the process and the documents. On that same date,

I attempted to point out boxes to counsel for Mr. Davis that contained other contracts or documents relating to their client.

11. I received a telephone call from a paralegal from the firm of Goodwin Procter, LLP again regarding the vendor list and Springfield Housing Authority Board minutes. I informed said paralegal that they were, to the best of my knowledge, through automatic discovery. After that call terminated, I again telephoned Assistant United States Attorney Welch and inquired for a second time as to whether the said documents were provided and he indicated that they were, in fact, provided through automatic discovery.

Signed under the pains and penalties of perjury this 16th day of February, 2006.

_Priscilla Fifield Chesky_
Priscilla Fifield Chesky