UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S OPPOSITION TO THE GOVERNMENT'S APPEAL OF THE ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR A BILL OF PARTICULARS**

Defendant Peter Davis hereby submits this Opposition to the Government's Appeal of the Order Granting Mr. Davis's Renewed Motion for a Bill of Particulars.

**INTRODUCTION**

In its appeal, the government cites no new authority and provides no explanation why it contends Judge Neiman committed "clear error" in granting Mr. Davis's renewed motion for a bill of particulars. As explained below, Judge Neiman has already read several briefs regarding defendant's request for a bill of particulars, heard oral argument on the issue, and written multiple decisions on the dispute. Notwithstanding Judge Neiman's extensive consideration of the matter, the government simply reiterates the arguments it made below – namely, that (1) Mr. Davis is seeking evidentiary detail about the government's case to which he is not entitled; and (2) counsel for Mr. Davis did not act diligently in trying to locate the materials it requested as part of his renewed motion for bill of particulars. Moreover, the government now argues that, in light of the Court's order compelling the government to provide a preliminary exhibit list by July 24, 2006, a bill of particulars is no longer necessary. None of these arguments are persuasive, and they certainly do not require reversal of Judge Neiman's decision.

First, the government has not demonstrated that Judge Neiman's order was "clearly erroneous or contrary to law," as required by Rule 2 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, which governs the standard of review applicable to objections to a magistrate judge's order on a non-dispositive pre-trial motion (such as the motion for a bill of particulars here). Judge Neiman was well within his discretion in granting Mr. Davis's motion for a bill of particulars. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) ("[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted.") (citations omitted). As Judge Neiman found, "more particularized identification of actions taken by the SHA in defendant's favor" was required, *see* February 6, 2006 Order, in order to "prevent surprise and save Defendant from undue labor in the preparation of his case." *See* September 9, 2005 Order, at 3. The arguments raised by the government were already rejected by the Court. The government does not cite to any authority which demonstrates that Judge Neiman's decision was "clearly erroneous or contrary to law;" accordingly, the Judge Neiman's decision should be affirmed.

Second, contrary to the government's assertion, the Court's order compelling the government to produce a preliminary exhibit list by July 24, 2006 does <u>not</u> moot the defendant's need for a bill of particulars. The government apparently misunderstands the difference between <u>charges</u> and <u>evidence</u>. Here, Mr. Davis sought a bill of particulars because the Indictment was not sufficiently specific to adequately apprise him as to the nature of the charges against him. The government's provision of a preliminary exhibit list certainly does not obviate the government's obligation to set forth the charges against the defendant with sufficient particularity so as to allow the defendant to adequately prepare his defense. Accordingly, the government's appeal should be rejected, and the Judge Neiman's decision should be upheld.

2

## **BACKGROUND**

On June 30, 2005, Mr. Davis filed a Motion for a Bill of Particulars and to Compel Discovery, seeking, *inter alia*, a bill of particulars that identifies the contracts he bid on and any benefits he received from Springfield Housing Authority ("SHA") officials. After a hearing on August 25, the Court (M.J. Neiman) on September 9, 2005 ordered the government to "provide Defendant [Davis] with a bill of particulars identifying (a) all contracts and subcontracts for which a bid was submitted to SHA by or on behalf of Defendant, and (b) all actions allegedly taken by SHA <u>as a result of</u> Defendant's having given, offered, and/or provided something of value." *See* September 9, 2005 Order, at 5 (attached hereto as Exhibit 1) (emphasis added). In ordering this bill of particulars, the Court noted that:

> [T]he court believes that the bill of particulars which Defendant seeks is necessary to prevent surprise and to save Defendant from undue labor in the preparation of his case. The particulars Defendant seeks – i.e., identification of contracts he had or benefits he received – are integral to the case against him. Although the indictment alleges that Defendant induced co-defendants Arthur Sotirion and Raymond Asselin. Sr. to 'fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during terms of contracts to [Defendants], d/b/a P.J. Richfield, Inc.,' (Indictment, ¶ 40), it nowhere identifies what contracts Defendant bid, tainted or otherwise, or any 'preferential treatment' or 'rewards' he received.
>
> To be sure, the Government asserted at oral argument that all contracts on which Defendant bid or in which he participated were tainted in one way or another. But that representation appears to the court to be much too general in the context of this case, particularly in light of the fact that the specific allegations of bribery are limited to 1996 and 1997[.]

