UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                                    )
          v.                  )  04-CR-30033-MAP
                                    )
RAYMOND ASSELIN, SR.,     )
ET AL.,                          )
     Defendants             )


<u>MEMORANDUM AND ORDER REGARDING GOVERNMENT'S</u>
<u>APPEAL OF ORDER GRANTING DEFENDANT PETER DAVIS'</u>
<u>RENEWED MOTION FOR A BILL OF PARTICULARS</u>
(Dkt. No. 158)

June 7, 2006

PONSOR, U.S.D.J.

     On February 6, 2006, Chief Magistrate Judge Kenneth P. Neiman allowed the Motion for Bill of Particulars of Defendant Peter Davis, finding that "a more particular identification of actions taken by the [Springfield Housing Authority ("SHA")] in Defendant's favor is still required." (Dkt. No. 146, at 1.) The Magistrate Judge's memorandum indicated that the more particularized identification could "be accomplished in the summary fashion suggested by Defendant on page 6 of his reply memorandum." (<u>Id.</u> at 2.) This portion of Defendant's memorandum asserted that "the government could easily have stated in its Bill of

Particulars something like 'SHA issued a certificate of completion on the 1994 504/ADA project even though the work was not completed.'" (Dkt. No. 145, at 6.)

The Magistrate Judge has worked diligently and patiently to oversee this case's sometimes rancorous disagreements over discovery; in this instance, however, the Magistrate Judge's order went somewhat too far in imposing an excessively detailed discovery obligation on the government.  For this reason, the court will allow the government's appeal and reverse the Magistrate Judge's order requiring supplementation of the government's previous Bill of Particulars.

Some background will throw light on the court's ruling. Defendant Davis is one of thirteen co-defendants charged in a lengthy indictment with offenses under the RICO statute, 18 U.S.C. § 1962(c), and with conspiracy to violate that statute, conspiracy to commit bribery, and obstruction of justice.  The conspiracy covers a period from 1992 to 2003 and focuses, in the case of Defendant Davis, upon the relationship between Davis' company, P.J. Richfield, Inc., and the SHA.  With certain limitations, the government has

followed an "open file" approach to discovery.[1]  Indeed, one of Defendant's objections in this case is to the sheer voluminousness of the discovery already provided, and the difficulty of finding particular documents.  The government characterizes Defendant's complaints as exaggerated.

Based in part on the difficulties in reviewing the large number of documents, defense counsel sent a letter to the government on June 1, 2005, seeking specific information with regard to contracts awarded to P.J. Richfield, Inc. and/or Defendant Peter Davis, as well as detailed information about the manner and means by which the contracts were improperly awarded.  When the government declined to provide the information, Defendant filed a Motion for Bill of Particulars, which was allowed on September 9, 2005 by Chief Magistrate Judge Neiman.  The government did not appeal this ruling, and on September 19, 2005 specifically identified the dates and amounts of twenty-one bids submitted by P.J. Richfield, Inc. to the SHA

---

[1] Apparently, the government has withheld certain witness interview memoranda and grand jury transcripts for the time-being, but has otherwise made all documents available to the defense.

that would constitute the focus of the government's prosecution. In addition, the government specifically identified six general types of action taken by the SHA benefitting Defendant as a result of Defendant having given, offered, or provided something of value to the SHA.

Still unsatisfied, Defendant filed a Motion to Compel Compliance with the Magistrate Judge's order. On November 4, 2005, the Magistrate Judge denied this motion, without prejudice, to give Defendant an opportunity to review automatic discovery to obtain the information he sought independently.

When Defendant was unable, he says, to obtain the information through review of discovery, a renewed Motion for Bill of Particulars was filed on January 10, 2006, and allowed, as noted above, by Chief Magistrate Judge Neiman on February 6, 2006. Significantly, subsequent to the Magistrate Judge's order, this court, on February 16, 2006, ordered the government to provide a preliminary exhibit list to all defendants in this case no later than July 24, 2006, to allow them to prepare for trial, currently set to commence on September 11, 2006.

The Magistrate Judge's order directing the government to provide a second Bill of Particulars must be reversed, for two reasons.

First, the discovery already provided is more than sufficient to furnish Defendant with "necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992), cert. denied, 503 U.S. 994 (1992). A bill of particulars is not to be used as a discovery device. Once provided, it may limit the government's proof at trial and permit a defendant to claim prejudice based on any variance. See U.S. v. Goldman, 450 F.2d 873, 874 (1st Cir. 1971) (rejecting defendant's argument that government's evidence went "beyond the confines of the bill"); see also United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) ("[T]here can be no variance between the notice given in a bill of particulars and the evidence at trial."); United States v. Flom, 558 F.2d 1179, 1185-86 (5th Cir. 1977); United States v. Crouse, 227 F.R.D. 36, 40 (N.D.N.Y. 2005). The indictment, the extensive materials available to

Defendant through the "open file" approach to discovery, the information provided as a result of the issuance of the Magistrate Judge's first order requiring a Bill of Particulars, and this court's recent order requiring disclosure of an exhibit list six weeks prior to trial, all provide Defendant with more than adequate access to evidentiary detail regarding the specific acts charged against him.

Second, requiring the government to supply a second Bill of Particulars following the example quoted by the Magistrate Judge in his memorandum ("...something like, 'SHA issued a certificate of completion on the 1994 504/ADA project even though the work was not completed.'") would place upon the government an almost impossible burden. A binding disclosure of evidentiary details would be required, related to the six specific types of general activity the government has described as having been taken by the SHA as a result of Defendant's having "given, offered, or provided something of value." Literal compliance with the order would entail providing details, for example, as to what SHA supplies were used by Defendant, what site inspections of

Defendant's projects were more lenient as a result of Defendant's gratuities, and specifically what items of Defendant's work were ultimately finished by SHA employees.

In sum, compliance with the order would require the government to provide a detailed evidentiary summary of its case, point by point, prior to trial. A bill of particulars requiring this level of specificity would be excessive, particularly in the light of the discovery already supplied. See United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994) (affirming trial court's denial of motion for bill of particulars in case where defendants "enjoyed the benefits of modified open-file discovery"); see also United States v. Canino, 949 F.2d 928, (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992), rehr'g denied, 505 U.S. 1231 (1992) (noting that "nature and operations" of government's "open-file" policy made bill of particulars "unnecessary"); United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986), cert. denied, 479 U.S. 930 (1986); but see United States v. Trie, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998).

For the forgoing reasons, the Magistrate Judge's Order

of February 6, 2006 is hereby REVERSED.

It is So Ordered.

_/s/ Michael A. Ponsor_
MICHAEL A. PONSOR
U. S. District Judge