UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>    Defendants. | Criminal No. 04-30033-MAP |

## DEFENDANT PETER DAVIS'S EMERGENCY MOTION TO COMPEL GOVERNMENT TO PROVIDE COPIES OF EXHIBITS IDENTIFIED ON GOVERNMENT'S EXHIBIT LIST

Defendant Peter Davis hereby moves this Court for an order compelling the government to provide copies of the exhibits identified on the Government's Exhibit List, and extending the deadline for filing motions *in limine*. Today, on July 25, 2006, the government faxed to counsel for Mr. Davis a sixty-two page exhibit list identifying 402 exhibits it intends to introduce at trial. The government did not, however, provide copies of the underlying exhibits. While some of the descriptions provided by the government on its exhibit list describe the document with sufficient detail to allow Mr. Davis to identify particular exhibits, for other exhibits, the government provides only general descriptions which makes it impossible to determine which documents the government is referring to, and thus does not provide sufficient detail to allow defendant Davis to file motions *in limine* concerning these documents by August 11, 2006, as ordered by the Court. Accordingly, the government should be compelled to make available to Mr. Davis copies of the underlying documents referenced on the government's exhibit list.

The Court's February 15, 2006 order compelling the government to provide the defendants with an exhibit list was in response to Defendant Davis's Motion to Compel Compliance with Rule 16. In that motion, Mr. Davis argued that the government's "open file"

approach to discovery – essentially dumping 250-300 boxes of documents on the defendants – did not satisfy the government's obligation to identify those materials it intended to introduce as part of its case-in-chief at trial, as required by Fed. R. Crim. P. 16(a)(1)(E); the voluminous nature of the discovery made available, coupled with the complexity of the charges, required something more.  In response to Mr. Davis's motion, the Court ordered the government to provide the defendants, by July 24, 2006, a list of those documents it intended to introduce as part of its case-in-chief at trial.  *See* Memorandum and Order Regarding Motion to Compel Compliance With Rule 16 of Defendant Davis, dated February 15, 2006, at 3.  Apparently contemplating that copies of the exhibits themselves would be disclosed along with the exhibit list, the Court further ordered that the defendants file any motions they may have "regarding the documents disclosed" by the government by August 11, 2006.  *See id.*

In anticipation of receiving the government's exhibit list, on July 13, 2006, counsel for Mr. Davis sent a letter to the government, inquiring as to the format in which the government intended to provide exhibits to the defendants.  *See* Letter from James C. Rehnquist to William Welch, dated July 13, 2006 (A copy of this letter is attached as Exhibit A).  In response to Mr. Davis's request, on July 23, 2006 – one day before the government's exhibit list was due – the government faxed a letter to counsel for Mr. Davis, indicating that the government did not intend to provide copies of the government's exhibits.  *See* Letter from William Welch to James C. Rehnquist, dated July 23, 2006 (A copy of this letter is attached as Exhibit B).  On July 25, 2006, the government purported to comply with the Court's February 15, 2006 order by faxing to counsel for Mr. Davis the Government's Exhibit List (A copy is attached as Exhibit C).

While some of the documents referenced on the government's exhibit list appear to be documents that have been made available to Mr. Davis through automatic discovery, it is clear

2

that other documents (such as grand jury subpoenas) have not. *See, e.g.,* Exhibits 179-185 (identifying various grand jury subpoenas). Moreover, while some of the exhibits are identifiable by the descriptions provided by the government, other descriptions of exhibits supplied by the government provide no meaningful description of the particular exhibit, and thus make it impossible for Mr. Davis to identify such documents. For example, Exhibit 7 on the government's exhibit list is described as, "Letter, dated 11/18/92, from Joseph Asselin and Peter Davis to Bank of Boston;" there is no description of the contents of the letter. Moreover, Exhibit 78 is described as "Handwritten Bid Calculations, undated, captioned 'Cabinets $17,647' totaling $623,132 seized from office of Arthur Sotirion." This description does not indicate the date of the letter; whose handwriting appears on the letter; or even to which project the document relates. These descriptions make it difficult, if not impossible, for Mr. Davis to identify and locate such documents.[1]

  Without copies of the actual exhibits, Mr. Davis is unable to conduct a meaningful review of all of the government's exhibits and determine what motions *in limine* (if any) he should file by August 11, 2006, as ordered by the Court. And it would be unreasonable to expect Mr. Davis to locate, in the 300 boxes of documents made available by the government as "open-file" discovery, the 402 exhibits identified by the government, review such documents, and assess any possible motions *in limine* related to those documents – all before August 11, 2006. Moreover, the government's sixty-two page exhibit list certainly does not alleviate the concerns raised in Mr. Davis's Motion to Compel Compliance with Rule 16, in which Mr. Davis argued that, given the voluminous nature of discovery and the complexity of the charges at issue, the government

---

[1]   The difficulty in providing meaningful descriptions is attributable, in part, to the nature of the documents at issue in this case. These are not neatly organized bank statements or financial records with clearly defined headings; many of the documents at issue in this case involve handwritten notes and lists which are undated.

3

was required to identify those materials it intended to introduce as part of its case-in-chief at trial.

Finally, it would not overly burden the government to provide copies of these exhibits, or at least make these exhibits available for copying. In preparing its exhibit list, the government has necessarily reviewed the documents made available through automatic discovery and culled out those documents it intends to introduce at trial. In fact, when counsel for Mr. Davis was at the FBI offices last week reviewing the automatic discovery, counsel was told that certain documents were unavailable for review because those documents were in the office of the Assistant U.S. Attorney, who was using those documents to prepare his exhibit list. Thus, because the documents have already been identified and segregated, there is no reason why the government cannot make those available to counsel for Mr. Davis. If the burden and expense of copying those exhibits is at issue, Mr. Davis would be willing to arrange for and pay for the copying of those exhibits.

Accordingly, Mr. Davis requests that the Court order the government to provide Mr. Davis with a copy of all exhibits identified on its exhibit list, and extend the deadline for filing motions *in limine* until two weeks after the government provides copies of such exhibits. Alternatively, counsel for Mr. Davis requests that this Court order the government to make the exhibits available to Mr. Davis for copying, and extend the deadline for filing motions *in limine* until two weeks after the government makes those exhibits available for copying.

---

Thus, even where the government provides a description of such document, it is not always evident whether counsel for Mr. Davis has reviewed (or even had the opportunity to review) such documents.

## **CONCLUSION**

For the foregoing reasons, Mr. Davis respectfully requests that this Court grant his Motion to Compel the Government to Provide Copies of Exhibits Identified on the Government's Exhibit List.

                                            Respectfully submitted,

                                            PETER DAVIS

                                            By his attorneys,

                                            **/s/ Kathleen Luz**
                                            James C. Rehnquist (BBO # 552602)
                                            Kathleen Luz (BBO # 643278)
                                            GOODWIN PROCTER LLP
                                            Exchange Place
                                            Boston, MA 02109-2881
                                            (617) 570-1000

Dated: July 25, 2006

## LOCAL RULES CERTIFICATION

  I, Kathleen Luz, hereby certify that, pursuant to Local Rules 7.1 and 116.3, counsel for defendant Peter Davis conferred with counsel for the United States in a good-faith attempt to resolve or narrow the issues presented by this motion, as detailed in the attached correspondence.

                **/s/ Kathleen Luz**
                Kathleen Luz

## CERTIFICATE OF SERVICE

  I, Kathleen Luz, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on July 26, 2006.

                **/s/ Kathleen Luz**
                Kathleen Luz

LIBA/1717665.1