UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 04-30033-MAP |
| RAYMOND ASSELIN, SR., et al. | |
| Defendants. | |

### DEFENDANT PETER DAVIS'S OPPOSITION TO GOVERNMENT'S MOTION FOR AN EARLY EXHIBIT LIST

Defendant Peter Davis hereby submits this opposition to the Government's Request for an Early Exhibit List. The government's position – that Mr. Davis should be required to provide an exhibit list on July 28, almost two months before trial – lacks merit. It ignores the procedural history that lead to the Court's order that the government provide an early exhibit list (on July 24) as well as the practicalities of the preparation of a defense exhibit list.

**1.   The Government Has Advanced No Good Reason Why The Defendants Should Be Required To Provide An Exhibit List by July 28, 2006.**

The government asks this Court to require the defendants to provide an exhibit list by July 28, 2006 – seven weeks before trial and a mere four days after the government's exhibit list was ordered to be provided.[1] The government seems to suggest that, because the Court ordered the government to turn over its exhibit list early, the defendants must do so as well. But the government misconstrues the basis for the Court's order.

The order requiring the government to disclose its exhibit list by July 24, 2006 was in response to Defendant Davis's Motion to Compel Compliance with Rule 16. In that motion,

---

[1]   Although the Court ordered the government to provide its exhibit list by July 24, 2006, the list was not faxed to counsel for Mr. Davis until July 25, 2006.

defendant Davis argued that the government's "open file" approach to discovery – essentially dumping 250-300 boxes of documents on the defendants – did not satisfy the government's obligation to identify those materials it intended to introduce as part of its case-in-chief at trial, as required by Fed. R. Crim. P. 16(a)(1)(E); the voluminous nature of the discovery made available, coupled with the complexity of the charges, required something more. In apparent recognition of the merits of Mr. Davis's arguments, and the case law on which he relied, the Court on February 15, 2006, ordered the government to provide, by July 24, 2006, a comprehensive listing of all documents it intended to offer in its case-in-chief at trial.

    The government now claims that, because it must provide an exhibit list by July 24, 2006, the defendants must therefore provide one four days later, as contemplated by the Local Rules.[2] But the four-day differential for exchanging exhibit lists under the Local Rules contemplates a situation in which the government has made meaningful compliance with Rule 16 months before it provides an exhibit list, giving the defendant ample opportunity to assess the government's evidence against him and determine what exhibits he may want to introduce at trial. That is not the case here, however, where the Court has ordered the government to provide exhibits early because of the practical difficulties for defendants that are presented by the combination of the complex sprawling changes and the voluminous automatic discovery. Indeed, the Court relied on its requirement of an early government exhibit list as one of the reasons why defendant Davis was not entitled to a bill of particulars. *See* Memorandum and Order Regarding Government's Appeal of Order Granting Defendant Peter Davis' Renewed Motion for a Bill of Particulars, dated June 7, 2006, at 6. In short, the government's analogy to the Local Rules is flawed.

---

[2]     Local Rule 117.1(A)(8)(b) provides that, unless an objection is made, the government must provide an exhibit list at least 7 days before trial; Local Rule 117.1(A)(9) provides that, unless an objection is made, the defendant must provide its exhibit list at least 3 days before trial.

2

The government's argument that the defendants must disclose their exhibit lists by July 28, 2006 to allow the government sufficient time to file motions *in limine, see* Government's Motion at 3, is simply a red herring. Putting aside the sincerity of the government's intention to file motions *in limine*, the Court's order clearly contemplated only that the defendants must file their motions *in limine* by August 11, 2006. *See* Memorandum and Order Regarding Motion to Compel Compliance with Rule 16 of Defendant Davis, dated February 15, 2006, at 3 ("Any motions *in limine* any **defense counsel** wishes to file regarding the documents disclosed will be filed no later than August 11, 2006[.]") (emphasis added). The government has represented to the Court that, if defendant Davis were tried alone, the government's case-in-chief would last approximately three weeks; with one or two additional defendants, the government's case-in-chief is estimated to be six weeks.[3] Thus, even if Mr. Davis disclosed his exhibit list three days prior to trial (as contemplated by Local Rule 117.1(A)(9)), the government would have ample time before the defense begins its case-in-chief to file any motions *in limine* it may have.

  **2.**  **Requiring an Early Defense Exhibit List Would be Unreasonable.**

The government's request that the defendants provide an exhibit list only three days after receiving the government's exhibit list is particularly unreasonable given the magnitude of the government's exhibit list, which is sixty-two pages and identifies 402 potential trial exhibits. In addition, as noted in Mr. Davis's Emergency Motion to Compel the Government to Provide Copies of Exhibits Identified on the Government's Exhibit List (filed on July 25, 2006), the government has refused to provide copies of the exhibits identified on its exhibit list, and certain of the descriptions of documents provided by the government on its exhibit list are insufficient to

---

[3] At the July 10, 2006 status conference, only Mr. Davis indicated that he intends to go to trial.

allow Mr. Davis to properly identify the exhibits; this compounds Mr. Davis's difficulty in identifying documents to rebut those exhibits identified on the government's exhibit list.

Moreover, Mr. Davis's task is complicated by the fact that the government has indicated (on several occasions) that it intends to introduce evidence of numerous uncharged predicate racketeering acts that it alleges were committed by Mr. Davis. *See, e.g.* Government's Response to Defendant Davis' Motion for Severance, dated February 10, 2006, at 10 ("The Government elected to allege as racketeering acts only those things of value paid in the form of [sic] check. The Government, however, intends to introduce evidence of things of value given by defendant Davis to defendants Asselin, Sr. and Sotirion prior to 1996 as racketeering acts."); Government's Response to Defendant Davis's Renewed Motion for a Bill of Particulars, dated January 27, 2006 (attaching documents concerning numerous alleged uncharged predicate acts). Although Mr. Davis has asked for more particulars as to these uncharged predicate acts, the government has refused to provide such particulars. If Mr. Davis were required to provide an exhibit list by July 28, 2006, he would by forced to list all documentation necessary to rebut these uncharged predicate acts – acts of which he has no notice. Thus, a due date of July 28, 2006 for defendant's exhibit list is patently unreasonable under the circumstances.

Finally, Mr. Davis's dealings with the SHA ended in 1998 and most of his business records were damaged in connection with a move from the Springfield area to Eastern Massachusetts. Mr. Davis is still in the process of identifying and collecting documentation necessary to his defense, and the government's exhibit list will aid in identifying such documentation. A July 28, 2006 deadline for defendant's exhibit list is unreasonable, given the obvious constraints on Mr. Davis's ability to collect documentation relevant to his defense; unlike the government, Mr. Davis did not have the benefit of a four-year investigation and grand

4

jury subpoena powers to collect documents.  Accordingly, Mr. Davis requests that the Court deny the government's motion.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that this Court deny the Government's Request for an Early Exhibit List.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 **/s/ James C. Rehnquist**
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated:  July 26, 2006

5

6

**<u>CERTIFICATE OF SERVICE</u>**

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on July 26, 2006.

                                      **/s/ James C. Rehnquist**
                                      James C. Rehnquist

LIBA/1716579.3