UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CRIM. NO. 04-30033-MAP |
| ) | |
| vs. ) | |
| ) | |
| **RAYMOND ASSELIN, SR., et al.** ) | |
| ) | |
| <u>      Defendants.  </u>) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION
TO COMPEL GOVERNMENT TO PROVIDE COPIES OF
<u>EXHIBITS IDENTIFIED ON GOVERNMENT'S EXHIBIT LIST</u>**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files the instant Opposition to Defendant Peter Davis's Emergency Motion to Compel Government to Provide Copies of Exhibits Identified on Government's Exhibit List, filed July 25, 2006 (the "Motion").

Since the Motion essentially seeks the unwarranted early production of the government's marked trial exhibits, which are painstakingly described in the government's Exhibit List and which have been made available (albeit unmarked) for the defense since July 2004, the Motion should be denied.

I.   The Defendant Misconstrues the Court's February 15, 2006
     Order

On February 15, 2006, the Court ordered that "the government will provide the defense with a good faith, comprehensive listing of all documents it intends to offer during its case-in-chief," no late than July 24, 2006," noting that the disclosure date is "seven weeks prior to trial."[1]  See Order dated February 15, 2006 (attached hereto as Exhibit A), at 3.

On July 24, 2006, the government duly complied with this Order, providing defense counsel with a list of 402 exhibits that it intended to introduce at trial. See Defendant's Emergency Motion to Compel, Exhibit C.[2]

Although the February 15, 2006 Order plainly referred to the government's production of a "good faith, comprehensive" exhibit list, defense counsel now seeks to construe the Order as requiring the production of the actual documents.  Contrary to the defendant's assertions, the Court did not envision such early exhibit production, nor is such production warranted now.

First, the defendant's contention that the Court "contemplat[ed] that copies of the exhibits themselves would be

---

[1]   Trial in the above-captioned case is scheduled to commence on September 18, 2006.

[2]   The government attempted to file the Exhibit List electronically on July 24, 2006, but could not do so. Consequently, the government faxed the exhibit list to defense counsel on July 25, 2006.

2

disclosed along with the exhibit list," Motion at 2, is wholly without merit. On April 26, 2006, during a hearing on the defendant's motion for a bill of particulars, the Court referred briefly to its February 15 Order while framing the argument at the hearing. As the Court stated, "The government's position is if you are entitled to this information, you're going to get it in terms of <u>the exhibit list</u> that the government is going to be required to provide you in July. The defense's position is that <u>an exhibit list</u> is really just a somewhat smaller pool of stuff than what we already have." <u>See</u> Transcript of Proceedings, April 26, 2006 (pages 1, 2, 26-28 attached hereto as Exhibit B), at 27 (emphasis added). Similarly, on July 10, 2006, the Court reiterated that "<u>the exhibit list</u> will be due from the government on July 24th ...." Excerpts of Transcript of Proceedings, July 10, 2006 (attached hereto as Exhibit C), at 2 (emphasis added).

Nowhere in either of these two proceedings did defense counsel attempt to correct what counsel now suggests to be the Court's own overly constricted view of February 15, 2006 Order. Lastly, in a recently filed submission, even the defendant noted that "the Court on February 15, 2006 ordered the government to provide, by July 24, 2006, a comprehensive <u>list</u> of all documents it intended to offer in its case-in-chief at trial," mentioning nothing about copies of exhibits as well. <u>See</u> Defendant's Opposition To Government's Motion For An Early Exhibit List filed

3

July 27, 2006 (attache hereto as Exhibit D), at 2 (emphasis added).

The defendant's expansive construction of the Court's Order rings particularly false in light of its refusal to provide its own exhibit list four days after the government's provision, as required by Local Rule 117.1(A)(8)(b).  See Exhibit D, at 2.  The defendant cannot seek to expand the government's discovery obligations while attempting to constrict its own corollary duties.

II.  The Exhibit List Sufficiently Identifies the Government's Exhibits

Second, this Court should reject the defendant's claim that the Exhibit List does not meaningfully identify the government's exhibits.  To the contrary, in an effort to facilitate the defendant's identification of the listed documents, the exhibits were listed in exacting detail.

For example, checks were described by date, payee, payor, amount, and check number; letters were depicted by date, author, and addressee; business minutes were listed by entity, date and subject matter; and handwritten notes were described by caption, date, and (where pertinent) the place of seizure.[3]

Notably, of the 402 documents listed, the defendant can only

---

[3]  The government's open file production, available to the defendant for over two years, was organized by the manner of its production, such as by seizure or subpoena.

point to two descriptions that it finds lacking: Exhibit 7, listed as "Letter, dated 11/18/92, from Joseph Asselin and Peter Davis to Bank of Boston" and Exhibit 78, listed as "Handwritten Bid Calculations, undated, captioned 'Cabinets $17,647' totaling $623,132 seized from office of Arthur Sotirion." Both of these descriptions clearly depict the listed document. While the defendant demands more information, such as the subject of the letter or the person who wrote the bid calculations, no additional information is necessary to identify the items. In listing the items, the government is not required to summarize them.

The defendant claims that it cannot reasonably locate the government's exhibits in the approximately 300 boxes made available to the government. However, the defendant's law firm has had access to the boxed documents for over two years, and has had copies of a number of the documents, including many listed exhibits, for at least one year. In this context, it is entirely reasonable to expect that the defendant's law firm, comprised of highly capable and experienced litigators, can locate and identify the listed exhibits. For example, since the documents seized from the office of Arthur Sotirion, including Exhibit 78, are organized in only approximately ten boxes, it should be a relatively easy task for counsel to locate the exhibit.

The defendant's demand for premature production of the documents amounts to a request that the Court relieve the defendant's law firm of part its burden of preparing a defense by shifting that responsibility to the government. The government respectfully submits that this Court should decline such an invitation.

III. <u>Conclusion</u>

For the preceding reasons, the government respectfully submits that the Court should deny the defendant's motion.

Filed this <u>1st</u> day of August, 2006.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                            <u>   /s/ William M. Welch II   </u>
                                            WILLIAM M. WELCH II
                                            Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                               Springfield, Massachusetts
                                           August 1, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing via electronic filing upon the following:

James C. Rehnquist, Esq.
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
Counsel for Defendant Peter Davis

                                              /s/ William M. Welch II
                                              WILLIAM M. WELCH II
                                              Assistant United States Attorney