UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  ) NO. 04-CR-30033-MAP
                            )
RAYMOND ASSELIN, SR., ET AL.,)
        Defendants          )

MEMORANDUM AND ORDER REGARDING
MOTION TO COMPEL COMPLIANCE WITH RULE 16
OF DEFENDANT DAVIS
(Docket No. 111)

February 15, 2006

PONSOR, D.J.

Defendant Davis has filed this motion seeking to compel the government to provide document discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E). This section of Rule 16 states that, upon a defendant's request, the government must permit the defendant to inspect or copy documents that the government intends to use in its case-in-chief at trial.

The government takes the position that it has substantially complied with this requirement by taking an "open file" approach to this case and giving defense counsel access to all relevant documents in the government's possession. The government also points out (1) that the indictment itself identifies a large number of documents, all



of which the defense can expect to see in the government's case-in-chief, (2) that the government has made early disclosure of Jencks materials relating to certain key cooperating witnesses, and (3) that the government has informally assisted defense counsel in identifying files of particular relevance.

Defense counsel notes that the total quantum of documents made available by the government comprises 250 to 300 boxes and file cabinets, as well as ten to twenty computer hard drives. Even acknowledging the assistance provided by the government, defense says that further specification of which documents the government intends to offer in its case-in-chief is necessary to allow the defense to prepare adequately.

Both sides to the dispute have reasonable arguments supporting their interpretations of Rule 16, and, as the parties' memoranda make clear, the few courts that have directly addressed the scope of the government responsibility have taken different positions. The problem is most appropriately addressed from a practical point of view as an exercise of the court's obligation to manage this lengthy, complex trial in a way that was fair to all parties.

With this in mind, Defendant's Motion to Compel is hereby ALLOWED, as follows:

1. In addition to the disclosures already made, the government will provide the defense with a good faith, comprehensive listing of all documents it intends to offer during its case-in-chief, no later than July 24, 2006. This is seven weeks prior to trial.

2. Any motions in limine any defense counsel wishes to file regarding the documents disclosed will be filed no later than August 11, 2006 and opposed by August 28, 2006. The court will hear argument on motions in limine on August 31, 2006 at 2:00 p.m. As the scheduling order issued this day has indicated, all motions in limine will be filed and heard in accordance with this schedule, not simply those related to the disclosed documents.

3. In obligating the government to make the good faith disclosure of documents it intends to offer in its case-in-chief by July 24, 2006, the court does not intend to suggest that documents not disclosed by that date will necessarily be barred from trial, if the government has an explanation for the late disclosure and the defense cannot demonstrate unfair surprise. However, the importance of avoiding unnecessary problems should convince the government to make its July 24, 2006 disclosure as comprehensive and scrupulous as possible.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge

3

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
                    WESTERN SECTION


UNITED STATES OF AMERICA  .   Docket No. CR 04-30033-MAP
                          .
         v.               .   Springfield, MA
                          .
PETER DAVIS               .
..........................   April 26, 2006



            TRANSCRIPT OF HEARING HELD BEFORE

            THE HONORABLE MICHAEL A. PONSOR,

           UNITED STATES DISTRICT COURT JUDGE.



APPEARANCES:

For the government:   William Welch, II, Assistant U.S.
                      District Attorney, 1550 Main Street,
                      Springfield, MA 01103.

For the defendant:    James C. Rehnquist, Goodwin Procter,
                      & Hoar, Exchange Place, Boston, MA
                      02109.


