# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> RAYMOND ASSELIN, SR., et al. <br><br> Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S REPLY BRIEF IN SUPPORT OF HIS EMERGENCY MOTION TO COMPEL GOVERNMENT TO PROVIDE COPIES OF EXHIBITS IDENTIFIED ON GOVERNMENT'S EXHIBIT LIST**

Defendant Peter Davis hereby submits this Reply Brief in Support of His Emergency Motion to Compel the Government to Provide Copies of Exhibits Identified on the Government's Exhibit List. Contrary to the government's assertion, certain generalized descriptions provided on the government's exhibit list are inadequate, and certainly do not provide Mr. Davis with sufficient detail to allow him to identify and collect all of these documents. Accordingly, the Court should compel the government to provide copies of the actual exhibits.

**ARGUMENT**

**I.  THE GOVERNMENT'S EXHIBIT LIST DOES NOT IDENTIFY CERTAIN EXHIBITS WITH SUFFICIENT DETAIL TO ALLOW MR. DAVIS TO IDENTIFY THOSE EXHIBITS.**

Although the government claims it described its exhibits with "painstaking" detail, such it not the case. While Mr. Davis described only two examples of inadequate descriptions in its original motion, there are, in fact, numerous examples. For example, Exhibits 94 and 95 contain the exact same description. *Compare* Exhibit 94 ("Handwritten Notes, dated 9/4/94, Containing Check Numbers, Payees, and Amounts") *with* Exhibit 95 (same description). Neither description

provides adequate identifying information sufficient to allow Mr. Davis to properly identify the document; the descriptions make only generic references to the type of information that may be contained in these two documents.  Moreover, the fact that the two descriptions are identical make it impossible for the defendant to determine whether the government is referring to variations of the same document or two entirely separate documents.  And this is not an isolated instance: there are numerous examples of exhibits which contain identical descriptions. *Compare* Exhibit 98 ("Handwritten Notes, dated 10/14/94, Captioned 'Items Left' Containing Names and Amounts Seized from Office of Arthur Sotirion") *with* Exhibits 99 and 100 (same description); *compare* Exhibit 101 ("Handwritten Notes, dated 10/30/94, Captioned 'G&R Contract' Containing Names and Amounts Seized from Office of Arthur Sotirion") *with* Exhibit 102 (same description).  In short, the descriptions provided by the government certainly are not sufficient to provide Mr. Davis with notice of what documents the government intends to introduce at trial.  In fact, given the number of identical descriptions, the government's assertion that it described these exhibits with "painstaking" detail is disingenuous at best.

      Moreover, the government asserts that the defendant's view of the Court's order is overly expansive.  *See* Government's Opposition, at 2.  However, one of the primary reasons the Court ordered the government to provide an exhibit list was to allow the defendant to file any motions *in limine* relating to such documents by August 11, 2006.  Surely, copies of such documents would better enable Mr. Davis to make any motions *in limine* he has relating to the documents; otherwise, Mr. Davis would be required to guess which documents the government is referring to on its exhibit list, and then make motions *in limine* based on those good-faith guesses.  To properly effectuate the intent of the Court's order, actual copies of the exhibits are necessary to

2

ensure all of the proper motions *in limine* are made. The expectation that the government would provide actual copies of the exhibits (rather than just a list), therefore, was reasonable.[1]

Finally, the government's suggestion that the defendant is attempting to expand the government's obligations while simultaneously "refusing to provide its own exhibit list four days after the government's provision, as required by Local Rule 117.1(A)(8)(b)," *see* Government's Opposition, at 4, is simply a red herring. As explained in Mr. Davis's Opposition to the Government's Request for an Early Exhibit List, the four-day differential for exchanging exhibit lists under the Local Rules contemplates a situation in which the government has made meaningful compliance with Rule 16 months before it provides an exhibit list, giving the defendant ample opportunity to assess the government's evidence against him and determine what exhibits he may want to introduce at trial. That is not the case here, however, where the Court has ordered the government to provide exhibits early because of the practical difficulties for defendants that are presented by the combination of the complex sprawling changes and the voluminous automatic discovery. Thus, the government's analogy to the Local Rules is flawed, and certainly does not diminish Mr. Davis's need for copies of the actual exhibits in order to comply with the Court's order requiring the defendant to file motions *in limine* by August 11, 2006.[2]

