UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* NO. 1 RE: GOVERNMENT'S USE OF INFLAMMATORY LANGUAGE**

Defendant Peter Davis hereby moves *in limine* for an order precluding the government from using irrelevant and highly inflammatory phrases, such as "pay to play," "graft and theft," and "kickback," in its opening statement and in its examination of witnesses.

It is well-settled that an opening statement must be limited in purpose and scope to a non-argumentative description of the anticipated evidence. *See United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, J., concurring) ("An opening statement has a narrow purpose and scope. It is to state what evidence will be presented…it is not an occasion for argument."). An attorney, who has "the standing and prestige inherent in being an officer of the court," may not in an opening present to the jury "statements not susceptible of proof but intended to influence the jury in reaching a verdict." *Id.* Even in closing, where argument is appropriate, it is improper to make statements which serve no purpose other than "'to inflame the passions and prejudices of the jury, and to interject issues broader than the guilt or innocent of the accused.'" *United States v. Machor*, 879 F.2d 945, 956 (1st Cir. 1988) (quoting *United States v. Doe*, 860 F.2d 488, 494 (1st Cir. 1988)). Importantly, "[a] trial judge is under a duty, in order to protect the integrity of

the trial, to take prompt and affirmative action to stop such professional misconduct." *Dinitz*, 424 U.S. at 612 (Burger, J., concurring).

The government here has shown a penchant for using inflammatory language in the pretrial proceedings, with a particular fondness for the phrases "pay to play," "graft and theft," and "kickback." For example, at a recent hearing, the government articulated its theory of the case as hinging on what is described as a "pay-to-play" system. *See* Transcript of Hearing, dated April 26, 2006, at 14 (government explaining that the grand jury testimony of two cooperators describes the "pay-to-play" system). Moreover, the government has infused its pleadings with highly-loaded phrases, such as "graft and theft" and "kickback," in describing the nature of the charges. *See, e.g.,* Government's Response to Defendant Davis' Motion for Severance, dated February 10, 2006, at 4 ("Boiled down to its essence, this case is about graft and theft. There is nothing conceptually difficult or factually complex about the payment of bribes and kickbacks or billing personal expenses to the Springfield Housing Authority."); Government's Response to Defendant Merylina Asselin's Motion for Severance, dated February 10, 2006, at 2 ("Reduced to its essence, the case is about graft and theft."). Thus, the defendant has reason to believe that the government will attempt to use this type of inflammatory language throughout the trial.

The unfair prejudice created by these argumentative terms is substantial, particularly if the government is permitted to use them in its opening statement or examination of witnesses. For example, an important part of the defense case will be to establish that Mr. Davis was not providing defendants Sotirion and Asselin with anything of value in exchange for preferential treatment from the SHA; in short, even if a "pay-to-play" system existed, Mr. Davis was not part of such a system. If the government's attorneys, however, are permitted to fill the record with this language, they will be arguing and, in effect, testifying to the contrary. While the

government can argue this point to the jury – at the appropriate time, if the actual evidence permits – it should not be allowed to do so in its opening statement or its examination of the witnesses.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant its Motion *in Limine* No. 1 Re: Government's Use of Inflammatory Language.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Mr. Davis submits that the Court's ruling on this Motion will be aided with oral argument, and accordingly requests an opportunity to present such argument to the Court.

    Respectfully submitted,

    PETER DAVIS

    By his attorneys,

    /s/ James C. Rehnquist
    James C. Rehnquist (BBO # 552602)
    Kathleen Luz (BBO # 643278)
    GOODWIN PROCTER LLP
    Exchange Place
    Boston, MA 02109-2881
    (617) 570-1000

Dated: August 11, 2006

**CERTIFICATE OF SERVICE**

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 11, 2006.

                                                **/s/ James C. Rehnquist**
                                                James C. Rehnquist