UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* NO. 2 RE:  EVIDENCE OF CASH SEIZED FROM THE HOME OF CO-DEFENDANT MARIA SERRAZINA**

Defendant Peter Davis hereby moves *in limine* to preclude the government from introducing evidence of any cash seized from the home of his co-defendant.

The government has indicated that it intends to offer into evidence, at trial, a briefcase containing $240,000 in cash seized from the home of co-defendant Maria Serrazina.  *See* Government's Supplemental Exhibit List, Exhibit 349 ("Briefcase Containing Approximately $240,000.000 in Cash Seized from 140 Sallie Circle, Ludlow, MA").  This evidence was seized from the home of Serrazina after tape-recorded conversations among various family members allegedly revealed that co-defendants Raymond Asselin, Sr. and Raymond Asselin, Jr. had hidden the briefcase in Ms. Serrazina's attic.

This type of evidence is simply not probative of any issue relevant to Mr. Davis.  The thrust of the charges against Mr. Davis involve allegations that Mr. Davis was rewarded with contracts and other benefits in exchange for the payment of "bribes, kickbacks, gratuities, and other things of value" to co-defendants Raymond Asselin Sr. and Arthur Sotirion.  Indictment, ¶¶ 29, 40.  The cash found at the home of Ms. Serrazina relates to charges that Arthur Sotirion and Raymond Asselin converted SHA resources for the benefit of their families.  *See* Indictment

1

¶ 24.  There is no suggestion, anywhere in the government's automatic discovery, that Mr. Davis provided the cash found at the home of Maria Serrazina, or even knew about its existence.  In short, this evidence is irrelevant to the charges pending against Mr. Davis, and should be excluded.  *See* Fed. R. Evid. 401, 402.

Moreover, even if such evidence were marginally probative of any fact in this case, such evidence should still be excluded because it is unfairly prejudicial and may mislead the jury.  *See* Fed. R. Evid. 403.  Cash transactions are commonly associated with illicit or unsavory activity.  *See, e.g.*, *United States v. Burgos*, 254 F.3d 8, 15 (1st Cir. 2001) (noting evidence of unexplained cash relevant to demonstrating involvement in illegal drug activities); *United States v. Anglin*, 169 F.3d 154, 161-62 (2d Cir. 1999) (observing that cash transactions by defendant were probative of his involvement with a robbery); *United States v. Jasper*, No. 00-CR-825(PKL), 2003 WL 221740 at *3-4 (S.D.N.Y. Jan. 31, 2003) (allowing evidence of cash deposits as relevant to whether defendant had committed embezzlement).  The very mention of a briefcase full of cash immediately carries with it a connotation of illegal activity, even though this evidence is seemingly irrelevant to the allegations made against Mr. Davis.  Accordingly, while the unfair prejudice to Mr. Davis is very high, the probative value of such evidence, as described above, is minimal, if not non-existent.  As a result, such evidence, if not excluded under Rules 401 and 402, should be excluded pursuant to Rule 403.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant its Motion *in Limine* No. 2 Re:  Evidence of Cash Seized from the Home of His Co-Defendant Maria Serrazina.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), Mr. Davis submits that the Court's ruling on this Motion will be aided with oral argument, and accordingly requests an opportunity to present such argument to the Court.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 **/s/ James C. Rehnquist**
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: August 11, 2006

4

**CERTIFICATE OF SERVICE**

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 11, 2006.

                                            **/s/ James C. Rehnquist**
                                            James C. Rehnquist