UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>           v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>           Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* NO. 3 RE:  EVIDENCE OF ANY POST-1998 CAMPAIGN CONTRIBUTIONS BY PETER DAVIS**

Defendant Peter Davis hereby moves *in limine* to preclude the government from introducing evidence of any campaign contributions by Mr. Davis post-1998.  This type of evidence is wholly irrelevant to the charges currently pending against Mr. Davis, and should be excluded pursuant to Federal Rules of Evidence 401 and 402.  Moreover, any probative value this evidence has is outweighed by it prejudicial effects, and thus should be excluded pursuant to Federal Rule of Evidence 403.

In its opposition to Mr. Davis's Motion to Sever, the government argued that SHA vendors and/or contractors were required to make contributions to Christopher Asselin's campaign to "secure both present business as well as any future business with the SHA;" the government further argued that "Defendant Davis was no exception."  *See* Government's Response to Defendant Davis' Motion to Sever, at 7.  In support of this statement, the government attached a printout which purportedly showed that Mr. Davis made a contribution to Christopher Asselin's campaign in May 1999.  *See* Exhibit C to Government's Response to Defendant Davis' Motion to Sever; Government's Response to Defendant Davis' Motion to Sever, at 7.  Moreover, Exhibit 178 on the Government's Exhibit List identifies the following

document as an exhibit: "Office of Campaign and Political Finance Report, dated 3/30/99 through 5/5/99, for Christopher Asselin." *See* Government's Exhibit List, at 28.

Contributions by Mr. Davis after 1998 are not probative of any relevant issue in this trial. Indeed, the only reason offered by the government as to the relevance of this evidence is that Mr. Davis (like other SHA vendors) allegedly made contributions to Mr. Asselin's campaign in an effort to secure "future or present business" with the SHA. But it is undisputed that Mr. Davis ceased doing business with the SHA sometime during the middle of 1998. *See* Letter from William Welch to James C. Rehnquist, dated September 19, 2005 (indicating that Mr. Davis's last bid submitted to the SHA occurred in June 1998). Thus, any alleged campaign contributions made by Mr. Davis after 1998 indisputably could <u>not</u> have been made for the purpose of securing future or present business with the SHA, and have no relevance to the issues at trial. Accordingly, such evidence must be excluded. *See* Fed. R. Evid. 401 and 402 (Evidence is admissible only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

In contrast, the very mention of campaign contributions by Mr. Davis to Christopher Asselin runs the significant risk of confusing and misleading the jury. Unlike the other contractors indicted along with Mr. Davis, Mr. Davis had retired and was no longer doing business with the SHA when he allegedly donated to Christopher Asselin's campaign in 1999. However, should the government be permitted to introduce this evidence, the jury might easily attribute an illicit motive to such contributions – even where such motive indisputably does not exist. Accordingly, this type of evidence should be excluded pursuant to Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant its Motion *in Limine* No. 3 Re: Evidence of Any Post-1998 Campaign Contributions by Peter Davis.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Mr. Davis submits that the Court's ruling on this Motion will be aided with oral argument, and accordingly requests an opportunity to present such argument to the Court.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: August 11, 2006

**CERTIFICATE OF SERVICE**

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 11, 2006.

                                                   /s/ **James C. Rehnquist**
                                                   James C. Rehnquist