# EXHIBIT A

GOODWIN | PROCTER

James C. Rehnquist
617.570.1820
jrehnquist@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

July 13, 2006

**_By Facsimile and Regular Mail_**

William M. Welch II
Assistant United States Attorney
U.S. Attorney's Office
Federal Building & Courthouse, Room 310
1550 Main Street
Springfield, MA 01103

_Re:     USA v. Raymond Asselin, Sr., et al., Crim. A. No: 04-30033-MAP_

Dear Mr. Welch:

I write to address several issues.

1.      <u>Brady Material</u>.

        Please indicate whether and, if so, how soon you will disclose the following Brady materials.

        a.      Any and all information tending to suggest that defendant Davis's statements to the FBI did not have the "natural and probable effect of interfering with the due administration of justice," _see United States v. Aguilar_, 515 U.S. 593, 600 (1995), including without limitation (a) information relating to whether the agents who interviewed Mr. Davis were under subpoena by the grand jury at the time they interviewed Mr. Davis, (b) information relating to whether and when any evidence of Mr. Davis's statements to the FBI were presented to the grand jury, by the interviewing agents or otherwise; (c) information relating to whether, based on other evidence before the grand jury, Mr. Davis's statements were likely to interfere with the grand jury proceeding; and (d) information relating to whether the purposes of the FBI interview of Mr. Davis included purposes other than obtaining information from Mr. Davis (e.g., whether he had paid for improvements to the homes of members of the Asselin family), including any communications between your investigative team and the interviewing agents regarding the interview.

        b.      You have referred repeatedly in Court to the Springfield Housing Authority's process for awarding contracts and other business advantages as a "pay to play" system. Yet the

GOODWIN | PROCTER

William M. Welch II
July 13, 2006
Page 2

automatic discovery suggests that there were many SHA contractors and vendors who (a) have
not been charged with any crimes and (b) have not been identified as unidentified co-
conspirators. Presumably, these contributors and vendors did not "pay to play;" any information
(e.g., interview memoranda) tending to show that other SHA contractors/vendors did not "pay to
play" is exculpatory, and we request that such information be disclosed.

      c.     You state on p.11 in Government's Response to Defendant Davis's Motion for
Severance that "[t]he reason that defendant Asselin, Sr., initially steered contracts to defendant
Davis was to reduce joint debts that they had incurred from real estate deals that had gone south
in the late 1980s." Any information as to this motivation for awarding contracts to Davis is
potentially exculpatory, and we request that it be disclosed, as it indicates that Davis received
contracts not because of any "things of value" he may have provided to Asselin, Sr. or Sotirion.

2.     Government Exhibits.

      I am concerned that the exhibits you intend to disclose on July 24, which will presumably
reflect a contemplated trial of all defendants, may unnecessarily burden the government, the
defendants (at least this one), and the Court. If, as expected, only one defendant or a small
number of defendants end up going to trial, you will have disclosed a more comprehensive set of
exhibits than may be necessary; defendant Davis will have to analyze exhibits that the
government may not intend using in a trial of one or only few defendants, and file motions in
limine that may ultimately be unnecessary; and the Court may have to deal with motions in
limine that may be unnecessary.

      I am not quite sure how to resolve this problem but would like to discuss it with you. I
would be willing to give you some additional time to turn over a Davis-specific exhibit list,
although for this to relieve your burden the other defendants would have to agree to defer receipt
of a comprehensive list. You would know better than I whether plea discussions are advanced
enough for the other defendants to consider such an agreement.

      In addition, please advise whether you intend to turn over exhibits in hard copy or in an
electronic format, and how you intend to present this evidence at trial (i.e., electronically or
otherwise). The preference of defendant Davis is to receive the exhibits in an electronic format
if possible.

GOODWIN | PROCTER

William M. Welch II
July 13, 2006
Page 3


3.     Copying of Documents in Springfield.

On occasion when we have tried to copy automatic-discovery documents in Springfield, we have been told that the documents must be copied personally by government representatives. Such a procedure is invasive of attorney work-product. Please confirm that if we desire to do so, we can make copies of documents ourselves.

Please respond to this letter, either in writing or by telephone, so we can satisfy our obligations under Local Rule 7.1(A)(2) should any motion be necessary.

Very truly yours,

James C. Rehnquist

cc:     Defense counsel of record