# EXHIBIT E

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

```
UNITED STATES OF AMERICA .   Docket No. CR 04-30033-MAP
                            .
            v.              .   Springfield, MA
                            .
PETER DAVIS                 .
..........................      April 26, 2006
```

TRANSCRIPT OF HEARING HELD BEFORE

THE HONORABLE MICHAEL A. PONSOR,

UNITED STATES DISTRICT COURT JUDGE.

APPEARANCES:

For the government:   William Welch, II, Assistant U.S.
                      District Attorney, 1550 Main Street,
                      Springfield, MA 01103.

For the defendant:    James C. Rehnquist, Goodwin Procter,
                      & Hoar, Exchange Place, Boston, MA
                      02109.

Alice Moran, CSR, RPR, RMR
Official Federal Court Reporter
1550 Main Street, Room 536
Springfield, MA 01103
Tel: (413)731-0086   Fax: (413)737-7333
amoran@prodigy.net

Page 2

1  (Court commenced at 3:38.)
2
3
4  THE COURT: Are you able to stand, Mr.
5  Rehnquist? Feel free to sit down if you need to.
6  MR. REHNQUIST: I may be a little slow getting
7  up, but I'll work my way up there. Thank you.
8  THE COURT: Let me summarize where we are.
9  This is an appeal by the government of an order by
10 Magistrate Judge Neiman requiring the government to
11 produce certain specifics regarding the charges against
12 the particular defendant here, Mr. Davis.
13 I'd just like to sketch in what is a mildly
14 contorted background to the motion. There was a request
15 for information filed back in June of 2005 for five
16 categories of information having to do with contracts
17 awarded to P.J. Richfield, or Peter Davis, individuals
18 involved in awarding the contract, the manner and means
19 in which it was allegedly improperly awarded, dates for
20 bids and various other things, and the government
21 declined to provide that information but did refer
22 counsel to the fairly substantial amount of discovery
23 which the government was making available to the defense.
24 The defendant filed a motion for bill of particulars
25 and the magistrate judge allowed the motion for bill of

Page 3

1  particulars and required the government to be more
2  specific as to the contracts and sub-contracts for which
3  a bid was submitted and the actions allegedly taken by
4  the Springfield Housing Authority as a result of the
5  defendants having given, offered or provided something of
6  value. So there was those two categories: The contracts
7  and sub-contracts and also the actions taken by the SHA.
8  The government responded by disclosing the dates and
9  amounts of some twenty-one bids submitted by P.J.
10 Richfield, which is the defendant Davis's company, as a
11 method of satisfying the first part of that required bill
12 of particulars and then stated with regard to the actions
13 taken by Springfield Housing Authority indicated steering
14 contracts to P.J. Richfield, directing general
15 contractors to use P.J. Richfield as a sub-contractor,
16 permitting the continued use of P.J. Richfield despite
17 substandard work, directing SHA employees to finish work
18 for P.J. Richfield, permitting the use of SHA supplies by
19 P.J. Richfield, and certifying the completion of work
20 that had not been completed.
21 The defendant was not satisfied with those general
22 descriptives or what the defendant felt were general
23 descriptive categories of Springfield Housing Authority
24 benefits and asked for further particulars.
25 The motion was denied without prejudice and the

Page 4

1  defense was ordered to take a look at the voluminous
2  discovery provided by the government to obtain
3  information with regard to these things of value provided
4  by or these beneficial actions taken by SHA.
5  The defendant then did look through the
6  documentation but felt that it did not satisfy the
7  defendant's desire for the information and therefore
8  filed another motion for bill of particulars. In
9  particular the defendant sought, for example, and this is
10 I think at least a key part of the paperwork stating that
11 the government could have stated in its bill of
12 particulars something like, "SHA issued a certificate of
13 completion on the 1994 504 ADA project even though the
14 work was not completed."
15 That was an example. That was an example of the
16 sort of response to the motion for bill of particulars
17 which the defendant alleged it was entitled to and which
18 the defendant contended it would be easy for the
19 government to provide.
20 On February 6th of this year Judge Neiman allowed
21 this renewed motion for bill of particulars and directed
22 the government to provide the information in a manner
23 that was along the lines of the example given by the
24 defendant in its memorandum, which I think refers to the
25 language that I just quoted.

Page 5

1  There are a couple of things which I'd like to put
2  to one side and I'd like to focus in on really why I have
3  you here. I almost never have people in on appeals from
4  the magistrate judge's evidentiary rulings. I don't
5  always adopt them but I almost always do whatever it is
6  I'm going to do without the necessity of a hearing.
7  I'd like to put aside two things and focus in on the
8  one thing that at least preliminarily concerns me. The
9  issue of the standard, clearly erroneous and contrary to
10 law, I know it. I've got it memorized. I was a
11 magistrate judge for ten years and I often felt that
12 whatever the district court judge wanted you to do and
13 you didn't do, it constituted clear error. So I know
14 about the standard. I'll just put that to one side. We
15 can get to that. I'm obviously aware of that.
16 I also would like to put to one side any
17 disagreements for the moment about how diligent the
18 defendant was in looking at the documents, how easy it
19 was for the government to get documents, how hard it was
20 for the defendant to get documents.
21 As to both sides of that argument, each of you
22 certainly may very well be in good faith. I think you
23 both certainly are in good faith. On the other hand,
24 there's an advocacy position which underlies that which
25 it's in the government's interest to be able to say it's

Page 6

1  easy to get these documents and it's in the defendant's
2  interest to say it's difficult to get to these documents,
3  and I can't really sort that wastebasket out too well so
4  I'd like to put that to one side.
5      The issue that I am really interested in is what
6  exactly the government would have to do in order to
7  comply with Magistrate Judge Neiman's order with regard
8  to the bill of particulars?
9      I'm concerned about the scope of that order, and I'm
10 not exactly sure what the scope of the order is as I look
11 at the papers. That's the main reason I had you in here
12 for oral argument.
13     For example, if I go back to the government's
14 response in September of 2005 in which they lay out five
15 or six things that the government says it will show that
16 the Springfield Housing Authority did that benefitted
17 P.J. Richfield or Mr. Davis, I begin with the first
18 example, steering contracts to P.J. Richfield, Inc.
19     Now, I guess the question I have is if I reject the
20 government's appeal, is the government then going to be
21 required as to every instance where the SHA steered a
22 contract to P.J. Richfield to identify by date and number
23 exactly the contract that the SHA steered to P.J.
24 Richfield?
25     The second one is directing general contractors to

Page 7

1  use P.J. Richfield as a sub-contractor. If I reject the
2  government's appeal, will I be requiring the government
3  to identify by name and presumably date and person making
4  the direction every time in which the Springfield Housing
5  Authority directed contractors to use P.J. Richfield as a
6  sub-contractor, et cetera, for each one of those five or
7  six specific things?
8      If that's the effect of my enforcing the magistrate
9  judge's order, I have concerns about that, whether I'm
10 overdoing it in terms of requiring the government to
11 cough up those kinds of specifics as to every instance in
12 which the Springfield Housing Authority took some kind of
13 action that was beneficial to P.J. Richfield as part of
14 pre-trial discovery.
15     Now maybe, maybe that's just exactly what I ought to
16 do, or maybe the defense is interpreting the magistrate
17 judge's order as something less than that, or maybe the
18 defense is looking for something which is somewhat less
19 than that. But I'm in a little bit of the dark as to
20 exactly what Magistrate Judge Neiman was ordering the
21 government to do and that's really why I have you here.
22     We can get to the other arguments a little bit later
23 if we need to, but I think probably I'm going to serve
24 the ball into your court, Mr. Rehnquist. I know it's the
25 government's appeal, but can you help me at all as to

Page 8

1  what exactly you were expecting from the government as a
2  result of Magistrate Judge Neiman's allowance of your
3  motion for a bill of particulars?
4      Were you expecting essentially a written summary
5  listing point by point each instance in which SHA steered
6  contracts to P.J. Richfield? Each instance in which the
7  SHA directed a general contractor to use P.J. Richfield?
8  Each instance in which the SHA permitted continued use of
9  P.J. Richfield as a sub-contractor despite substandard
10 work? Each instance, et cetera, et cetera, by presumably
11 date and name of pertinent individuals? So I guess
12 that's my preliminary. Is that what you expect?
13     MR. REHNQUIST: Well, Your Honor, I don't know
14 what to expect. I don't know what evidence the
15 government has, but I mean if we take them one at a time,
16 at a minimum as to the steering of contracts to P.J.
17 Richfield, Inc., I would think I would be entitled to
18 know what contracts were steered to P.J. Richfield, Inc.
19     THE COURT: Okay.
20     MR. REHNQUIST: I did say at a minimum. I see
21 you writing this down.
22     THE COURT: I am scribbling furiously. I guess
23 instead of saying what do you expect, I guess I probably
24 should have put it this way.
25     What would be the effect of Magistrate Judge

