UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al,<br><br>Defendants. | Criminal No. 04-30033-MAP |

### MEMORANDUM IN SUPPORT OF DEFENDANT PETER DAVIS'S MOTION TO DISMISS COUNTS 1 AND 107 OF THE INDICTMENT

Defendant Peter Davis submits this memorandum in support of his Motion to Dismiss Counts 1 and 107 of the Indictment. Dismissal of these two charges is procedurally appropriate under Fed. R. Crim P. 12 where, as here, no material facts are in dispute. *E.g., United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005).

The government's recent *Brady* disclosure indicates that the 18 U.S.C. § 1503 obstruction of justice charge against Mr. Davis (Count 107) is defective as a matter of law. The charge, based solely on an alleged falsehood by Mr. Davis in an FBI interview, fails due to the government's concession that the interviewing agents were not under grand jury subpoena. *See United States v. Aguilar*, 515 U.S. 593 (1995) (§ 1503 conviction reversed, even though defendant knew of grand jury investigation and lied to FBI agents, where interviewing agents were not under grand jury subpoena). Because the § 1503 charge is the only racketeering act that Mr. Davis is alleged to have committed within five years of the Indictment, the substantive racketeering charge (Count 1) fails as well. *See United States v. Torres-Lopez*, 851 F.2d 520, 525 (1st Cir. 1988) (RICO defendant must commit at least one racketeering act within five-year limitations period.)

I.  **THE INDICTMENT'S OBSTRUCTION-OF-JUSTICE ALLEGATIONS, IN COMBINATION WITH THE GOVERNMENT'S RECENT BRADY DISCLOSURE, ARE DEFECTIVE AS A MATTER OF LAW.**

Count 1 of the indictment charges Mr. Davis with obstruction of justice in violation of 18 U.S.C. § 1503.  Indictment ¶ 124.  The Indictment alleges that in an interview with FBI agents on April 10, 2003, Mr. Davis falsely stated that he had not paid for any home improvements for any members of the Asselin family.  *Id.*

To convict a defendant of obstruction of justice in violation of 18 U.S.C. § 1503, the government is required to prove that the allegedly false statements (or other obstructionist act) were made "with an intent to influence judicial or grand jury proceedings; it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority."  *Aguilar*, 515 U.S. at 599.  In addition, the Supreme Court has held that the government must prove that the statements "have the 'natural and probable effect' of interfering with the due administration of justice."  *Id.*  This element of a § 1503 violation—sometimes called the "nexus" requirement—requires proof that the allegedly obstructive act "have a relationship in time, causation, or logic with the judicial proceedings."  *Id.* (citations and quotations omitted).

In *Aguilar*, the Supreme Court affirmed the Ninth Circuit's reversal of a § 1503 conviction.  The evidence was as follows:  a grand jury began an investigation of an alleged conspiracy to influence the outcome of a habeas case of one Tham; defendant Aguilar, a federal judge, was interviewed by FBI agents about his involvement in the Tham habeas case and about his knowledge of a wiretap relating to Tham; Aguilar asked the FBI agents during the interview if he was a target of a grand jury investigation;

2

Aguilar was told by the agents that a grand jury had been convened, and that "some evidence will be heard . . . on this issue;" and then Aguilar proceeded to lie to the agents about his participation in the Tham case and his knowledge of the wiretap. *Id.* at 596-97, 600. In finding that this evidence was insufficient to amount to a § 1503 violation, the Court emphasized that the investigating agent to whom the false statements were made had not been under grand jury subpoena. *Id.* at 601. It held that "false testimony given to an investigating agent who has not been subpoenaed or otherwise directed to appear before the grand jury . . . cannot be said to have the 'natural and probable effect' of interfering with the due administration of justice." *Id.* at 601.

