UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

### DEFENDANT PETER DAVIS'S EMERGENCY MOTION TO EXTEND DEADLINE FOR FILING MOTIONS *IN LIMINE* AND FOR PROVIDING AN EXHIBIT LIST

Defendant Peter Davis hereby moves this Court for an order extending the deadline for filing motions *in limine* and for providing an exhibit list. Almost two weeks after the Court's August 3, 2006 order requiring the government to make available for copying all of the exhibits, the government has provided only grudging access to copies of all of the relevant exhibits, has frustrated Mr. Davis's counsel's attempts to review the exhibits – many of which are handwritten or extensively annotated in whole or in part – in their original form, and has just recently served the third version of its exhibit list, which has different numbering than the two previous versions. Without access to these documents, Mr. Davis has not been able to adequately and completely assess what motions *in limine* are necessary, or to identify those documents necessary to rebut the government's exhibits (and thus compile his exhibit list). Accordingly, the deadline for filing motions *in limine* and for providing a copy of the defense's exhibit list – set by the Court as this Friday, August 25, 2006 – should be extended until at least September 7, 2006.

### BACKGROUND

Since the Court's August 3, 2006 order compelling the government to make available for copying any exhibits the defense has been unable to identify, the defendant has attempted, in

good faith, to review the government's exhibit list to determine what exhibits (if any) the defense could not identify, and then to copy such exhibits. At every turn, the government has attempted to make this task more difficult for the defense. At the outset, the government refused to allow an outside vendor to remove the exhibits from the United States Attorney's Office for copying, and refused to allow counsel for the defendant to utilize a copier located at the United States Attorney's Office to make any copies. *See* Declaration of Kathleen Luz, dated August 22, 2006 ("Luz Decl.), at ¶ 3. Both of these protocols for copying – *i.e*., use of the United States Attorney's Office's copier and/or sending of the documents to an outside vendor for copying – had been used by the defendant in the past when copying the government's automatic discovery. *Id.* ¶ 4. Thus, on August 11, 2006, in an effort to copy those unidentified exhibits, counsel for Mr. Davis arranged to have a copier delivered to the United States Attorney's Office and a vendor on-site to make such copies.

Moreover, once counsel for Mr. Davis attempted to copy these unidentified exhibits, Mr. Davis's counsel realized that (1) the exhibits listed on the government's exhibit list did not correspond to the exhibits made available for copying, making it virtually impossible for the defendant to copy only those unidentified exhibits, and (2) not all of the government's exhibits were available for copying. Luz Decl. at ¶ 5. The defense copied every exhibit made available for copying, but certain exhibits were not available. *Id*. Because the defense was forced to copy every exhibit, the copying took two days. *Id*.

As a result, counsel for Mr. Davis sent a letter to Assistant United States Attorney William Welch II on August 14, 2006, requesting (1) an updated exhibit list; and (2) copies of all exhibits not made available to the defendant. *See* Letter from James C. Rehnquist to William Welch II, dated August 14, 2006 (attached as Exhibit B to Luz Decl.). Moreover, counsel for

2

Mr. Davis requested that the defense be permitted to review the exhibits in their original form in order to assess the propriety of motions *in limine* and to assist in identifying exhibits to be included as part of the defense's exhibit list. *Id.* The government never responded to any of these requests; accordingly, counsel for Mr. Davis sent a follow-up letter on August 16, 2006, reiterating these requests. *See* Letter from James C. Rehnquist to William Welch II, dated August 16, 2006 (attached as Exhibit C to Luz Decl.).

In response, the government sent a letter to Mr. Rehnquist dated August 16, 2006. Because the government chose, notwithstanding the obvious exigencies of time, to send this response by regular mail (and not by facsimile), it was not received by counsel for the defendant until August 21, 2006. As part of that letter, the government attached a second supplemental exhibit list; moreover, the government stated simply that the exhibits in their original form were "unavailable" for review the week of August 21, 2006. *See* Letter from William Welch to James C. Rehnquist, dated August 16, 2006 (attached as Exhibit D to Luz Decl.).

**ARGUMENT**

The actions of the government – and its failure to meaningfully comply with the Court's August 3, 2006 order – have made it impossible for the defense to comply with the August 25, 2006 deadline for filing motions *in limine* and for providing an exhibit list. The government has failed to make <u>all</u> of the exhibits it has identified on its list available to the defense, and has simply chosen not to respond to the defense's request for copies of these exhibits. Moreover, the defense has wasted precious time continuously reviewing the government's ever-changing exhibit list, which has made it impossible for Mr. Davis to make any meaningful assessment as to what motions *in limine*, if any, it should file with respect to these exhibits. Indeed, since July 24, 2006 – the date on which the government was ordered to provide the defendant with its

3

exhibit list – the government has provided <u>three separate</u> exhibit lists, without any explanation of which exhibits have been added or removed. Luz Decl. at ¶ 8. And the number of documents on these lists has varied dramatically, with the government repeatedly adding new exhibits to its lists while removing others; in fact, while the government's July 24, 2006 list identified 402 exhibits, and the July 30, 2006 exhibit list identified 349 exhibits, the government's August 16, 2006 exhibit list (not received by counsel for Mr. Davis until August 21, 2006) now identifies 255 exhibits. *Id.* The constant changing of the exhibit list – coupled with the government's unwillingness to make these exhibits available for copying – requires that the August 25, 2006 deadline be extended.

In addition, the defense should be permitted to inspect these exhibits in their original form in advance of the deadlines for filing motions *in limine* and the exhibit list. Inspection of these exhibits in their original form is crucial here, where the government's exhibits includes dozens of exhibits – and hundreds of total pages – of handwritten notes seized from the office of co-defendant Arthur Sotirion. These documents appear to simply be dumped into boxes as part of the FBI's execution of the search warrant on the SHA, were not kept in any orderly fashion, and certainly do not appear to be classic "business records." And, importantly, Mr. Davis's counsel has <u>never</u> had the opportunity to review some of these documents in their original form. Luz Decl. at ¶ 10.

Accordingly, Mr. Davis respectfully requests that this Court enter an order extending the deadline for filing motions *in limine* and the exhibit list until two weeks after the government: (1) provides copies of <u>all</u> of the exhibits which the defendant has identified as unavailable for copying, *see* Luz Decl. at ¶ 9, and (2) makes available for review all of the exhibits in their original form.

## **CONCLUSION**

For the foregoing reasons, Mr. Davis respectfully requests that this Court grant his Emergency Motion to Extend the Deadline for Filing Motions *in Limine* and for Providing an Exhibit List.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 **/s/ James C. Rehnquist**
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated:  August 22, 2006

## LOCAL RULES CERTIFICATION

    I, James C. Rehnquist, hereby certify that, pursuant to Local Rules 7.1 and 116.3, counsel for defendant Peter Davis conferred with counsel for the United States in a good-faith attempt to resolve or narrow the issues presented by this motion, as detailed in the correspondence attached to the Declaration of Kathleen Luz, filed herewith.

                                             **/s/ James C. Rehnquist**
                                             James C. Rehnquist

## CERTIFICATE OF SERVICE

    I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 22, 2006.

                                             **/s/ James C. Rehnquist**
                                             James C. Rehnquist

LIBA/1724509.1