UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

## DECLARATION OF KATHLEEN LUZ

I, Kathleen Luz, do depose and say under the penalties of perjury:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts. I am an attorney at the Boston, Massachusetts law firm of Goodwin Procter LLP, counsel for the defendant Peter Davis in this matter. I make this Declaration in support of Defendant Peter Davis's Emergency Motion to Extend the Deadline for Filing Motions *in Limine* and for Providing an Exhibit List.

2. On August 9, 2006, I sent a letter to Assistant United States Attorney William Welch II (attached as Exhibit A). In that letter, I identified all of the government's exhibits that counsel for Mr. Davis had been unable to identify, as contemplated by the Court's August 3, 2006 order.

3. On or about August 10, 2006, I contacted Assistant United States Attorney Steven Breslow to arrange for copying of the unidentified exhibits. I requested that Mr. Davis be allowed to retain a vendor for copying; the vendor would retrieve the unidentified exhibits from the Office of the United States Attorney, copy such exhibits, and return them once the copying was complete. Alternatively, I requested that counsel for Mr. Davis be allowed to use a copier

1

located at the attorney's to make any copies necessary.  Mr. Breslow informed me that counsel for Mr. Davis would not be permitted to use a copier provided by the government, and would not be allowed to remove any of the documents for copying.  Mr. Breslow stated that, in order to copy the unidentified exhibits, counsel for Mr. Davis would need to arrange to have a copier brought to the United States Attorney's Office in Springfield.

      4.      Since Mr. Davis's indictment in July 2004, counsel for Mr. Davis has made copies of the government's automatic discovery by either (1) hiring an outside vendor to remove documents from the FBI, copy such documents, and then return such documents after copying, or (2) copying any documents on a copier located at the offices of the FBI.

      5.      After my conversation with Mr. Breslow, on August 11, 2006, I arranged to have a copier shipped to Springfield and had the documents copied in the offices of the United States Attorney's Office.  In the process of copying the unidentified exhibits, we discovered that the government had changed the numbering on the exhibit list.  Thus, it was impossible for us to simply copy those exhibits we had been unable to identify; instead, we were forced to copy all of the exhibits made available by the government, which took two days.  Moreover, while copying the exhibits, we discovered that many exhibits were not made available for copying.

      6.      On August 14, 2006, James C. Rehnquist, counsel for Mr. Davis, sent a letter to Assistant United States Attorney William Welch II requesting (1) an updated exhibit list; and (2) copies of all exhibits not made available for copying.  *See* Letter from James C. Rehnquist to William Welch II, dated August 14, 2006 (attached as Exhibit B).  Moreover, in that letter, Mr. Rehnquist requested that the defense be permitted to review all of the government's exhibits in their original form in advance of the August 25, 2006 deadline in order to assess the propriety of motions *in limine* and to assist in identifying exhibits to be included as part of the defense's

exhibit list. *See id.* The government never responded to any of these requests; accordingly, on August 16, 2006, counsel for Mr. Davis sent a follow-up letter reiterating these requests. *See* Letter from James C. Rehnquist to William Welch II, dated August 16, 2006 (attached as Exhibit C).

7. On August 16, 2006, the government sent a letter attaching a second supplemental exhibit list, and stating simply that the exhibits in their original form were "unavailable" for review the week of August 21, 2006. *See* Letter from William Welch to James C. Rehnquist, dated August 16, 2006 (attached as Exhibit D). The government did not provide copies of the missing exhibits. Counsel for Mr. Davis did not receive the government's August 16, 2006 letter until yesterday, August 21, 2006, since the government chose to send this letter by regular mail rather than facsimile.

8. Since July 24, 2006, the government has provided counsel for Mr. Davis with three different versions of its exhibit list. The original exhibit list, dated July 24, 2006, identifies 402 exhibits. The government's second exhibit list, dated July 30, 2006, identifies 349 exhibits. The most recent version of the exhibit list, dated August 16, 2006, identifies 255 exhibits. The exhibit list dated August 16, 2006, was sent by regular mail, and was not received by counsel for Mr. Davis until August 21, 2006.

9. My colleagues and I have made a good faith effort to compare the three versions of the exhibit list provided by the government with the copies of exhibits obtained from the United States Attorney's Office, in an effort to identify any exhibits which the defendant still does not have copies of. The defendant has been unable to identify the following exhibits (as identified on the government's August 16, 2006 exhibit list): Exhibits 95, 134, 161, 195, 250, 254, and 255.

4

10. I have reviewed the exhibits contained on the government's three exhibit lists. It is my belief that counsel for Mr. Davis has never had the opportunity to review certain exhibits contained on the exhibit list in their original form.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of August, 2006.

                                                  **/s/ Kathleen Luz**
                                                  Kathleen Luz

LIBA/1724511.1