UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>vs.  )<br>)<br>**RAYMOND ASSELIN, SR., et al.** )<br>)<br>             **Defendants.** ) | CRIM. NO. 04-30033-MAP |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION
TO EXTEND DEADLINE FOR FILING MOTIONS IN LIMINE
AND FOR PROVIDING AN EXHIBIT LIST**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files the instant Opposition To Defendant Peter Davis's Emergency Motion To Compel Government To Extend Deadline For Filing Motions *In Limine* And For Providing an Exhibit List, filed August 22, 2006 (the "Motion").

For the reasons set forth below, this dilatory and disingenuous Motion should be denied.

I.  The Government Has Provided Defense Counsel With
    Complete Access to Its Exhibits

Consistent with the Court's Order dated August 3, 2006, the government has afforded the defense immediate and complete access to the listed exhibits, most of which the defense previously either had already produced to the government or copied through

1

the discovery process.

As the defense concedes, it waited nearly a week after the Court's Order to send its August 9, 2006 letter indicating the number of documents that it intended to copy.  <u>See</u> Exh. A to Motion.  Perplexingly, many of the documents that the defense sought to copy were the defendant's own documents that defense counsel had produced to the government via grand jury subpoena three years ago.  Many other requested documents were plainly identifiable and had been copied by defense counsel through discovery nearly two years ago, such as other checks.  All of these checks were painstakingly identified by check number, amount, date, and payee and/or payor.

Nonetheless, after defense counsel contacted the government on August 10, 2006 to make arrangements for copying, the government promptly made the exhibits available.  Declaration of Kathleen Luz, ¶¶ 3, 5.  Although the Luz Declaration correctly noted that the government declined to permit defense to use a government copier, the Luz Declaration conveniently omits the explanation provided to Ms. Luz: namely, that the United States Attorney's Office only possesses one copier, which is frequently in use on other matters and is located in a public area of the office.

Similarly, although the Luz Declaration correctly notes that the government did not permit any of the exhibits to be removed

for copying, the Luz Declaration also omits the explanation also provided to Ms. Luz: namely, that many of the exhibits were original documents that the government wanted to remain in its possession and custody. Indeed, Assistant U.S. Attorney Steven H. Breslow informed Ms. Luz that the government wanted to avoid the possibility that any exhibit might be inadvertently damaged, destroyed, or misplaced while in the temporary custody of the defense. Assistant U.S. Attorney Breslow further invited Ms. Luz to accompany the defense copier, but Ms. Luz declined. Against this backdrop, the claim that defense counsel has "<u>never</u> had the opportunity to review some of these documents in their original form" is not only incorrect, but disingenuous. Motion, at 4 (citing Luz Declaration, ¶ 10) (emphasis in original).

In any event, the defense was hardly frustrated, since it provided an outsider copier the very next day. The defense now claims that it was "forced to copy every exhibit," because the government's exhibits had been renumbered. This claim also rings hollow, since defense counsel had requested to copy all but 79 of the 349 listed exhibits. Exh. A to Motion. This claim also fails to appreciate a simple reality of trial preparation: namely, that as the date of trial advances, a party will modify its list of intended exhibits. Finally, the exhibits were not reshuffled into a random pattern, but just staggered slightly as new exhibits were added. The modification hardly rendered the

task of identifying the documents "virtually impossible." Motion, at 2.

Similarly, the defense wanly claims that the government's most recent exhibit list, which substantially reduced the universe of exhibits by approximately 100 items, somehow hampers the defense. To the contrary, by diminishing the number of exhibits, the government has only facilitated the defense efforts to develop its own exhibit list and motions in limine.

Lastly, the defense now identifies only seven exhibits (of 255) that it cannot identify. Luz Declaration, ¶ 9. Most of these documents have been produced to the defense over two years ago and are clearly identifiable, such as Exhibit 161 (Color Photographs of Exterior of 518 Old Farm Road, Amherst, MA) and Exhibit 254 (G & R Associates, Inc. Check No. 673, dated 05/28/98, for $13,686.00 made payable to Northern Star Development). The government has not yet produced Exhibit 250, which is a summary chart, because it has not yet been prepared; the government listed the exhibit simply to provide notice that it expected to introduce the chart.

Since the defense has been able to identify all but seven of the government's 255 exhibits (one of which does not yet even exist), it should not be relieved of its duty to produce its own exhibit list and its motions in limine. The government has discharged its obligations in good faith; defense counsel should

4

do the same.

II. Conclusion

For the preceding reasons, the government respectfully submits that the Court should deny the defendant's motion.

Filed this 22nd day of August, 2006.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                /s/ William M. Welch II
                                WILLIAM M. WELCH II
                                Assistant United States Attorney

                                /s/ Steven H. Breslow
                                STEVEN H. BRESLOW
                                Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       August 22, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing via electronic filing upon the following:

James C. Rehnquist, Esq.
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
Counsel for Defendant Peter Davis


                                              /s/ William M. Welch II
                                              WILLIAM M. WELCH II
                                              Assistant United States Attorney