UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* NO. 6 RE: EVIDENCE OF FEAR OF DAVIS'S CO-DEFENDANT RAYMOND ASSELIN, SR.**

Defendant Peter Davis hereby moves *in limine* to preclude the government from introducing evidence that individuals were afraid of Raymond Asselin, Sr. or that otherwise implies that Mr. Asselin was connected to "the mob." The government has produced the grand-jury testimony of two cooperating witnesses, Francis Maroney and Nicholas Katsounakis, who testified that they were physically afraid of Asselin and suspected that Mr. Asselin might be connected to the mob. This evidence, or any similar evidence, should be excluded because it is irrelevant to the core issues in this case. In addition, even if this evidence were somehow relevant, it would still be inadmissible under Fed. R. Evid. 403 as unfairly prejudicial.

**ARGUMENT**

Both Mr. Maroney and Mr. Katsounakis testified that they were afraid of Mr. Asselin and speculated that he might have ties to organized crime. *See* Grand Jury Transcript of Francis X. Maroney ("Maroney Tr."), February 24, 2004 (Attached as Exhibit 1), at 162; Grand Jury Transcript of Nicholas M. Katsounakis ("Katsounakis Tr."), June 15, 2004 (Attached as Exhibit 2), at 24-27, 93, 124-25. Thus, Mr. Maroney explained to the grand jury: "[I] didn't know how big he was. I didn't…. I didn't know if he was mob connected, how much power he had. I

1

was—I was always told that he was a real powerful person … a guy that could call the auditor and say wipe it clean and it happened, you'd think he was pretty powerful." Maroney Tr. at 162. And Mr. Katsounakis testified: "Ray Asselin is a real powerful guy. He knows a lot of people…. [H]e's threatened some other guys at the Housing Authority if they open their mouth. I've got three little kids. I'm not afraid for myself, but for them." Katsounakis Tr. at 125.

Evidence that Mr. Maroney or Mr. Katsounakis was afraid of Mr. Asselin or believed he was connected with the mob is wholly irrelevant to the government's case against Mr. Davis, which does not involve any allegations of threats of violence or relation to the mob. *See* Fed. R. Evid. 401. The Indictment charges that Mr. Davis violated the RICO statute by conducting the affairs of an enterprise and paid "bribes, kickbacks, gratuities, and other things of value" to Mr. Asselin and Arthur Sotirion in exchange for contracts and other benefits. Indictment, ¶¶ 29, 40. But evidence that Mr. Asselin was involved with the mob will not establish the existence of a RICO enterprise in this case—where the enterprise alleged is a legal entity, the Springfield Housing Authority, as opposed to a mob-based association-in-fact. Indictment, ¶ 21. And whether Mr. Katsounakis or Mr. Maroney was afraid of Mr. Asselin or believed him to be "mobbed up" will not make more or less probable whether Mr. Davis gave things of value to Mr. Asselin or Mr. Sotirion with the corrupt intent to influence an official act. Indeed, Mr. Katsounakis's and Mr. Maroney's state of mind with respect to Mr. Asselin is wholly irrelevant to the issues involved in the government's case against Mr. Davis. *Compare United States v. Goodoak*, 836 F.2d 708, 714-15 (1st Cir. 1988) (permitting evidence of defendant's reputed mob connections to show extortion victim's state of mind). In short, this evidence is irrelevant to the charges pending against Mr. Davis and therefore should be excluded. *See* Fed. R. Evid. 401, 402.

Even if the purported evidence of fear of Mr. Asselin were relevant, the evidence should still be excluded under Rule 403 because of the powerful and unfair prejudice that would result from its admission. *See United States v. Gilbert*, 229 F.3d 15, 26 (1st Cir. 2000) (affirming district court's decision to exclude arguably probative evidence that was "inflammatory and highly susceptible of misleading the jury"). Evidence that Mr. Asselin was a violent man potentially connected to the mob almost inevitably would prejudice Mr. Davis—who, the evidence will likely show, had a social relationship with Mr. Asselin for many years—by persuading the jury to conclude that Mr. Davis either associates with violent, mob-connected people or, worse yet, that he himself is violent or mob-connected. The jury thus could be persuaded to convict Mr. Davis for those reasons rather than for the crimes charged in the Indictment. Accordingly, while the potential for unfair prejudice to Mr. Davis is very high, the probative value of such evidence, if any, is minimal. As a result, such evidence, if not excluded under Rules 401 and 402, should be excluded pursuant to Rule 403.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant his Motion *in Limine* No. 6 Re: Evidence of Fear of Davis's Co-Defendant Raymond Asselin, Sr.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Mr. Davis submits that the Court's ruling on this Motion will be aided with oral argument, and accordingly requests an opportunity to present such

argument to the Court.

                              Respectfully submitted,

                              PETER DAVIS

                              By his attorneys,

                              **/s/ James C. Rehnquist**
                              James C. Rehnquist (BBO # 552602)
                              Kathleen Luz (BBO # 643278)
                              GOODWIN PROCTER LLP
                              Exchange Place
                              Boston, MA 02109-2881

Dated: August 25, 2006             (617) 570-1000

## CERTIFICATE OF SERVICE

    I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 25, 2006.

                              **/s/ James C. Rehnquist**
                              James C. Rehnquist

LIBA/1724510.1