UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* NO. 10 RE: GOVERNMENT EXHIBIT 90**

Defendant Davis hereby moves *in limine* to exclude Government Exhibit 90.

Government Exhibit 90, attached hereto as Exhibit A, is a two-page document that appears to relate to a P.J. Richfield contract, performed during 1996 and 1997, for modification and repairs to units in the SHA's Christopher Court complex. The document has a typed heading, "Chris Court Painting actual," and the additional typewritten portion of the document appears to relate to payments paid or due for painting work. The document also contains multiple sets of handwritten annotations, in what appear to be multiple handwritings. The annotations are in two different colors of ink and also in what appears to be pencil.

The Government presumably wants to introduce the document because of a single handwritten reference in the corner of the document to "R Factor." There will be evidence from one or maybe two cooperating witnesses, Gary Baribeau and Frank Ware, that "R Factor" was a term used to describe bribes paid to Raymond Asselin. *See* Exhibit B (Baribeau Grand Jury Testimony at 29-32); Exhibit C (Gov. Exh. 249, referencing "R Factor").

Government Exhibit 90, however, does not demonstrate that Mr. Davis ever used or was familiar with the term "R Factor," or ever paid Mr. Asselin anything based on this reference.

1

The annotations on the document, while by no means clear, appear to suggest that the term was used on the document by either Frank Ware or Raymond Asselin – the RBA (Asselin) in the handwritten "cc" is circled – in a communication between the two of them, on which Mr. Davis was only copied.  That this document may have ended up in Mr. Davis's files does not tend to show he was familiar with or used the term, and is highly prejudicial as it invites jury speculation that he did.  The prejudice is compounded by the fact that, while Mr. Davis has not yet seen the government's witness statements, there appears to be no other evidence linking Mr. Davis to this term or suggesting that he in any way used or was aware of the term.

In short, whatever the proposed grounds for admissibility of this document, the Court will be required to analyze its admissibility under Rule 403.  Fed. R. Evid. 403; *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) (affirming exclusion of otherwise admissible evidence under Rule 403 as more probative than prejudicial).  While at present both the context surrounding and foundation for this document are unclear, it appears from its face that Mr. Davis was not the main intended recipient of the iteration of the document containing the prejudicial term, thereby reducing its probative value as to him while being highly prejudicial.  As such, even if the Court is not inclined to exclude Government Exhibit 90, at least at present and until the Court has enough information to make a more informed Rule 403 analysis, Mr. Davis asks the Court to order the government not to mention the document in its opening.

## **CONCLUSION**

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant its Motion *in Limine* No. 10 Re:  Government Exhibit 90.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Mr. Davis submits that the Court's ruling on this Motion will be aided with oral argument, and accordingly requests an opportunity to present such argument to the Court.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: August 25, 2006

## CERTIFICATE OF SERVICE

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on August 25, 2006.

 /s/ James C. Rehnquist
James C. Rehnquist

LIBA/1725034.1