```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )  CR-N-04-30033-MAP
                                 )
               Plaintiff,        )
                                 )
     vs.                         )
                                 )
PETER DAVIS,                     )
                                 )
               Defendant.        )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'S MOTION TO DISMISS**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, William M. Welch II, Assistant United States Attorney, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Davis's Motion to Dismiss Counts 1 and 107 of the Superseding Indictment. This motion should be denied because the evidence establishes that the FBI was acting as the "arm of the grand jury" at the time of defendant Davis' interview on April 10, 2003, a fact that sufficiently proves the essential element of a "pending judicial proceeding" under United States v. Aquilar, 515 U.S. 593 (1995).

18 U.S.C. § 1503 provides in pertinent part that:

> [w]hoever . . . corruptly or by threats of force . . . endeavors to influence, obstruct or impede the due administration of justice . . .

1

shall be fined under this title or imprisoned not more than ten years, or both.

The elements of obstruction of justice are:

1. that there was a pending judicial proceeding;

2. the defendant had knowledge or notice of the pending proceeding; and

3. the defendant acted corruptly with the specific intent to obstruct or impede the proceeding or the due administration of justice.

United States v. Frankhauser, 80 F.3d 641, 650-51 (1st Cir. 1996); United States v. Neal, 951 F.2d 630, 632 (5th Cir. 1992); United States v. Williams, 874 F.2d 968 (5th Cir. 1989).

"It is well established that a grand jury investigation constitutes a pending judicial proceeding for purposes of § 1503." United States v. Macari, 453 F.3d 926, 936 (7th Cir. 2006). Proof that a federal law enforcement agency acted as "the arm of the grand jury" satisfies the essential element of "a pending judicial proceeding" under § 1503. Id. at 937. See Aguilar, 515 U.S. at 600 (proof that "the agents acted as an arm of the grand jury, **or** indeed that the grand jury had even summoned the testimony of these particular agents" satisfies the knowledge and notice element of § 1503)(emphasis added). See also United States v. Fassnacht, 332 F.3d 440, 448-49 (7th Cir. 2003); United States v. Furkin, 119 F.3d 1276, 1282-83 (7th Cir. 1997); United States v. Maloney, 71 F.3d 645, 657 (7th Cir. 1995).

"To establish that the FBI was acting as an arm of the grand

jury, the government must demonstrate that the FBI agents were `integrally involved' in the grand jury investigation." Macari, 453 F.3d at 937 (Fassnacht, 332 F.3d at 449 (quoting Furkin, 119 F.3d at 1282-83). In addition, the Government must show that the FBI undertook its investigation "`with the intention of presenting evidence before [the] grand jury.'" Macari, 453 F.3d at 937 (quoting Maloney, 71 F.3d at 657 (citing United States v. McComb, 744 F.2d 555, 561 (7th Cir. 1984)).

The evidence in this case will establish overwhelmingly that the FBI had been acting as the arm of the grand jury at the time of their interview with defendant Davis. The evidence will establish that as early as July, 2002, the FBI had served grand jury subpoenas for documents and other items upon the Springfield Housing Authority. In August, 2002, the FBI served grand jury subpoenas for testimony upon Lisa Asselin, Ann Asselin, Janet Asselin, Maria Serrazina, Merylina Asselin, and Melinda Asselin. On September 27, 2002, the FBI executed search warrants at the Springfield Housing Authority and the various residences of Asselin family members.

By October, 2002, witnesses began to appear before the grand jury and testify pursuant to grand jury subpoenas served by the FBI. On March 19, 2003, the grand jury issued a subpoena to the custodian of records for P.J. Richfield, Inc. By that date, the grand jury had issued approximately 145 grand jury subpoenas as

part of its investigation, many of which the FBI personally delivered to its intended recipient. On April 10, 2003, the FBI personally served the grand jury subpoena for P.J. Richfield, Inc. upon defendant Davis. Indeed, during his interview, defendant Davis repeatedly told the FBI agents that he was aware of the investigation, specifically telling the agents that he had discussed the investigation with Raymond Asselin, Sr.

This evidence more than suffices to establish that the FBI acted as the arm of the grand jury at the time of defendant Davis' interview. See e.g. Macari, 453 F.3d at 937 (service of grand jury subpoenas and witness interviews sufficient to establish that federal investigators acted as arm of grand jury); Maloney, 71 F.3d at 657 (service of 300 grand jury subpoenas evidence that IRS acted as arm of grand jury). In fact, the Government's evidence will establish that the federal law enforcement agencies were working so closely with the grand jury that they were "one and the same." See United States v. Furkin, 119 F.3d 1276, 1283 (7th Cir. 1997)(finding that "the IRS investigation and the grand jury investigation were one and the same."). There was no separate and ancillary FBI investigation; there was only the grand jury investigation.

The Aquilar court very clearly established that there were at least two different ways by which the Government could establish the "nexus" requirement, i.e. the obstructive conduct's

4

"relationship in time, causation, or logic with the judicial proceedings." Aquilar, 515 at 599. The first was a showing that "the agents acted as an arm of the grand jury," and the second was to prove that the grand jury had summoned or subpoenaed the testimony of the agents. Id. at 600. In this case, the Government charged defendant Davis under the theory that the FBI acted as an arm of the grand jury at the time of his interview on April 10, 2003. See also United States v. Hopper, 177 F.3d 824, 830 (9th Cir. 1999)(stating that false statements to FBI agent acting as an arm of the grand jury would have been sufficient under Aquilar).

In his motion, defendant Davis never addressed whether or not the FBI acted as an arm of the grand jury. Instead, defendant Davis relied exclusively upon the issue of whether or not the grand jury had placed the agents under subpoena. In short, given the theory under which the Government is proceeding, that issue is immaterial and irrelevant to the obstruction of justice of justice charge, and most certainly does not amount to a Brady violation.

The Aquilar court's decision that an obstruction of justice charge may be premised upon the FBI acting as an arm of the grand jury makes sense from a practical standpoint. It is a reflection of the

> the realities of the manner in which a grand
> jury operates and the mechanism by which
> subpoenas are issued, observing that `although
> grand jury subpoenas are occasionally
> discussed as if they were instrumentalities of
> the grand jury, they are in fact almost

> universally instrumentalities of the United States Attorney's office or of some other investigative or prosecutorial department of the executive branch.' Id. at 210 (quoting In re Grand Jury Proceedings, 486 F.2d 85, 90 (3d Cir. 1973)). Accord United States v. Vesich, 724 F.2d 451 (5th Cir. 1984).

McComb, 744 F.2d at 560-61.  Grand juries are simply ill-equipped to conduct exhaustive financial investigations and review voluminous business records, financial records, and other types of documents.  As a result, courts continue

> to supervise the use of grand jury subpoenas while recognizing that it is usually the task of the United States Attorney's office, with the help of such agencies as the FBI, to amass and coordinate the evidence to be presented to a grand jury.

Id. at 561.  That is precisely what occurred in this case.  The FBI and other federal law enforcement agents worked as an arm of the grand jury as they assisted the grand jury in amassing and coordinating evidence that was eventually presented to the grand jury.

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis's Motion in Limine No. 4.

Filed this 30th day of August, 2006.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                 /s/ William M. Welch II
                WILLIAM M. WELCH II
                Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       August 30, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                                       /s/ William M. Welch II
                                       WILLIAM M. WELCH II
                                       Assistant United States Attorney