UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 04-30033-MAP |
| | ) | |
| PETER DAVIS | ) | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
COUNTS 1 & 107
(Dkt. No. 191)

September 7, 2006

PONSOR, D.J.

Defendant has moved to dismiss Count 107, on the ground that, even accepting the government's allegations, the circumstances do not permit a prosecution under 18 U.S.C. § 1503 in light of the Supreme Court's decision in United States v. Aguilar, 515 U.S. 593 (1995). The government has not contested Defendant's claim that, if Count 107 is dismissed, then Count 1 must be dismissed as well, because Count 107 describes the only timely racketeering act available to the government to support Count 1.

This brief memorandum will inform counsel of the court's ruling on the Motion to Dismiss and provide a skeleton of its reasoning. A more detailed memorandum will follow.

The Motion to Dismiss is hereby ALLOWED.  As in _Aguilar_, the most the government's allegations can prove is that Defendant intended to mislead the F.B.I. agents who interviewed him at a time when he had knowledge of the on-going investigation and possibly (though the allegations are not clear) of the pendency of some sort of grand jury proceeding.  The Supreme Court in _Aguilar_ made it clear that this is not sufficient to support a prosecution under § 1503. The 7th Circuit's "arm of the grand jury" approach to the evidentiary requirements of a § 1503 prosecution has not been adopted by other circuits.  Compare _United States v. Macari_, 453 F.3d 926, 936-37 (7th Cir. 2006) with _United States v. Schwartz_, 283 F.3d 76, 109 (2d Cir. 2002).

More importantly, the government's argument is inconsistent with First Circuit case law.  In _United States v. Scungio_, 255 F.3d 11 (1st Cir. 2001), the Court of Appeals reversed a sentencing enhancement relying on § 1503, holding that a violation of that statute could only be shown where "Defendant knew or had notice of a pending proceeding that his false statements would obstruct."  _Id._ at 18.  In that case, even the fact that Defendant knew that the F.B.I. was in the

2

middle of a very serious investigation and that a grand jury had been empaneled failed to show adequately that Defendant knew "that the false statements he provided to the F.B.I. in connection with that proceeding would be provided to the grand jury." Id.

For the foregoing reasons, which will be expanded upon in due course, Counts 1 and 107 in the indictment against Defendant Peter Davis are hereby ordered DISMISSED.

It is So Ordered.

Michael A. Ponsor
U.S. District Judge

3