UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

**DEFENDANT PETER DAVIS'S REQUESTED PRELIMINARY JURY INSTRUCTIONS**

      Defendant Peter Davis hereby requests that, in addition to the Court's standard preliminary jury instructions, the Court instruct the jury as follows:

**I.   Bribery**[1]

      Mr. Davis has been charged with conspiracy to commit bribery. For you to convict Mr. Davis of that offense, the government must prove beyond a reasonable doubt that Mr. Davis conspired to corruptly give, offer, or promise something of value to a public official, or offer or promise a public official to give something of value to another person, with the intent to influence official action by that public official. Not every such gift or payment to a public official is a bribe, however; rather, to constitute a bribe, there must be a *quid pro quo*—that is, a specific intent to give something of value in exchange for specific official action. In addition, bribes under federal law must be "forward looking." That is, the offer, promise, or provision of the "thing of value" must precede the official act that a defendant intends to influence.

---

[1] *See* 18 U.S.C. § 201(b)(1); *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999); *United States v. Mariano*, 983 F.2d 1150, 1159 (1st Cir. 1993).

1

**II.     Statute of Limitations[2]**

One issue you will need to decide in this case is whether the prosecution of Mr. Davis began within the statute of limitations period. The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. In this case, the statute of limitations for the two crimes charged against Mr. Davis is five years. As such, the government is required to prove, beyond a reasonable doubt, that the conspiracy Mr. Davis joined – as defined by what Mr. Davis agreed to – was in existence on July 9, 1999, five years prior to the date he was indicted.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ **James C. Rehnquist**
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated:  September 15, 2006

---

[2]   *See* 18 U.S.C. § 3282(a); *Toussie v. United States*, 397 U.S. 112, 114-15 (1970); *United States v. Juodakis*, 834 F.2d 1099, 1105 (1st Cir. 1987).

## **CERTIFICATE OF SERVICE**

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 15, 2006.

                                                  /s/ **James C. Rehnquist**
                                                    James C. Rehnquist

LIBA/1720655.1