UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
                                )
                                )
        v.                      )    NO. 04CR30033-MAP
                                )
RAYMOND ASSELIN, SR., ET AL,    )
        Defendants.             )


GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Steven H. Breslow and Kevin O'Regan, Assistant United States Attorneys, submits the following proposed preliminary jury instructions for consideration by the Court in the trial of the above-captioned case.

The government respectfully requests that the Court not issue any preliminary instruction concerning the statute of limitations. As the government contended before opening statements, such an instruction is premature and would improperly bolster this affirmative defense, particularly now that the defense counsel has opted to highlight the statute of limitations in its opening statement. Consequently, the government respectfully requests that

the Court reserve its preliminary instructions simply to a generalized discussion of the elements of the charged offenses.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

_____
STEVEN H. BRESLOW
Assistant U.S. Attorney

<u>Certificate of Service</u>

    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that a copy of this document was delivered, by facsimile, to counsel of record for the defendant, this_18th day of September, 2006.

_____

STEVEN H. BRESLOW
Assistant U.S. Attorney

<u>Instruction No. 1</u>

<u>Conspiracy - 18 U.S.C. § 371</u>

The defendant is accused of conspiring to commit federal crimes -- specifically, the crimes of federal bribery and racketeering.  It is against federal law to conspire with someone to commit these crimes.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that they participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  Similarly, even if the defendant was not part of the agreement at the very end, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement earlier and did not affirmatively withdraw.

The government must prove one overt act in furtherance of the conspiracy.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  The government is not required to prove that

defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated.

In order to withdraw from a conspiracy, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy. Typically, that requires either a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals. Mere cessation of activity in furtherance of the conspiracy does not constitute withdrawal from a conspiracy.[1]

---

[1]Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.18.371(1) (2005). See, United States v. Piper, 298 F.3d 47, 54 (1st Cir. 2002); United States v. Elwell, 984 F.2d 1289, 1293 (1st Cir. 1993); and United States v. Juodakis, 834 F.2d 1099, 1102 (1st Cir. 1987).

<u>Instruction No. 2</u>

<u>Bribery - Elements of the Offense</u>
<u>(18 U.S.C. § 201(b)(1)(A)</u>

In order to sustain is burden of proof for the crime of conspiring to bribe a public official as charged in the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

> <u>One</u>: Defendant agreed to give, offer, or promise something of value as described in the indictment to Raymond Asselin, Sr. and Arthur Sotirion;

> <u>Two</u>: Raymond Asselin, Sr. and Arthur Sotirion were, at that time, officials of the United States or were acting on behalf of the United States; and

> <u>Three</u>: Defendant agreed to give, offer, or promise corruptly with the intent to influence an official act.

The term "public official" means an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, in any official function, under or by authority of any such department, agency, or branch of government.

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.

The term "official act" includes the decisions or actions generally expected of the public official. These decisions or

actions do no need to be specifically described in any law, rule, or job description to be considered to be an "official act."

An act is done "corruptly" under this bribery statute if it is performed voluntarily and deliberately and performed with the purpose of either accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means.

The motive to act "corruptly" is ordinarily a hope or expectation of either financial gain or other benefit to one's self or some aid or profit to another.

The phrase "something of value" means any item, whether tangible or intangible, that the person giving or offering or the person demanding or receiving considers to be worth something.

The phrase "something of value" includes a sum of money, favorable treatment, a job, or special consideration.[2]

---

[2] 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice Instructions: Criminal</u>, §§ 27.03, 27.07-.10 (5th ed. 2000).

Instruction No. 3

RICO -- Overview of the Statute -- 18 U.S.C. § 1962(d)

The defendant is charged with violating Title 18 of the United States Code, Section 1962(d).  Section 1962 is the Racketeer Influenced and Corrupt Organizations Statute.  It is sometimes known as the "RICO" statute and I may refer to it by that name in these instructions.  Subsection (d) is the conspiracy provision of the RICO statute.  It provides:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

Subsection (c) of the RICO statute which is referred to in this conspiracy provision defines the conduct that constitutes what the law refers to as a substantive violation of the RICO statute.  The term "substantive violation", as I use it in these instructions, refers to an offense as defined by law, as distinguished from a conspiracy or agreement to commit that offense.

Subsection (c) of Section 1962 reads as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

Thus, the RICO conspiracy provision, subsection (d), makes it an offense to conspire to violate this substantive provision.[3]

_____

[3] Adapted from 18 U.S.C. §§ 1962(c), (d); United States v. Cincotti, et al., Crim. No. 84-293-K, Jury Charge of Honorable Robert E. Keeton (D. Mass. August 6, 1986); 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 52.04, Instruction

No. 52-17, ¶ 52.05, No. 52-26 (2005).

<u>Instruction No. 4</u>

<u>Elements of the Offense – 18 U.S.C. § 1962(d)</u>

In order to sustain its burden of proof for the crime of conspiring to participate in the affairs of an interstate enterprise through a pattern of racketeering activity, the government must prove the following three essential elements beyond a reasonable doubt:

<u>One</u>: A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity;

<u>Two</u>: Defendant deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose; and

<u>Three</u>: Defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.[4]

To convict a defendant for a § 1962(d) violation, it suffices that the defendant adopt the goal of furthering or facilitating the criminal endeavor. This requirement will be met whenever the coconspirator joins forces with someone else who manages or operates the enterprise. One may commit the crime of conspiracy even though it is impossible to perform all of the acts constituting the substantive offense.

---

[4]  2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice Instructions: Criminal</u>, § 56.11 (5th ed. 2000). <u>See</u>, <u>Salinas v. United States</u>, 522 U.S. 52, 61-66 (1997); <u>United States v. Cianci</u>, 378 F.3d 71, 90 (1st Cir. 2004); and <u>United States v. Boylan</u>, 898 F.2d 230, 241 (1st Cir. 1990).