UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

RAYMOND ASSELIN, SR., et al.

Defendants.

Criminal No. 04-30033-MAP

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Peter Davis hereby submits the following proposed instructions to the jury pursuant to Fed. R. Crim. P. 30.  Defendant reserves the right to supplement, add, or delete such instructions as may prove appropriate or necessary in the course of the trial.

For the aid of the Court, within the next few days the defendant will file a memorandum explaining the source of, and the reasoning behind, certain requested instructions, as well as a binder containing the sources relied upon herein.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 _/s/ **James C. Rehnquist**_
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: September 25, 2006

## TABLE OF CONTENTS

Proposed Instruction                                                            Page

1.1     The Government as a Party ...........................................................................1

1.2     Duty of the Jury to Find Facts and Follow Law ....................................................2

1.3     Presumption of Innocence and Burden of Proof.....................................................3

1.4     Credibility of Witnesses ...............................................................................5

1.5     Unindicted Co-Conspirator as Government Witness...............................................6

1.6     Testimony of Cooperating Witness........................................................................7

1.7     Statutory Immunity of Government Witness..........................................................8

1.8     Informal Immunity of Government Witness .........................................................9

1.9     Government Witness-Not Proper to Consider Guilty Plea ......................................10

1.10    Law Enforcement Witnesses ........................................................................11

1.11    Evidence ...................................................................................................12

1.12    Impermissible to Infer Participation From Association ..........................................14

1.13    Inference Defined........................................................................................15

2.0     Description of Counts ...................................................................................16

2.1     Description of RICO Conspiracy Charge.............................................................17

2.2     Elements of the Offense ...............................................................................18

2.3     Existence of Agreement ...............................................................................19

2.4     Enterprise Affecting Interstate Commerce ..........................................................20

2.5     Membership in the Conspiracy.......................................................................21

2.6     Pattern of Racketeering Activity.....................................................................23

2.7     Intent to Commit Racketeering.......................................................................25

3.0     Description of Bribery Conspiracy Charge Elements of the Offense .......................26

3.1     Elements of the Offense ................................................................................27

3.2     Existence of Agreement ................................................................................28

3.3     Membership in the Conspiracy ......................................................................29

3.4     Commission of an Overt Act ..........................................................................30

3.5     Intent to Commit Bribery ...............................................................................31

3.6     Statute of Limitations ....................................................................................34

3.7     Withdrawal ....................................................................................................35

3.8     Multiple Conspiracies [TBA] .........................................................................36

LIBA/1732374.1

## INSTRUCTION NO. 1.1
### *The Government as a Party*

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be:  Will the government win or lose the case?  The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 2-5 (2002)).

1

**INSTRUCTION NO. 1.2**
***Duty of the Jury to Find Facts and Follow Law***

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.01 (1998)).

2

**INSTRUCTION NO. 1.3**
*Presumption of Innocence and Burden of Proof*

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Peter Davis, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Davis is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Davis. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Mr. Davis has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Davis's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you

3

are satisfied beyond a reasonable doubt of Mr. Davis's guilt of a particular crime, you

should vote to convict him/her.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.02 (1998))

# INSTRUCTION NO. 1.4

### *Credibility of Witnesses*

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness.  You must decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying, their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.06 (1998)).

**INSTRUCTION NO. 1.5**
*Unindicted Co-Conspirator as Government Witness*

In this case, there has been testimony from government witnesses—Lisa Asselin,

Ray Descoteau, David Faust, and George Williamson—who are named by the

prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and

scrutinize it with great care.  You should consider whether they have an interest in the

case and whether they have a motive to testify falsely.  In other words, ask yourselves

whether they have a stake in the outcome of the trial.  As I have indicated, their testimony

may be accepted by you if you believe it to be true and it is up to you, the jury, to decide

what weight, if any, to give the testimony of these unindicted co-conspirators.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-7
(2002)).

## INSTRUCTION 1.6
### *Testimony of Cooperating Witnesses*

In this case, there has been testimony from government witnesses—Joseph Asselin, Nicholas Katsounakis, and Francis Maroney—who pled guilty after entering into an agreement with the government to testify.  There is evidence that the government agreed to dismiss some charges against these witnesses and agreed not to prosecute them on other charges in exchange for their agreements to plead guilty and testify at this trial against Mr. Davis.  The government also promised to bring the witnesses' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine this testimony with caution and weigh it with great care.  If, after scrutinizing this testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-9 (2002)).

