UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

### DEFENDANT PETER DAVIS'S EMERGENCY MOTION TO ENFORCE SUBPOENA

Defendant Peter Davis hereby submits this Motion to Enforce Subpoena and requests an order compelling a non-party, the Springfield Housing Authority ("SHA"), to produce documents that are responsive to a subpoena issued by this Court but that have not been produced.

The SHA was first served with a subpoena on September 13, 2006, that requested, *inter alia*, "[a]ll correspondence between the SHA (including, but not limited to, counsel for the SHA) and the United States Attorney's Office, the Federal Bureau of Investigation, or any other law enforcement agency regarding P.J. Richfield, Inc., Peter Davis, or any of the facts alleged in *United States v. Asselin, et al.*, Crim. No. 04-30033-MAP." *See* Declaration of Kathleen Luz, dated September 28, 2006 ("Luz Decl."), at ¶ 2 (attached hereto as Exhibit A). After service of the subpoena, Kathleen Luz, attorney for Mr. Davis, began communicating with Priscilla Chesky, outside counsel for the SHA, about the SHA's response to the subpoena. *Id.* ¶ 3. In Ms. Luz's discussions with Ms. Chesky, Ms. Chesky indicated that she was in the process of gathering documents relating to the SHA's internal investigation, including interview memoranda of various SHA employees and summary reports, for production in response to the subpoena. *Id.* ¶ 5.

During the week of September 18th, counsel for Mr. Davis made repeated inquiries about the timing of the production of these documents, and specifically the witness interview memoranda and summary reports. *Id.* ¶ 5. On Thursday, September 21, for the first time counsel for the SHA contended that such documents were not within the scope of the original subpoena, and that another subpoena would be required before they could be produced. *Id.* ¶ 6. In response, the following day counsel for Ms. Davis faxed Ms. Chesky[1] a new subpoena specifically requesting "[a]ll documents (including, but not limited to, documents created by or received by counsel for the SHA) regarding any internal or external investigation of the Springfield Housing Authority, including but not limited to memoranda reflecting witness interviews, notes of such interviews, and any reports, summaries, or findings concerning such investigations." *Id.* ¶ 7.

During the week of September 25, 2006, counsel for Mr. Davis called Ms. Chesky numerous times inquiring as to the status of the SHA's response; Ms. Chesky did not return these phone calls. *Id.* ¶ 8. Finally, on September 28, 2006, Ms. Chesky faxed a letter to counsel for Mr. Davis stating, for the first time, that there were several legal issues to resolve prior to responding to the subpoena, including "the attorney/client privilege issue," and that the SHA would not be able to respond at least until after October 2, 2006.[2] See Exhibit 1 to Luz Declaration.

---

[1] Ms. Chesky agreed to accept service of process for the SHA subpoena.

[2] Ms. Chesky's letter also stated: "I also wish to point out that you may be able to locate most or all of what you have requested in the U.S. Attorney's office, as these are all documents that were subpoenad earlier in this case." The defendant first attempted to obtain these materials from the government, since the government had previously indicated that the SHA had produced its internal investigation file to the government. However, the files that defendant received from the government did not contain any witness interview memoranda or summary reports. *Id.* ¶ 10. Accordingly, counsel for Mr. Davis sought such materials via a subpoena served on the SHA.

The SHA's claim of attorney-client privilege is disingenuous at best. Given counsel for SHA's admission that such documents were already provided to the U.S. Attorney's office in response to an earlier subpoena, it is obvious that no attorney-client privilege issues would prevent counsel from providing such documents to the defendant. Moreover, because the government is half way through its case, the defendant's need for such documents is paramount. Accordingly, the Court should order the SHA to produce all responsive documents immediately.

Respectfully submitted,

PETER DAVIS

By his attorneys,

/s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: September 28, 2006

## CERTIFICATE OF SERVICE

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 28, 2006.

/s/ James C. Rehnquist
James C. Rehnquist