UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 04-30033-MAP |
| RAYMOND ASSELIN, SR., et al. | |
| Defendants. | |

**DECLARATION OF KATHLEEN LUZ**

I, Kathleen Luz, do depose and say under the penalties of perjury:

1.      I am an attorney admitted to practice in the Commonwealth of Massachusetts.  I am an attorney at the Boston, Massachusetts law firm of Goodwin Procter LLP, counsel for the defendant Peter Davis in this matter.  I make this Declaration in support of Defendant Peter Davis's Emergency Motion to Enforce Subpoena.

2.      On September 13, 2006, a subpoena was served on the SHA requesting, *inter alia*, "[a]ll correspondence between the SHA (including, but not limited to, counsel for the SHA) and the United States Attorney's Office, the Federal Bureau of Investigation, or any other law enforcement agency regarding P.J. Richfield, Inc., Peter Davis, or any of the facts alleged in *United States v. Asselin, et al.*, Crim. No. 04-30033-MAP."

3.      After the subpoena was served, I began communicating with outside counsel for the SHA about the SHA response to the subpoena.

4.      In discussions with SHA counsel, it was represented to me that counsel was gathering documents relating to the SHA internal investigation, including witness interview

1

memoranda and summary reports completed in conjunction with that investigation, in response to the subpoena.

5.    During the week of September 18th, counsel for Mr. Davis made repeated inquiries about the timing of the production of these documents, and specifically the witness interview memoranda and summary reports.

6.    On Thursday September 21, for the first time counsel for SHA stated that in her view the investigation-related documents, including the interview memoranda and summary reports, were not within the scope of the original subpoena, and that another subpoena would be required before they could be produced.

7.    On Friday, September 22, counsel for Mr. Davis faxed counsel for SHA a new subpoena specifically requesting "[a]ll documents (including, but not limited to, documents created by or received by counsel for the SHA) regarding any internal or external investigation of the Springfield Housing Authority, including but not limited to memoranda reflecting witness interviews, notes of such interviews, and any reports, summaries, or findings concerning such investigations."

8.    Counsel for Mr. Davis called counsel for SHA numerous times in the several days following the fax of the subpoena inquiring as to when the SHA was going to respond; counsel for the SHA did not return any of these phone calls.

9.    On September 28, 2006, counsel for SHA faxed a letter to counsel for Mr. Davis stating that there were several legal issues that needed to be resolved prior to responding to the subpoena, including "the attorney/client privilege issue," and that the SHA would not be able to respond at least until after October 2, 2006.  The letter is attached as Exhibit 1.  The letter also states: "I also wish to point out that you may be able to locate most or all of what you have

requested in the U.S. Attorney's office, as these are all documents that were subpoenad earlier in this case."

10.    Counsel for Mr. Davis asked Assistant United States Attorney Steven Breslow whether the government had any documents relating to the SHA's internal investigation. Mr. Breslow responded that the government did have some such documents, and permitted counsel for Mr. Davis to copy these documents on September 14, 2006. These documents did not contain any witness interview memoranda or summary reports.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 28th day of September, 2006.

                    **/s/ Kathleen Luz**
                    Kathleen Luz

LIBA/1733902.1