UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND ASSELIN, SR., et al.<br><br>Defendants. | Criminal No. 04-30033-MAP |

### DEFENDANT PETER DAVIS'S *MOTION IN LIMINE* TO EXCLUDE STATEMENTS OF CONCEALMENT

Defendant Peter Davis hereby moves *in limine* to exclude evidence of post-conspiracy statements and acts of concealment.

This issue originally arose in the context of Mr. Baribeau's testimony regarding Mr. Sotirion's direction to him to provide false testimony before the grand jury. Mr. Davis expects that this issue will arise again, as the government intends to offer through Lisa Asselin tape recorded conversations of the Asselin family, and Mr. Asselin, Sr.'s children specifically, in which they discuss, *inter alia*, potential efforts to conceal their allegedly unlawful behavior. These statements were made in 2002 and 2003, after the speakers were aware that the government investigation had begun, and after the allegedly unlawful conspiratorial behavior had ceased.

Because the government is offering these hearsay statements under Fed. R. Evid. 801(d)(2)(E), prior to their admission the burden is on the government to demonstrate by a preponderance of the evidence that i) a conspiracy exists, and ii) that the statements are in furtherance of the conspiracy. *United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977).

1

The Supreme Court has held that statements made in an effort to conceal past criminal behavior and prevent detection are not in furtherance of the conspiracy and therefore not admissible under the statements of a co-conspirator exception. *Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949); *Grunewald v. United States*, 353 U.S. 391, 404 (1957). In *United States v. Twitty*, the First Circuit held that actions taken in an effort to conceal a crime can only be deemed in furtherance of the conspiracy "if the proof shows 'an express original agreement among the conspirators to continue to act in concert in order to cover up' their crime." 72 F.3d 228, 233 (1st Cir. 1995) (citing *Grunewald*, 353 U.S. at 404).[1] The *Twitty* Court noted that the "ordinary conspiracy rules" do not apply in assessing whether acts and statements made to conceal a conspiracy are in furtherance of that conspiracy, and that the *Grunewald/Krulewitch* line of cases "laid down special requirements of proof" with respect to such acts and statements, requiring a showing that the ***original*** agreement included an express agreement to conceal. *Id.*

Given the case law, before these statements made in an effort to conceal past criminal conduct can be admitted against Mr. Davis, the burden is on the government to demonstrate by a preponderance of the evidence that Mr. Davis's original conspiratorial agreement included an express agreement to conceal the allegedly unlawful conduct. There has been no evidence yet of such an agreement, nevertheless evidence sufficient to meet the preponderance standard.[2] While the Court is permitted to admit statements provisionally, subject to its *Petrozziello* determination

---

[1] While *Twitty* itself dealt with whether actions and statements in an effort to conceal the conspiracy were "in furtherance of" that conspiracy in determining the time frame of the conspiracy for sentencing purposes, the Supreme Court in *Grunewald* made clear that the analysis for whether concealing statements are in furtherance of the conspiracy for evidentiary purposes is identical to the analysis of whether concealing actions are in furtherance of the conspiracy for other purposes. *Grunewald*, 353 U.S. at 399-401 (applying *Krulewitch* co-conspirator statement analysis to whether concealing actions prolonged the life of the conspiracy for statute of limitations purposes).

[2] As *Twitty* notes, that the Indictment "*allege[s]*" that the RICO conspiracy included obstruction of justice, or that the conspiracy continued up to April 2003, is immaterial to whether the government can meet its preponderance of the evidence burden. *Id.* at 233. What is relevant is the evidence, not the allegations. *Id.*

at the close of all evidence, *United States v. Capleton*, 350 F.3d 231, 241 (1st Cir. 2003), there are several reasons why the Court should not follow that route in this particular context.  First, these statements are likely to be highly prejudicial, and if the Court determines that they are ultimately not in furtherance of the conspiracy, it will be very difficult, even with a limiting instruction, for the jury to disregard them.  Second, given the "special requirements of proof" the government will have to meet in order for these statements to be admissible, the likelihood they will be able to meet that burden is very low.  This combination of factors strongly suggests that the prudent course would be to require the government to meet its evidentiary burden prior to the admission of these statements under Rule 801(d)(2)(E).  Given the lack of evidence of an express original agreement to conceal, it is plain that at this time the government cannot meet that burden.

## CONCLUSION

For the foregoing reasons, Mr. Davis respectfully requests that the Court grant his Motion *In Limine* to Exclude Statements of Concealment.

        Respectfully submitted,

        PETER DAVIS

        By his attorneys,

        **/s/ James C. Rehnquist**
        James C. Rehnquist (BBO # 552602)
        Kathleen Luz (BBO # 643278)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        (617) 570-1000

Dated:  October 2, 2006

4

## CERTIFICATE OF SERVICE

      I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on October 2, 2006.

                                       /s/ **James C. Rehnquist**
                                       James C. Rehnquist

LIBA/1734568.1