UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
    )
    )
    )
            v.              )    NO. 04-CR-30033-MAP
    )
RAYMOND ASSELIN, SR., ET AL., )
        Defendants.    )

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

      The United States of America, by Michael J. Sullivan,
United States Attorney for the District of Massachusetts, and
Steven H. Breslow and Kevin O'Regan, Assistant United States
Attorneys, submits the following proposed jury instructions for
consideration by the Court in the trial of the above-captioned
case.  The government requests leave to supplement, modify, or
withdraw these instructions as may become necessary.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:

                    STEVEN H. BRESLOW
                    Assistant U.S. Attorney

                    KEVIN O'REGAN
                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
         )
         )
         )
    v.     )  NO. 04-CR-30033-MAP
         )
RAYMOND ASSELIN, SR., ET AL., )
   Defendants.  )

<u>GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS</u>

   The United States of America, by Michael J. Sullivan,
United States Attorney for the District of Massachusetts, and
Steven H. Breslow and Kevin O'Regan, Assistant United States
Attorneys, submits the following proposed jury instructions for
consideration by the Court in the trial of the above-captioned
case.  The government requests leave to supplement, modify, or
withdraw these instructions as may become necessary.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        By:

        _____

        STEVEN H. BRESLOW
        Assistant U.S. Attorney

        _____

        KEVIN O'REGAN
        Assistant U.S. Attorney

<u>Certificate of Service</u>

I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that a copy of this document was delivered, by ECF, to counsel of record for the defendant, this 4th day of October, 2006.

_____
STEVEN H. BRESLOW
Assistant U.S. Attorney

## Table of Contents

| Instruction Number | Title | Page |
|---|---|---|
| 1 | Role and Duty of the Jury . . . . . . . . . . . | 1 |
| 2 | The Government As a Party . . . . . . . . . . | 3 |
| 3 | Consider Only the Charges . . . . . . . . . . | 4 |
| 4 | Presumption of Innocence; Proof Beyond a Reasonable Doubt . . . . . . . . . | 5 |
| 5 | Knowingly . . . . . . . . . . . . . . . . . | 7 |
| 6 | Consciousness of Guilt from False Exculpatory Statement . . . . . . . . . . . | 9 |
| 7 | Willfully . . . . . . . . . . . . . . . . . . | 10 |
| 8 | Credibility of Witnesses . . . . . . . . . . . | 11 |
| 9 | Credibility of Witnesses - Inconsistencies . . | 12 |
| 10 | Preparation of Witnesses . . . . . . . . . . | 13 |
| 11 | Credibility of Defendant as a Witness . . . . | 14 |
| 12 | Interest in Outcome . . . . . . . . . . . . . | 15 |
| 13 | Sympathy . . . . . . . . . . . . . . . . . . | 16 |
| 14 | Specific Investigation Techniques Not Required. | 17 |
| 15 | Variance - Dates . . . . . . . . . . . . . . | 19 |
| 16 | Direct and Circumstantial Evidence . . . . . . | 20 |
| 17 | What is Evidence: Inferences . . . . . . . . | 21 |
| 18 | Motive . . . . . . . . . . . . . . . . . . . | 22 |
| 19 | Questions . . . . . . . . . . . . . . . . . | 23 |
| 20 | Stipulations . . . . . . . . . . . . . . . . | 24 |

iii

21      Punishment . . . . . . . . . . . . . . . . .   25

22      Accomplices Called by the Government . . . . .   26

23      Statements by Defendant  . . . . . . . . . .   28

24      Reaching Agreement . . . . . . . . . . . . .   29

25      Use of Recordings and Transcripts  . . . . . .   31

26      Consensual Recordings  . . . . . . . . . . .   32

27      Charts and Summaries . . . . . . . . . . . .   33

28      Conspiracy, 18 U.S.C. § 371  . . . . . . . . .   34

29      Bribery, 18 U.S.C. § 201(b)(1)(A)  . . . . . .   37

30      RICO - Overview of Statute
        18 U.S.C. § 1962(d)  . . . . . . . . . . . .   39

31      Element of the Offense, 18 U.S.C. § 1962(d)  .   41

32      RICO - 18 U.S.C. § 1962(c) - Elements  . . . .   42

33      Enterprise - Defined . . . . . . . . . . . .   43

34      Effect on Interstate Commerce - Defined  . . .   45

35      Association with RICO Enterprise . . . . . . .   46

36      Membership in the Conspiracy . . . . . . . .   47

37      Conduct and Participation in RICO Enterprise .   49

38      Pattern of Racketeering Activity . . . . . . .   50

39      Unanimity on Racketeering Acts . . . . . . . .   51

Instruction No. 1

Role and Duty of the Jury

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it--and the exhibits that were received in evidence.

