UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>vs. )<br>)<br>**RAYMOND ASSELIN, SR., et al.** )<br>)<br>                **Defendants.** ) | CRIM. NO. 04-30033-MAP |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow and Kevin O'Regan, Assistant United States Attorneys, hereby files the instant Supplemental Brief in Further Support of its Motion in Limine to Admit Certain Evidence.

The government respectfully submits there is no legal bar to admitting the testimony of Phillip Lee and William Needleman as well as the few documents that corroborate their testimony.

1. <u>Local Rule 117.1</u>

Local Rule 117.1 explicitly contemplates that <u>both</u> the government and the defense may call witnesses not previously listed on their witness lists, or offer exhibits not previously listed on their exhibit lists. Local Rule 117.1(A)(8) states in pertinent part:

> [A]t least seven (7) days before the trial date the government must:

1

> (a) Provide the defendant with the names and addresses of the witnesses the government intends to call at trial in its case-in-chief. *If the government subsequently forms an intent to call any other witness, the government shall promptly notify the defendant of the name and address of that prospective witness.*
>
> (b) Provide the defendant with copies of the exhibits and a premarked list of the exhibits the government intends to offer in its case-in-chief. *If the government subsequently decides to offer any additional exhibit in its case-in-chief, the government shall promptly provide the opposing party with a copy of the exhibit and a supplemental exhibit list.*

Local Rule 117.1(A)(8) (emphasis added).

Local Rule 117.1(A)(9) provides similar treatment for defense witnesses and exhibits, stating in pertinent part:

> [A]t least three (3) days before the trial date the defendant must provide the government with witness and exhibit identification and materials to the same extent the government is obligated to do so under L.R. 117.1(A)(8).

Local Rule 117.1(A)(9).

2.   <u>The Government and Defense Witness Lists</u>

Consistent with the flexibility afforded by the Local Rules, both the government and the defense filed witness lists that each party recognized were subject to supplementation.

On September 11, 2006, the government provided defense counsel with its witness list, noting in its cover letter: "Please find a list of the witnesses that the government *currently* intends to call in its case-in-chief at trial. *The government reserves the right to make changes to this list at any time.*" (emphasis added).

Similarly, on September 14, 2006, the defense filed its witness list, which noted that its own expected witnesses were subject to change: "The defendant reserves the right to call any record keeper witnesses necessarily related to any trial subpoenas served on behalf of the defendant in connection with this matter. The defendant further *reserves the right to amend or supplement this list*." (emphasis added).

3. <u>Other Principles of Law</u>

There is no constitutional or statutory requirement that the government disclose its witnesses in advance of trial. In <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 182-83 (1st Cir. 2000), the defendant contended that the trial court abused its discretion in refusing the defense's request for disclosure of the prosecution's witnesses during voir dire. The First Circuit flatly disagreed, characterizing the defense argument as "meritless." The Court explained, "In this Circuit, the law is settled: '[T]here is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed before trial.' <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 182-83 (1st Cir. 2000) (quoting <u>United States v. Bello-Perez</u>, 977 F.2d 664, 670 (1st Cir.1992), <u>vacated on other grounds</u>, <u>Collozo-Aponte v. United States</u>, 532 U.S. 1036 (2001).

Even in cases where courts have found a genuine discovery violation, courts are reluctant to exclude relevant evidence. As the First Circuit recognized, "The district court has broad

discretion to address discovery violations in light of their seriousness. This Court will not grant the 'draconian relief' of suppression and reversal when it is grossly disproportionate both to the prosecutors's nonfeasance and any prejudice to the defense." United States v. Candelaria-Silva, 162 F.3d 698, 701 (1st Cir. 1998).

In United States v. Sepulveda, 15 F.3d 1161, 1178 (1st Cir. 1993) (citations omitted), the First Circuit observed:

> When discovery material makes a belated appearance, a criminal defendant must ordinarily seek a continuance if he intends to claim prejudice. . . . As a general rule, a defendant who does not request a continuance will not be heard to complain on appeal that he suffered prejudice as a result of late-arriving discovery. Thus, in situations where defense counsel does not seek a continuance upon belated receipt of discoverable information, a court can assume that counsel did not need more time to incorporate the information into the defendant's game plan.

Accordingly, even if the Court discerns some prejudice to the defendant flowing from the late identification of Phillip Lee and William Needleman, this Court should grant a continuance rather than exclude the evidence. See United States v. Garrett, 238 F.3d 293, 301 (5th Cir. 2000) (stating "In light of the absence of bad faith on the part of the government, the minimal amount of substantive prejudice because of the cumulative nature of the tardily disclosed materials, and the availability of a much less severe sanction than striking witnesses with the effect of

eviscerating the government's case, we find that the district court could most certainly have eliminated the minor prejudice with either a brief delay or a less severe sanction.")

4.  Conclusion

For the preceding reasons, the government respectfully submits that the Court grant the government's Motion in Limine to Admit Certain Evidence.

Filed this 10th day of October, 2006.

                          Respectfully submitted,
                          MICHAEL J. SULLIVAN
                          United States Attorney

                          /s/ Steven H. Breslow
                          STEVEN H. BRESLOW
                          Assistant United States Attorney

                          /s/ Kevin O'Regan
                          KEVIN O'REGAN
                          Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                              Springfield, Massachusetts
                                          October 10, 2006

    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing via ECF upon the following:

James C. Rehnquist, Esq.
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109
Counsel for Defendant Peter Davis

                                          /s/ Steven H. Breslow
                                        STEVEN H. BRESLOW
                                        Assistant United States Attorney