# INSTRUCTION NO. 1.1

*The Government as a Party*

# INSTRUCTION NO. 1.1
## *The Government as a Party*

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: Will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 2-5 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

### Instruction 2–5
### The Government as a Party[1]

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

--------

### Comment

Defense counsel occasionally have been successful in obtaining the following supplemental charge on the issues of the government as a party:

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.[2]

--------

[1] Adapted from the charge of the Hon. Edward Weinfeld in United States v. Corr, 543 F.2d 1042 (2d Cir. 1976).

[2] *See, e.g.,* United States v. Linton, No. Cr.-R-80-24 ECR, Instr. No. 114 (D. Nev. 1980); United States v. Eisenberg, 76 Cr. 5 (E.D. Wis. 1976); United States v. Robinson, 78 Cr. 106 (E.D. Wis. 1979).

# INSTRUCTION NO. 1.2

*Duty of the Jury to Find Facts and Follow Law*

**INSTRUCTION NO. 1.2**
*Duty of the Jury to Find Facts and Follow Law*

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.01 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

**3.01**          **Duty of the Jury to Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

### Comment

On jury nullification see Comment (2) to Instruction 1.01.

# INSTRUCTION NO. 1.3

*Presumption of Innocence and Burden of Proof*

## INSTRUCTION NO. 1.3
### *Presumption of Innocence and Burden of Proof*

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Peter Davis, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Davis is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Davis. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Davis has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Davis's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you

are satisfied beyond a reasonable doubt of Mr. Davis's guilt of a particular crime, you

should vote to convict him/her.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.02 (1998))

THIS PAGE INTENTIONALLY LEFT BLANK

**3.02**        **Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, [_____], has the benefit of that presumption throughout the trial, and you are not to convict him/her of a particular charge unless you are persuaded of his/her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which he/she is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him/her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit him/her of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of [defendant]'s guilt of a particular crime, you should vote to convict him/her.

## Comment

(1)     This instruction does not use a "'guilt or innocence' comparison" warned against by the First Circuit. United States v. Andujar, 49 F.3d 16, 24 (1st Cir. 1995).

(2)     The First Circuit has repeatedly stated that "[r]easonable doubt is a fundamental concept that does not easily lend itself to refinement or definition." United States v. Vavlitis, 9 F.3d 206, 212 (1st Cir. 1993); see also United States v. Campbell, 874 F.2d 838, 843 (1st Cir. 1989). For that reason, the First Circuit has joined other circuits in advising that the meaning of "reasonable doubt" be left to the jury to discern. United States v. Cassiere, 4 F.3d 1006, 1024 (1st Cir. 1993) ("'[A]n instruction which uses the words reasonable doubt without further definition

44

adequately apprises the jury of the proper burden of proof.'") (quoting United States v. Olmstead, 832 F.2d 642, 646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988)); accord United States v. Taylor, 997 F.2d 1551, 1558 (D.C. Cir. 1993) ("[T]he greatest wisdom may lie with the Fourth Circuit's and Seventh Circuit's instruction to leave to juries the task of deliberating the meaning of reasonable doubt."). The constitutionality of this practice was reaffirmed recently by the Supreme Court in Victor v. Nebraska, 511 U.S. 1, 6 (1994). It is not reversible error to refuse further explanation, even when requested by the jury, so long as the reasonable doubt standard was "not 'buried as an aside' in the judge's charge." United States v. Littlefield, 840 F.2d 143, 146-47 (1st Cir.) (quoting Olmstead, 832 F.2d at 646), cert. denied, 488 U.S. 860 (1988).

(3)    Those judges who nevertheless undertake to define the term should consider the following. Some circuits have defined reasonable doubt as that which would cause a juror to "hesitate to act in the most important of one's own affairs." Federal Judicial Center, Commentary to Instruction 21. The First Circuit has criticized this formulation, see Gilday v. Callahan, 59 F.3d 257, 264 (1st Cir. 1995), cert. denied, 116 S. Ct. 1269 (1996); Vavlitis, 9 F.3d at 212; Campbell, 874 F.2d at 841, as has the Federal Judicial Center. See Federal Judicial Center, Commentary to Instruction 21 ("[D]ecisions we make in the most important affairs of our lives—choosing a spouse, a job, a place to live, and the like—generally involve a very heavy element of uncertainty and risk-taking. They are wholly unlike decisions jurors ought to make in criminal cases."). The First Circuit has also criticized "[e]quating the concept of reasonable doubt to 'moral certainty,'" Gilday, 59 F.3d at 262, or "fair doubt," Campbell, 874 F.2d at 843, stating that "[m]ost efforts at clarification result in further obfuscation of the concept." Id. The Federal Judicial Center has attempted to clarify the meaning of reasonable doubt by the following language:

> If, based on your consideration of the evidence, you are *firmly convinced* that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a *real possibility* that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Federal Judicial Center Instruction 21 (emphasis added). However, the First Circuit has joined other circuits in criticizing this pattern instruction for "possibly engender[ing] some confusion as to the burden of proof" if used without other clarifying language. United States v. Gibson, 726 F.2d 869, 874 (1st Cir.), cert. denied, 466 U.S. 960 (1984); see also Taylor, 997 F.2d at 1556; United States v. Porter, 821 F.2d 968, 973 (4th Cir. 1987) (instruction introduces "unnecessary concepts"), cert. denied 485 U.S. 934 (1988); United States v. McBride, 786 F.2d 45, 52 (2d Cir. 1986). In short, the words "'reasonable doubt' do not lend themselves to accurate definition," and "any attempt to define 'reasonable doubt' will probably trigger a constitutional challenge." Gibson, 726 F.2d at 874.

45

(4)    The First Circuit has approved the following formulation by Judge Keeton:

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty—you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must

give the defendant the benefit of the doubt and find the
defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

# INSTRUCTION NO. 1.4

*Credibility of Witnesses*

# INSTRUCTION NO. 1.4

## *Credibility of Witnesses*

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness. You must decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying, their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 3.06 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

**3.06**        **Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

# INSTRUCTION NO. 1.5

*Unindicted Co-Conspirator as Government Witness*

**INSTRUCTION NO. 1.5**
*Unindicted Co-Conspirator as Government Witness*

In this case, there has been testimony from government witnesses—Lisa Asselin, Ray Descoteau, David Faust, and George Williamson—who are named by the prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of the trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give the testimony of these unindicted co-conspirators.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-7 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

### Instruction 7–7

### Unindicted Co-Conspirator as Government Witness

The government has called as witnesses people who are named by the prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.