September 9, 2005 Order, at 3.

In response to the Court's Order, the government provided a purported bill of particulars on September 19, 2005. With respect to any alleged benefits provided to Mr. Davis as a result of Mr. Davis having allegedly given something of value, the government stated as follows:

> Regarding actions taken by SHA <u>as a result of</u> the defendant having given, offered, and/or provided something of value, those actions consisted of steering contracts to P.J. Richfield, Inc.; directing general contractors to use P.J. Richfield, Inc. as a sub-contractor; permitting the continued use of P.J. Richfield, Inc. as a contractor despite sub-standard work; directing SHA employees to finish work for P.J. Richfield, Inc.; permitting the use of SHA supplies by P.J. Richfield, Inc.; certifying the completion of work that had not been completed; and causing more lenient enforcement of site inspections and wage compliance for P.J. Richfield, Inc.

*See* September 19, 2005 Letter from William M. Welch II to James C. Rehnquist (attached as hereto as Exhibit 2) (emphasis added).

On October 13, 2005, Mr. Davis filed a Motion to Compel Compliance with the Court's Order that the Government Provide a Bill of Particulars. Specifically, Mr. Davis argued that the government's generalized description of alleged SHA benefits provided no particulars as to the government's charges beyond the same sort of general, categorical allegations contained in the Indictment, which were the object of Mr. Davis's motion. On November 4, 2005, Judge Neiman denied Mr. Davis's motion to compel without prejudice, noting:

> If, after reviewing the voluminous automatic discovery produced by the Government (see footnote 1 to Defendant's motion), Defendant cannot <u>readily identify</u> particular actions in his favor taken by the Springfield Housing Authority <u>as a result of</u> his having allegedly given something of value, e.g., permitting ongoing contracts despite substandard work or certifying the completion of uncompleted work, Defendant may refile his motion by December 30, 2005, to which the Government shall respond by January 13, 2006.

November 4, 2005 Order (emphasis added).

On January 10, 2006, Mr. Davis renewed his motion. In this motion, Mr. Davis argued that his counsel made a good faith effort to comply with the Court's November 4, 2005 Order,

4

reviewing the government's voluminous automatic discovery in an effort to "readily identify particular actions taken in [Mr. Davis's] favor <u>as a result of his allegedly haven given something of value</u>," but were unable to do so. *see* Defendant Peter Davis's Renewed Motion for a Bill of Particulars, at ¶ 8 (emphasis added). Accordingly, pursuant to the Court's November 4, 2005 Order, Mr. Davis sought "an order from the Court requiring the government to 'identify particular actions in his favor taken by the Springfield Housing authority <u>as a result of his having allegedly given something of value</u>.'" *See id.* (emphasis added).

In response to Mr. Davis's renewed motion, the government argued that a bill of particulars was not warranted for two reasons: (1) the renewed motion sought evidentiary detail concerning the government's case to which the defendant was not entitled; and (2) Mr. Davis's renewed motion should be denied because counsel for Mr. Davis did not conduct a "diligent" search for this information, and counsel could have easily found it on its own. In support of its motion, the government relied upon five documents (all from the 1993-94 time period) cherry-picked from the 250 to 300 boxes of "open-file discovery" made available to defendant, and contended that the significance of these documents "should have been plainly obvious to [Davis's counsel]." *See* Government's Opposition to Defendant Peter Davis's Motion for a Bill of Particulars, at 4. The government asserted that these five documents, on their face, obviously demonstrated alleged "benefits" Mr. Davis received as a result of alleged payments made by Mr. Davis. *See id.* at 4-6. The government further criticized counsel for Mr. Davis for failing to attach significance to these documents, asserting that counsel was either being "deliberately obtuse," was not "diligent," or that counsel simply lacked the "experience" necessary to identify such documents. *See id.* at 6.