             Alice Moran, CSR, RPR, RMR
           Official Federal Court Reporter
              1550 Main Street, Room 536
                 Springfield, MA 01103
       Tel: (413)731-0086   Fax: (413)737-7333
                   amoran@prodigy.net
```



GOVERNMENT EXHIBIT 6

```
1                    (Court commenced at 3:38.)
2
3
4           THE COURT:  Are you able to stand, Mr.
5    Rehnquist?  Feel free to sit down if you need to.
6           MR. REHNQUIST:  I may be a little slow getting
7    up, but I'll work my way up there.  Thank you.
8           THE COURT:  Let me summarize where we are.
9    This is an appeal by the government of an order by
10   Magistrate Judge Neiman requiring the government to
11   produce certain specifics regarding the charges against
12   the particular defendant here, Mr. Davis.
13         I'd just like to sketch in what is a mildly
14   contorted background to the motion.  There was a request
15   for information filed back in June of 2005 for five
16   categories of information having to do with contracts
17   awarded to P.J. Richfield, or Peter Davis, individuals
18   involved in awarding the contract, the manner and means
19   in which it was allegedly improperly awarded, dates for
20   bids and various other things, and the government
21   declined to provide that information but did refer
22   counsel to the fairly substantial amount of discovery
23   which the government was making available to the defense.
24         The defendant filed a motion for bill of particulars
25   and the magistrate judge allowed the motion for bill of
```

general directive, in other words, if he responds in his bill of particulars and says SHA generally told general contractor, you know, ACME Corp to use P.J. Richfield, then I certainly can't stand up at trial and complain if it turns out that ACME Corp, you know, followed that direction and picked P.J. Richfield. I don't think it's grounds to complain about that.

THE COURT: Okay.

MR. REHNQUIST: But I just am looking for information to get ready to try this thing.

THE COURT: Okay. I'm not sure that I need anything more. This is helpful for me to get an idea of precisely what the problem is and I've really got three choices. I can either affirm, reverse, or refine what Magistrate Judge Neiman did and I'm going to have to give some thought to that.

I don't know that I have anything else. I understand what the standard is. I understand there is this disagreement which I think is understandable and indeed almost inevitable about how easy or how hard it is to ferret this information out of the discovery that the defendant has been given.

The government says it's relatively easy. The defendant says it's darn near impossible if not outright impossible. I don't think I need to, as I say, sort

1   through that dumpster at the moment.  I don't think I can
2   sort that out.  I sympathize with both of you on that
3   particular issue but I think I've probably got enough.
4       I'm not going to rule from the bench.  I want to
5   give it some thought and I'll get you a ruling just as
6   soon as I can.  We are in April now.  The trial is not
7   starting until September.
8       I guess one other point that's worth just touching
9   for a moment.  The government's position is if you are
10  entitled to this information, you're going to get it in
11  terms of the exhibit list that the government is going to
12  be required to provide you in July.
13      The defense's position is that an exhibit list is
14  really just perhaps a somewhat smaller pool of stuff than
15  what we already have.  It doesn't give the specifics with
16  regard to these particular benefits afforded to P.J.
17  Richfield by SHA and that's what you're really looking
18  for.
19      MR. REHNQUIST:  Well, if the government wants
20  to give Jencks on July 28th, then by July 28th I probably
21  would have everything but I haven't heard you order that
22  or Mr. Welch volunteer it, and some of the particulars
23  I'm looking for there may not be a document for every one
24  of them.  It may be testimonial.
25      So, you know, if he's got a witness who's saying Ray

```
 1   Asselin told me to throw work to P.J. Richfield, you
 2   know, I think that's the type of thing I'd like to hear
 3   or I'd like to learn about in a particular, at least, you
 4   know, not the substance of who said it but that
 5   Springfield Housing Authority directed ACME Corp to use
 6   P.J. Richfield. I'd like to know that now and not have
 7   to wait until, you know, I get Jencks.
 8            THE COURT: Right. For better or worse I think
 9   I'm correct on this, although there may be judges who
10   disagree with me. I don't believe that the law permits
11   me to order early disclosure of Jencks material. I think
12   the statute is pretty clear. I think the cases on that
13   are pretty clear, at least the last time I looked at
14   them.
15       The government as a matter of practicality
16   voluntarily provides Jencks material somewhat earlier
17   than the conclusion of the witness's direct testimony
18   which is what the specifics of the law require, but I
19   don't believe that the court has the power to order the
20   government to provide early Jencks material. That
21   doesn't mean they can't do it if they want to. I think
22   at least from what I'm hearing today the government has
23   to some extent provided Jencks material.
24            MR. REHNQUIST: It has.
25            THE COURT: Just not as much as defense would
```

1