---

[1] And, as Mr. Davis noted in his opening memorandum, it would not overly burden the government to provide copies of these exhibits, or at least make these exhibits available for copying; in preparing its exhibit list, the government has necessarily reviewed the documents made available through automatic discovery and culled out those documents it intends to introduce at trial. Mr. Davis would be more than willing to arrange for and pay for copying of these exhibits if the government is concerned about the expense associated with copying the actual exhibits.

[2] The inadequacy of the government's exhibit list is compounded by the fact that Mr. Davis received a supplemental exhibit list from the government on August 2, 2006. (A copy of this exhibit list is attached as Exhibit A). The Supplemental Exhibit List identifies 349 government exhibits (as opposed to 402 exhibits identified in the government's original exhibit list); moreover, the supplemental exhibit list appears to contain some new exhibits not previously identified by the government, including numerous CDs containing tape recorded transcripts. *See, e.g.,* Exhibits 180-189  The government offered no explanation for its late-

3

## II. CONTRARY TO THE GOVERNMENT'S ASSERTION, IT IS NOT CLEAR THAT THE DEFENDANT HAD THE OPPORTUNITY TO REVIEW ALL OF THE EXHIBITS ON THE GOVERNMENT'S EXHIBIT LIST.

Furthermore, the government argues that the counsel for Mr. Davis has had access to the government's discovery for over "two years;" thus, contends the government, it should be entirely reasonable for defense counsel to locate and identify the exhibits listed on the government's exhibit list. *See* Government's Opposition, at 5. The government's statement, however, assumes that counsel for Mr. Davis has had access, at all times, to all of the documents identified on the government's exhibit list – a fact which is not necessarily true.

Counsel for Mr. Davis has, on numerous occasions, been to the FBI offices in Springfield to review the voluminous automatic discovery made available by the government. On these occasions, counsel for Mr. Davis has attempted to index the documents in an effort to readily identify material relevant to Mr. Davis. Declaration of Albert M. Lessard, dated August 2, 2006, at ¶ 2 ("Lessard Decl."). On more than one occasion, when counsel for Mr. Davis was reviewing the automatic discovery, counsel asked Special Agent Hedges of the FBI as to whether all of the automatic discovery relating to this matter was housed at the FBI's offices; Special Agent Hedges indicated that it was not, and that some of the material was "with the grand jury." *Id.* ¶ 3. Thus, contrary to the government's assertion, it is not clear that counsel for Mr. Davis has had access to, and the opportunity to review, all of the government's automatic discovery. Indeed, counsel for Mr. Davis believes that they may not have seen some of the exhibits identified on the government's exhibit list. *Id.* ¶ 4. Given the fact that Mr. Davis may not have even seen some of these exhibits before, the government should be compelled to provide him copies.

---

production of this supplemental exhibit list, and did not identify those exhibits which had been either added or removed.

**CONCLUSION**

For the foregoing reasons, Mr. Davis respectfully requests that this Court grant his Emergency Motion to Compel the Government to Provide Copies of Exhibits Identified on the Government's Exhibit List.

>Respectfully submitted,
>
>PETER DAVIS
>
>By his attorneys,
>
> /s/ James C. Rehnquist
>James C. Rehnquist (BBO # 552602)
>Kathleen Luz (BBO # 643278)
>GOODWIN PROCTER LLP
>Exchange Place
>Boston, MA 02109-2881
>(617) 570-1000

Dated: August 3, 2006

**CERTIFICATE OF SERVICE**

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 3, 2006.

> /s/ James C. Rehnquist
>James C. Rehnquist

LIBA/1720244.2

5