Page 9

1  Neiman's order if it were enforced? What if I say I'm
2  affirming the judge's order, government comply with it.
3  What would a reasonable compliance with Judge Neiman's
4  order entail at least from your point of view?
5      MR. REHNQUIST: Well, I mean on this one, the
6  government has already disclosed I think a list of twenty
7  contracts.
8      THE COURT: Twenty-one.
9      MR. REHNQUIST: Twenty-one that P.J. Richfield
10 received. I would like to know which of those twenty-one
11 contracts does the government contend were steered to
12 P.J. Richfield.
13     THE COURT: All right.
14     MR. REHNQUIST: I don't think -- you know, Your
15 Honor, I'm not suggesting that I'm entitled to sort of,
16 you know, 9B type information here or even necessarily
17 the, you know, the detail of what would be a 404(b)
18 disclosure, but certainly at a minimum to know, you know,
19 is the government contending that, you know, all or some
20 or, you know, which one of these contracts were steered
21 to P.J. Richfield. So that as to the steering category I
22 think that's what we're entitled to at a minimum.
23     The second item is directing general contractors to
24 use P.J. Richfield as a sub-contractor. You know, again,
25 at a minimum what general contractors were directed to

Page 10

1  use P.J. Richfield as a sub-contractor?
2      Now I don't know because I don't know how this
3  directive was communicated, I'm guessing -- you know, I
4  don't know if it was one single direction that was given.
5  I just don't know how it was given. But I would think at
6  a minimum which general contractors were, you know, given
7  this direction and if it was specific to -- you know, I
8  don't know if the evidence that Mr. Welch anticipates is
9  that the Springfield Housing Authority told a specific
10 general contractor you've got to give work to P.J.
11 Richfield just generally or whether it was with respect
12 to a particular contract.
13     I mean, if it was with respect to a particular
14 contract, I would think that would also -- I'd also be
15 entitled to that.
16     THE COURT: Okay.
17     MR. REHNQUIST: The next one in my sequence,
18 Your Honor, is permitting the continued use of P.J.
19 Richfield as a contractor despite substandard work.
20     THE COURT: Correct. That's the next one.
21     MR. REHNQUIST: I would think as to that
22 category, I assume that permitting P.J. Richfield to
23 continue to get business is a general fact but, you know,
24 on what contracts does the government allege P.J.
25 Richfield did substandard work?

Page 11

1      THE COURT: All right.
2      MR. REHNQUIST: The next one in my series is
3  directing SHA employees to finish work for P.J.
4  Richfield, Inc. I guess with that one I would like to
5  know what employees and what contracts.
6      THE COURT: Okay.
7      MR. REHNQUIST: Permitting the use of SHA
8  supplies by P.J. Richfield, Inc., again, I would think --
9  again, I don't know if there was a specific permission or
10 a general permission but I'd certainly like to know at a
11 minimum what supplies is the government talking about.
12 If it was only an isolated example as opposed to a
13 general example, I think I'd like to know, you know, when
14 was this permission given.
15     The last or I guess the next one in my sequence is
16 certifying the completion of work that had not been
17 completed. On what contracts was that certification
18 allegedly given?
19     THE COURT: All right.
20     MR. REHNQUIST: And finally, causing more
21 lenient enforcement of site inspections and wage
22 compliance. I guess, you know, how was that caused? In
23 other words, I don't quite understand whether this one is
24 contract specific or not, but again if it was a general
25 direction take it easy on P.J. Richfield given to an SHA

Page 12

1  employee and it was a one-time general direction, I'd
2  like to know that.
3      If it was, you know, two or three examples of a
4  specific direction take it easy on P.J. Richfield on this
5  particular inspection, I'd like to know that.
6      So I think, Your Honor, what I'm hoping to get out
7  of this is more information about the charges and about
8  the allegations the government intends to prove at trial.
9      I'm not asking for evidence. I'm not asking for the
10 government to generate a list of documents that relates
11 to each of these categories but, you know, I filed this
12 motion in June and it's ten months later. We got 260
13 boxes of documents. It would make it a lot more
14 productive for me and my team, you know, to go through
15 this, you know, quite voluminous discovery if we could
16 focus on contracts and directions and things like this.
17     THE COURT: Now you know at least up to this
18 point -- I'll ask Mr. Welch this question to confirm it
19 in a minute -- but you know at this point that the
20 government is going to be focusing on twenty-one specific
21 bids. You've got those. Those are the ones that the
22 government is going to be emphasizing at trial.
23     MR. REHNQUIST: Well, what I know, Your Honor,
24 is those were the bids. I believe the bill of
25 particulars that I filed that led to the government's

Page 13

1  disclosure of twenty-one bids was a request for all of
2  the contracts that P.J. Richfield worked on.
3      THE COURT: I see.
4      MR. REHNQUIST: I don't know -- I mean, the
5  government has made a general, I think a general
6  statement when we were before Judge Neiman about, you
7  know, the entire relationship was tainted by this
8  pay-to-play from day one.
9      THE COURT: Right.
10     MR. REHNQUIST: I don't know the extent to
11 which that's hyperbole, but if all of those contracts
12 were infected in some way or another -- and putting aside
13 for the moment whether that would be a viable theory
14 under the statutes that have been charged -- I still like
15 to know it.
16     THE COURT: Okay. That's a good start. Let me
17 hear from Mr. Welch then. I may have some more questions
18 and we'll work our way towards this.
19     First of all, I guess what do you say assuming that
20 Mr. Rehnquist is correct that enforcement of the
21 magistrate judge's order would require the particulars
22 that he just, I think to be fair to him, pretty much off
23 the top of his head suggested here, is that a correct
24 interpretation of the order?
25     Would the order in fact go further than that or does

Page 14

1  the order not go that far? Assuming that it does, what
2  is the government's objection to that?
3       MR. WELCH: Well, I guess my first comment is
4  after ten months of this wrangling I thought we'd get
5  more than off the top of Mr. Rehnquist's head quite
6  frankly.
7       But I think that what the order of Magistrate Judge
8  Neiman was and what the position of Mr. Davis has been is
9  that I was supposed to supply this itemized list as
10 you've described which would be incredibly onerous. And
11 what really sort of disturbs me is that I think we need
12 to sort of take a step back and ask ourselves what is it
13 that a bill of particulars is supposed to do?
14      Let's begin with the steering of the contracts.
15 Unspoken in all of this is I have turned over, over a
16 year ago, the grand jury testimony of two of the main
17 cooperators who describes how this is a pay-to-play
18 system.
19      And what I mean by that is of the twenty-one bids,
20 Mr. Davis will know he will lose bid A because he's going
21 to get bid B or bid C down the road and the cycle repeats
22 itself because each one of these contractors have become
23 part of a rigged system.
24      So when he gets up here and says I'd like to know at
25 a minimum what contract was steered to him, then he ought

Page 15

1  to look at the twenty-one and figure out which one was
2  awarded to him, and I guess I get a little bit rankled
3  when that is something that he claims that he cannot do.
4       THE COURT: So it's the government's position
5  that, in essence, all of the contracts that P.J.
6  Richfield received during this period of time were part
7  of the pay-to-play system?
8       MR. WELCH: Which means that what he won and
9  what he lost was all part of a tainted system and are
10 inherently tainted. And that's why I continue to repeat
11 both in the arguments before Judge Neiman and the appeal
12 to this Court is that a bill of particulars is not a
13 discovery tool. Meaning, I have told him -- meaning Mr.
14 Rehnquist -- these are the categories of benefits. I've
15 itemized them. These are the bids and contracts that
16 your client received.
17      You know, at some point the notice stops and then
18 now we get to a slippery slope of me providing evidence
19 of all of these things and I don't think that that's what
20 a bill of particulars is about, and it's exactly what Mr.
21 Rehnquist is asking even now in the more general vaguer
22 manner about at a minimum we ought to be able to do this.
23      Really what he's now indicating to you is it's
24 almost as if I have got to supply or respond to a set of
25 interrogatories, tell us whether it's a general directive