The government, in response to Mr. Davis's specific *Brady* request, has admitted that the agents who conducted the interview with Mr. Davis, like the FBI agents in *Aguilar*, were <u>not</u> under grand jury subpoena. *See* Exhibit 1 (letter from AUSA Welch to James C. Rehnquist dated July 19, 2006) at 2.[1] It has also admitted that the substance of Mr. Davis's allegedly false statement to the FBI on April 10, 2003, was not presented to the grand jury until June 29, 2004, fourteen months after the interview and a mere 10 days before the grand jury returned a 148-page, 122-count indictment.[2] *Id.* The first of these admissions is critical. It demonstrates that the obstruction charge is defective under *Aguilar*, where the Court found the "nexus requirement" could not be met where the interviewing agents had not been subpoenaed by the grand jury, even though the

---

[1] The exculpatory nature of this information could hardly be more obvious, given the "nexus" requirement articulated in *Aguilar*. Under the Local Rules, this information, which "tends directly to negate the defendant's guilt" on the obstruction charge, should have been disclosed to defendant within 28 days of arraignment. *See* Local Rule 116.1(c)(1), 116.2.

[2] Given the timing, the information was undoubtedly presented to the grand jury as the basis for the obstruction charge in a draft indictment—*i.e.*, as information that was false—and thus had no conceivable effect on the "due administration of justice" under § 1503.

3

defendant was aware of the existence of the grand jury investigation. 515 U.S. at 601. Given this concession, it is impossible as a matter of law for the government to prevail on the obstruction charge.

## II.   BECAUSE COUNT 107 OF THE INDICTMENT IS LEGALLY DEFECTIVE, THE SUBSTANTIVE RACKETEERING CHARGE (COUNT 1) FAILS AS WELL.

The government can prevail on a substantive racketeering charge only if it can show that defendant committed at least one predicate racketeering act within the five-year limitations period. *Torres-Lopez*, 851 F.2d at 525. The Indictment charges Mr. Davis with a total of fourteen predicate racketeering acts, but only one of them—the same April 10, 2003 act of obstruction of justice charged in Count 107—is alleged to have occurred within five years of the original Indictment's return on July 9, 2004. Indictment ¶ 40 (racketeering acts 101-113), ¶ 54 (racketeering act 248). All other alleged racketeering acts occurred in 1996 and 1997. Because of the legal infirmity in the § 1503 charge, the government will be unable to prove that Mr. Davis committed one of the charged racketeering acts within the five-year limitations period. Accordingly, the substantive RICO charge, Count 1, should be dismissed along with Count 107.

## III.   DISMISSAL UNDER RULE 12 IS THE APPROPRIATE REMEDY WHERE, AS HERE, THE MATERIAL FACTS ARE UNDISPUTED.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides as follows: "A party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." This is precisely such a motion, as there are no facts in dispute and the motion can be resolved "without a trial of the general issue." *See Flores*, 404 F.3d at 325 ("Because a question of law presented in a case with

4

undisputed facts can be determined without a trial of the general issue, Rule 12 authorized the court to rule on Flores's motion to dismiss in this instance.")

The First Circuit has apparently not addressed the issue of whether Rule 12 permits a district court to dismiss an indictment on legal grounds where the material facts are undisputed. Yet such action is plainly authorized by the language of Rule 12. Several circuit courts, moreover, have held that a district court can entertain such a motion where the facts are undisputed. *See United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (discussing cases). Accordingly, Counts 1 and 107 of the Indictment should be dismissed.

**CONCLUSION**

For the reasons stated above, Counts 1 and 107 of the Indictment should be dismissed.

> Respectfully submitted,
>
> PETER DAVIS
>
> By his attorneys,
>
> **/s/ James C. Rehnquist**
> James C. Rehnquist (BBO # 552602)
> Kathleen Luz (BBO # 643278)
> William J. Trach (BBO #661401)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109-2881
> (617) 570-1000

Dated: August 17, 2006

**CERTIFICATE OF SERVICE**

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 17, 2006.

> **/s/ James C. Rehnquist**
> James C. Rehnquist

LIBA/1723543.1