7

**INSTRUCTION NO. 1.7**
***Statutory Immunity of Government Witness***

You have heard the testimony of witnesses—Gary Baribeau and Peter Kratimenos—who have testified under a grant of immunity from this court. What this means is that the testimony of the witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the own witness's interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-9 (2002)).

8

## INSTRUCTION 1.8
### *Informal Immunity of Government Witness*

You have heard the testimony of a witness—Frank Ware—who has been promised that [TBA].  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as  witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the own witness's interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-9 (2002)).

LIBA/1732374.1

**INSTRUCTION NO. 1.9**
*Government Witness-Not Proper to Consider Guilty Plea*

You have heard the testimony from a government witness who pled guilty to charges arising out of the investigation that led to the charges against Mr. Davis. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-10 (2002)).

10

**INSTRUCTION NO. 1.10**
*Law Enforcement Witnesses*

You have heard the testimony of at least one law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-16 (2002)).

11

## INSTRUCTION NO. 1.11
### *Evidence*

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may

consider both direct and circumstantial evidence. The law permits you to give equal

weight to both, but it is for you to decide how much weight to give to any evidence.


(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 1.06 (1998)).

13

**INSTRUCTION NO. 1.12**
***Impermissible to Infer Participation From Association***

You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.


(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 6-4 (2002)).

14

**INSTRUCTION NO. 1.13**
*Inference Defined*

During the trial you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established fact, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculations. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 6-1 (2002)).

15

**INSTRUCTION NO. 2.0**
*Substantive Counts*


The defendant is charged with two conspiracy counts:  one count of conspiracy to commit racketeering and one count of conspiracy to commit bribery of a public official.  I will first describe to you what the government must prove in order to establish a conspiracy to commit racketeering.  I will then describe to you what the government must prove in order to establish a conspiracy to commit bribery of a public official.

(Adapted from 18 U.S.C. §§ 201, 371, and 1962).

16

**INSTRUCTION NO. 2.1**
***Description of RICO conspiracy charge***


The indictment charges the defendant with conspiracy to violate the Racketeer

Influenced and Corrupt Organizations Act.  This means that the defendant has been

charged with conspiracy to conduct or participate in the affairs of an enterprise through a

pattern of racketeering activity.  The indictment reads:

[Read Indictment]


The relevant statute, 18 U.S.C. § 1962(d), provides:

It shall be unlawful for any person to conspire to violate
any of the provisions of subsection (a), (b), or (c) of this
section.


(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-26
(2002)).

17

## INSTRUCTION NO. 2.2
### *Elements of the Offense*

In order to establish the crime of conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, you must be convinced that the government has sustained its burden of proving each of the following essential elements beyond a reasonable doubt with respect to the defendant:

First, that an agreement existed between two or more persons to conduct or participate in the affairs of the SHA through a pattern of racketeering activity;

Second, that the SHA was an enterprise whose activities affected interstate commerce;

Third, that the defendant deliberately joined or became a member of the conspiracy or agreement knowing its purpose and with the intent to further the illegal purpose; and

Fourth, that the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment as part of a pattern of racketeering activity.

(Adapted from 2B O'Malley, *et al.*, Federal Jury Practice and Instructions, § 56.11 (2000); Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962(d); Eleventh Circuit Criminal Pattern Jury Instruction 61.2).

**INSTRUCTION NO. 2.3**
*Existence of Agreement*

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment, namely, to conduct or participate in, directly or indirectly, the conduct of the affairs of the Springfield Housing Authority through a pattern of racketeering activity.

A conspiracy is an agreement to accomplish an unlawful objective, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.


(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

19

**INSTRUCTION NO. 2.4**
*Enterprise Affecting Interstate Commerce*

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit racketeering is that the SHA is an enterprise that engaged in or had an effect upon interstate (or foreign) commerce.