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as

1

I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.[1]

---

[1] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-3 (2005); <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.01 (2005).

Instruction No. 2

The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[2]

---

[2] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 2.01, Instruction No. 2-5 (2005).

3

Instruction No. 3

Consider Only the Charges

The defendant is not charged with committing any crimes other than the offenses contained in the Indictment.  You have heard evidence of other acts allegedly committed by the defendant.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Indictment.[3]

---

[3] 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 3.01, Instruction No. 3-3 (2005).

4

Instruction No. 4

Presumption of Innocence; Proof Beyond A Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish

5

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.[4]

---

[4] _Pattern Criminal Jury Instructions for the District Courts of the First Circuit_, Instruction No. 3.02 (2005).

6

Instruction No. 5

Knowingly

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In deciding whether defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact, and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in

7

failing to learn the fact is not sufficient.  There must be a

deliberate effort to remain ignorant of the fact.[5]

---

[5] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 3A.01, Instruction Nos. 3A-1 and 3A-2 (2005).  <u>See</u> <u>United States v. Pitrone</u>, 115 F.3d 1 (1st Cir. 1997); <u>United States v. Tracy</u>, 36 F.3d 187 (1st Cir. 1994); and <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.14 (2005).

Instruction No. 6

Consciousness of Guilt from False
Exculpatory Statement

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that this conduct was consistent with innocence and not with guilt.  The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements show that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[6]

---

[6] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 6.05, Instruction No. 6-11 (2005).  See also, United States v. Dziurgot, 664 F.2d 6 (1st Cir. 1981).

9

## Instruction No. 7

### Willfully

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted willfully.  "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.[7]

---

[7] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3A.01, Instruction No. 3A-3 (2005); Ratzlaf v. United States, 510 U.S. 135 (1994); United States v. Pomponio, 429 U.S. 10 (1976); United States v. Smith, 278 F.3d 33 (1st Cir. 2002); United States v. Hurley, 63 F.3d 1 (1st Cir. 1995).

10

Instruction No. 8

Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[8]

---

[8]  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 1.06 (2005); derived from Eighth Circuit Instruction No. 1.05 and Ninth Circuit Instruction No. 1.07.

Instruction No. 9

Credibility of Witnesses - Inconsistencies

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.[9]

---

[9]  Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions: Criminal, § 15.01 (5th ed. 2000).

12

Instruction No. 10

Preparation of Witnesses

Some mention has been made of the preparation of witnesses to testify by the Assistant United States Attorneys.  There is nothing wrong with a lawyer preparing a witness to testify.  As a matter of fact, if the lawyers did not do some preparation, this case would be much longer than it has been.  It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.  You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony.  You may also consider whether any such meeting did, in fact, influence the testimony of the witness.[10]

---

[10]   Adapted from Judge McNaught's charge in United States v. Ronna, Cr. No. 81-13-Mc.  See also, Judge Zobel's charge in United States v. Kepreos, Cr. No. 83-12-Z.

13

<u>Instruction No. 11</u>

<u>Credibility of Defendant as a Witness</u>
<u>(Requested only if the defendant testifies)</u>

A defendant cannot be compelled to take the witness stand and testify.  Whether or not a defendant testifies is a matter of his own choosing.  If a defendant does choose to testify, he is a competent witness.  In that event, he is subject to cross-examination and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.[11]

---

[11] <u>United States v. Dwyer</u>, 843 F.2d 60, 62-63 (1st Cir. 1988).

14

Instruction No. 12

Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[12]

---

[12]  1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 7.01, Instruction No. 7-3 (2005).

15

Instruction No. 13

Sympathy

Under your oath as jurors you are not to be swayed by
sympathy.  You are to be guided solely by the evidence in this
case, and the crucial, hard-core question that you must ask
yourselves as you sift through the evidence is: Has the
government proven the guilt of the defendant beyond a reasonable
doubt?