––––––––––––––

### Authority

**Second Circuit:** United States v. Santana, 530 F.2d 710 (2d Cir.), *cert. denied,* 419 U.S. 1053 (1974).

THIS PAGE INTENTIONALLY LEFT BLANK

## 2.07  CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT

You have heard the testimony of [name of witness]. He/She

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against [defendant];

[and/or]

(3) received money [or ...] from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

### Comment

"Though it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face." *United States v. Wright*, 573 F.2d 681, 685 (1st Cir.), *cert. denied*, 436 U.S. 949 (1978); *see also United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). The language varies somewhat. *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care"), *cert. denied*, 502 U.S. 992 (1991); *United States v. Skandier*, 758 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care"); *United States v. Hickey*, 596 F.2d 1082, 1091 n.6 (1st Cir.) (approving "greater care" instruction), *cert. denied*, 444 U.S. 853 (1979). The standard is the same for witnesses granted immunity, *see United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989)

**2.07**                                        CRIMINAL INSTRUCTIONS

(jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, *see United States v. Cresta*, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care"), *cert. denied*, 486 U.S. 1042 (1988).

24

# INSTRUCTION NO. 1.6

*Testimony of Cooperating Witnesses*

**INSTRUCTION 1.6**
*Testimony of Cooperating Witnesses*

In this case, there has been testimony from government witnesses—Joseph Asselin, Nicholas Katsounakis, and Francis Maroney—who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against these witnesses and agreed not to prosecute them on other charges in exchange for their agreements to plead guilty and testify at this trial against Mr. Davis. The government also promised to bring the witnesses' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine this testimony with caution and weigh it with great care. If, after scrutinizing this testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-11 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 7–11
### Codefendant's Plea Agreement

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

---

### Authority

**District of Columbia Circuit:** United States v. DeLoach, 530 F.2d 990 (D.C. Cir. 1975), *cert. denied,* 426 U.S. 909 (1976).

**First Circuit:** United States v. Gonzalez-Soberal, 109 F.3d 64 (1st Cir. 1997); United States v. Hernandez, 109 F.3d 13 (1st Cir. 1997).

**Second Circuit:** United States v. Gleason, 616 F.2d 2 (2d Cir. 1979), *cert. denied,* 444 U.S. 1082 (1980)

**Fifth Circuit:** Good v. United States, 410 F.2d 1217 (5th Cir. 1969), *cert. denied,* 397 U.S. 1002 (1970).

**Sixth Circuit:** United States v. Stavroff, 149 F.3d 478 (6th Cir. 1998).

**Seventh Circuit:** United States v. Reed, 227 F.3d 763 (7th Cir. 2000); United States v. Collins, 223 F.3d 502 (7th Cir. 2000), *cert. denied,* — U.S. —, 121 S. Ct. 839 (2001).

**Eighth Circuit:** United States v. Tulk, 171 F.3d 596 (8th Cir. 1999).

**Ninth Circuit:** United States v. Tavakkoly, 238 F.3d 1062 (9th Cir. 2001); United States v. Gunderson, 195 F.3d 1035 (9th Cir. 1999).

**Tenth Circuit:** United States v. McGuire, 27 F.3d 457 (10th Cir. 1994).

**Eleventh Circuit:** United States v. Prieto, 232 F.3d 816 (11th Cir. 2000).

---

## Comment

It is not uncommon for a codefendant who pleads guilty to testify at trial against the defendant pursuant to a plea bargain. Where the codefendant has received promises from the government that charges will be dismissed, immunity conferred, or sentencing postponed until after the testimony, it is proper for the trial judge to instruct the jury that these are factors which create a motive to falsify, and that the testimony should be considered with care and weighed with caution.[1] The failure to give such an instruction has been held to be reversible error, particularly where the only evidence of defendant's guilt was the codefendant's testimony.[2]

The Eleventh Circuit recommends a similar approach by cautioning the jury to use extra care in considering such testimony. However, it fails to remind the jury that its role is, as always, independently to determine the weight the testimony deserves. Special Instruction No. 1.2 provides:

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for [the dismissal of some charges] and [a lesser sentence than the witness would otherwise be exposed to for the offense to which he pled] guilty. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because he wants to strike a good bargain with the Government. So,

---

[1] *See, e.g.,* United States v. Tulk, 171 F.3d 596, 600-01 (8th Cir. 1999) (defendant was not entitled to instruction that codefendant's testimony should be viewed "with greater care and special caution," so instruction that such testimony should be "weighed with care" was sufficient); United States v. Braxton, 877 F.2d 556, 565 (7th Cir. 1989) (it is not error to fail to instruct the jury as to future benefits expected, but it is nonetheless the better practice); United States v. Gleason, 616 F.2d 2 (2d Cir. 1979), *cert. denied,* 444 U.S. 1082 (1980); Good v. United States, 410 F.2d 1217, 1221 (5th Cir. 1969), *cert. denied,* 397 U.S. 1002 (1970). *But see* United States v. Turley, 891 F.2d 57 (3d Cir. 1989) (even though judge did not give specific charge regarding witnesses who entered into plea agreements, jury was sufficiently instructed because of general credibility instructions and a specific instruction regarding the evaluation of testimony by witnesses with immunity).

[2] United States v. Ramirez, 973 F.2d 102 (2d Cir. 1992). *But cf.* United States v. Carr, 5 F.3d 986, 992 (6th Cir. 1993) (other instructions adequately conveyed substance of requested instruction).

(Matthew Bender & Co., Inc.)                                          (Rel.39b–11/01  Pub.485)

while a witness of that kind may be entirely truthful when testifying, you should consider his testimony with more caution than the testimony of other witnesses.[3]

The language of Instruction 7–11 goes beyond Instruction 7–9 by providing for guidance on how the jury should treat the testifying codefendant's guilty plea. If the plea agreement is offered into evidence, an instruction should be given similar to the one recommended in the Comment to Instruction 7–9.[4] The Sixth Circuit held in *United States v. Walker*[5] that where a plea agreement is offered into evidence, "it is better practice" for the court not only to give the jury an instruction on the plea agreement, but to give a limiting instruction on the accomplice's guilty plea as well.

Specific language appears in *United States v. Padgent,*[6] to the effect that such a witness "may believe that the defendant's acquittal will vitiate expected rewards that may have been either explicitly or implicitly promised him in return for his plea of guilty and his testimony."[7] Subsequently, however, the Second Circuit ruled that this language was not recommended for inclusion in the charge, but rather was written in the context of permitting a wide latitude for cross-examination on the issue of immunity.[8] Therefore, this specific language has not been included, in favor of general language concerning the witness' interest relative to the plea agreement.[9]

Changes in sentencing procedure to require a motion by the government before the court may grant a reduction in sentence for substantial cooperation have led to a number of requests by the defense to instruct the jury on the degree to which the witness is dependent on the government to obtain future leniency. The following instruction from the Eighth Circuit's decision in *United States v.*

---

[3] This instruction was specifically approved in *United States v. Prieto,* 232 F.3d 816, 822-23 (11th Cir. 2000).