5

Mr. Davis replied to the government's opposition on February 3, 2006. In his reply brief, Mr. Davis noted that the documents on which the government relied (which related to a 1993/1994 project) pre-dated any alleged payments by Mr. Davis made in 1996 and 1997. *See* Defendant Peter Davis's Reply Memorandum in Support of His Motion for a Renewed Bill of Particulars, at 4. Mr. Davis argued that, because <u>all</u> of the payments alleged to constitute predicate acts occurred in 1996 and 1997, any alleged "benefits" received by Mr. Davis as a result of making these payments would necessarily have to have occurred <u>after 1996 or 1997</u>, *see id.*; accordingly, these documents could not have been "readily" identified by counsel for Mr. Davis. *Id.*

Judge Neiman agreed with the defendant's reasoning, and on February 6, 2006, granted Mr. Davis's Renewed Motion for a Bill of Particulars. Specifically, the Court noted that a more particularized identification of actions taken by the SHA in Mr. Davis's favor was required for two reasons:

> First, as Defendant notes, the recent identification by the Government of certain activities taken by the SHA . . . appear to predate the alleged payments made by Defendant in 1996 and 1997. Second, even if the Government intends to rely on these pre-1996 activities in its case-in-chief, those activities they [sic] do not appear to have been 'readily' identifiable, as required by the court in its November 4, 2005 order (denying without prejudice Defendant's subsequent motion to compel) for many of the reasons set forth in Defendant's reply memorandum[.]

February 6, 2006 Order, at 1-2 (attached hereto as Exhibit 3). The government now appeals from that order.

**ARGUMENT**

I. **JUDGE NEIMAN'S DECISION IN GRANTING MR. DAVIS'S MOTION WAS NOT "CLEARLY ERRONEOUS OR CONTRARY TO LAW," AND THUS HIS DECISION MUST BE UPHELD.**

   A.   *Standard of Review*

Rule 2 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts governs the standard of review applicable to objections to a magistrate judge's order. Local Magistrate Rule 2(b) provides that in reviewing a magistrate's order on a non-dispositive pre-trial motion, such as the motion for a bill of particulars here, the district judge will consider objections and "modify or set aside any portion of the magistrate judge's order determined to be ***clearly erroneous or contrary to law***." (Emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A).

With respect to a bill of particulars, trial courts enjoy broad discretion under Fed. R. Crim. P. 7(f) in ruling upon requests for bills of particulars. *Will v. United States*, 389 U.S. 90, 98-99 (1967). The purpose of a bill of particulars is to provide a criminal defendant with information necessary to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy. *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992). Protecting a defendant from undue labor in preparing his defense is a well-recognized basis for a bill of particulars. *See, e.g., United States v. Pack*, 20 F.R.D. 209, 212 (D. Del. 1957) ("The purpose of bills of particulars is to prevent surprise and to save the defendant from undue labor in the preparation of his case.").[1] Rule 7(f) was amended in 1966 to "encourage a more liberal attitude

---

[1] As another federal court has explained: "Indeed, in my view, the function of [a bill of particulars] is even broader: *I think it may be invoked to save a defendant wholly needless labor in preparing his defense.* Thus, if the case is such that the government relies for its proof of fraud solely upon one or more specific entries in the defendant's returns, it may properly be required to identify those entries so that the defendant in his preparation for trial may be in readiness to submit all possible evidence which he thinks will negate a showing of fraud founded on

7

by the courts toward bills of particulars." Fed. R. Crim. P. Rule 7 advisory committee's notes. "[W]here an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (internal citations omitted).

### B.     *Judge Neiman's Decision Was Not "Clearly Erroneous or Contrary to Law."*

In order to prevail on this appeal, the government must demonstrate that Judge Neiman's decision granting Mr. Davis's motion was "clearly erroneous or contrary to law." But the government fails to address this issue. Instead, the government simply recycles the same arguments it made before Judge Neiman – namely, that (1) Mr. Davis is seeking evidentiary detail about the government's case to which he is not entitled; and (2) counsel for Mr. Davis did not act diligently in trying to locate the materials it requested as part of his renewed motion for bill of particulars. These are precisely the same arguments the government made before – and which were rejected by – Judge Neiman.