```
 1                          (excerpt.)
 2
 3          THE COURT:  All right.  Does the government
 4   have any problem with September 18th?
 5          MR. WELCH:  Well, no.  The only thing I'd ask
 6   is I think I have a preliminary exhibit list due on July
 7   24th which I believe you had pegged to the September 11th
 8   trial date, so I'd simply ask it be due July 31st.
 9          THE COURT:  I can do that.  Preliminary exhibit
10   list July 31st rather than July 24th, and let me go back
11   and take one step at a time and make sure we all
12   understand each other.
13          I'll issue this in writing so you will have it, but
14   I'm going to see everybody here on August 30th, or I'm
15   going to have a confirmation that everything is set on
16   August 30th and I'll see you at 11 a.m.
17
18
19
20
21
22
23
24
25
```



GOVERNMENT EXHIBIT C

```
 1              (Excerpt from July 10, 2006.)
 2
 3      .
 4           THE COURT:  Let me summarize what we've
 5    accomplished at side-bar and it's this:  I will be seeing
 6    counsel back here on August 30th at 11 a.m. for a further
 7    status conference.  I'm going to move the trial date up
 8    from September 11th to September 18th and we will be
 9    commencing trial at that time.
10         The schedule for motions in limine is not going to
11    be affected by that date.  Counsel who wish to file
12    motions in limine will have filed them, and Ms. French
13    has just reminded me that we have a hearing date on
14    motions in limine set for August 31st at 2 p.m.
15         So those who wish to be heard on motions in limine
16    related to the trial will have to be here on successive
17    days -- one, August 30th at 11 a.m. and then August 31st
18    at 2 p.m. when we will be hearing arguments on the
19    motions in limine.
20         That is where things stand at the present time.
21    We'll allow the case to go forward.  I'll look forward to
22    seeing counsel back here on August 30th at 11 a.m.
23           MR. REHNQUIST:  Your Honor, I believe the
24    original motions in limine due date was triggered to the
25    original exhibit list due date.
```