Page 16

1  or a specific directive, and that may entail not just a
2  reliance on Rule 16 documents but now I have to go back
3  through witness statements and grand jury testimony to
4  see whether or not there's Jencks material that would
5  respond to that interrogatory and that is simply not a
6  bill of particulars.
7       THE COURT: Also let me just clarify one thing
8  which was a question I was going to put to Mr. Rehnquist
9  and that is the effect of granting a bill of particulars
10 for various discovery.
11      I have a dim recollection about bills of particulars
12 which is that the bill of particulars, the ones granted,
13 confines the government. In other words, if you say in
14 response to a bill of particular, for example, that the
15 defendant received more lenient enforcement generally and
16 then we get to trial and you have a specific instance of
17 more lenient treatment, the defendant would be in a
18 position to start jumping up and say we were misled. We
19 were not prepared to defend against specific instances of
20 more lenient treatment. That wasn't in the bill of
21 particulars. The government is going beyond its bill of
22 particulars. It's out of line. You should strike that.
23 Is that the risk that the government has?
24      MR. WELCH: And that is precisely why I am up
25 here appealing Judge Neiman's order because they are

Page 17

1  asking for more and more specifics on each stage of the
2  proceeding.
3       If I were Mr. Rehnquist, I would be doing the same
4  thing. I'd be continuing to nip at my heels to get more
5  specificity so that when we go to trial he can point to a
6  bill of particulars and say this should be excluded
7  because this particular item was not specifically
8  mentioned in the government's bill of particulars. So
9  the Court is correct about that.
10      The other point that I want to make is I believe --
11 or first, I argue that both Judge Neiman and I believe
12 the defense team are operating under an incorrect notion
13 about what I have to prove under 201, the bribery
14 statute.
15      There is this underlying theme, if not overt theme,
16 in the motions and pleadings of Mr. Davis that for each
17 act, whether it's a contract, whether it's a sub-contract
18 steered by a general contractor, whether it was a
19 specific action of leniency done by the Springfield
20 Housing Authority, there must be some payment linked to
21 that act and that is incorrect.
22      Indeed that is why in Judge Neiman's order you see
23 him talking about the '96 and '97 payments in relation to
24 some earlier official acts that I cited as evidence that
25 was readily identifiable under Rule 16 materials.

Page 18

1    Again, I give credit to Mr. Rehnquist because I have
2    to, in essence, flush out my theory of the case but the
3    theory of the case is that these payments were for a
4    course of conduct.
5       A payment may not be linked to a particular act but
6    rather it's linked to a course of conduct which is the
7    ability to get into the pay-to-play system and then to
8    receive the preferential treatment that goes along with
9    it.
10      So when he gets up here and tells you or asks you
11   that I have to come up with an itemized list of what was
12   done for a payment, that is not the government's theory
13   of the case, and I submit to the Court it will be
14   impossible for me to do that linkage.
15      I can make the inferential arguments I will make to
16   the jury about how the linkage and the nexus are there,
17   but I cannot on paper do what Mr. Rehnquist wants and
18   survive the subsequent attack on my bill of particulars
19   when the evidence comes into the courtroom.
20      THE COURT: Right. Well, I understand that
21   there is a concern that both sides have about that
22   particular issue but I don't think that that's really
23   part of the limited dispute that's before me here.
24      I can imagine and I'm sure Mr. Rehnquist can imagine
25   all kinds of situations, not speaking about this case now

Page 19

1    but speaking hypothetically, where there might be some
2    kind of bribery relationship where there would be an
3    immediate and specific quid pro quo in the form of a
4    kickback or a payment that's made in order to get a
5    particular contract.
6       I can also imagine situations which I assume are
7    illegal -- Mr. Rehnquist may disagree. We may have to
8    get to that eventually -- where there is just this sort
9    of cozy relationship and a lot of things going back and
10   forth over a period of time maybe not linked up to
11   specific actions. We're not at that point right now. At
12   least I don't think we are.
13      I'm focusing in pretty specifically on exactly what
14   the government would be obliged to do and what the
15   defendant would be entitled to if I affirm Judge Neiman's
16   discovery order and I think I'm focusing my attention on
17   the relevant pivot points.
18      The first pivot point is the government's disclosure
19   of these six or seven ways in which SHA took certain
20   actions, the Springfield Housing Authority took certain
21   actions that were beneficial to P.J. Richfield and that
22   summary was not satisfactory to the defendant and
23   ultimately it was not satisfactory to Magistrate Judge
24   Neiman and so Magistrate Judge Neiman's rather short
25   February 6, 2006 order simply says "For many reasons

Page 20

1    previously described by the court, a further bill of
2    particulars is required with respect to actions taken by
3    the SHA as a result of the defendants having given,
4    offered or provided something of value." And then he has
5    the sentence "that can be accomplished in the summary
6    fashion suggested by defendant on page 6 of his reply
7    memorandum."
8       So then I go back to page 6 of the defendant's reply
9    memorandum and I look at the quoted material that I gave
10   before and I apply that quote to these seven items and I
11   say, all right. If I affirm the order, this is what the
12   government is going to have to do and whether that plugs
13   into a theory of specific quid pro quo or a general
14   atmosphere of illegality and people's scratching each
15   other's backs, I don't think really matters. The
16   question is what specifically am I ordering the
17   government to do if I affirm Magistrate Judge Neiman's
18   ruling?
19      MR. REHNQUIST: May I just respond, Your Honor,
20   to two or three things? I'm not asking for the kind of
21   linkage that Mr. Welch has raised as an issue in the case
22   and probably an issue you're going to hear about with
23   some motions in limine or whatever down the road. The
24   indictment charges predicate acts of payments by Mr.
25   Davis. That's all there.

Page 21

1       THE COURT: Right.
2       MR. REHNQUIST: What I'm asking for is what are
3    the things that he got because the indictment also
4    charges that it was sort of an objective of the RICO
5    conspiracy to reward the people that gave stuff to
6    representatives of the Springfield Housing Authority.
7       All I'm asking for in my motion, in my motion for
8    the bill of particulars, is what is the government
9    alleging he was given? I'm not asking the government to
10   match up the benefits he received to anything. All I'm
11   asking is what were they?
12      We can fight later about the significance of linkage
13   or not linkage and may be it's a question of fact for the
14   jury. I mean, who knows? But what I would like to know
15   now is what is he alleging -- what is the grand jury
16   alleging were the benefits that my client received? So
17   that's one thing. I'm not asking for linkage.
18      THE COURT: Right. I'm going to insert
19   something before you get on to your next point to clarify
20   that because I do think that we are getting to a point
21   now where the disagreement is at least in my mind
22   reasonably concrete and to take a concrete example, one
23   of the things that the government says your client got
24   was SHA supplies.
25      The government has said, okay, if you want to know

Page 22

1  what you got as a result of the things you gave
2  Springfield Housing Authority, you got Springfield
3  Housing Authority supplies.
4      The disagreement between the two of you is you say,
5  okay. Good, which Springfield Housing Authority
6  supplies? I want to know what supplies they got and Mr.
7  Welch says no, you're not entitled to that. We have told
8  you that they got Springfield Housing Authority supplies.
9  It's not a proper function of a bill of particulars to
10 require the government to say that you got ten cartons
11 of copy paper on September 8, 1994.
12     MR. REHNQUIST: Your Honor, we can knock that
13 one out if it makes it simpler. That's one of the more
14 minor categories to be honest with you. I mean, yeah, I
15 mean, you know, a laundry list of, you know, cups or
16 shovels or whatever the heck it was, that's not as
17 important as steering contracts. That's something that's
18 a lot more manageable to do. I mean, that's right at the
19 core of this lawsuit.
20     THE COURT: Now let me again just insert
21 another comment on that. Mr. Welch says you've got that.
22 His position is if you want him to give you a response to
23 the bill of particulars, every single one of those
24 twenty-one bids that your client got -- and I understand
25 some of the bids include bids that were not successful --

Page 23

1  but every single successful bid of the twenty-one bids
2  that your client got were steered by SHA to your client
3  as a result of this relationship. There you've got it.
4  Just go back through and pick out the ones that P.J.
5  Richfield ended up getting and there they are. You have
6  got them. That's I think what Mr. Welch has just
7  represented.
8       MR. WELCH: And let me jump on that bandwagon
9  because he's got these contracts. So when he looks at
10 the G & R Associate's contract and there's a sub-contract
11 that's P.J. Richfield, you've got another one.
12     I mean, I don't dispute and I'm not trying to hide
13 this stuff, but you have hit the nail on the head which
14 is here's your category. Go to it. But why do I have to
15 then begin to do the work for you?
16     THE COURT: Right. So that's what they say.
17     MR. REHNQUIST: Well, okay, but I mean the
18 general reliance on a pay-to-play system, he said in the
19 particulars he said contracts were steered. Okay. You
20 know, that's a little bit different than just being in a
21 pay-to-play system that contracts were steered. You know
22 if he wants to tell me every single contract that my
23 client got was steered to him and that's as specific as
24 he can get, then he can tell me that.
25     THE COURT: Okay.