An enterprise includes any legal entity, such as a partnership, corporation, or association, and some other entities as I shall define them for you. If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

Interstate commerce includes the movement of goods, services, money and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

(Adapted from Tenth Circuit Criminal Pattern Jury Instructions, Instruction No. 2.74.3, 2.74.4 (2005); 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-29, 30 (2002)).

20

## INSTRUCTION NO. 2.5
### *Membership in the Conspiracy*

The fourth element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit racketeering is that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the government must show that the defendant agreed to conduct or participate in, directly or indirectly, the affairs of the SHA through a pattern of racketeering activity.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Davis can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Intent may be inferred from the surrounding circumstances.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his or her own acts or statements.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-32, 19-6 (2002); First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

LIBA/1732374.1

**INSTRUCTION 2.6**
*Pattern of Racketeering Activity*

In order to find Mr. Davis guilty of conspiracy to commit racketeering, you must find that the government has proved beyond a reasonable doubt that Davis agreed to the commission of a pattern of racketeering activity. To prove a pattern of racketeering activity, the government must prove that the agreed-upon racketeering acts are related to each other and amount to or pose a threat of continued criminal activity. It is not sufficient for the government to prove only that there was an agreement to commit two or more racketeering acts. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

The first factor you must consider in determining whether the agreed-upon racketeering acts constitute a "pattern" is relatedness. To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.[1]

The second factor you must consider in determining whether the agreed-upon racketeering acts constitute a "pattern" is continuity. To establish a pattern, the government must show that the related racketeering acts "amount to or pose a threat of continued criminal activity." "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of a repetition." Closed-ended continuity exists when the government proves "a series of related [racketeering acts] extending over

---

[1]     Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-23 (2002).

23

a substantial period of time. [Racketeering] acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement…." Open-ended continuity exists when the government proves that the contemplated racketeering acts "themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit."[2] Here, to prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that (1) the acts are a regular way of conducting the defendant's ongoing legitimate business or (2) the acts are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.[3]

In determining whether the government has proved continuity, you may consider whether the agreed-upon racketeering acts, whatever their number, constituted a single criminal episode. A single criminal episode is narrow in scope and purpose. It involves behavior technically amounting to several crimes that, taken together, represent a single effort to achieve one goal. A single criminal episode over a finite period of time does not constitute a pattern of racketeering activity.[4]

---

[2]    *H.J. Inc. v. Northwestern Tel. Co.*, 492 U.S. 229, 239, 241, 242 (1989).

[3]    Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-23 (2002).

[4]    *See, e.g., Giuliano v. Fulton*, 399 F.3d 381, 387-88, 390-91 (1st Cir. 2005); *United States v. Connolly*, 341 F.3d 16, 30 (1st Cir. 2003); *Efron v. Embassy Suites (P.R.), Inc.*, 223 F.3d 12, 19 (1st Cir. 2000); *Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A.*, 94 F.3d 721, 731-32 (1st Cir. 1996); *Apparel Art Int'l v. Jacobson*, 967 F.2d 720, 722-23 (1st Cir. 1992).

**INSTRUCTION NO. 2.7**
*Intent to Commit Racketeering*

I instructed you that in order to find Mr. Davis guilty of conspiracy to commit racketeering, the government must prove beyond a reasonable doubt that Mr. Davis had both the intent to agree to join the conspiracy and the intent that the underlying crime of conducting or participating in the conduct of an enterprise through a pattern of racketeering activity be committed.

The elements of conducting or participating in the conduct of an enterprise through a pattern of racketeering activity are:

First, that the SHA was an enterprise whose activities affected interstate commerce;

Second, that the defendant was associated with or employed by the SHA;

Third, that the defendant engaged in a pattern of racketeering activity; and

Fourth, that the defendant conducted or participated in the conduct of the enterprise through a pattern of racketeering activity.

While the government is not required to prove that the defendant himself violated § 1962(c), it is required to prove beyond a reasonable doubt that his intent in joining the conspiracy was that § 1962(c) be violated.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-19 (2002)).