It is for your alone to decide whether the government has
proven that the defendant is guilty of the crimes charged solely
on the basis of the evidence and subject to the law as I charge
you.  It must be clear to you that once you let fear or
prejudice, or bias or sympathy interfere with your thinking there
is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt,
you should not hesitate for any reason to find a verdict of
acquittal.  But on the other hand, if you should find that the
government has met its burden of proving a defendant's guilt
beyond a reasonable doubt, you should not hesitate because of
sympathy or any other reason to render a verdict of guilty.[13]

_____

[13]  1 L. Sand, et al, <u>Modern Federal Jury Instructions:
Criminal</u>, ¶ 2.01, Instruction No. 2-12 (2005).  <u>See also</u> <u>United
States v. Levy-Cordero</u>, 67 F.3d 1002, 1009 (1st Cir. 1995).

16

Instruction No. 14

Specific Investigation Techniques Not Required

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.[14]

---

[14]  1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 4.01, Instruction No. 4-4 (2005).

17

Instruction No. 15

Variance - Dates

While we are on the subject of the elements, I should draw
your attention to the fact that it does not matter if the
indictment charges that a specific act occurred on or about a
certain date, and the evidence indicates that, in fact, it was on
another date.  The law only requires a substantial similarity,
between the dates alleged in the indictment and the date
established by testimony or exhibits.[15]

---

[15] 1 L. Sand, et al, Modern Federal Jury Instructions:
Criminal, ¶ 3.01, Instruction No. 3-12 (2005); see United States
v. Morris, 700 F.2d 427 (1st Cir. 1983).

Instruction No. 16

Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[16]

---

[16]  Pattern Criminal Jury Instruction for the District Courts of the First Circuit, Instruction No. 3.05 (2005).

19

Instruction No. 17

What is Evidence: Inferences

The evidence from which you are to decide what the facts are
consists of sworn testimony of witnesses, both on direct and
cross-examination, regardless of who called the witness; the
exhibits that have been received into evidence; and any facts to
which the lawyers have agreed or stipulated.  A stipulation means
simply that the government and the defendant accept the truth of
a particular proposition or fact.  Since there is no
disagreement, there is no need for evidence apart from the
stipulation.  You must accept the stipulation as fact to be given
whatever weight you choose.

Although you may consider only the evidence presented in the
case, you are not limited in considering that evidence to the
bald statements made by the witnesses or contained in the
documents.  In other words, you are not limited solely to what
you see and hear as the witnesses testify.  You are permitted to
draw from facts that you find to have been proven such reasonable
inferences as you believe are justified in the light of common
sense and personal experience.[17]

---

[17] Pattern Criminal Jury Instructions for the District
Courts of the First Circuit, Instruction No. 3.04 (2005).

20

Instruction No. 18

Motive

Motive is what prompts a person to act, or fail to act. The concept of motive is different than the concept of intent. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct. These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime. The government is never required to prove motive.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid determination of state of mind or the intent of the defendant.[18]

---

[18] Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, § 17.06 (5th ed. 2000).

21

Instruction No. 19

Questions

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

In short, questions are not evidence; answers are.[19]

---

[19] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 5.01, Instruction No. 5-3 (2005); United States v. Concemi, 957 F.2d 942 (1st Cir. 1992).

22

Instruction No. 20

Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given what weight you choose.[20]

---

[20] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.01 (2005).

23

## Instruction No. 21

### Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.[21]

---

[21] 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 9.01, Instruction No. 9-1 (2005); <u>Shannon v. United States</u>, 512 U.S. 573 (1994).

24

Instruction No. 22

Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime(s) charged in the indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

25

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.[22]

---

[22] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 7.01, Instruction No. 7-5 (2005).

26

Instruction No. 23

Statements by Defendant

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether defendant made the statements and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.[23]

---

[23] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.11 (2005).

27

Instruction No. 24

Reaching Agreement

Each of you must decide the case for yourself, but you
should do so only after considering all the evidence, discussing
it fully with the other jurors, and listening to the views of the
other jurors.

Do not be afraid to change your opinion if you think you are
wrong.  But do not come to a decision simply because other jurors
think it is right.

This case has taken time and effort to prepare and try.
There is no reason to think it could be better tried or that
another jury is better qualified to decide it.  It is important
therefore that you reach a verdict if you can do so
conscientiously.  If it looks at some point as if you may have
difficulty in reaching a unanimous verdict, and if the greater
number of you are agreed on a verdict, the jurors in both the
majority and the minority should reexamine their positions to see
whether they have given careful consideration and sufficient
weight to the evidence that has favorably impressed the jurors
who disagree with them.  You should not hesitate to reconsider
your views from time to time and to change them if you are
persuaded that this is appropriate.