[4] *See United States v. Kroh,* 915 F.2d 326, 331 (8th Cir. 1990); *United States v. Drews,* 877 F.2d 10, 12 (8th Cir. 1989) (no abuse of discretion in receiving codefendant's written plea agreements into evidence when jurors were instructed that pleas were not evidence of substantive guilt of defendant but only went to credibility of witnesses); *United States v. Friedman,* 854 F.2d 535, 568 n.7 (2d Cir. 1988), *cert. denied,* 490 U.S. 1004 (1989) (an even more specific instruction on a codefendant's guilty plea is given); *United States v. Braidlow,* 806 F.2d 781, 783 (8th Cir. 1986) (no error in admitting evidence of codefendant's guilty pleas when the evidence was not used as substantive evidence of defendant's guilt, cautionary instructions were given, and evidence "was not emphasized").

[5] 871 F.2d 1298, 1303 (6th Cir. 1989).

[6] 432 F.2d 701 (2d Cir. 1970).

[7] *Id.* at 704.

[8] *See United States v. Bermudez,* 526 F.2d 89 (2d Cir. 1975), *cert. denied,* 425 U.S. 970 (1976). *See also* Instruction 7–5, *above.*

[9] *See United States v. Martin,* 223 F.2d 666 (2d Cir. 1955); *Shettel v. United States,* 113 F.2d 34 (D.C. Cir. 1940).

(Matthew Bender & Co., Inc.)                                        (Rel.39b–11/01  Pub.485)

*Beckman*[10] addresses the relevant issues in a fair and comprehensive manner without getting into the minutiae of the Sentencing Guidelines:

> Plea agreements, grants of immunity, and consideration for reduced sentences based upon cooperation and testimony in the trial of others are recognized by law as legitimate tools of law enforcement. The wisdom of a plea agreement and decision of prosecutors not to prosecute persons involved in criminal conduct are the exclusive decision for the prosecution and not matters for your consideration. Sentencing decisions are the exclusive responsibility of the Court once a plea agreement is entered into by the parties. Likewise, a further reduction in the sentence of cooperating witnesses is the exclusive decision of the Court based upon the government's motion for a sentence reduction upon the filing of such motion. The Court is free to exercise its independent decision as to whether to grant the motion and, if granted, the extent of the departure from either a mandatory minimum or a sentence below the United States Sentencing Guidelines. . . .[11]

Occasionally, a codefendant's plea agreement will become an issue at trial even if the codefendant does not testify. In *United States v. Rogers,*[12] a defense witness, a prison cellmate of the codefendant, testified that a third person was being pressured to lie about the involvement of the defendant and the codefendant in a drug conspiracy. On cross-examination, the witness was asked if he knew that the codefendant had pled guilty to charges arising out of the alleged conspiracy. No cautionary instruction was requested, and the district court did not give one. On appeal, the Eighth Circuit suggested that it would have been better to have given an instruction, but held that it was not plain error to have failed to do so under the circumstances.[13]

---

[10] 222 F.3d 512 (8th Cir. 2000).

[11] *Id.* at 520 n.4.

[12] 939 F.2d 591 (8th Cir.), *cert. denied,* 502 U.S. 991 (1991).

[13] *Id.* at 595.

THIS PAGE INTENTIONALLY LEFT BLANK

## 2.07  CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT

You have heard the testimony of [name of witness]. He/She

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against [defendant];

[and/or]

(3) received money [or . . .] from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

### Comment

"Though it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face." *United States v. Wright*, 573 F.2d 681, 685 (1st Cir.), *cert. denied*, 436 U.S. 949 (1978); *see also United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). The language varies somewhat. *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care"), *cert. denied*, 502 U.S. 992 (1991); *United States v. Skandier*, 758 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care"); *United States v. Hickey*, 596 F.2d 1082, 1091 n.6 (1st Cir.) (approving "greater care" instruction), *cert. denied*, 444 U.S. 853 (1979). The standard is the same for witnesses granted immunity, *see United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989)

23

**2.07**                                           **CRIMINAL INSTRUCTIONS**

(jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, *see United States v. Cresta*, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care"), *cert. denied*, 486 U.S. 1042 (1988).

# INSTRUCTION NO. 1.7

*Statutory Immunity of Government Witness*

## INSTRUCTION NO. 1.7
### *Statutory Immunity of Government Witness*

You have heard the testimony of witnesses—Gary Baribeau and Peter Kratimenos—who have testified under a grant of immunity from this court. What this means is that the testimony of the witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the own witness's interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-8 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 7–8

### Statutory Immunity of Government Witness

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

---

### Authority

**District of Columbia Circuit:** United States v. DeLoach, 530 F.2d 990 (D.C. Cir. 1975), *cert. denied,* 426 U.S. 909 (1976).

**First Circuit:** United States v. Simonelli, 237 F.3d 19 (1st Cir. 2001).

**Second Circuit:** United States v. Santana, 503 F.2d 710 (2d Cir. 1974); United States v. Bermudez, 526 F.2d 89 (2d Cir. 1975).

---

### Comment

This instruction is adapted from the charge specifically approved in *United States v. DeLoach.* [1] In an effort to promote plain English, it does not use the

---

[1] 530 F.2d 990, 994, n.5 (D.C. Cir. 1975), *cert. denied,* 426 U.S. 909 (1976).

(Matthew Bender & Co., Inc.)                    (Rel.39b–11/01  Pub.485)

technical expressions which are too commonly invoked; thus, the phrase that "the government is entitled to call as a witness a person who has been granted immunity" is substituted for the version "one who testifies under a grant of immunity . . . is a competent witness." In addition, the simpler thought, "you may convict a defendant on the basis of such testimony alone," replaces the more stilted language, "you may convict a person accused of a crime upon the uncorroborated testimony of such a witness."

The *DeLoach* language is particularly helpful, since it adopts the approach recommended in *United States v. Santana*,[2] where the court wrote that the better practice is "to caution the jury to scrutinize the testimony of accomplices in terms of their possible intentions rather than simply their [past criminal] record and activities."[3] Where the motivation of an immunized witness is so specific, it is appropriate to emphasize it, unlike the case of accomplices generally.[4] Indeed, the First Circuit has held on several occasions that a separate accomplice instruction is not required when a immunized witness instruction has been given with respect to the same witness.[4.1]

Instruction 7–8 includes a specific instruction defining the grant of immunity in terms of the witness' liability if he testifies falsely or disobeys the court's order. This instruction assists the jury to understand the government's argument that the witness has everything to lose by committing perjury and has nothing to lose by telling the truth. As discussed later as to "nonstatutory immunity,"[5] a similar instruction was expressly approved over the claim of "judicial vouching."[6] Clearly, the instruction is proper to correct defense counsel's argument that an immunized witness has no reason to testify truthfully.[7]

The Fifth Circuit recommends the following instruction, which does not contain an explanation of immunity, but which emphasizes the possible motive to lie:

> The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You,

---

[2] 503 F.2d 710 (2d Cir.), *cert. denied*, 419 U.S. 1053 (1974). *See also* United States v. Gleason, 616 F.2d 2 (2d Cir. 1979).