Judge Neiman was well within his discretion to order the government to provide Mr. Davis with a bill of particulars in this case. The particulars Mr. Davis sought – identification of benefits he received as a result of alleged payments made – could not be more integral to the charges against him, and the Indictment is wholly silent on the subject. Although the Indictment alleges that Mr. Davis induced defendants Sotirion and Raymond Asselin, Sr. to "fraudulently generate bid proposals, collude in the preparation of bid proposals, award contracts, steer sub-contracts and otherwise provide preferential treatment during the terms of contracts to Peter Davis, d/b/a P.J. Richfield, Inc.," Indictment ¶ 40, it nowhere identifies what contracts Mr. Davis

---

those entries, without expending the labor which would be necessary to present evidence as to entries which the government will not challenge." *United States v. Dolan*, 113 F. Supp. 757, 759 (D. Conn. 1953) (emphasis added).

8

bid on (tainted or otherwise) or any "preferential treatment" or "rewards" he received.  And the government's generalized description of alleged SHA benefits contained in its purported bill of particulars provided no particulars as to the government's charges beyond the same sort of general, categorical allegations contained in the Indictment, which were the object of Mr. Davis's initial motion.  Judge Neiman recognized the critical nature of this information, stating that, "The particulars Defendant seeks – i.e., identification of contracts he had or benefits he received – are integral to the case against him."  September 9, 2005 Order, at 3.  The government's failure to provide this critical information as part of the Indictment caused Judge Neiman to initially order the bill of particulars in September 2005.

As several courts have recognized in analogous contexts, such information is essential to the preparation of a defense.  *See, e.g., United States v. Johnson*, 21 F. Supp. 2d 329, 340 (S.D.N.Y. 1998) (stating that "the defendants are entitled to know the names of the individual corporations that were the alleged victims of the extortions, and the construction sites or projects related to the alleged extortions.  The government is ordered to provide a bill of particulars regarding these two issues."); *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (in case charging crimes under Federal Election Campaign Act, although indictment alleged generally that the defendant had received benefits from the Democratic National Committee as a result of his fraudulent contributions, it was only fair that the government more specifically lay out exactly what benefits ran to the defendant as a result of his alleged activity);[2] *United States v.*

---

[2]    The *Trie* court stated that, even though the indictment specified some of the benefits defendant received, such as:

> special seating at DNC functions, complimentary tickets to DNC events, membership in DNC committees and related entities…, invitations to meetings and other events where White House personnel [] were in attendance, and administrative support of DNC employees..., [p]rosecution of the scheme logically requires demonstrating that the property allegedly obtained by [defendant] was provided in return for the fraudulent contributions that he

9

*Aliperti*, 867 F. Supp. 142, 149 (E.D.N.Y. 1994) (in prosecution under 18 U.S.C. § 1951 for extortion "under color of official right," government required to specify actual favors granted by public officials, so that defendant can "adequately prepare a defense and [] avoid unfair surprise at trial"). Here, the Indictment is silent as to this critical information, and Judge Neiman was well within his discretion in ordering such particulars. The government has not demonstrated that Judge Neiman's order was "clearly erroneous or contrary to law;" accordingly, the government's appeal must be rejected.

### C.   *The Government's Arguments Are Unavailing.*

The government makes two primary arguments as to why Judge Neiman's decision was incorrect: (1) Mr. Davis is seeking evidentiary detail about the government's case to which he is not entitled; and (2) counsel for Mr. Davis did not act diligently in trying to locate the materials it requested as part of his renewed motion for bill of particulars. Both of these arguments were summarily rejected by Judge Neiman, and should be rejected here.