```
 1                THE COURT:  I see.  Okay.
 2                MR. REHNQUIST:  So I'm thinking if we should
 3     preserve that original exhibit list.
 4                THE COURT:  Well, we can switch it around and
 5     we could push it up a little bit -- well, let's see.
 6     Instead of -- when are motions in limine due?  Can you
 7     refresh my recollection?
 8          Here's what I'm going to do.  Mr. Welch, I'm going
 9     to go back to the 24th because I don't want to foul up
10     the motions in limine schedule.  So the exhibit list will
11     be due from the government on July 24th and the schedule
12     for motions in limine will stand as it is, and we'll see
13     you here on August 31st at 2 p.m. to the extent that any
14     motions in limine need to have been filed, opposed, and
15     need to be argued.
16                MR. REHNQUIST:  Thank you, Your Honor.
17                THE COURT:  With that clarification I think it
18     just makes things a lot easier.  So I'm going to repeat
19     what I just said.
20          I'll see counsel here on August 30th at 11 a.m.  I
21     will expect to hear argument on any motions in limine the
22     next day, August 31st at 2 p.m., and we will be
23     commencing trial in this case not on September 11th but
24     on September 18th, and I don't believe that there's
25     anything further that needs to be said except that I just
```

1  want to ask Mr. Bongiorni if you would stay here because
2  I want to talk a bit more about the Santiago case after
3  I've had a chance to confer with Ms. French about how
4  we're going to get that case done and, Mr. Welch, if you
5  wouldn't mind staying for another five minutes while we
6  just clarify where we are on Santiago.
7       All right. If there's nothing further in the
8  Asselin case, I want to thank everyone for being here and
9  we will see counsel -- the next status conference on
10 August 30th the defendants do not need to be here.
11 Anyone, of course, is welcome to be here but I will just
12 expect to see counsel on August 30th at 11 a.m. All
13 right. Thank you.
14          MR. EGBERT: Thank you, Judge.
15          THE COURT: The court's in recess. I'll be
16 back in five minutes.
17
18              (Court recessed at 4:48.)
19
20
21
22
23
24
25

Case 3:04-cr-30033-MAP    Document 179    Filed 07/26/2006    Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 04-30033-MAP |
| RAYMOND ASSELIN, SR., et al. | |
| Defendants. | |

**DEFENDANT PETER DAVIS'S OPPOSITION TO
GOVERNMENT'S MOTION FOR AN EARLY EXHIBIT LIST**

Defendant Peter Davis hereby submits this opposition to the Government's Request for an Early Exhibit List. The government's position – that Mr. Davis should be required to provide an exhibit list on July 28, almost two months before trial – lacks merit. It ignores the procedural history that lead to the Court's order that the government provide an early exhibit list (on July 24) as well as the practicalities of the preparation of a defense exhibit list.

1. **The Government Has Advanced No Good Reason Why The Defendants Should Be Required To Provide An Exhibit List by July 28, 2006.**

The government asks this Court to require the defendants to provide an exhibit list by July 28, 2006 – seven weeks before trial and a mere four days after the government's exhibit list was ordered to be provided.[1] The government seems to suggest that, because the Court ordered the government to turn over its exhibit list early, the defendants must do so as well. But the government misconstrues the basis for the Court's order.

The order requiring the government to disclose its exhibit list by July 24, 2006 was in response to Defendant Davis's Motion to Compel Compliance with Rule 16. In that motion,

---

[1] Although the Court ordered the government to provide its exhibit list by July 24, 2006, the list was not faxed to counsel for Mr. Davis until July 25, 2006.


GOVERNMENT
EXHIBIT
D

defendant Davis argued that the government's "open file" approach to discovery – essentially dumping 250-300 boxes of documents on the defendants – did not satisfy the government's obligation to identify those materials it intended to introduce as part of its case-in-chief at trial, as required by Fed. R. Crim. P. 16(a)(1)(E); the voluminous nature of the discovery made available, coupled with the complexity of the charges, required something more. In apparent recognition of the merits of Mr. Davis's arguments, and the case law on which he relied, the Court on February 15, 2006, ordered the government to provide, by July 24, 2006, a comprehensive listing of all documents it intended to offer in its case-in-chief at trial.

    The government now claims that, because it must provide an exhibit list by July 24, 2006, the defendants must therefore provide one four days later, as contemplated by the Local Rules.[2] But the four-day differential for exchanging exhibit lists under the Local Rules contemplates a situation in which the government has made meaningful compliance with Rule 16 months before it provides an exhibit list, giving the defendant ample opportunity to assess the government's evidence against him and determine what exhibits he may want to introduce at trial. That is not the case here, however, where the Court has ordered the government to provide exhibits early because of the practical difficulties for defendants that are presented by the combination of the complex sprawling changes and the voluminous automatic discovery. Indeed, the Court relied on its requirement of an early government exhibit list as one of the reasons why defendant Davis was not entitled to a bill of particulars. *See* Memorandum and Order Regarding Government's Appeal of Order Granting Defendant Peter Davis' Renewed Motion for a Bill of Particulars, dated June 7, 2006, at 6. In short, the government's analogy to the Local Rules is flawed.