Page 24

1      MR. REHNQUIST: But he hasn't said that. He's
2  relied on generalities.
3      THE COURT: Okay.
4      MR. REHNQUIST: Your Honor, one other thing
5  that I want you to understand is that he has provided
6  grand jury testimony.
7      THE COURT: Right.
8      MR. REHNQUIST: And the grand jury testimony of
9  the two or three cooperators doesn't say much at all
10 about Peter Davis. Okay.
11     Mr. Davis -- the predicate acts charged against Mr.
12 Davis were in '96 and '97 and he left the area and moved
13 to the Boston area in '98. So the time in which he sort
14 of fits into this long pay-or-play system is something
15 I'm legitimately struggling with both based on when he
16 left and also the time during which the predicate acts
17 are alleged.
18     THE COURT: I interrupted you to just clarify
19 your first point which was you were saying you're not
20 looking for the evidence. You just want to know what SHA
21 did in return for the payments, alleged payments made by
22 your client.
23     The government has taken the position that these six
24 or seven categories do specify what your client got and
25 you're asking the government to go a step or at least

Page 25

1  half a step further.
2      I used the example of supplies because I thought
3  that would be a nice crisp example to use. You've got
4  the contracts. Mr. Welch says essentially, you know you
5  got the contracts. You got the written contracts. All
6  of them were steered and all of them were part of this
7  atmosphere of, according to the government and obviously
8  they'll have the burden to prove this eventually at
9  trial, but the government says we will be attempting to
10 prove that all of the contracts, those twenty-one
11 contracts that were eventually awarded to P.J. Richfield
12 were a product of the contaminated atmosphere.
13     MR. REHNQUIST: If that's the response, I'd
14 like to see it in a bill of particulars.
15     THE COURT: Okay. Then we know where the
16 disagreement is.
17     MR. REHNQUIST: You know, directing general
18 contractors to use P.J. Richfield, that's a little bit
19 different. That doesn't just follow from being in a
20 pay-to-play system. That sounds, you know, more to me
21 like a direction given by the Springfield Housing
22 Authorty officials to specific general contractors. I'd
23 like to know who they were.
24     Your Honor, I don't think, you know, I'm not trying
25 to set up a trap for the unwary here. If it was a

Page 26

1  general directive, in other words, if he responds in his
2  bill of particulars and says SHA generally told general
3  contractor, you know, ACME Corp to use P.J. Richfield,
4  then I certainly can't stand up at trial and complain if
5  it turns out that ACME Corp, you know, followed that
6  direction and picked P.J. Richfield. I don't think it's
7  grounds to complain about that.
8      THE COURT: Okay.
9      MR. REHNQUIST: But I just am looking for
10 information to get ready to try this thing.
11     THE COURT: Okay. I'm not sure that I need
12 anything more. This is helpful for me to get an idea of
13 precisely what the problem is and I've really got three
14 choices. I can either affirm, reverse, or refine what
15 Magistrate Judge Neiman did and I'm going to have to give
16 some thought to that.
17     I don't know that I have anything else. I
18 understand what the standard is. I understand there is
19 this disagreement which I think is understandable and
20 indeed almost inevitable about how easy or how hard it is
21 to ferret this information out of the discovery that the
22 defendant has been given.
23     The government says it's relatively easy. The
24 defendant says it's darn near impossible if not outright
25 impossible. I don't think I need to, as I say, sort

Page 27

1  through that dumpster at the moment. I don't think I can
2  sort that out. I sympathize with both of you on that
3  particular issue but I think I've probably got enough.
4      I'm not going to rule from the bench. I want to
5  give it some thought and I'll get you a ruling just as
6  soon as I can. We are in April now. The trial is not
7  starting until September.
8      I guess one other point that's worth just touching
9  for a moment. The government's position is if you are
10 entitled to this information, you're going to get it in
11 terms of the exhibit list that the government is going to
12 be required to provide you in July.
13     The defense's position is that an exhibit list is
14 really just perhaps a somewhat smaller pool of stuff than
15 what we already have. It doesn't give the specifics with
16 regard to these particular benefits afforded to P.J.
17 Richfield by SHA and that's what you're really looking
18 for.
19     MR. REHNQUIST: Well, if the government wants
20 to give Jencks on July 28th, then by July 28th I probably
21 would have everything but I haven't heard you order that
22 or Mr. Welch volunteer it, and some of the particulars
23 I'm looking for there may not be a document for every one
24 of them. It may be testimonial.
25     So, you know, if he's got a witness who's saying Ray

Page 28

1  Asselin told me to throw work to P.J. Richfield, you
2  know, I think that's the type of thing I'd like to hear
3  or I'd like to learn about in a particular, at least, you
4  know, not the substance of who said it but that
5  Springfield Housing Authority directed ACME Corp to use
6  P.J. Richfield. I'd like to know that now and not have
7  to wait until, you know, I get Jencks.
8      THE COURT: Right. For better or worse I think
9  I'm correct on this, although there may be judges who
10 disagree with me. I don't believe that the law permits
11 me to order early disclosure of Jencks material. I think
12 the statute is pretty clear. I think the cases on that
13 are pretty clear, at least the last time I looked at
14 them.
15     The government as a matter of practicality
16 voluntarily provides Jencks material somewhat earlier
17 than the conclusion of the witness's direct testimony
18 which is what the specifics of the law require, but I
19 don't believe that the court has the power to order the
20 government to provide early Jencks material. That
21 doesn't mean they can't do it if they want to. I think
22 at least from what I'm hearing today the government has
23 to some extent provided Jencks material.
24     MR. REHNQUIST: It has.
25     THE COURT: Just not as much as defense would

Page 29

1  like to have which I understand as well.
2      MR. REHNQUIST: Your Honor, may I just add one
3  thing?
4      THE COURT: Yes.
5      MR. REHNQUIST: Judge Neiman concluded that,
6  you know, as to this, this squabble we've had about the
7  diligence of the defense efforts is not -- I mean, Judge
8  Neiman who had lived with this thing through three or
9  four motions and drafted the orders, you know, concluded
10 that the information that Mr. Welch said we should have
11 you know focused on, you know, what was not readily
12 identifiable.
13     I don't know if you're saying that, you know, you
14 will get to that only if you have to or that you're not
15 even going to sort of enter that thicket.
16     THE COURT: I think the first is correct. I'll
17 get to that only if I have to. It's one of those things
18 that's fairly difficult to sort out in any really
19 objectively fair way because I'm dealing with two parties
20 who are looking at the mass of material from an entirely
21 different perspective and who may have consciously or
22 unconscious motivations to take certain positions with
23 regard to that.
24     I don't mean to suggest that either of you has any
25 kind of conscious bad faith, but it's very easy for Mr.

Page 30

1   Welch to step into the filing room and say for heaven
2   sakes, it's clear as day and very simple. And it's very
3   easy for you or people working with you to step in the
4   room and say, oh, boy, god is never going to be able to
5   do this.
6       I'm aware of that. It happens all the time in
7   product liability cases. Ford says to the plaintiff,
8   fine. You can have all the documents related to the
9   Pinto. They're in warehouses 16, 17, and 23. Have a
10  ball and the plaintiff's counsel die underneath it.
11  There's an on the one hand and on the other hand with
12  that.
13      I think the more interesting issue is what exactly
14  are you entitled to and to the extent that you are
15  entitled to it, I like to direct the government to
16  provide it specifically.
17      Right now the problem I have is that I think the
18  order to the government is a little too malleable and if
19  I'm going to order the government to produce something to
20  you, I really want to tell the government specifically
21  what they have to produce, specifically what their
22  obligation is in terms of a bill of particulars in a
23  rather concrete way so that the government knows exactly
24  what it has to do, and that's the issue that I'm going to
25  be focusing on.