LIBA/1732374.1

**INSTRUCTION NO. 3.0**
***Description of Count 3***

The indictment charges Mr. Davis with having been a member of a conspiracy to commit a federal crime, the crime of bribery of a public official.    The indictment reads:

[Read Indictment]

The relevant statute, 18 U.S.C. § 201, provides in relevant part:

> Whoever, directly or indirectly, corruptly gives, offers, or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or person who has been selected to be a public official to give anything of value to another person or entity, with intent—
>
> (1) to influence any official act;
>
> [shall be guilty of a crime].

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 16-1 (2002)).)

26

## INSTRUCTION NO. 3.2
### *Elements of the Offense*

Mr. Davis is accused of conspiring to commit a federal crime—specifically the crime of bribery of a public official.  It is against federal law to conspire with someone to commit this crime.

For you to find Mr. Davis guilty of conspiracy to commit bribery of a public official, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime of bribery of a public official;

Second, that Mr. Davis willfully joined in that agreement; and

Third, that one of the members of the conspiracy knowingly committed an overt act in an effort to further the purpose of the conspiracy.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

**INSTRUCTION NO. 3.3**
*Existence of Agreement*

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that two or more persons entered the unlawful agreement specified in the indictment.

A conspiracy is an agreement to accomplish an unlawful objective, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

**INSTRUCTION NO. 3.4**
*Membership in the Conspiracy*

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that Mr. Davis willfully entered into the conspiracy knowing its purpose and with the intent to further the illegal purpose. I have previously explained to you what it means to act "willfully."

Proof that Mr. Davis willfully joined the conspiracy must be based upon evidence of his own words or actions. You need not find that Mr. Davis agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Davis was not part of the conspiracy at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the conspiracy. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

LIBA/1732374.1

**INSTRUCTION NO. 3.5**
***Commission of an Overt Act***

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Davis personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

LIBA/1732374.1

**INSTRUCTION NO. 3.6**
*Intent to Commit Bribery*

I instructed you that in order to find Mr. Davis guilty of conspiracy to commit bribery of a public official, the government must prove beyond a reasonable doubt that Mr. Davis had both the intent to agree to join the conspiracy and the intent that the underlying crime of bribery of a public official be committed.

You have heard the term "kickback" used during this trial. The government has referred to "kickbacks," and witnesses have referred to "kickbacks." "Kickback" is an informal term, not a legal term. Mr. Davis has been charged with conspiring to give bribes. You should not assume that a "kickback," as that term has been used during this trial, is or is not the same thing as a bribe. You should simply put the term out of your minds and focus on the law of bribery, as to which I will instruct you.

To prove that Mr. Davis conspired to bribe a public official as alleged in the indictment, the government must prove the following three essential elements beyond a reasonable doubt:

*One*, that Mr. Davis agreed to give, offer, or promise something of value as described in the indictment to a public official, or agreed to offer or promise a public official to give something of value as described in the indictment to any other person or entity;

*Two*, that Raymond Asselin, Sr. and Arthur Sotirion were, at that time, officials of the United States or were acting on behalf of the United States; and

*Three*, that Mr. Davis agreed to give, offer, or promise corruptly with the intent to influence an official act.[1]

---

[1]     Adapted from 2 O'Malley, *et al.*, Federal Jury Practice and Instructions § 27.03.

31

The term "public official" means an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, in any official function, under or by authority of any such department, agency, or branch of government.[2]  To be considered a public official, it is not necessary that the person be an employee of the United States Government.  An employee of state or local government, or even a person employed in the private sector, may qualify as a public official if that person possesses some degree of official responsibility for carrying out a federal policy or program.[3]

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity, or in such official's place of trust or profit.[4]

To prove that Mr. Davis agreed to commit bribery, the government must prove that the alleged gift, offer, or promise of a thing of value was to be given with the intent to effect "a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."  A thing of value given, offered, or promised merely for or because of an official's ability to favor the donor in executing the functions of his office public, to buy favor or generalized goodwill, or to thank or reward a public official is not a bribe.  Rather, to be a bribe, the thing of value must be offered, promised, or given with the intent to influence a particular official act—in other words, to receive something specific (in the form of a particular official act) in exchange for the gift.  The government

---

[2]    18 U.S.C. § 201(a)(1) (relevant excerpt).

[3]    1 L. Sand, *et al.*, Modern Federal Jury Instructions—Criminal, Instruction 16-5.