It is important that you attempt to return a verdict, but,
of course, only if each of you can do so after having made your

28

own conscientious determination.   Do no surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.[24]

_____

[24] <u>Pattern Criminal Jury Instructions for the District
Courts of the First Circuit</u>, Instruction No. 6.03 (2005).

29

<u>Instruction No. 25</u>

<u>Use of Recordings and Transcripts</u>

You have heard conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I have allowed you to have a transcript to read along as the recording is played.  The transcript is merely to help you understand what is said on the recording.  If you believe at any point that the transcript says something different from what you hear on the recording, remember it is the recording that is evidence, not the transcript.  Any time there is a variation between the recording and transcript, you must be guided solely by what you hear on the recording and not by what you see in the transcript.[25]

---

[25] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.09 (2005).

30

Instruction No. 26

Consensual Recordings

The government has offered evidence in the form of
recordings of conversations.  These recordings were made without
the knowledge of some of the participants, but with the consent
and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly
lawful, and the government is entitled to use the recordings in
this case.[26]

---

[26] 1 L. Sand, et al, Modern Federal Jury Instructions:
Criminal, ¶ 5.04, Instruction No. 5-10 (2005).

31

Instruction No. 27

Charts and Summaries

The government has presented exhibits in the form of charts
and summaries.  These charts and summaries were either admitted
in place of the underlying documents or in addition to the
underlying documents that they represent.  These charts and
summaries were prepared in order to save you time and avoid
unnecessary inconvenience.  You should consider these charts and
summaries as you would any other evidence.[27]

_____

[27] Adapted from 1 L. Sand, et al, Modern Federal Jury
Instructions: Criminal, ¶ 5.05, Instruction No. 5-12 (2005) and
Fed. R. Evid. 1006.

32

Instruction No. 28

<u>Conspiracy - 18 U.S.C. § 371</u>

In Count Three, the defendant is accused of conspiring to commit a federal crimes -- specifically, the crime of federal bribery. It is against federal law to conspire with someone to commit this crime.

For you to find defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreement, existed between at least two people to commit federal bribery; and

<u>Second</u>, that defendant willfully joined in that agreement; and

<u>Third</u>, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of this conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed

33

common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crimes be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of their own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that they participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no

34

knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not hereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated.

In order to withdraw from a conspiracy, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy.  Typically, that requires either a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals.

Mere cessation of activity in furtherance of the conspiracy does not constitute withdrawal from a conspiracy.[28]

---

[28]Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 4.18.371(1) (2005).  See, United States v. Piper, 298 F.3d 47, 54 (1st Cir. 2002); United States v. Elwell, 984 F.2d 1289, 1293 (1st Cir. 1993); and United States v. Juodakis, 834 F.2d 1099, 1102 (1st Cir. 1987).

Instruction No. 29

Bribery – Elements of the Offense
(18 U.S.C. § 201(b)(1)(A))

In order to sustain is burden of proof for the crime of giving, offering, or promising a bribe to a public official as charged in the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The defendant gave, offered, or promised something of value as described in the indictment to Raymond Asselin, Sr. and Arthur Sotirion;

Two: Raymond Asselin, Sr. and Arthur Sotirion were, at that time, officials of the United States or were acting on behalf of the United States; and

Three: The defendant made the gift, offer, or promise corruptly with the intent to influence an official act.

The term "public official" means Member of Congress, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, in any official function, under or by authority of any such department, agency, or branch of government.

The term "public official" includes any employee of the United States government as well as any person who is performing work for or acting on behalf of the United States government.

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before

37

any public official, in such official's official capacity, or in such official's place of trust or profit.

The term "official act" includes the decisions or actions generally expected of the public official. These decisions or actions do no need to be specifically described in any law, rule, or job description to be considered to be an "official act."

An act is done "corruptly" under this bribery statute if it is performed voluntarily and deliberately and performed with the purpose of either accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result by any unlawful method or means.

The motive to act "corruptly" is ordinarily a hope or expectation of either financial gain or other benefit to one's self or some aid or profit to another.

The phrase "something of value" means any item, whether tangible or intangible, that the person giving or offering or the person demanding or receiving considers to be worth something.

The phrase "something of value" includes a sum of money, favorable treatment, a job, or special consideration.[29]

---

[29] 2 O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, §§ 27.03, 27.07-.10 (5th ed. 2000).