[3] 503 F.2d at 716.

[4] *Cf.* United States v. Bermudez, 526 F.2d 89 (2d Cir. 1975). *See also* Instruction 7–5, *above*.

[4.1] United States v. Simonelli, 237 F.3d 19, 29 (1st Cir. 2001); United States v. Newton, 891 F.2d 944, 950 (1st Cir. 1989).

[5] *See* Instruction 7–9, *below*.

[6] *See* United States v. Winter, 663 F.2d 1120, 1134, n.24 (1st Cir. 1981).

[7] *See* United States v. Abraham, 541 F.2d 1234 (7th Cir. 1976), *cert. denied*, 429 U.S. 1102 (1977).

(Matthew Bender & Co., Inc.)                                                      (Rel.39b–11/01  Pub.485)

the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.[8]

The Seventh Circuit recommends a different instruction, which emphasizes the definition and does not discuss the issue of motivation:

You have heard testimony from _____ who received immunity; that is, a promise from the government that any testimony or other information he/she provided would not be used against him/her in a criminal case. . . . You may give his/her testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.[9]

The Sixth Circuit pattern instruction offers a similar instruction, focusing on the permissibility of a government promise of immunity and the need for caution in evaluating the truthfulness of such a witness' testimony, although the Committee Comment states that: "Where ample corroboration exists, the instruction may not be necessary."[10]

The Ninth Circuit formulation also omits the "balancing" portion recommended here:

You have heard the testimony from [*witness*], a witness who has received immunity. That testimony was given in exchange for a promise by the government that [*the witness will not be prosecuted, the witness testimony will not be used in any case against the witness, etc.*].

In evaluating [*witness*] testimony, you should consider whether that testimony may have been influenced by the government's promise of immunity given in exchange for it, and you should consider that testimony with greater caution than that of other witnesses.[11]

The Federal Judicial Center comments that in giving an instruction on this matter "it is important to draw attention to the testimony of witnesses who are testifying in exchange for immunity or other benefits, and that some explanation should be given to the jury of the reason that statements by such witnesses are subject to suspicion."[12] It recommends the following charge:

---

[8] Fifth Circuit Pattern Criminal Jury Instruction 1.14.

[9] Seventh Circuit Pattern Criminal Jury Instruction 3.13. *See* United States v. Collins, 223 F.3d 502, 505 (7th Cir. 2000), *cert. denied,* — U.S. —, 121 S. Ct. 839 (2001) (approving text of this instruction without citation).

[10] Sixth Circuit Pattern Criminal Jury Instruction 7.07. *See* United States v. Wuliger, 981 F.2d 1497, 1508 (6th Cir. 1992), *cert. denied,* 510 U.S. 1191 (1994).

[11] Ninth Circuit Model Criminal Jury Instruction 4.9.

[12] Comment to Federal Judicial Center, Pattern Criminal Jury Instruction 24.

(Matthew Bender & Co., Inc.)                                                          (Rel.39b–11/01  Pub.485)

You heard the testimony of _____. He is providing evidence for the government in exchange for a promise from the government that [*e.g.*: he will not be prosecuted for the things he is testifying about; the prosecution will recommend lenient treatment in his own case]. He told the government what he would testify to in exchange for this promise.

The government may present the testimony of someone who has been promised favorable treatment in his own case in exchange for his testimony. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of _____ with more caution than the testimony of other witnesses. He may have had reason to make up stories or exaggerate what others did because he wanted to strike a good bargain with the government about his own case. In deciding whether you believe _____'s testimony, you should keep these comments in mind.[13]

Several courts have held that it is not error to omit a charge on an immunized witness, provided counsel has been permitted to make the arguments on summation.[14] However, no court has indicated that it is preferable to say nothing.[15]

The Seventh Circuit has approved an immunity instruction at the request of the government where the immunized witness testified favorably for the defendant.[16]

---

[13] Federal Judicial Center, Pattern Criminal Jury Instruction 24.

[14] *See, e.g.,* United States v. Rucker, 586 F.2d 899 (2d Cir. 1978); United States v. Morgan, 555 F.2d 238 (9th Cir. 1977).

[15] *See, e.g.,* United States v. Isaac, 134 F.3d 199, 204 (3d Cir. 1998) (general instruction on credibility was sufficient although specific instruction is preferred); United States v. Watson, 623 F.2d 1198 (7th Cir. 1980). *But see* United States v. Leonard, 494 F.2d 955 (D.C. Cir. 1974), holding it was reversible error to fail to give the cautionary charge.

[16] United States v. Benson, 941 F.2d 598 (7th Cir. 1991); United States v. Lawrence, 934 F.2d 868 (7th Cir.), *cert. denied,* 502 U.S. 938 (1991).

THIS PAGE INTENTIONALLY LEFT BLANK

**2.07**

## 2.07  CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT

You have heard the testimony of [name of witness]. He/She

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against [defendant];

[and/or]

(3) received money [or . . .] from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

### Comment

"Though it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face." *United States v. Wright*, 573 F.2d 681, 685 (1st Cir.), *cert. denied*, 436 U.S. 949 (1978); *see also United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). The language varies somewhat. *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care"), *cert. denied*, 502 U.S. 992 (1991); *United States v. Skandier*, 758 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care"); *United States v. Hickey*, 596 F.2d 1082, 1091 n.6 (1st Cir.) (approving "greater care" instruction), *cert. denied*, 444 U.S. 853 (1979). The standard is the same for witnesses granted immunity, *see United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989)

**2.07**                                      **CRIMINAL INSTRUCTIONS**

(jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, *see United States v. Cresta*, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care"), *cert. denied*, 486 U.S. 1042 (1988).

24

# INSTRUCTION NO. 1.8

*Informal Immunity of Government Witness*

## INSTRUCTION 1.8
### *Informal Immunity of Government Witness*

You have heard the testimony of a witness—Frank Ware—who has been promised that [TBA]. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the own witness's interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-9 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 7–9
## Informal Immunity of Government Witness

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

---

### Authority

**District of Columbia Circuit:** United States v. DeLoach, 530 F.2d 990 (D.C. Cir. 1975), *cert. denied,* 426 U.S. 909 (1976).

**First Circuit:** United States v. Gonzalez-Soberal, 109 F.3d 64 (1st Cir. 1997); United States v. Winter, 663 F.2d 1120 (1st Cir. 1981).

**Sixth Circuit:** United States v. Gibbs, 174 F.3d 762 (6th Cir. 1999).

---

### Comment

It is appropriate to give a different charge for a witness testifying pursuant to an "informal" or "letter agreement" immunity from the prosecutor, than for a witness who has received immunity by court order, pursuant to 18 U.S.C.