First, the government incorrectly asserts that the defendant is simply seeking evidentiary detail about the government's case to which he is not entitled. Indeed, throughout its appeal, the government seems to confuse the concept of <u>evidence</u> with information relating to the <u>charges</u> against Mr. Davis. The purpose of a bill of particulars is to inform the defendant of the <u>charges</u> against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same

---

> allegedly made to the DNC. A potential avenue of defense therefore would be to show that some or all of the property that was allegedly fraudulently obtained by [defendant] was in fact legitimately obtained. Preparation of such a defense requires that [defendant] know sufficiently specific information concerning the property allegedly obtained to adequately identify it, so that he can demonstrate either that he never obtained it or that he obtained it legitimately and not as a result of fraudulent contributions.

*Id.* at 22.

offense. *Cole*, 755 F.2d at 760. The particulars Mr. Davis sought as part of his renewed motion related directly to the requisite elements of the <u>charges</u> against him. The elements of 18 U.S.C. § 201, which forms the basis for the substantive charges (including RICO predicate acts), are as follows: "a showing that something of value was corruptly given, offered, or promised to a public official (as to the giver) or corruptly demanded, sought, received, accepted, or agreed to be received or accepted by a public official (as to the recipient) with intent, *inter alia*, to influence any official act (giver) or in return for being influenced in the performance of any official act (recipient)." *United States v. Sun-Diamond Growers*, 526 U.S. 398, 404 (1999) (internal citations omitted). The particulars Mr. Davis sought – identification of benefits he received as a result of alleged payments made – could not be more integral to the charges against him, and the Indictment and purported bill of particulars submitted by the government on September 9, 2005 provide nothing more than vague, categorical allegations. Thus, Mr. Davis is not seeking "evidentiary detail" about the government's case; nor is Mr. Davis seeking to "force the government to disclose its theory of prosecution." *See* Government's Appeal, at 1. Rather, Mr. Davis is seeking only to force the government to provide sufficient detail about the nature of the charges against him.

Indeed, providing this information to Mr. Davis would not significantly burden the government in any way. As noted in Mr. Davis's Reply Memorandum in Support of His Renewed Motion for a Bill of Particulars, the government could easily provide this type of information without providing significant "evidentiary detail" about the government's case. *See* Defendant Peter Davis's Reply Memorandum in Support of His Renewed Motion for a Bill of Particulars, at 6. For example, the government could have stated in its initial bill of particulars something like, "SHA issued a certificate of completion on the 1994 504/ADA project even

11

though the work was not completed." *See id.* This information hardly amounts to the "detailed disclosure of the government's evidence at trial" that the government has consistently enlisted as its basis for refusing to particularize its charges. Judge Neiman agreed with this reasoning, noting that the bill of particulars Mr. Davis sought "can be accomplished in the summary fashion suggested by Defendant[.]" *See* February 6, 2006 Order, at 2.

Second, the government still asserts that it should have been "plainly obvious" to counsel for Mr. Davis that the documents it relied upon in its opposing to Mr. Davis's renewed motion for a bill of particulars reflected benefits received by Mr. Davis as a result of alleged payments made. This argument was summarily rejected by Judge Neiman, who found (after extensive briefing) that, even though the government may intend to rely upon pre-1996 activities in its case-in-chief, those activities would not have been "readily identifiable" as benefits received by the defendant as a result of alleged payment payments made by defendant in 1996 and 1997. *See* February 6, 2006 Order, at 2.[3] The government has not demonstrated that the Court's decision in this regard was "clearly erroneous or contrary to law," and thus this appeal should be rejected.

## II. THE COURT'S ORDER COMPELLING THE GOVERNMENT TO PRODUCE A PRELIMINARY EXHIBIT LIST DOES NOT MOOT THE NEED FOR A BILL OF PARTICULARS.