---

[2]   Local Rule 117.1(A)(8)(b) provides that, unless an objection is made, the government must provide an exhibit list at least 7 days before trial; Local Rule 117.1(A)(9) provides that, unless an objection is made, the defendant must provide its exhibit list at least 3 days before trial.

2

The government's argument that the defendants must disclose their exhibit lists by July 28, 2006 to allow the government sufficient time to file motions *in limine, see* Government's Motion at 3, is simply a red herring. Putting aside the sincerity of the government's intention to file motions *in limine*, the Court's order clearly contemplated only that the <u>defendants</u> must file their motions *in limine* by August 11, 2006. *See* Memorandum and Order Regarding Motion to Compel Compliance with Rule 16 of Defendant Davis, dated February 15, 2006, at 3 ("Any motions *in limine* any **defense counsel** wishes to file regarding the documents disclosed will be filed no later than August 11, 2006[.]") (emphasis added). The government has represented to the Court that, if defendant Davis were tried alone, the government's case-in-chief would last approximately three weeks; with one or two additional defendants, the government's case-in-chief is estimated to be six weeks.[3] Thus, even if Mr. Davis disclosed his exhibit list three days prior to trial (as contemplated by Local Rule 117.1(A)(9)), the government would have ample time before the defense begins its case-in-chief to file any motions *in limine* it may have.

2.   **Requiring an Early Defense Exhibit List Would be Unreasonable.**

The government's request that the defendants provide an exhibit list only three days after receiving the government's exhibit list is particularly unreasonable given the magnitude of the government's exhibit list, which is sixty-two pages and identifies 402 potential trial exhibits. In addition, as noted in Mr. Davis's Emergency Motion to Compel the Government to Provide Copies of Exhibits Identified on the Government's Exhibit List (filed on July 25, 2006), the government has refused to provide copies of the exhibits identified on its exhibit list, and certain of the descriptions of documents provided by the government on its exhibit list are insufficient to

---

[3]   At the July 10, 2006 status conference, only Mr. Davis indicated that he intends to go to trial.

allow Mr. Davis to properly identify the exhibits; this compounds Mr. Davis's difficulty in identifying documents to rebut those exhibits identified on the government's exhibit list.

Moreover, Mr. Davis's task is complicated by the fact that the government has indicated (on several occasions) that it intends to introduce evidence of numerous uncharged predicate racketeering acts that it alleges were committed by Mr. Davis. *See, e.g.* Government's Response to Defendant Davis' Motion for Severance, dated February 10, 2006, at 10 ("The Government elected to allege as racketeering acts only those things of value paid in the form of [sic] check. The Government, however, intends to introduce evidence of things of value given by defendant Davis to defendants Asselin, Sr. and Sotirion prior to 1996 as racketeering acts."); Government's Response to Defendant Davis's Renewed Motion for a Bill of Particulars, dated January 27, 2006 (attaching documents concerning numerous alleged uncharged predicate acts). Although Mr. Davis has asked for more particulars as to these uncharged predicate acts, the government has refused to provide such particulars. If Mr. Davis were required to provide an exhibit list by July 28, 2006, he would by forced to list all documentation necessary to rebut these uncharged predicate acts – acts of which he has no notice. Thus, a due date of July 28, 2006 for defendant's exhibit list is patently unreasonable under the circumstances.

Finally, Mr. Davis's dealings with the SHA ended in 1998 and most of his business records were damaged in connection with a move from the Springfield area to Eastern Massachusetts. Mr. Davis is still in the process of identifying and collecting documentation necessary to his defense, and the government's exhibit list will aid in identifying such documentation. A July 28, 2006 deadline for defendant's exhibit list is unreasonable, given the obvious constraints on Mr. Davis's ability to collect documentation relevant to his defense; unlike the government, Mr. Davis did not have the benefit of a four-year investigation and grand

jury subpoena powers to collect documents. Accordingly, Mr. Davis requests that the Court deny the government's motion.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that this Court deny the Government's Request for an Early Exhibit List.

>Respectfully submitted,
>
>PETER DAVIS
>
>By his attorneys,
>
>/s/ James C. Rehnquist
>James C. Rehnquist (BBO # 552602)
>Kathleen Luz (BBO # 643278)
>GOODWIN PROCTER LLP
>Exchange Place
>Boston, MA 02109-2881
>(617) 570-1000

Dated: July 26, 2006

## **CERTIFICATE OF SERVICE**

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on July 26, 2006.

/s/ James C. Rehnquist
James C. Rehnquist

LIBA/1716579.3