Page 31

1       All right. If there's nothing further, the court
2   will be in recess and we'll get you a ruling on this just
3   as soon as I possibly can.
4       MR. REHNQUIST: Thank you, Your Honor.
5
6
7       (Court recessed at 4:23.)
8
9
10  UNITED STATES OF AMERICA
    DISTRICT OF MASSACHUSETTS
11  CITY OF SPRINGFIELD
12
13
14      I, Alice Moran, do hereby certify that the
15  foregoing is a true and accurate transcription of my
16  stenographic notes to the best of my knowledge and
17  ability.
18      Certified on July 25, 2006. My commission
19  expires on April 13, 2012.
20
21
22
                    _____
                    Alice Moran, CSR, RPR, RMR
23                  Official Federal Court Reporter
24
25

**A**
ability 18:7 31:17
able 2:4 5:25 15:22 30:4
accomplished 20:5
accurate 31:15
ACME 26:3,5 28:5
act 17:17,21 18:5
action 7:13 17:19
actions 3:3,7,12 4:4 19:11,20,21 20:2
acts 17:24 20:24 24:11,16
ADA 4:13
add 29:2
adopt 5:5
advocacy 5:24
affirm 19:15 20:11 20:17 26:14
affirming 9:2
afforded 27:16
ago 14:16
Alice 1:22 31:14,22
allegations 12:8
allege 10:24
alleged 4:17 24:17 24:21
allegedly 2:19 3:3 11:18
alleging 21:9,15,16
allowance 8:2
allowed 2:25 4:20
AMERICA 1:5 31:10
amoran@prodig... 1:25
amount 2:22
amounts 3:9
anticipates 10:8
appeal 2:9 6:20 7:2 7:25 15:11
appealing 16:25
appeals 5:3
APPEARANCES 1:16
apply 20:10
April 1:7 27:6 31:19
area 24:12,13

argue 17:11
argument 5:21 6:12
arguments 7:22 15:11 18:15
aside 5:7 13:12
asked 3:24
asking 12:9,9 15:21 17:1 20:20 21:2,7 21:9,11,17 24:25
asks 18:10
Asselin 28:1
Assistant 1:17
Associate's 23:10
assume 10:22 19:6
assuming 13:19 14:1
atmosphere 20:14 25:7,12
attack 18:18
attempting 25:9
attention 19:16
Attorney 1:18
Authority 3:4,13 3:23 6:16 7:5,12 10:9 17:20 19:20 21:6 22:2,3,5,8 28:5
Authorty 25:22
available 2:23
awarded 2:17,19 15:2 25:11
awarding 2:18
aware 5:15 30:6

**B**
B 14:21
back 2:15 6:13 14:12 16:2 19:9 20:8 23:4
background 2:14
backs 20:15
bad 29:25
ball 7:24 30:10
bandwagon 23:8
based 24:15
believe 12:24 17:10 17:11 28:10,19
bench 27:4

beneficial 4:4 7:13 19:21
benefits 3:24 15:14 21:10,16 27:16
benefitted 6:16
best 31:16
better 28:8
beyond 16:21
bid 3:3 14:20,21 23:1
bids 2:20 3:9 12:21 12:24 13:1 14:19 15:15 22:24,25 23:1
bill 2:24,25 3:11 4:8,11,16,21 6:8 8:3 12:24 14:13 15:12,20 16:6,9 16:12,14,20,21 17:6,8 18:18 20:1 21:8 22:9,23 25:14 26:2 30:22
bills 16:11
bit 7:19,22 15:2 23:20 25:18
Boston 1:20 24:13
boxes 12:13
boy 30:4
bribery 17:13 19:2
burden 25:8
business 10:23

**C**
C 1:20 14:21
cartons 22:10
case 18:2,3,13,25 20:21
cases 28:12 30:7
categories 2:16 3:6 3:23 12:11 15:14 22:14 24:24
category 9:21 10:22 23:14
caused 11:22
causing 11:20
certain 2:11 19:19 19:20 29:22
certainly 5:22,23 9:18 11:10 26:4

certificate 4:12
certification 11:17
Certified 31:18
certify 31:14
certifying 3:19 11:16
cetera 7:6 8:10,10
charged 13:14 24:11
charges 2:11 12:7 20:24 21:4
choices 26:14
cited 17:24
CITY 31:11
claims 15:3
clarify 16:7 21:19 24:18
clear 5:13 28:12,13 30:2
clearly 5:9
client 15:16 21:16 21:23 22:24 23:2 23:2,23 24:22,24
come 18:11
comes 18:19
commenced 2:1
comment 14:3 22:21
commission 31:18
communicated 10:3
company 3:10
complain 26:4,7
completed 3:20 4:14 11:17
completion 3:19 4:13 11:16
compliance 9:3 11:22
comply 6:7 9:2
concern 18:21
concerned 6:9
concerns 5:8 7:9
concluded 29:5,9
conclusion 28:17
concrete 21:22,22 30:23
conduct 18:4,6
confines 16:13

confirm 12:18
conscious 29:25
consciously 29:21
conspiracy 21:5
constituted 5:13
contaminated 25:12
contend 9:11
contended 4:18
contending 9:19
continue 10:23 15:10
continued 3:16 8:8 10:18
continuing 17:4
contorted 2:14
contract 2:18 6:22 6:23 10:12,14 11:24 14:25 17:17 19:5 23:10,22
contractor 8:7 10:10,19 17:18 26:3
contractors 3:15 6:25 7:5 9:23,25 10:6 14:22 25:18 25:22
contracts 2:16 3:2 3:6,14 6:18 8:6,16 8:18 9:7,11,20 10:24 11:5,17 12:16 13:2,11 14:14 15:5,15 22:17 23:9,19,21 25:4,5,5,10,11
contrary 5:9
cooperators 14:17 24:9
copy 22:11
core 22:19
Corp 26:3,5 28:5
correct 10:20 13:20 13:23 17:9 28:9 29:16
cough 7:11
counsel 2:22 30:10
couple 5:1
course 18:4,6
court 1:1,13,23 2:1

| | | | | |
|---|---|---|---|---|
| 2:4,8 5:12 7:24 8:19,22 9:8,13 10:16,20 11:1,6 11:19 12:17 13:3 13:9,16 15:4,12 16:7 17:9 18:13 18:20 20:1 21:1 21:18 22:20 23:16 23:25 24:3,7,18 25:15 26:8,11 28:8,19,25 29:4 29:16 31:1,7,23 courtroom 18:19 cozy 19:9 CR 1:5 credit 18:1 crisp 25:3 CSR 1:22 31:22 cups 22:15 cycle 14:21 **D** dark 7:19 darn 26:24 date 6:22 7:3 8:11 dates 2:19 3:8 Davis 1:7 2:12,17 6:17 14:8,20 17:16 20:25 24:10 24:11,12 Davis's 3:10 day 13:8 30:2 dealing 29:19 declined 2:21 defend 16:19 defendant 1:20 2:12,24 3:10,21 3:22 4:5,9,17,18 4:24 5:18,20 16:15,17 19:15,22 20:6 26:22,24 defendants 3:5 20:3 defendant's 4:7 6:1 20:8 defense 2:23 4:1 7:16,18 17:12 28:25 29:7 defense's 27:13 | denied 3:25 described 14:10 20:1 describes 14:17 descriptive 3:23 descriptives 3:22 desire 4:7 despite 3:16 8:9 10:19 detail 9:17 die 30:10 different 23:20 25:19 29:21 difficult 6:2 29:18 diligence 29:7 diligent 5:17 dim 16:11 direct 28:17 30:15 directed 4:21 7:5 8:7 9:25 28:5 directing 3:14,17 6:25 9:23 11:3 25:17 direction 7:4 10:4,7 11:25 12:1,4 25:21 26:6 directions 12:16 directive 10:3 15:25 16:1 26:1 disagree 19:7 28:10 disagreement 21:21 22:4 25:16 26:19 disagreements 5:17 disclosed 9:6 disclosing 3:8 disclosure 9:18 13:1 19:18 28:11 discovery 2:22 4:2 7:14 12:15 15:13 16:10 19:16 26:21 dispute 18:23 23:12 district 1:1,1,13,18 5:12 31:10 disturbs 14:11 Docket 1:5 document 27:23 documentation 4:6 documents 5:18,19 | 5:20 6:1,2 12:10 12:13 16:2 30:8 doing 17:3 drafted 29:9 dumpster 27:1 **E** earlier 17:24 28:16 early 28:11,20 easy 4:18 5:18 6:1 11:25 12:4 26:20 26:23 29:25 30:3 effect 7:8 8:25 16:9 efforts 29:7 either 26:14 29:24 emphasizing 12:22 employee 12:1 employees 3:17 11:3,5 ended 23:5 enforced 9:1 enforcement 11:21 13:20 16:15 enforcing 7:8 entail 9:4 16:1 enter 29:15 entire 13:7 entirely 29:20 entitled 4:17 8:17 9:15,22 10:15 19:15 22:7 27:10 30:14,15 erroneous 5:9 error 5:13 essence 15:5 18:2 essentially 8:4 25:4 et 7:6 8:10,10 eventually 19:8 25:8,11 evidence 8:14 10:8 12:9 15:18 17:24 18:19 24:20 evidentiary 5:4 exactly 6:6,10,23 7:15,20 8:1 15:20 19:13 30:13,23 example 4:9,15,15 4:23 6:13,18 11:12,13 16:14 | 21:22 25:2,3 examples 12:3 Exchange 1:20 excluded 17:6 exhibit 27:11,13 expect 8:12,14,23 expecting 8:1,4 expires 31:19 extent 13:10 28:23 30:14 **F** fact 10:23 13:25 21:13 fair 13:22 29:19 fairly 2:22 29:18 faith 5:22,23 29:25 far 14:1 fashion 20:6 Fax 1:24 February 4:20 19:25 Federal 1:23 31:23 Feel 2:5 felt 3:22 4:6 5:11 ferret 26:21 fight 21:12 figure 15:1 filed 2:15,24 4:8 12:11,25 filing 30:1 finally 11:20 fine 30:8 finish 3:17 11:3 first 3:11 6:17 13:19 14:3 17:11 19:18 24:19 29:16 fits 24:14 five 2:15 6:14 7:6 flush 18:2 focus 5:2,7 12:16 focused 29:11 focusing 12:20 19:13,16 30:25 follow 25:19 followed 26:5 Ford 30:7 foregoing 31:15 form 19:3 | forth 19:10 four 29:9 frankly 14:6 free 2:5 function 22:9 furiously 8:22 further 3:24 13:25 20:1 25:1 31:1 **G** G 23:10 general 3:14,21,22 6:25 8:7 9:23,25 10:6,10,23 11:10 11:13,24 12:1 13:5,5 15:21,25 17:18 20:13 23:18 25:17,22 26:1,2 generalities 24:2 generally 10:11 16:15 26:2 generate 12:10 getting 2:6 21:20 23:5 give 10:10 18:1 22:22 26:15 27:5 27:15,20 given 3:5 4:23 10:4 10:5,6 11:14,18 11:25 20:3 21:9 25:21 26:22 go 6:13 12:14 13:25 14:1 16:2 17:5 20:8 23:4,14 24:25 god 30:4 goes 18:8 going 5:6 6:20 7:23 12:20,22 14:20 16:8,21 19:9 20:12,22 21:18 26:15 27:4,10,11 29:15 30:4,19,24 good 5:22,23 13:16 22:5 Goodwin 1:20 government 1:17 2:9,10,20,23 3:1,8 4:2,11,19,22 5:19 |