[4]    18 U.S.C. § 201(a)(3).

LIBA/1732374.1

must identify and prove the particular official act the thing of value was intended to influence.[5]

"Bribery is entirely future-oriented….  In other words, … bribery involves the present giving, promise, or demand of something in return for some action in the future…."[6]  Nevertheless, the timing of a gift or payment does not alone determine whether that gift or payment is a bribe because the government may prove that a gift or payment made after the performance of an official act was made pursuant to a pre-existing offer or promise—that is, an offer or promise that preceded the official act.[7]  The question for you to decide is whether the gift or payment was intended to influence that official act.  Thus, if you find that Mr. Davis agreed to give, offer, or promise something of value to a public official as "merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken," this is insufficient to find the requisite intent to commit bribery.[8]

---

[5]    *United States v. Sun Diamond Growers of Cal.*, 526 U.S. 398, 404-406 (1999).

[6]    *United States v. Schaffer*, 183 F.3d 833, 841-42 (D.C. Cir. 1999); *accord United States v. Mariano*, 983 F.2d 1150, 1159 (1st Cir. 1993).

[7]    *See United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998); *United States v. Griffin*, 154 F.3d 762, 764 (8th Cir. 1998); *United States v. Campbell*, 684 F.2d 141, 148 (D.C. Cir. 1982).

[8]    *Sun-Diamond*, 526 U.S. at 404.

**INSTRUCTION NO. 4.0**
***Statute of Limitations***

One issue you will need to decide in this case is whether the prosecution of Mr.

Davis began within the statute of limitations period.  "The purpose of a statute of

limitations is to limit exposure to criminal prosecution to a certain fixed period of time

following the occurrence of those acts the legislature has decided to punish by criminal

sanctions.  Such a limitation is designed to protect individuals from having to defend

themselves against charges when the basic facts may have become obscured by the

passage of time and to minimize the danger of official punishment because of acts in the

far-distant past."[1]  In this case, the statute of limitations for the two crimes charged

against Mr. Davis is five years.  I instruct you that the indictment in this case was

returned on July 9, 2004.  As such, the government is required to prove, beyond a

reasonable doubt, that any conspiracy that Mr. Davis joined – as defined by the scope of

the specific agreement Mr. Davis may have had with individuals the government has

proven beyond a reasonable doubt were his co-conspirators – was in existence on July 9,

1999, five years prior to the date he was indicted.[2]

---

[1]    *Toussie v. United States*, 397 U.S. 112, 114-15 (1970).

[2]    Adapted from *United States v. Juodakis*, 834 F.2d 1099, 1105 (1st Cir. 1987)).

## INSTRUCTION NO. 4.1
### *Withdrawal*

Mr. Davis has raised the defense that he withdrew from the conspiracy prior to the statute of limitations period.  Thus, if you find that the agreement Mr. Davis joined was in fact in existence as of July 9, 1999, you must find him not guilty unless the government has proven beyond a reasonable doubt that he remained a member of that conspiracy after July 9, 1999 and did not withdraw from it.[1]

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it.  One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts.  You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.[2]

Mere cessation of activity in furtherance of the conspiracy, in and of itself, does not constitute withdrawal.[3]

In this regard, you are reminded that the burden remains on the government to prove, beyond a reasonable doubt, that Mr. Davis did not withdraw from the conspiracy.

---

[1]     1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 19-10 (2002); *see also United States v. Piva*, 870 F.2d 753 (1st Cir. 1989); *United States v. Read*, 658 F.2d 1225 (7th Cir. 1980)).

[2]     Ninth Circuit Model Criminal Jury Instructions, Instruction 8.19 (2003); *see also United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65 (1978) ("Affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators have generally been regarded as sufficient to establish withdrawal or abandonment.").

[3]     *United States v. David*, 940 F.2d 722, 739 (1st Cir. 1991).

LIBA/1732374.1

**INSTRUCTION NO. 4.1**
*Multiple Conspiracies*

[TBA]

## <u>CERTIFICATE OF SERVICE</u>

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 25, 2006.

<u> **/s/ James C. Rehnquist**            </u>
James C. Rehnquist

37