Instruction No. 30

RICO -- Overview of the Statute -- 18 U.S.C. § 1962(d)

Count 1 of the Indictment charges the defendant with

violating Title 18 of the United States Code, Section 1962(d).

Section 1962 is the Racketeer Influenced and Corrupt

Organizations Statute.  It is sometimes known as the "RICO"

statute and I may refer to it by that name in these instructions.

Subsection (d) is the conspiracy provision of the RICO statute.

It provides:

> It shall be unlawful for any person to conspire to
> violate any of the provisions of subsection ... (c) of
> this section.

Subsection (c) of the RICO statute which is referred to in this

conspiracy provision defines the conduct that constitutes what

the law refers to as a substantive violation of the RICO statute.

The term "substantive violation", as I use it in these

instructions, refers to an offense as defined by law, as

distinguished from a conspiracy or agreement to commit that

offense.

Subsection (c) of Section 1962 reads as follows:

> It shall be unlawful for any person employed by or
> associated with any enterprise engaged in, or the
> activities of which affect, interstate or foreign
> commerce, to conduct or participate, directly or
> indirectly, in the conduct of such enterprise's affairs
> through a pattern of racketeering activity.

39

Thus, the RICO conspiracy provision, subsection (d), makes it an

offense to conspire to violate this substantive provision.[30]

---

[30] Adapted from 18 U.S.C. §§ 1962(c), (d); United States v. Cincotti, et al., Crim. No. 84-293-K, Jury Charge of Honorable Robert E. Keeton (D. Mass. August 6, 1986); 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 52.04, Instruction No. 52-17, ¶ 52.05, No. 52-26 (2005).

Instruction No. 31

Elements of the Offense - 18 U.S.C. § 1962(d)

In order to sustain its burden of proof for the crime of
conspiring to participate in the affairs of an interstate
enterprise through a pattern of racketeering activity as charged
in the Count 2 of the indictment, the government must prove the
following three essential elements beyond a reasonable doubt:

One: A conspiracy or agreement, as detailed in the
indictment, existed between two or more persons to
participate in the affairs of an enterprise that
affected interstate commerce through a pattern of
racketeering activity;

Two: Defendant deliberately joined or became a
member of the conspiracy or agreement with knowledge of
its purpose; and

Three: Defendant agreed that someone, not
necessarily the defendant, would commit at least two of
the racketeering acts detailed in the indictment.[31]

---

[31]  2B O'Malley, Grenig, and Lee, Federal Jury Practice
Instructions: Criminal, § 56.11 (5th ed. 2000).  See, Salinas v.
United States, 522 U.S. 52, 61-66 (1997); United States v.
Cianci, 378 F.3d 71, 90 (1st Cir. 2004); and United States v.
Boylan, 898 F.2d 230, 241 (1st Cir. 1990).

41

Instruction No. 32

RICO - 18 U.S.C. § 1962(c) - Elements

The crime of participating in the affairs of an interstate enterprise through a pattern of racketeering activity has the following five essential elements:

One: an enterprise existed;

Two: the enterprise participated in or its activities affected interstate commerce;

Three: the defendant was employed by or was associated with the enterprise;

Four: the defendant conducted or participated in the conduct of the enterprise; and

Five: through a pattern of racketeering activity.[32]

---

[32] Adapted from 2B O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, § 56.03 (5th ed. 2000). See United States v. Marino, 277 F.3d 11, 33 (1st Cir. 2002); United States v. Shifman, 124 F.3d 31, 35 (1st Cir. 1997).

42

Instruction No. 33

Enterprise – Defined

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity.  A group or association of people can be an "enterprise" if these individuals have joined together for the purpose of engaging in a common course of conduct.  Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit.  Such an association of individuals may retain its status as an "enterprise" even though the membership of the association change by adding or losing individuals during the course of its existence.

Note that the enterprise element is different from the pattern of racketeering activity element, which I will define shortly.  While the proof to establish these elements may overlap, proof of one does not necessarily establish the other.  Rather, the enterprise must be an entity separate and apart from the pattern of racketeering activity.  If such an enterprise

43

existed, if makes no difference whether its purpose was

legitimate or criminal.[33]

---

[33] 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice Instructions: Criminal</u>, § 56.04 (5th ed. 2000).  <u>See</u>, <u>United States v. Turkette</u>, 452 U.S. 576, 585 (1981), <u>on remand</u>, 656 F.2d 5 (1st Cir. 1981).