§ 6002.[1] In such a charge, it is permissible for the court to explain the meaning of informal immunity. In *United States v. Winter*,[2] the court upheld an instruction which repeatedly advised the jury that informal immunity was conferred in return for the witness' promise to testify truthfully, completely, and fully. The court rejected the claim that the instruction constituted "judicial vouching," writing:

> [The trial judge] repeated a key section of the agreement, adverted to the absence of a formal agreement, and strongly cautioned the jury to examine [the witness'] testimony with great care. His instruction on this point benefited rather than injured appellants.[3]

The instruction recommends that the jury be told of the *quid pro quo* for the immunity. Omitting an explanation of the nature of the arrangement makes it impossible for the jury to understand the witness' motives. By reciting the defendant's *promise* to testify truthfully, the court is not vouching that the witness has testified truthfully. Rather, the suggested charge expressly leaves it to the jury to decide whether to accept the testimony and what weight to give to it with a caution to scrutinize such testimony carefully. In *United States v. Lew*,[4] the Ninth Circuit held that the trial judge's limiting instruction set forth below cured any error arising from the government witness having testified on direct that his plea agreement required him to testify truthfully:

> With respect to [witnesses who were testifying pursuant to agreements with the government] you should consider whether and to what extent that testimony may have been influenced by the government's promises or by the grant of immunity. And it is my recommendation that you should look for corroborating circumstances in each case before giving full credibility to such witnesses.[5]

Where the government actually offers the letter agreement itself, defense counsel may want instructions to counteract the general view that such agreements unfairly bolster the witness' credibility.[6] In recognition of the fact that these agreements, which are drafted by the prosecution, are often testimonials to the credibility of the witness, some courts have held that it is error to offer them into evidence,[7] while other courts have restricted their admissibility until

---

[1] *See* Instruction 7-8, *above*. *See also* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 3.13.

[2] 663 F.2d 1120 (1st Cir. 1981).

[3] *Id.* at 1134. *See also* United States v. Gibbs, 174 F.3d 762 (6th Cir. 1999) (approving similar instruction).

[4] 875 F.2d 219 (9th Cir. 1989).

[5] *Id.* at 224.

[6] *See* United States v. Keskey, 863 F.2d 474, 480 (7th Cir. 1988) (the government's introduction of a letter agreement from the Assistant U.S. Attorney was not plain error, because at the end of the trial the court instructed the jury to consider the witness's testimony with caution and great care).

[7] *See* United States v. Roberts, 618 F.2d 530 (9th Cir. 1980).

after the witness' credibility has been impeached on cross-examination.[8] In *United States v. Townsend*,[9] the Sixth Circuit affirmed instructions to consider with caution the testimony of a witness testifying pursuant to a grant of immunity, where the plea agreement had been offered in evidence. Defense counsel had requested a more detailed instruction on the issue "regarding the possibilities of prejudice and unreliability of witnesses testifying under immunity." The Second Circuit has relaxed this requirement somewhat by allowing the admission of a cooperation agreement subsequent to an attack on the witnesses' credibility in the defense's opening statement, holding that failure to give a limiting instruction under these circumstances concerning the truth telling portions of the agreement is not error.[10] When the agreement is received in evidence, counsel should consider requesting an explicit cautionary instruction, substantially as follows:

> The prosecution has offered into evidence the actual letter of agreement in which the government has promised not to prosecute the witness under certain conditions. That agreement has been received so that you can have before you the actual terms under which the witness was promised immunity. I want to caution you that the agreement itself is no evidence that the witness has, in fact, testified truthfully. It may only be considered by you in deciding whether the witness has an interest in the outcome of this case which would motivate him to testify falsely, or whether it is in his interest to testify truthfully, regardless of the outcome. In any event, you should accept his testimony with great care. How much of it you choose to believe, and the importance you wish to give to it, are your decisions alone.[11]

When the immunity given is for other crimes in which the defendant also had been involved, and proof of the other crimes is admitted against the defendant, the Third Circuit has held it is proper for the court to instruct the jury that the similar act evidence could be used both to prove the relationship between the witness and the defendant as well as to assess the witness' motives for cooperating with the government.[12]

---

[8] *See* United States v. Dats, 871 F.2d 105 (9th Cir. 1989); United States v. Barnes, 604 F.2d 121, 150 (2d Cir. 1979), *cert. denied*, 446 U.S. 907 (1980); United States v. Arroyo-Angulo, 580 F.2d 1137 (2d Cir. 1978).

[9] 796 F.2d 158 (6th Cir. 1986).

[10] United States v. Cosentino, 844 F.2d 30, 34–35 (2d Cir.), *cert. denied*, 488 U.S. 923 (1988).

[11] When the informal immunity also takes the form of a plea agreement (so that the defendant is required to plead guilty to some counts in exchange for immunity on other charges), this instruction should be coupled with Instruction 7–11, *below*. *See* United States v. Walker, 871 F.2d 1298 (6th Cir. 1989). *See also* United States v. Wallace, 848 F.2d 1464, 1473–74 (9th Cir. 1988)(the witness' own references to the plea agreement and informal immunity during direct testimony and before any attack on the witness' credibility has been made constitutes prosecutorial vouching and may rise to the level of plain error since the implication created is that the prosecutor can verify the witness' credibility).

[12] *See* United States v. Scarfo, 850 F.2d 1015, 1020–21 (3d Cir.), *cert. denied*, 488 U.S. 910 (1988).

THIS PAGE INTENTIONALLY LEFT BLANK

## 2.07  CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE/PAID INFORMANT

You have heard the testimony of [name of witness]. He/She

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against [defendant];

[and/or]

(3) received money [or . . .] from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

### Comment

"Though it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face." *United States v. Wright*, 573 F.2d 681, 685 (1st Cir.), *cert. denied*, 436 U.S. 949 (1978); *see also United States v. House*, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). The language varies somewhat. *See United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care"), *cert. denied*, 502 U.S. 992 (1991); *United States v. Skandier*, 758 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care"); *United States v. Hickey*, 596 F.2d 1082, 1091 n.6 (1st Cir.) (approving "greater care" instruction), *cert. denied*, 444 U.S. 853 (1979). The standard is the same for witnesses granted immunity, *see United States v. Newton*, 891 F.2d 944, 950 (1st Cir. 1989)

**2.07**                                    **CRIMINAL INSTRUCTIONS**

(jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, *see United States v. Cresta*, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care"), *cert. denied*, 486 U.S. 1042 (1988).

24

# INSTRUCTION NO. 1.9

*Government Witness-Not Proper to Consider Guilty Plea*

**INSTRUCTION NO. 1.9**
*Government Witness-Not Proper to Consider Guilty Plea*

You have heard the testimony from a government witness who pled guilty to charges arising out of the investigation that led to the charges against Mr. Davis. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-10 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

[2]—Impeachment by Other Disposition.