As a last ditch effort to circumvent Judge Neiman's order, the government now contends that the Court's February 15, 2006 order compelling the government to provide a preliminary

---

[3] Strangely, the government contends that Mr. Davis has suddenly "changed the focus" of his motion, and is now seeking information limited to a particular time frame. Government's Appeal, at 9. Nothing could be farther from the truth. The information Mr. Davis sought as part of its renewed motion was guided by the language contained in Judge Neiman's orders, which ordered the government to provide defendant "with a bill of particulars identifying . . . (b) all actions allegedly taken by SHA as a result of Defendant's having given, offered, and/or provided something of value." *See* September 9, 2005 Order, at 5 (emphasis added); *see also* November 4, 2005 Order (stating that the defendant could renew his motion if, after reviewing the voluminous discovery, he could not "readily identify particular actions in his favor taken by the Springfield Housing Authority as a result of his having allegedly given something of value") (emphasis added). The information Mr. Davis sought was also consistent with the allegations in the Indictment. *See* Indictment, at ¶ 23.

12

exhibit list by July 24, 2006 moots Mr. Davis's need for a bill of particulars. This assertion is simply without merit. Indeed, the government seems to fundamentally misunderstand the difference between the <u>charges</u> against Mr. Davis (which was the subject of his motion for a bill of particulars) and the <u>evidence</u> against him (which was the subject of his Rule 16 motion seeking, among other things, a preliminary exhibit list).

As noted above, the purpose of a bill of particulars is to inform the defendant of the <u>charges</u> against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *Cole*, 755 F.2d at 760. Pursuant to Fed. R. Crim. P. 7(f), Mr. Davis sought a bill of particulars which particularized, among other things, the benefits received by Mr. Davis as the result of alleged payments he made. The particulars Mr. Davis sought as part of his renewed motion related directly to the requisite elements of the charges against him. And providing Mr. Davis with a bill of particulars would not require the government to provide "evidentiary detail" about the government's case or "force the government to disclose its theory of prosecution;" rather, as Judge Neiman noted, the government could easily provide this bill of particulars in the summary fashion suggested by the defendant. *See* February 6, 2006 Order.

Conversely, the preliminary exhibit list which Mr. Davis sought pursuant to Rule 16 relates to the <u>evidence</u> which the government will introduce at trial. Rule 16(a)(1)(E) provides in relevant part, "the government must permit the defendant to inspect and to copy…items…within the government's possession, custody, or control," where "(i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial." Accordingly, pursuant to Rule 16, Mr. Davis moved this Court for an order compelling the

13

government to identify any evidence it intends to use in its case-in-chief at trial. The Court ordered the government to do so, in the form of a preliminary exhibit list.

The government's provision of the preliminary list – as a means of satisfying its Rule 16 obligations – certainly does not moot the defendant's need for a bill of particulars which clarifies the nature of the charges against him. The information Mr. Davis seeks as part of its bill of particulars is more fundamental than simply a listing of exhibits the government intends to introduce at trial, and goes to the heart of the charges against him. It would be absurd to require the defendant to wait until July 24, 2006 – a mere seven weeks before trial – to learn the true nature of the charges against him.

In sum, Judge Neiman was well within his discretion when he ordered the government to provide a bill of particulars, and the government has not demonstrated that the Court's decision was "clearly erroneous or contrary to law." Moreover, the Court's order that the government provide a preliminary exhibit list by July 24, 2006 does not obviate the need for a bill of particulars. Accordingly, Judge Neiman's decision should be upheld.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that this Court deny the Government's Appeal of the Court's Order Granting Defendant's Motion for a Bill of Particulars.

    Respectfully submitted,

    PETER DAVIS

    By his attorneys,

    **/s/ James C. Rehnquist**
    James C. Rehnquist (BBO # 552602)
    Kathleen Luz (BBO # 643278)
    Elizabeth K. Train (BBO # 650682)
    GOODWIN PROCTER LLP
    Exchange Place
    Boston, MA 02109-2881
    (617) 570-1000

Dated: February 27, 2006

## CERTIFICATE OF SERVICE

I, James C. Rehnquist, counsel for defendant, hereby certify that a copy of the foregoing document has been served on counsel of record electronically, and has been served on the following individuals by first-class mail, postage pre-paid, on this 27th day of February, 2006:

Roy H. Anderson
935 Main Street
Springfield, MA 01103

    **/s/ James C. Rehnquist**
    James C. Rehnquist

LIBA/1676810.3