6:6,15,20 7:2,10
7:21 8:1,15 9:2,6
9:11,19 10:24
11:11 12:8,10,20
12:22 13:5 16:13
16:21,23 19:14
20:12,17 21:8,9
21:23,25 22:10
24:23,25 25:7,9
26:23 27:11,19
28:15,20,22 30:15
30:18,19,20,23
**government's** 5:25
6:13,20 7:2,25
12:25 14:2 15:4
17:8 18:12 19:18
27:9
**grand** 14:16 16:3
21:15 24:6,8
**granted** 16:12
**granting** 16:9
**grounds** 26:7
**guess** 6:19 8:11,22
8:23 11:4,15,22
13:19 14:3 15:2
27:8
**guessing** 10:3

**H**
**half** 25:1
**hand** 5:23 30:11,11
**happens** 30:6
**hard** 5:19 26:20
**head** 13:23 14:5
23:13
**hear** 13:17 20:22
28:2
**heard** 27:21
**hearing** 1:11 5:6
28:22
**heaven** 30:1
**heck** 22:16
**heels** 17:4
**HELD** 1:11
**help** 7:25
**helpful** 26:12
**hide** 23:12
**hit** 23:13
**Hoar** 1:20

**honest** 22:14
**Honor** 8:13 9:15
10:18 12:6,23
20:19 22:12 24:4
25:24 29:2 31:4
**HONORABLE**
1:12
**hoping** 12:6
**Housing** 3:4,13,23
6:16 7:4,12 10:9
17:20 19:20 21:6
22:2,3,5,8 25:21
28:5
**hyperbole** 13:11
**hypothetically** 19:1

**I**
**idea** 26:12
**identifiable** 17:25
29:12
**identify** 6:22 7:3
**II** 1:17
**illegal** 19:7
**illegality** 20:14
**imagine** 18:24,24
19:6
**immediate** 19:3
**important** 22:17
**impossible** 18:14
26:24,25
**improperly** 2:19
**include** 22:25
**incorrect** 17:12,21
**incredibly** 14:10
**indicated** 3:13
**indicating** 15:23
**indictment** 20:24
21:3
**individuals** 2:17
8:11
**inevitable** 26:20
**infected** 13:12
**inferential** 18:15
**information** 2:15
2:16,21 4:3,7,22
9:16 12:7 26:10
26:21 27:10 29:10
**inherently** 15:10
**insert** 21:18 22:20

**inspection** 12:5
**inspections** 11:21
**instance** 6:21 7:11
8:5,6,8,10 16:16
**instances** 16:19
**intends** 12:8
**interest** 5:25 6:2
**interested** 6:5
**interesting** 30:13
**interpretation**
13:24
**interpreting** 7:16
**interrogatories**
15:25
**interrogatory** 16:5
**interrupted** 24:18
**involved** 2:18
**isolated** 11:12
**issue** 5:9 6:5 18:22
20:21,22 27:3
30:13,24
**issued** 4:12
**item** 9:23 17:7
**itemized** 14:9 15:15
18:11
**items** 20:10

**J**
**James** 1:20
**Jencks** 16:4 27:20
28:7,11,16,20,23
**judge** 1:13 2:10,25
4:20 5:11,12 6:7
7:20 8:2,25 9:3
13:6 14:7 15:11
16:25 17:11,22
19:15,23,24 20:17
26:15 29:5,7
**judges** 28:9
**judge's** 5:4 7:9,17
9:2 13:21
**July** 27:12,20,20
31:18
**jump** 23:8
**jumping** 16:18
**June** 2:15 12:12
**jury** 14:16 16:3
18:16 21:14,15
24:6,8

**K**
**key** 4:10
**kickback** 19:4
**kind** 7:12 19:2
20:20 29:25
**kinds** 7:11 18:25
**knock** 22:12
**know** 5:10,13 7:24
8:13,14,18 9:10
9:14,16,17,18,18
9:19,20,24 10:2,2
10:3,4,5,6,7,8,23
11:5,9,10,13,13
11:22 12:2,3,5,11
12:14,15,17,19,23
13:4,7,10,15
14:20,24 15:17
21:14,25 22:6,15
22:15 23:20,21
24:20 25:4,15,17
25:20,23,24 26:3
26:5,17 27:25
28:2,4,6,7 29:6,9
29:11,11,13,13
**knowledge** 31:16
**knows** 21:14 30:23

**L**
**language** 4:25
**laundry** 22:15
**law** 5:10 28:10,18
**lawsuit** 22:19
**lay** 6:14
**learn** 28:3
**led** 12:25
**left** 24:12,16
**legitimately** 24:15
**leniency** 17:19
**lenient** 11:21 16:15
16:17,20
**Let's** 14:14
**liability** 30:7
**limine** 20:23
**limited** 18:23
**line** 16:22
**lines** 4:23
**linkage** 18:14,16
20:21 21:12,13,17
**linked** 17:20 18:5,6

19:10
**list** 9:6 12:10 14:9
18:11 22:15 27:11
27:13
**listing** 8:5
**little** 2:6 7:19,22
15:2 23:20 25:18
30:18
**lived** 29:8
**long** 24:14
**look** 4:1,5 6:10 15:1
20:9
**looked** 28:13
**looking** 5:18 7:18
24:20 26:9 27:17
27:23 29:20
**looks** 23:9
**lose** 14:20
**lost** 15:9
**lot** 12:13 19:9
22:18

**M**
**MA** 1:6,18,20,24
**magistrate** 2:10,25
5:4,11 6:7 7:8,16
7:20 8:2,25 13:21
14:7 19:23,24
20:17 26:15
**main** 1:18,23 6:11
14:16
**making** 2:23 7:3
**malleable** 30:18
**manageable** 22:18
**manner** 2:18 4:22
15:22
**mass** 29:20
**MASSACHUSE...**
1:1 31:10
**match** 21:10
**material** 16:4 20:9
28:11,16,20,23
29:20
**materials** 17:25
**matter** 28:15
**matters** 20:15
**mean** 8:15 9:5
10:13 13:4 14:19
21:14 22:14,15,18