## Instruction No. 34

### Effect on Interstate Commerce - Defined

Interstate commerce means trade, or business, or travel between the states.  The phrase "engaged in, or the activities of which affect, interstate . . . commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states.

It is not necessary for the government to show that the defendant knew that the enterprise would affect interstate commerce or to show that the defendant intended to affect interstate commerce.  All that is required is some effect on interstate commerce.[34]

---

[34] 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice Instructions: Criminal</u>, § 56.05 (5th ed. 2000).  <u>See also</u>, <u>United States v. Marino</u>, 277 F.3d 11, 34 (1st Cir. 2002).

45

Instruction No. 35

Association with RICO Enterprise

The government must prove that the defendant was associated with or employed by the enterprise.

A person is associated with an enterprise if he knowingly participates, directly or indirectly, in the conduct of the affairs of an enterprise.  One need not have an official position in the enterprise to be associated with it.  One need not formally align himself with an enterprise to associate with it. Association may be by means of an informal or loose relationship. To associate has its plain meaning.  "Associated" means to be joined, often in a loose relationship, as a partner, fellow worker, colleague, friend, companion, or ally.  Thus, although a person's role in the enterprise may be very minor, a person will still be associated with the enterprise if he knowingly joins with a group of individuals associated in fact who constitute the enterprise.[35]

---

[35] Adapted from 3 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 52.045, Instruction No. 52-22 (2005); and <u>United States v. Marino</u>, 277 F.3d 11, 33 (1st Cir. 2002).

46

Instruction No. 36

Membership in the Conspiracy

The government must prove beyond a reasonable doubt that the defendant knowingly and wilfully became a member of the conspiracy.  This means that in order to meet its burden of proof, the government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts.  The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts.  The government is not required to prove either that defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purpose of this count, the indictment alleges that the following racketeering acts were or were intended to be committed as part of the conspiracy. **[read from indictment**]

47

Again, the government must prove that two of these acts were, or
were intended to be, committed as part of the conspiracy,
although it need not prove that defendant committed or agreed to
commit any of these acts as long as the government proves that
defendant participated in some manner in the overall objective of
the conspiracy.[36]

---

[36] Adapted from 3 L. Sand, et al, <u>Modern Federal Jury
Instructions: Criminal</u>, ¶ 52.05, Instruction No. 52-32 (2005).
<u>See</u> <u>Salinas v. United States</u>, 522 U.S. 52 (1997); and <u>United
States v. Shifman</u>, 124 F.3d 31 (1st Cir. 1997).

Instruction No. 37

Conduct and Participation in RICO Enterprise

The government must prove beyond a reasonable doubt that the defendant conducted or participated in the conduct of the enterprise through a pattern of racketeering activity.

The terms "conduct" and "participation" in the conduct of the affairs of an enterprise include the performance of acts, functions or duties which are related to the operation of the enterprise.  The government must prove that the defendant had some part in the operation or management of the enterprise.  The government need not prove that the defendant exercised significant control over or within the enterprise.  An enterprise is "operated" not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management.[37]

---

[37] Adapted from 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 52.04, Instruction No. 52-25 (2005); and United States v. Marino, 277 F.3d 11, 34 (1st Cir. 2002).

49

Instruction No. 38

Pattern of Racketeering Activity

In order to establish a "pattern of racketeering activity" as alleged in Count 1 of the indictment, the government must prove beyond a reasonable doubt that:

One, at least two acts of racketeering, as detailed in the indictment, were committed within ten (10) years of each other;

Two, the racketeering acts had the same or similar purposes, results, participants, victim or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events;

Three, the racketeering acts themselves constitute a threat of continued activity. This treat of continued activity may be established when the evidence show that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be a regular way of conducted a defendant's ongoing legitimate business or enterprise.[38]

---

[38] 2B O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, § 56.07 (5th ed. 2000). See United States v. Marino, 277 F.3d 11, 27 (1st Cir. 2002).

50

Instruction No. 39

Unanimity on Racketeering Acts

It is not necessary for the government to establish that the defendant conspired to commit all of the acts of racketeering activity with which he is charged.  The government must prove that the defendant conspired to commit at least two acts of racketeering.  You must unanimously agreed as to which of the two or more acts of racketeering, if any, the defendant conspired to commit.[39]

---

[39] Adapted from 3 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 52.04, Instruction No. 52-24 (2005)

51