## Instruction 7–10
### Government Witness—Not Proper To Consider Guilty Plea

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

---

### Authority

**First Circuit:** United States v. Robbio, 186 F.3d 37 (1st Cir.), *cert. denied,* 528 U.S. 1056 (1999).

**Second Circuit:** United States v. Prawl, 168 F.3d 622 (2d Cir. 1999) (citing **Treatise**); United States v. Gibbons, 602 F.2d 1044 (2d Cir. 1979).

**Third Circuit:** United States v. Gaev, 24 F.3d 473 (3d Cir.), *cert. denied,* 513 U.S. 1015 (1994).

**Sixth Circuit:** United States v. Stavroff, 149 F.3d 478 (6th Cir. 1998), *cert. denied,* 525 U.S. 1082 (1999).

**Seventh Circuit:** United States v. Collins, 223 F.3d 502 (7th Cir. 2000), *cert. denied,* — U.S. —, 121 S. Ct. 839 (2001); United States v. Akinrinade, 61 F.3d 1279 (7th Cir.), *cert. denied,* 516 U.S. 999 (1995).

**Eighth Circuit:** United States v. Moore, 149 F.3d 773 (8th Cir. 1998); United States v. Uder, 98 F.3d 1039 (8th Cir. 1996).

**Tenth Circuit:** United States v. Massey, 48 F.3d 1560 (10th Cir.), *cert. denied,* 515 U.S. 1167 (1995).

---

### Comment

This charge is an amplification of the earlier instruction that guilt is an individual concept.[1] A separate instruction should be given when a codefendant

---

[1] *See* Instruction 2–18, *above.*

(Matthew Bender & Co., Inc.)                                    (Rel.39b–11/01  Pub.485)

testifies after a plea of guilty, just as when a codefendant pleads guilty during the trial.[2] While courts have held that such instructions are preferable and should be given, even reversing on occasion,[2.1] it has also been found not to be plain error to omit the instruction, absent a request.[3] Several courts have held that the instruction, modified appropriately, is also appropriate when the witness testifies for the defense.[4]

The Seventh Circuit holds that such cautionary instructions (together with the instruction to consider such testimony "with caution and care") should be given, at defendant's request, when the plea is admitted and at the end of the trial.[5] The Tenth Circuit has held it is not error to forego a cautionary instruction after each codefendant testifies as long as a sufficient final instruction is given.[6] The Eighth Circuit has held that instructions to the jury that guilty pleas should be assessed only in the context of the witness' credibility and not as evidence of the defendant's guilt eliminates the need for a cautionary accomplice instruction.[7]

---

[2] *See* United States v. Massey, 48 F.3d 1560, 1569 (10th Cir.), *cert. denied,* 515 U.S. 1167 (1995); United States v. Kelly, 349 F.2d 720, 767–68 (2d Cir. 1965), *cert. denied,* 384 U.S. 947 (1966). *But cf.* United States v. McGrath, 811 F.2d 1022 (7th Cir. 1987) (convicted witness instruction sufficient where witness was actually codefendant who pleaded guilty, particularly where defendant failed to tender the limiting codefendant instruction in writing).

[2.1] United States v. Prawl, 168 F.3d 622, 626–29 (2d Cir. 1999) (citing **Treatise**). In *Prawl,* the defendant requested that the court give Instruction 7-10 verbatim. The court agreed that it would give an instruction including the substance of the requested instruction but failed to do so. The court of appeals reversed, holding that a defendant is entitled to a charge that "that identifies the circumstances that may make [a government witness] particularly vulnerable to the prosecution's power and influence, and that specifies the ways ... that a person so situated might be particularly advantaged by promoting the prosecutions case." *Id.* at 628.

[3] *See* United States v. De La Motte, 434 F.2d 289 (2d Cir. 1970), *cert. denied,* 401 U.S. 921 (1971). *See also* United States v. Braxton, 877 F.2d 556, 565 (7th Cir. 1989)(depending on its prejudicial impact, failure to warn the jury not to use the pleas as evidence against the defendant is not reversible error); United States v. Peterman, 841 F.2d 1474 (10th Cir. 1988), *cert. denied,* 488 U.S. 1004 (1989) (failure to give a cautionary instruction is not plain error when witness is only one of twenty-eight witnesses which testified for the government and the reference to the prior conviction "was isolated and not repeated by the prosecutor"); United States v. Tarantino, 846 F.2d 1384 (D.C. Cir.) (per curiam), *cert. denied,* 488 U.S. 840, 867 (1988); United States v. Davis, 838 F.2d 909 (7th Cir. 1988); United States v. Cooper, 577 F.2d 1079 (6th Cir. 1978).

[4] *See* United States v. Bolin, 35 F.3d 306, 308-09 (7th Cir. 1994); United States v. Nolte, 440 F.2d 1124, 1126-27 (5th Cir.), *cert. denied,* 404 U.S. 862 (1971).

[5] *See* United States v. Bryza, 522 F.2d 414, 425 (7th Cir. 1975), *cert. denied,* 426 U.S. 912 (1976). *See also* United States v. Robbio, 186 F.3d 37, 41-42 (1st Cir.), *cert. denied,* 528 U.S. 1056 (1999) (trial court not required to give cautionary instruction sua sponte); United States v. Prevatte, 16 F.3d 767, 778 (7th Cir. 1994); United States v. Halbert, 640 F.2d 1000 (9th Cir. 1981); United States v. Whitehead, 618 F.2d 523, 529 (4th Cir. 1980).

[6] *See* United States v. Rewald, 899 F.2d 836 (9th Cir. 1989) (while better practice is to give instruction when plea is admitted *and* in final instruction, use only in final instruction was not abuse of discretion). United States v. Dunn, 841 F.2d 1026, 1030–31 (10th Cir. 1988).

[7] United States v. Shriver, 838 F.2d 980, 983 (8th Cir. 1988).

The Ninth Circuit recommends including the additional phrase "and you may consider [the guilty plea] only in determining this witness's believability."[8]

The Eleventh Circuit pattern instruction concerning a codefendant who has entered into an agreement with the government concludes with the paragraph:

> And, of course, the fact that a witness has pled guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.[9]

Instruction 7–10 is preferred for two reasons. First, the importance of reminding the jury to consider the guilt of each defendant separately justifies a more complete explanation. Second, the phrase "in and of itself" could create some doubt in the jurors' minds, leading them to believe that a codefendant's guilty plea is of at least some evidentiary value.