23:12,17 28:21
29:7,24
meaning 15:13,13
means 2:18 15:8
memorandum 4:24
  20:7,9
memorized 5:10
mentioned 17:8
method 3:11
MICHAEL 1:12
mildly 2:13
mind 21:21
minimum 8:16,20
  9:18,22,25 10:6
  11:11 14:25 15:22
minor 22:14
minute 12:19
misled 16:18
moment 5:17 13:13
  27:1,9
months 12:12 14:4
Moran 1:22 31:14
  31:22
motion 2:14,24,25
  3:25 4:8,16,21 8:3
  12:12 21:7,7
motions 17:16
  20:23 29:9
motivations 29:22
moved 24:12

―――――― N ――――――
nail 23:13
name 7:3 8:11
near 26:24
necessarily 9:16
necessity 5:6
need 2:5 7:23 14:11
  26:11,25
Neiman 2:10 4:20
  7:20 13:6 14:8
  15:11 17:11 19:24
  26:15 29:5,8
Neiman's 6:7 8:2
  9:1,3 16:25 17:22
  19:15,24 20:17
never 5:3 30:4
nexus 18:16
nice 25:3

nip 17:4
notes 31:16
notice 15:17
notion 17:12
number 6:22

―――――― O ――――――
objection 14:2
objective 21:4
objectively 29:19
obligation 30:22
obliged 19:14
obtain 4:2
obviously 5:15 25:7
offered 3:5 20:4
official 1:23 17:24
  31:23
officials 25:22
oh 30:4
okay 8:19 10:16
  11:6 13:16 21:25
  22:5 23:17,19,25
  24:3,10 25:15
  26:8,11
onerous 14:10
ones 12:21 16:12
  23:4
one-time 12:1
operating 17:12
opposed 11:12
oral 6:12
order 2:9 6:6,7,9
  6:10 7:9,17 9:1,2
  9:4 13:21,24,25
  14:1,7 16:25
  17:22 19:4,16,25
  20:11 27:21 28:11
  28:19 30:18,19
ordered 4:1
ordering 7:20
  20:16
orders 29:9
other's 20:15
ought 7:15 14:25
  15:22
outright 26:24
overdoing 7:10
overt 17:15

―――――― P ――――――

page 20:6,8
paper 18:17 22:11
papers 6:11
paperwork 4:10
part 3:11 4:10 7:13
  14:23 15:6,9
  18:23 25:6
particular 2:12 4:9
  10:12,13 12:5
  16:14 17:7 18:5
  18:22 19:5 27:3
  27:16 28:3
particulars 2:24
  3:1,12,24 4:8,12
  4:16,21 6:8 8:3
  12:25 13:21 14:13
  15:12,20 16:6,9
  16:11,12,21,22
  17:6,8 18:18 20:2
  21:8 22:9,23
  23:19 25:14 26:2
  27:22 30:22
parties 29:19
payment 17:20
  18:5,12 19:4
payments 17:23
  18:3 20:24 24:21
  24:21
pay-or-play 24:14
pay-to-play 13:8
  14:17 15:7 18:7
  23:18,21 25:20
people 5:3 21:5
  30:3
people's 20:14
period 15:6 19:10
permission 11:9,10
  11:14
permits 28:10
permitted 8:8
permitting 3:16,18
  10:18,22 11:7
person 7:3
perspective 29:21
pertinent 8:11
Peter 1:7 2:17
  24:10
pick 23:4
picked 26:6

Pinto 30:9
pivot 19:17,18
Place 1:20
plaintiff 30:7
plaintiff's 30:10
pleadings 17:16
plugs 20:12
point 8:5,5 9:4
  12:18,19 15:17
  17:5,10 19:11,18
  21:19,20 24:19
  27:8
points 19:17
PONSOR 1:12
pool 27:14
position 5:24 14:8
  15:4 16:18 22:22
  24:23 27:9,13
positions 29:22
possibly 31:3
power 28:19
practicality 28:15
precisely 16:24
  26:13
predicate 20:24
  24:11,16
preferential 18:8
prejudice 3:25
preliminarily 5:8
preliminary 8:12
prepared 16:19
presumably 7:3
  8:10
pretty 13:22 19:13
  28:12,13
previously 20:1
pre-trial 7:14
pro 19:3 20:13
probably 7:23 8:23
  20:22 27:3,20
problem 26:13
  30:17
proceeding 17:2
Procter 1:20
produce 2:11 30:19
  30:21
product 25:12 30:7
productive 12:14
project 4:13

proper 22:9
prove 12:8 17:13
  25:8,10
provide 2:21 4:19
  4:22 27:12 28:20
  30:16
provided 3:5 4:2,3
  20:4 24:5 28:23
provides 28:16
providing 15:18
put 5:1,7,14,16 6:4
  8:24 16:8
putting 13:12
P.J 2:17 3:9,14,15
  3:16,18,19 6:17
  6:18,22,23 7:1,5
  7:13 8:6,7,9,16,18
  9:9,12,21,24 10:1
  10:10,18,22,24
  11:3,8,25 12:4
  13:2 15:5 19:21
  23:4,11 25:11,18
  26:3,6 27:16 28:1
  28:6

―――――― Q ――――――
question 6:19 12:18
  16:8 20:16 21:13
questions 13:17
quid 19:3 20:13
quite 11:23 12:15
  14:5
quo 19:3 20:13
quote 20:10
quoted 4:25 20:9

―――――― R ――――――
R 23:10
raised 20:21
rankled 15:2
Ray 27:25
readily 17:25 29:11
ready 26:10
really 5:2 6:3,5
  7:21 14:11 15:23
  18:22 20:15 26:13
  27:14,17 29:18
  30:20
reason 6:11
reasonable 9:3