---

[8] Ninth Circuit Model Criminal Jury Instruction 4.12. *See* United States v. Pedraza, 27 F.3d 1515, 1526 (10th Cir.), *cert. denied,* 513 U.S. 1004 (1994) (sole purpose of admission of plea was to minimize damage to witness' credibility on cross-examination); United States v. Rewald, 889 F.2d 836 (9th Cir. 1989); United States v. Dworken, 855 F.2d 12, 30 (1st Cir. 1988) (along similar lines, the First Circuit held it is important to caution the jury to use the guilty plea to assess the witness's credibility rather than as evidence of the defendant's guilt).

[9] Eleventh Circuit Pattern Criminal Jury Instructions, Special Instruction 1.2. *See* United States v. Rivera-Santiago, 872 F.2d 1073, 1083 (1st Cir.), *cert. denied,* 493 U.S. 832 (1989) (First Circuit referred to this instruction as "the standard accomplice instruction").

(Matthew Bender & Co., Inc.)

# INSTRUCTION NO. 1.10

*Law Enforcement Witnesses*

**INSTRUCTION NO. 1.10**
*Law Enforcement Witnesses*

You have heard the testimony of at least one law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 7-16 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

### Instruction 7–16
### Law Enforcement Witness

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

### Authority

**District of Columbia Circuit:** Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967).

**Third Circuit:** United States v. Bethancourt, 65 F.3d 1074 (3d Cir. 1995), *cert. denied,* 516 U.S. 1153 (1996).

---

### Comment

A government agent who is working undercover is not a witness whose testimony should be scrutinized with care or received with caution.[1] As Justice (then Judge) Burger wrote in *Bush v. United States:*[2]

> [I]t would be a dismal reflection on society to say that when the guardians of its security are called to testify in court under oath, their testimony must be viewed with suspicion. This would be tantamount to saying that police officers are inherently untrustworthy.[3]

On the other hand, the defense is entitled to an instruction to the effect that a witness' status as a law enforcement official employed by the government does

---

[1] *See* United States v. Hojos, 573 F.2d 1111 (9th Cir. 1978).

[2] 375 F.2d 602 (D.C. Cir. 1967).

[3] *Id.* at 604. *See also* United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

not entitle his testimony to be given special consideration by the jury.[4] The second paragraph is merely an explanation of defense counsel's right to cross-examine, as applied to the circumstances of a law enforcement official.

---

[4] *See* United States v. Bethancourt, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995), *cert. denied,* 516 U.S. 1153 (1996) (approving text of Instruction 7-16). *See* United States v. Cardales, 168 F.3d 548, 556-57 (1st Cir.), *cert. denied,* 528 U.S. 838 (1999) (specific law enforcement witness instruction not required as general credibility instruction was sufficient); United States v. Haslip, 160 F.3d 649, 655 (10th Cir. 1998), *cert. denied,* 526 U.S. 1044 (1999) (same).

(Matthew Bender & Co., Inc.)

# INSTRUCTION NO. 1.11

*Evidence*

## INSTRUCTION NO. 1.11
### *Evidence*

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may

consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 1.05 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

**PRELIMINARY INSTRUCTIONS**                    **1.05**

### 1.05   EVIDENCE; OBJECTIONS; RULINGS;
### BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or

**1.05**                                    CRIMINAL INSTRUCTIONS

the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### Comment

This instruction is derived from Federal Judicial Center Instruction 1, Eighth Circuit Instructions 1.03, 1.07 and Ninth Circuit Instructions 1.05, 1.06.

8

# INSTRUCTION NO. 1.12

*Impermissible to Infer Participation From Association*

**INSTRUCTION NO. 1.12**
*Impermissible to Infer Participation From Association*

You may not infer that the defendant was guilty of participating in criminal

conduct merely from the fact that he associated with other people who were guilty of

wrongdoing.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 6-4
(2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 6-4

## Impermissible To Infer Participation From Association

**You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.**

---

### Authority

**First Circuit:** United States v. Rose, 104 F.3d 1408 (1st Cir.), *cert. denied,* 520 U.S. 1258 (1997).

**Second Circuit:** United States v. Terry, 702 F.2d 299 (2d Cir.), *cert. denied,* 461 U.S. 931 (1983); United States v. Johnson, 513 F.2d 819 (2d Cir. 1978).

**Third Circuit:** United States v. Wexler, 838 F.2d 88, 91 (3d Cir. 1988).

**Fifth Circuit:** United States v. Perry, 624 F.2d 29 (5th Cir. 1980).

**Seventh Circuit:** United States v. Xheka, 704 F.2d 974 (7th Cir. 1983); United States v. Garcia, 562 F.2d 411 (7th Cir. 1977).

**Eighth Circuit:** United States v. Johnson, 278 F.3d 749 (8th Cir. 2002); United States v. Richmond, 700 F.2d 1183 (8th Cir. 1983).

**Ninth Circuit:** Ramirez v. United States, 363 F.2d 33 (9th Cir. 1966).

---

### Comment

The "mere association" charge frequently is requested in multiple defendant cases charging a conspiracy. The foregoing instruction is recommended for use in conspiracy cases.[1]

The Seventh Circuit Comment to the Pattern Instruction suggests alternative language, as follows, for conspiracy cases:

> Mere association with conspirators or those involved in a criminal enterprise is insufficient to prove defendant's participation or membership in a conspiracy.[2]

---

[1] When the defendant is charged as an aider and abettor, the recommended caution on this subject is included in the instruction appearing at Instruction 11-3, *below.* When the defendant is charged as a principal on a substantive offense, the recommended version is Instruction 19-4, *below.*

[2] Seventh Circuit Pattern Instruction No. 3.04.

(Rel.41b–11/02  Pub.485)

# INSTRUCTION NO. 1.13

*Inference Defined*

## INSTRUCTION NO. 1.13
### *Inference Defined*

During the trial you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established fact, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculations. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 6-1 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

¶ 6.01    Inference Defined

Instruction 6–1

Inference Defined (Presumptions)[1]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

―――――――――――――

**Authority**

United States Supreme Court: Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970); Holland v. United States, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 (1954).

Second Circuit: United States v. Pfingst, 477 F.2d 177 (2d Cir.), *cert. denied,* 412 U.S. 941 (1973); United States v. Crespo, 422 F.2d 718 (2d Cir.), *cert. denied,* 398 U.S. 914 (1970).

―――――

[1] Adapted from the charge of Judge Weinfeld in United States v. Corr, 543 F.2d 1042 (2d Cir. 1976).

**Fifth Circuit:** United States v. Yeatts, 639 F.2d 1186 (5th Cir.), *cert. denied,* 452 U.S. 964 (1981); United States v. Fitzharris, 633 F.2d 416 (5th Cir. 1980), *cert. denied,* 451 U.S. 988 (1981).