| | | | | |
|---|---|---|---|---|
| reasonably 21:22 | 22:10 28:18 | satisfactory 19:22 19:23 | six 6:15 7:7 19:19 24:23 | stating 4:10 |
| reasons 19:25 | required 3:1,11 6:21 20:2 27:12 | satisfied 3:21 | sketch 2:13 | statute 17:14 28:12 |
| receive 18:8 | requiring 2:10 7:2 7:10 | satisfy 4:6 | slippery 15:18 | statutes 13:14 |
| received 9:10 15:6 15:16 16:15 21:10 21:16 | respect 10:11,13 20:2 | satisfying 3:11 | slope 15:18 | steered 6:21,23 8:5 8:18 9:11,20 14:25 17:18 23:2 23:19,21,23 25:6 |
| recess 31:2 | respond 15:24 16:5 20:19 | saying 8:23 24:19 27:25 29:13 | slow 2:6 | |
| recessed 31:7 | responded 3:8 | says 6:15 14:24 19:25 21:23 22:7 22:21 25:4,9 26:2 26:23,24 30:7 | smaller 27:14 | steering 3:13 6:18 8:16 9:21 14:14 22:17 |
| recollection 16:11 | responds 26:1 | | somewhat 7:18 27:14 28:16 | |
| refer 2:21 | response 4:16 6:14 16:14 22:22 25:13 | | soon 27:6 31:3 | stenographic 31:16 |
| refers 4:24 | | scope 6:9,10 | sort 4:16 6:3 9:15 14:11,12 19:8 21:4 24:13 26:25 27:2 29:15,18 | step 14:12 24:25 25:1 30:1,3 |
| refine 26:14 | result 3:4 8:2 20:3 22:1 23:3 | scratching 20:14 | | stops 15:17 |
| regard 3:12 4:3 6:7 27:16 29:23 | | scribbling 8:22 | | Street 1:18,23 |
| | return 24:21 | second 6:25 9:23 | | strike 16:22 |
| regarding 2:11 | reverse 26:14 | SECTION 1:2 | sought 4:9 | struggling 24:15 |
| Rehnquist 1:20 2:5 2:6 7:24 8:13,20 9:5,9,14 10:17,21 11:2,7,20 12:23 13:4,10,20 15:14 15:21 16:8 17:3 18:1,17,24 19:7 20:19 21:2 22:12 23:17 24:1,4,8 25:13,17 26:9 27:19 28:24 29:2 29:5 31:4 | reward 21:5 | see 8:20 13:3 16:4 17:22 25:14 | sounds 25:20 | stuff 21:5 23:13 27:14 |
| | Richfield 2:17 3:10 3:14,15,16,18,19 6:17,18,22,24 7:1 7:5,13 8:6,7,9,17 8:18 9:9,12,21,24 10:1,11,19,22,25 11:4,8,25 12:4 13:2 15:6 19:21 23:5,11 25:11,18 26:3,6 27:17 28:1 28:6 | sentence 20:5 | speaking 18:25 19:1 | submit 18:13 |
| | | September 6:14 22:11 27:7 | specific 3:2 7:7 10:7,9 11:9,24 12:4,20 16:1,16 16:19 17:19 19:3 19:11 20:13 23:23 25:22 | submitted 3:3,9 |
| | | sequence 10:17 11:15 | | subsequent 18:18 |
| | | series 11:2 | | substance 28:4 |
| | | serve 7:23 | | substandard 3:17 8:9 10:19,25 |
| | | set 15:24 25:25 | specifically 17:7 19:13 20:16 30:16 30:20,21 | substantial 2:22 |
| | | seven 19:19 20:10 24:24 | | sub-contract 17:17 23:10 |
| | | SHA 3:7,17,18 4:4 4:12 6:21,23 8:5,7 8:8 11:3,7,25 19:19 20:3 21:24 23:2 24:20 26:2 27:17 | specificity 17:5 | |
| Rehnquist's 14:5 | RICO 21:4 | | specifics 2:11 7:11 17:1 27:15 28:18 | sub-contractor 3:15 7:1,6 8:9 9:24 10:1 |
| reject 6:19 7:1 | rigged 14:23 | | specify 24:24 | |
| related 30:8 | right 9:13 11:1,19 13:9 18:20 19:11 20:11 21:1,18 22:18 23:16 24:7 28:8 30:17 31:1 | | Springfield 1:6,18 1:24 3:4,13,23 6:16 7:4,12 10:9 17:19 19:20 21:6 22:2,2,5,8 25:21 28:5 31:11 | sub-contracts 3:2,7 |
| relates 12:10 | | | | successful 22:25 23:1 |
| relation 17:23 | | short 19:24 | | suggest 29:24 |
| relationship 13:7 19:2,9 23:3 | | shovels 22:16 | | suggested 13:23 20:6 |
| relatively 26:23 | | show 6:15 | squabble 29:6 | suggesting 9:15 |
| relevant 19:17 | | side 5:2,14,16 6:4 | stage 17:1 | summarize 2:8 |
| reliance 16:2 23:18 | risk 16:23 | sides 5:21 18:21 | stand 2:4 26:4 | summary 8:4 19:22 20:5 |
| relied 24:2 | RMR 1:22 31:22 | significance 21:12 | standard 5:9,14 26:18 | |
| renewed 4:21 | road 14:21 20:23 | simple 30:2 | | supplies 3:18 11:8 11:11 21:24 22:3 22:6,6,8 25:2 |
| repeat 15:10 | room 1:23 30:1,4 | simpler 22:13 | | |
| repeats 14:21 | RPR 1:22 31:22 | simply 16:5 19:25 | start 13:16 16:18 | |
| reply 20:6,8 | rule 16:2 17:25 27:4 | single 10:4 22:23 23:1,22 | starting 27:7 | supply 14:9 15:24 |
| Reporter 1:23 31:23 | ruling 20:18 27:5 31:2 | sit 2:5 | stated 3:12 4:11 | supposed 14:9,13 |
| representatives 21:6 | rulings 5:4 | site 11:21 | statement 13:6 | sure 6:10 18:24 26:11 |
| represented 23:7 | ——— S ——— | situations 18:25 19:6 | statements 16:3 | |
| request 2:14 13:1 | sakes 30:2 | | STATES 1:1,5,13 31:10 | survive 18:18 |
| require 13:21 | | | | |

sympathize 27:2
system 14:18,23
    15:7,9 18:7 23:18
    23:21 24:14 25:20

**T**

tainted 13:7 15:9
    15:10
take 4:1 8:15 11:25
    12:4 14:12 21:22
    29:22
taken 3:3,7,13 4:4
    20:2 24:23
talking 11:11 17:23
team 12:14 17:12
Tel 1:24
tell 15:25 23:22,24
    30:20
tells 18:10
ten 5:11 12:12 14:4
    22:10
terms 7:10 27:11
    30:22
testimonial 27:24
testimony 14:16
    16:3 24:6,8 28:17
Thank 2:7 31:4
theme 17:15,15
theory 13:13 18:2,3
    18:12 20:13
thicket 29:15
thing 5:8 16:7 17:4
    21:17 24:4 26:10
    28:2 29:3,8
things 2:20 4:3 5:1
    5:7 6:15 7:7
    12:16 15:19 19:9
    20:20 21:3,23
    22:1 29:17
think 4:10,24 5:22
    7:23 8:17 9:6,14
    9:22 10:5,14,21
    11:8,13 12:6 13:5
    13:22 14:7,11
    15:19 18:22 19:12
    19:16 20:15 21:20
    23:6 25:24 26:6
    26:19,25 27:1,3
    28:2,8,11,12,21

29:16 30:13,17
thought 14:4 25:2
    26:16 27:5
three 12:3 20:20
    24:9 26:13 29:8
throw 28:1
time 7:4 8:15 15:6
    19:10 24:13,16
    28:13 30:6
today 28:22
told 10:9 15:13
    22:7 26:2 28:1
tool 15:13
top 13:23 14:5
touching 27:8
TRANSCRIPT
    1:11
transcription 31:15
trap 25:25
treatment 16:17,20
    18:8
trial 12:8,22 16:16
    17:5 25:9 26:4
    27:6
true 31:15
try 26:10
trying 23:12 25:24
turned 14:15
turns 26:5
twenty 9:6
twenty-one 3:9 9:8
    9:9,10 12:20 13:1
    14:19 15:1 22:24
    23:1 25:10
two 3:6 5:7 12:3
    14:16 20:20 22:4
    24:9 29:19
type 9:16 28:2

**U**

ultimately 19:23
unconscious 29:22
underlies 5:24
underlying 17:15
underneath 30:10
understand 11:23
    18:20 22:24 24:5
    26:18,18 29:1
understandable

26:19
UNITED 1:1,5,13
    31:10
Unspoken 14:15
unwary 25:25
use 3:15,16,18 7:1
    7:5 8:7,8 9:24
    10:1,18 11:7 25:3
    25:18 26:3 28:5
U.S 1:17

**V**

v 1:6
vaguer 15:21
value 3:6 4:3 20:4
various 2:20 16:10
viable 13:13
view 9:4
voluminous 4:1
    12:15
voluntarily 28:16
volunteer 27:22

**W**

wage 11:21
wait 28:7
want 17:10 21:25
    22:6,22 24:5,20
    27:4 28:21 30:20
wanted 5:12
wants 18:17 23:22
    27:19
warehouses 30:9
wasn't 16:20
wastebasket 6:3
way 2:7 8:24 13:12
    13:18 29:19 30:23
ways 19:19
Welch 1:17 10:8
    12:18 13:17 14:3
    15:8 16:24 20:21
    22:7,21 23:6,8
    25:4 27:22 29:10
    30:1
WESTERN 1:2
we'll 13:18 31:2
we're 9:22 19:11
we've 29:6
William 1:17
witness 16:3 27:25

witness's 28:17
won 15:8
words 11:23 16:13
    26:1
work 2:7 3:17,17
    3:19 4:14 8:10
    10:10,19,25 11:3
    11:16 13:18 23:15
    28:1
worked 13:2
working 30:3
worse 28:8
worth 27:8
wrangling 14:4
writing 8:21
written 8:4 25:5

**Y**

yeah 22:14
year 4:20 14:16
years 5:11

**0**

01103 1:18,24
02109 1:21
04-30033-MAP 1:5

**1**

13 31:19
1550 1:18,23
16 16:2 17:25 30:9
17 30:9
1994 4:13 22:11

**2**

2005 2:15 6:14
2006 1:7 19:25
    31:18
201 17:13
2012 31:19
23 30:9
25 31:18
26 1:7
260 12:12
28th 27:20,20

**3**

3:38 2:1

**4**

4:23 31:7
404(b) 9:17
413)731-0086 1:24
413)737-7333 1:24

**5**

504 4:13
536 1:23

**6**

6 19:25 20:6,8
6th 4:20

**8**

8 22:11

**9**

9B 9:16
96 17:23 24:12
97 17:23 24:12
98 24:13