---

### Comment

This charge is appropriate following the instruction on types of evidence.[2] For reasons discussed in detail in that section, the so-called "two inference rule" is not recommended. As the Supreme Court has held, it is "confusing and incorrect" to instruct the jury to choose the favorable inference, if two can be drawn from the same facts.[3] As the Second Circuit observed, after specifically citing this treatise with approval, "the 'two-inference' language should not be used because, standing alone, such language may mislead a jury into thinking that the government's burden is somehow less than proof beyond a reasonable doubt."[4] It is sufficient to charge the jury on reasonable doubt,[5] and to advise them that they should use their common sense.[6] *United States v. Pfingst*[7] specifically affirmed the instruction that a jury's verdict could be based on an "inference on the record before you."[8]

Care must be taken with respect to charging common law or statutory inferences and presumptions. For example, it has now been held to constitute a constitutionally impermissible shifting of the burden to charge the jury that a defendant is presumed to intend the natural consequences of his acts in a murder case.[9] Moreover, the Second Circuit has held unconstitutional the statutory

---

[2] *See* Chapter 5, *above.*

[3] Holland v. United States, 348 U.S. 121, 75 S. Ct. 127, 99 L. Ed. 150 (1954).

[4] United States v. Khan, 821 F.2d 90 (2d Cir. 1987). *See also* United States v. Roman, 870 F.2d 65 (2d Cir.), *cert. denied,* 490 U.S. 1109 (1989); United States v. Attanasio, 870 F.2d 809 (1989).

[5] *See* Instruction 4-2, *above.*

[6] *Id.*

[7] 477 F.2d 177 (2d Cir.), *cert. denied,* 412 U.S. 941 (1973).

[8] *Id.* at 197. *See also* United States v. Yeatts, 639 F.2d 1186 (5th Cir. 1981); United States v. Rucker, 586 F.2d 899 (2d Cir. 1978); United States v. Wiggins, 566 F.2d 944 (5th Cir.), *cert. denied,* 436 U.S. 950 (1978). *But cf.* United States v. Kelton, 446 F.2d 669, 671 (8th Cir. 1971); Battles v. United States, 388 F.2d 799, 801-02, n.3 (5th Cir. 1968).

[9] Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). *See* Rose v. Clark, 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (holding that *Chapman* harmless-error analysis should be applied by reviewing court where trial judge improperly instructs jury that all homicides are presumed to be malicious in absence of evidence rebutting the presumption; rejecting dissent's view that such an erroneous burden shifting instruction constitutes the equivalent to a directed verdict for the state); Francis v. Franklin, 471 U.S. 1301, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985) (contrasting presumptions with permissive inferences . . . which "suggest to

presumption contained in the kidnapping statute,[10] *to wit,* that a person missing for twenty-four hours is presumed to have been taken interstate, because there is no rational basis for such inference.[11] It is recommended, therefore, that the word "presumption" not be used at all.[12] In those situations where a statutory or common law presumption/inference is constitutional,[13] the jury should be charged specifically that it is not conclusive on the jury and does not serve to shift the burden of proof.[14]

No separate instruction is recommended regarding the presumption of regularity. Since the jury may no longer be instructed that official conduct is *presumed* to have been regularly performed, the presumption is no more than an inference they may draw. It is best handled by simply marshalling the arguments after the second sentence of the fourth paragraph of the instruction. When there is evidence of deviation from regularity, the court may consider leaving the issue for argument of counsel, without any comment from the bench,[15] or at the very least, being certain to emphasize that the evidence permits an inference of either performance or non-performance.[16]

The jury should be reminded that they are the sole and exclusive determiner of the facts, and should be encouraged to draw inferences from the evidence based

---

the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw this conclusion"); Santiago Sanchez Defuentes v. Dugger, 923 F.2d 801, 803 (11th Cir. 1991); Dickey v. Lewis, 859 F.2d 1365 (9th Cir. 1988); Carter v. Montgomery, 769 F.2d 1537, 1540-42 (11th Cir. 1985); Godfrey v. Francis, 613 F. Supp. 747, 750-53 (N.C. Ga. 1985).

[10] *See* 18 U.S.C. § 1201(b).

[11] United States v. Moore, 571 F.2d 76 (2d Cir. 1978).

[12] *See* United States v. De Vincent, 546 F.2d 452 (1st Cir. 1976) (distinguishing "prima facie case" from "presumption"); United States v. Lake, 482 F.2d 146 (9th Cir. 1973); United States v. Marshall, 431 F.2d 944, 945 (5th Cir. 1970).

*See also* United States v. Gatzonis, 805 F.2d 72 (2d Cir. 1986) (quoting *Sandstrom's* citation of Webster's New Collegiate Dictionary definition of presumption as "to suppose to be true without proof").

[13] *See, e.g.,* County Court of Ulster County v. Allen, 442 U.S. 140, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979) (mandatory presumption violates the Due Process Clause if it relieves the state of its burden of proof on an element of the offense).

[14] *See* United States v. Birmingham, 447 F.2d 1313 (10th Cir. 1971); United States v. Crespo, 422 F.2d 718, 720-22 (2d Cir.), *cert. denied,* 398 U.S. 914 (1970); Lloyd v. United States, 412 F.2d 1084 (5th Cir. 1969) *But see* Rose v. Clark, 478 U.S. 570, 583, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (where instruction leads to impermissible burden shifting, any error may be harmless if it can be shown beyond reasonable doubt that the jury would have found it unnecessary to rely on the burden shifting presumption to convict); *See also* Gaskins v. McKellar, 916 F.2d 941, 951 (4th Cir. 1990), *cert. denied,* 500 U.S. 961 (1991).

[15] *See, e.g.,* United States v. Burnett, 476 F.2d 726 (5th Cir. 1973).

[16] *See, e.g.,* United States v. Chaudron, 425 F.2d 605 (8th Cir.), *cert. denied,* 400 U.S. 852 (1970).

upon their common sense and experience.[17] It is improper to limit that function by charging that the jury may not draw an inference from another inference.[18]

The Ninth Circuit Pattern Instructions adopts the view that instructions on particular kinds of inferences should not be given because they unnecessarily lengthen the court's charge and inject argument into it. Instead, the Committee recommends that discussion of specific inferences be left to the argument of counsel with the court giving general instructions on direct and circumstantial evidence and the credibility of witnesses.[19] With these thoughts in mind, the following charges are recommended when appropriate-in light of the circumstances of each case.

---

[17]  United States v. Marino, 562 F.2d 941 (5th Cir. 1977), *cert. denied,* 435 U.S. 996 (1978). *See also* United States v. Akinola, 985 F.2d 1105, 1112 (1st Cir. 1993) (jury was correctly instructed that inferences should be "reasonable [and] directly based on facts that have been proven by the direct evidence, the testimony of witnesses or exhibits").

[18]  United States v. Ravich, 421 F.2d 1196, 1204, n.10 (2d Cir.), *cert. denied,* 400 U.S. 934 (1970).

[19] Ninth Circuit Model Criminal Jury Instructions, Introductory Comment to Chapter 4.