# INSTRUCTION NO. 2.0

*Substantive Counts*

**INSTRUCTION NO. 2.0**
*Substantive Counts*

The defendant is charged with two conspiracy counts:  one count of conspiracy to commit racketeering and one count of conspiracy to commit bribery of a public official.  I will first describe to you what the government must prove in order to establish a conspiracy to commit racketeering.  I will then describe to you what the government must prove in order to establish a conspiracy to commit bribery of a public official.

(Adapted from 18 U.S.C. §§ 201, 371, and 1962).

THIS PAGE INTENTIONALLY LEFT BLANK

- retrieve current, comprehensive history citing references to a case with KeyCite

For more information on using WESTLAW to supplement your research, see the WESTLAW Electronic Research Guide, which follows the Explanation

## § 201.  Bribery of public officials and witnesses

(a) For the purpose of this section—

(1) the term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror;

(2) the term "person who has been selected to be a public official" means any person who has been nominated or appointed to be a public official, or has been officially informed that such person will be so nominated or appointed;  and

(3) the term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.

(b) Whoever—

(1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

(A) to influence any official act; or

(B) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person;

(2) being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives,

accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:

**(A)** being influenced in the performance of any official act;

**(B)** being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

**(C)** being induced to do or omit to do any act in violation of the official duty of such official or person;

**(3)** directly or indirectly, corruptly gives, offers, or promises anything of value to any person, or offers or promises such person to give anything of value to any other person or entity, with intent to influence the testimony under oath or affirmation of such first-mentioned person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or with intent to influence such person to absent himself therefrom;

**(4)** directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity in return for being influenced in testimony under oath or affirmation as a witness upon any such trial, hearing, or other proceeding, or in return for absenting himself therefrom;

shall be fined under this title or not more than three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States.

**(c)** Whoever—

**(1)** otherwise than as provided by law for the proper discharge of official duty—

**(A)** directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official; or

**(B)** being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly demands, seeks, receives, accepts, or agrees to

457

18 § 201

receive or accept anything of value personally for or because of any official act performed or to be performed by such official or person;

(2) directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom;

(3) directly or indirectly, demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon any such trial, hearing, or other proceeding, or for or because of such person's absence therefrom;

shall be fined under this title or imprisoned for not more than two years, or both.

(d) Paragraphs (3) and (4) of subsection (b) and paragraphs (2) and (3) of subsection (c) shall not be construed to prohibit the payment or receipt of witness fees provided by law, or the payment, by the party upon whose behalf a witness is called and receipt by a witness, of the reasonable cost of travel and subsistence incurred and the reasonable value of time lost in attendance at any such trial, hearing, or proceeding, or in the case of expert witnesses, a reasonable fee for time spent in the preparation of such opinion, and in appearing and testifying.

(e) The offenses and penalties prescribed in this section are separate from and in addition to those prescribed in sections 1503, 1504, and 1505 of this title.

(Added Pub.L. 87–849, § 1(a), Oct. 23, 1962, 76 Stat. 1119, and amended Pub.L. 91–405, Title II, § 204(d) (1), Sept. 22, 1970, 84 Stat. 853; Pub.L. 99–646, § 46(a)–(*l* ), Nov. 10, 1986, 100 Stat. 3601–3604; Pub.L. 103–322, Title XXXIII, §§ 330011(b), 330016(2)(D), Sept. 13, 1994, 108 Stat. 2144, 2148.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
    **1962 Acts.** Senate Report No. 2213, see 1962 U.S. Code Cong. and Adm. News, p. 3852.

    **1970 Acts.** Senate Report No. 91–1122, see 1970 U.S. Code Cong. and Adm. News, p. 3833.

    **1986 Acts.** House Report No. 99–797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

    **1994 Acts.** House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

Case 3:04-cr-30033-MAP    Document 318-4    Filed 10/11/2006    Page 7 of 42

**odifications**

Section 330016(2)(D) of Pub.L. 03–322, directing that this section be mended by inserting "under this title r" after "be fined" and by inserting whichever is greater," before "or imprisoned", was executed to subsec. (b) of his section, rather than subsec. (c) of this ection, as the probable intent of Congress.

A prior § 201, Act June 25, 1948, c. 45, 62 Stat. 691, which prescribed penalties for anyone who offered or gave anything of value to an officer or other person to influence his decisions, was eliminated in the general amendment of his chapter by Pub.L. 87–849, and is substantially covered by revised § 201.

**Amendments**

**1994 Amendments.** Subsec. (b). Pub.L. 103–322, § 330016(2)(D), directed hat this section be amended by inserting "under this title or" after "be fined" and by inserting "whichever is greater," before "or imprisoned". Amendment was executed to subsec. (b) of this section, rather than subsec. (c) of this section, as the probable intent of Congress.

**1986 Amendments. Text.** Pub.L. 99–646, § 46(1), directed that the margins of each subsection, paragraph, and subparagraph of this section are to be flush, indented 2ems, and indented 4ems, respectively.

Subsec. (a). Pub.L. 99–646, § 46(a), substituted "section—" for "section:", designated provision defining "public official" as par. (1), and in par. (1) as so designated, inserted "the term" after "(1)" and substituted "Delegate" for "Delegate from the District of Columbia", "after such official has qualified" for "after he has qualified", and "juror;" for "juror; and", designated provision defining "person who has been selected to be a public official" as par. (2), and in par. (2) as so designated, inserted "the term" after "(2)" and substituted "such person" for "he", and designated provision defining "official act" as par. (3), and in par. (3) as so designated, inserted "the term" after "(3)" and substituted "in such official's official capacity, or in such official's" for "in his official capacity, or in his".

Subsec. (b). Pub.L. 99–646, § 46(b)(1), as amended Pub.L. 103–322, § 330011(b)(A), substituted "Whoever"

for "Whoever," and inserted par. (1) designation preceding "directly".

Subsec. (b)(1). Pub.L. 99–646, § 46(b), as amended Pub.L. 103–322, § 330011(b), substituted "(1) directly" for "directly", redesignated pars. (1) to (3) as subpars. (A) to (C) and adjusted the margins to a 6em indent, and in subpar. (C) as so redesignated, substituted "the lawful duty of such official or person;" for "his lawful duty, or".

Subsec. (b)(2). Pub.L. 99–646, § 46(c), redesignated former subsec. (c) as par. (2), and in par. (2) as so redesignated, struck out "Whoever," preceding "being", substituted "corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally" for "corruptly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself", redesignated pars. (1) to (3) as subpars. (A) to (C) and adjusted the margins to a 4em indent, in subpar. (A) as so redesignated, substituted "the performance" for "his performance", and in subpar. (C) as so redesignated, substituted "the official duty of such official or person" for "his official duty; or".

Subsec. (b)(3). Pub.L. 99–646, § 46(d), redesignated former subsec. (d) as par. (3), and in par. (3) as so redesignated, substituted "directly" for "Whoever, directly" and "therefrom;" for "therefrom; or".

Subsec. (b)(4). Pub.L. 99–646, § 46(e), redesignated former subsec. (e) as par. (4), and in par. (4) as so redesignated, substituted "directly" for "Whoever, directly", "demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally" for "asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself", "in testimony" for "in his testimony", "therefrom;" for "therefrom—", "shall be fined not more than" for "Shall be fined not more than $20,000 or", and "thing of value," for "thing of value, whichever is greater,".

Subsec. (c)(1). Pub.L. 99–646, § 46(f), (g), redesignated former subsec. (f) as par. (1), and in par. (1) as so redesignated, substituted "(1) otherwise" for ", otherwise" and "(A) directly" for ", directly", redesignated former subsec. (g) as subpar. (B), and in subpar. (B) as so redesignated, substituted "being" for "Whoever, being", "indirectly demands,

459

seeks, receives, accepts, or agrees to receive or accept anything of value personally" for "indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself", and "by such official or person" for "by him; or". Former subsec. (c) redesignated as subsec. (b)(2).

Subsec. (c)(2). Pub.L. 99–646, § 46(h), redesignated former subsec. (h) as par. (2), and in par. (2) as so redesignated, substituted "directly" for "Whoever, directly" and "such person's absence therefrom;" for "his absence therefrom; or". Former subsec. (c) redesignated as subsec. (b)(2).

Subsec. (c)(3). Pub.L. 99–646, § 46(i), redesignated former subsec. (i) as par. (3), and in par. (3) as so redesignated, substituted "directly" for "Whoever, directly", "demands, seeks, receives, accepts, or agrees to accept" for "asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive or accept", "personally" for "for himself", "by such person" for "by him", "such person's absence therefrom;" for "his absence therefrom—", and "shall be fined under this title" for "Shall be fined not more than $10,000". Former subsec. (c) redesignated as subsec. (b)(2).

Subsec. (d). Pub.L. 99–646, § 46(j), redesignated former subsec. (j) as (d), and in subsec. (d) as so redesignated, substituted "Paragraphs (3) and (4) of subsection (b) and paragraphs (2) and (3) of subsection (c)" for "Subsections (d), (e), (h), and (i)" and struck out "involving a technical or professional opinion," after "expert witnesses,". Former subsec. (d) redesignated as subsec. (b)(3).

Subsec. (e). Pub.L. 99–646, § 46(k), redesignated former subsec. (k) as (e). Former subsec. (e) redesignated as subsec. (b)(4).

Subsec. (f). Pub.L. 99–646, § 46(f), redesignated former subsec. (f) as subsec. (c)(1).

Subsec. (g). Pub.L. 99–646, § 46(g), redesignated subsec. (g) as subsec. (c)(1)(B).

Subsec. (h). Pub.L. 99–646, § 46(h), redesignated subsec. (h) as subsec. (c)(2).

Subsec. (i). Pub.L. 99–646, § 46(i), redesignated subsec. (i) as subsec. (c)(3).

Subsec. (j). Pub.L. 99–646, § 46(j), redesignated subsec. (j) as (d).

Subsec. (k). Pub.L. 99–646, § 46(k), redesignated subsec. (k) as (e).

**1970 Amendments.** Subsec. (a) Pub.L. 91–405 included Delegate from District of Columbia in definition of "public official".

**Effective and Applicability Provisions**

**1994 Acts.** Section 330011(b) of Pub.L. 103–322 provided in part that the amendment made by such section, amending directory language of section 46(b) of Pub.L. 99–646 (which amended subsec. (b) of this section), was to take effect as of the date on which section 46(b) of Pub.L. 99–646 took effect; for such effective date, see section 46(m) of Pub.L. 99–646, set out as a note under this section.

**1986 Acts.** Section 46(m) of Pub.L. 99–646 provided that: "The amendments made by this section [to this section] shall take effect 30 days after the date of enactment of this Act [Nov. 10, 1986]."

**1970 Acts.** Amendment by Pub.L. 91–405 effective on Sept. 22, 1970, see section 206(b) of Pub.L. 91–405, summarized in a note set out under section 25a of Title 2, The Congress.

**1962 Acts.** Section 4 of Pub.L. 87–849 provided that: "This Act [adding sections 201 to 209, and 218 of this title, redesignating sections 214, 215, 217 to 222 as 210, 211, 212 to 217 of this title respectively, repealing sections 223, 281 to 284, 434, and 1914 of this title, and section 99 of Title 5, and enacting provisions set out as notes under sections 281 and 282 of this title] shall take effect ninety days after the date of its enactment [Oct. 23, 1962]."

**Prior Provisions**

Provisions similar to those comprising this section were contained in former §§ 201 to 213 of this title, prior to the general amendment of this chapter by Pub.L. 87–849.

**Short Title**

**1996 Amendments.** Pub.L. 104–177, § 1, Aug. 6, 1996, 110 Stat. 1563, provided that: "This Act [amending section 205 of this title] may be cited as the 'Federal Employee Representation Improvement Act of 1996'."

**1986 Amendments.** Pub.L. 99–370, § 1, Aug. 4, 1986, 100 Stat. 779, provided that: "This Act [amending section 215 of this title and enacting a provision set out as a note under section 215 of this title]

**Ch. 11   BRIBERY, GRAFT, ETC.**                    **18 § 201**

may be cited as the 'Bank Bribery Amendments Act of 1985'."

**Canal Zone**

Applicability of section to Canal Zone, see § 14 of this title.

### EXECUTIVE ORDERS

### EXECUTIVE ORDER NO. 11222

Ex. Ord. No. 11222, May 8, 1965, 30 F.R. 6469, as amended Ex. Ord. No. 11590, Apr. 23, 1971, 36 F.R. 7831; Ex. Ord. 12107, Dec. 28, 1978, 44 F.R. 1055; Ex. Ord. No. 12565, Sept. 25, 1986, 51 F.R. 34437, which related to standards of ethical conduct for government officers and employees, was revoked by Ex. Ord. No. 12674, Apr. 12, 1989, 54 F.R. 15159, as amended set out as a note under section 7301 of Title 5, Government Organization and Employees. Ex. Ord. No. 12565, which amended Ex. Ord. No. 11222, was also revoked by Ex. Ord. No. 12674.

### MEMORANDUM OF ATTORNEY GENERAL REGARDING CONFLICT OF INTEREST PROVISIONS OF PUBLIC LAW 87–849

### Feb. 1, 1963, 28 F.R. 985

### January 28, 1963

Public Law 87–849, "To strengthen the criminal laws relating to bribery, graft, and conflicts of interest, and for other purposes," came into force January 21, 1963. A number of departments and agencies of the Government have suggested that the Department of Justice prepare and distribute a memorandum analyzing the conflict of interest provisions contained in the new act. I am therefore distributing the attached memorandum.

One of the main purposes of the new legislation merits specific mention. That purpose is to help the Government obtain the temporary or intermittent services of persons with special knowledge and skills whose principal employment is outside the Government. For the most part the conflict of interest statutes superseded by Public Law 87–849 imposed the same restraints on a person serving the Government temporarily or intermittently as on a full-time employee, and those statutes often had an unnecessarily severe impact on the former. As a result, they impeded the departments and agencies in the recruitment of experts for important work. Public Law 87–849 meets this difficulty by imposing a lesser array of prohibitions on temporary and intermittent employees than on regular employees. I believe that a widespread appreciation of this aspect of the new law will lead to a significant expansion of the poll of talent on which the departments and agencies can draw for their special needs.

ROBERT F. KENNEDY.

*Attorney General.*

**Memorandum re the Conflict of Interest Provisions of Public Law 87–849, 76 Stat. 1119, Approved October 23, 1962**

#### INTRODUCTION

Public Law 87–849, which came into force January 21, 1963, affected seven statutes which applied to officers and employees of the Government and were generally spoken of as the "conflict of interest" laws. These included six sections of the criminal code, 18 U.S.C. 216, 281, 283, 284, 434 and 1914 [§§ 216, 281, 283, 284, 434 and 1914 of this title], and a statute containing no penalties, § 190 of the Revised Statutes (5 U.S.C. 99) [former § 99 of Title 5, now covered by § 207 of this title]. Public Law 87–849 (sometimes referred to hereinafter as "the Act") repealed § 190 and one of the criminal statutes, 18 U.S.C. 216, without replacing them.[1] In addition it repealed and supplanted the other five criminal statutes. It is the purpose of this memorandum to summarize the new law and to describe the principal differences between it and the legislation it has replaced.

The Act accomplished its revisions by enacting new §§ 203, 205, 207, 208 and 209 of title 18 of the United States Code [§§ 203, 205, 207, 208 and 209 of this title] and providing that they supplant the above-mentioned §§ 281, 283, 284, 434 and 1914 of title 18 [§§ 281, 283, 284,

THIS PAGE INTENTIONALLY LEFT BLANK

# CHAPTER 19—CONSPIRACY

Sec.
371.   Conspiracy to commit offense or to defraud United States.
372.   Conspiracy to impede or injure officer.
373.   Solicitation to commit a crime of violence.

## HISTORICAL AND STATUTORY NOTES

**Amendments**
 **1984 Amendments**. Pub.L. 98–473, Ti-
tle II, § 1003(b), Oct. 12, 1984, 98 Stat.
2138, added item 373.

## LIBRARY REFERENCES

**American Digest System**
   Conspiracy ⟜1 et seq.

**Encyclopedias**
   Conspiracy, see C.J.S. § 1 et seq.

---

## WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

WESTLAW supplements your legal research in many ways.  WESTLAW
allows you to
• update your research with the most current information
• expand your library with additional resources
• retrieve current, comprehensive history citing references to a case with
   KeyCite
For more information on using WESTLAW to supplement your research, see
the WESTLAW Electronic Research Guide, which follows the Explanation.

---

## § 371.  Conspiracy to commit offense or to defraud United States

   If two or more persons conspire either to commit any offense
against the United States, or to defraud the United States, or any
agency thereof in any manner or for any purpose, and one or more of
such persons do any act to effect the object of the conspiracy, each
shall be fined under this title or imprisoned not more than five years,
or both.

   If, however, the offense, the commission of which is the object of
the conspiracy, is a misdemeanor only, the punishment for such
conspiracy shall not exceed the maximum punishment provided for
such misdemeanor.

(June 25, 1948, c. 645, 62 Stat. 701; Sept. 13, 1994, Pub.L. 103–322, Title
XXXIII, § 330016(1)(L), 108 Stat. 2147.)

**18 § 371**                                        **CRIMES   Part**

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on Title 18, U.S.C., 1940 ed., §§ 88, 294 (Mar. 4, 1909, c. 321, § 37, 35 Stat. 1096; Mar. 4, 1909, c. 321, § 178a, as added Sept. 27, 1944, c. 425, 58 Stat. 752).

This section consolidates said §§ 88 and 294 of Title 18 U.S.C., 1940 ed.

To reflect the construction placed upon said § 88 by the courts the words "or any agency thereof" were inserted. (See *Haas v. Henkel*, 1909, 30 S.Ct. 249, 216 U.S. 462, 54 L.Ed. 569, 17 Ann.Cas. 1112, where court said: "The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful functions of any department of government." Also, see *United States v. Walter*, 1923, 44 S.Ct. 10, 263 U.S. 15, 68 L.Ed. 137, and definitions of department and agency in § 6 of this title.)

The punishment provision is completely rewritten to increase the penalty from 2 years to 5 years except where the object of the conspiracy is a misdemeanor. If the object is a misdemeanor, the maximum imprisonment for a conspiracy to commit that offense, under the revised section, cannot exceed 1 year.

The injustice of permitting a felony punishment on conviction for conspiracy to commit a misdemeanor is described by the late Hon. Grover M. Moscowitz, United States district judge for the eastern district of New York, in an address delivered March 14, 1944, before the section on Federal Practice of the New York Bar Association, reported in 3 Federal Rules Decisions, pages 380 to 392.

Hon. John Paul, United States district judge for the western district of Virginia, in a letter addressed to Congressman Eugene J. Keogh dated January 27, 1944, stresses the inadequacy of the 2-year sentence prescribed by existing law in cases where the object of the conspiracy is the commission of a very serious offense.

The punishment provision of said § 294 was considered for inclusion in this re-

vised section. It provided the same penalties for conspiracy to violate the provisions of certain counterfeiting laws, and are applicable in the case of conviction for the specific violations. Such a punishment would seem as desirable for a conspiracies as for such offenses as counterfeiting and transporting stolen property in interstate commerce.

A multiplicity of unnecessary enactments inevitably leads to confusion and disregard of law. (See reviser's note under § 493 of this title.)

Since consolidation was highly desirable and because of the strong objection of prosecutors to the general application of the punishment provision of said § 294, the revised section represents the best compromise that could be devised between sharply conflicting views.

A number of special conspiracy provisions, relating to specific offenses, which were contained in various sections incorporated in this title, were omitted because adequately covered by this section. A few exceptions were made, (1) where the conspiracy would constitute the one offense, or (2) where the punishment provided in this section would not be commensurate with the gravity of the offense. Special conspiracy provisions were retained in §§ 241, 286, 372, 757, 794, 957, 1201, 2271, 2384 and 2388 of this title. Special conspiracy provisions were added to §§ 2153 and 2154 of this title. 80th Congress House Report No. 304.

**1994 Acts.** House Report Nos. 103–3 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**Amendments**

**1994 Amendments.** Pub.L. 103–32 § 330016(1)(L), in sentence beginning "two or" struck out "not more th $10,000" and inserted "under this title following "shall be fined".

**Canal Zone**

Applicability of section to Canal Zone, see § 14 of this title.

## CROSS REFERENCES

Civil rights, conspiracy against, see 18 USCA § 241.
Claims, conspiracy to obtain allowance or payment, see 18 USCA § 286.
Conspiracy to—
    Cast away or destroy vessel, see 18 USCA § 2271.

THIS PAGE INTENTIONALLY LEFT BLANK

Ch. 96    R. I. C. O.                                    18 § 1962

firm for its role in preparing financial statement used in challenged offering, as accounting firm did not "conduct" affairs of partnership, and conclusory statement that accounting firm would continue to profit in future, apparently through trickle down of fees from partnership, did not recreate relationship or identity of actions sufficient for it to have "conducted" affairs of enterprise. Goldman v. McMahan, Brafman, Morgan & Co., S.D.N.Y. 1989, 706 F.Supp. 256.

Investors in tax shelters failed to state RICO cause of action against organizers and promoters of shelters by alleging that tax shelters constituted "enterprises" that were interstate networks of defendants engaged in chain of illegal promotion of securities, as investors failed to allege that "enterprises" had an ascertainable structure that existed for purpose of maintaining operations directed toward economic goal apart from commission of predicate acts of securities fraud, mail fraud and wire fraud constituting pattern of racketeering activity. Nielsen v. Professional Financial Management, Ltd., D.Minn.1987, 682 F.Supp. 429.

Plaintiffs alleging class action fraud case under civil RICO failed to adequately allege "enterprise" element of RICO; involved ten defendants, several individuals, several brokerage firms and several corporations, but there were no allegations from which it could be inferred that defendants belonged to an association to sell purported insurance, and no allegations of how long association lasted, who did what when, and thus how the acts were related to common purpose of "enterprise." Plount v. American Home Assur. Co., Inc., S.D.N.Y.1987, 668 F.Supp. 204.

Lender failed to satisfy enterprise requirement in action brought under the Racketeer Influenced and Corrupt Organizations Act against employee of company operated by borrower's brother; even though company cashed borrower's check, there was no proof that borrower's corporation and brother's company were associated for the common purpose of engaging in course of conduct or pattern of racketeering activity. Barlow v. McLeod, D.D.C.1986, 666 F.Supp. 222, affirmed 861 F.2d 303, 274 U.S.App.D.C. 70.

Wife's complaint which alleged that husband and others formed an enterprise with common purpose of murdering her in order to avoid husband's obligations to her and their children failed to satisfy "enterprise" element of a RICO claim; although activities of associates in murder plot were sufficiently related for RICO purposes, association was not continuing or ongoing; its common purpose had an obvious terminating goal, the death of the wife, and associates in scheme did not function as a continuing unit to dispose of spouses for hire. Pohlot v. Pohlot, S.D.N.Y.1987, 664 F.Supp. 112.

Complaint which alleged that accounting firm certified materially false financial statements of corporation which managed energy business in which plaintiffs participated failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act; "enterprise" requirement was not satisfied by engagement of finite duration and scope, undertaken for particular client; nor did employment of accounting firm express the essential "continuity" element of a racketeering enterprise. Plains/Anadarko-P Ltd. Partnership v. Coopers & Lybrand, S.D.N.Y.1987, 658 F.Supp. 238.

Securities accounts in which defendant broker allegedly gained an interest as result of violations of securities laws were not "enterprises" within meaning of this chapter. In re Catanella and E.F. Hutton and Co., Inc. Securities Litigation, E.D.Pa.1984, 583 F.Supp. 1388.

## § 1962.  Prohibited activities

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisi-

tion of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.  A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

**(b)** It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

**(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

(Added Pub.L. 91–452, Title IX, § 901(a), Oct. 15, 1970, 84 Stat. 942, and amended Pub.L. 100–690, Title VII, § 7033, Nov. 18, 1988, 102 Stat. 4398.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
 **1970 Acts**. House Report No. 91–1549, see 1970 U.S. Code Cong. and Adm. News, p. 4007.
 **1988 Acts**. For Related Reports, see 1988 U.S. Code Cong. and Adm. News, p. 5937.

**Amendments**
 **1988 Amendments**. Subsec. (d). Pub.L. 100–690, § 7033, substituted "subsection" for "subsections".

### CROSS REFERENCES

Civil action for threefold damages, see 18 USCA § 1964.
Court orders to restrain violations of this section, see 18 USCA § 1964.

### FEDERAL SENTENCING GUIDELINES

See Federal Sentencing Guidelines §§ 2E1.1, 5E1.4, 18 USCA.

### AMERICAN LAW REPORTS

Civil action for damages under 18 USCA § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 USCA §§ 1961 et seq.) for injuries sustained by reason of racketeering activity.  70 ALR Fed 538.

# INSTRUCTION NO. 2.1

*Description of RICO Conspiracy Charge*

**INSTRUCTION NO. 2.1**
*Description of RICO conspiracy charge*

The indictment charges the defendant with conspiracy to violate the Racketeer

Influenced and Corrupt Organizations Act.  This means that the defendant has been

charged with conspiracy to conduct or participate in the affairs of an enterprise through a

pattern of racketeering activity.  The indictment reads:

[Read Indictment]

The relevant statute, 18 U.S.C. § 1962(d), provides:

It shall be unlawful for any person to conspire to violate
any of the provisions of subsection (a), (b), or (c) of this
section.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-26
(2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

¶ **52.05   RICO Conspiracy (18 U.S.C. § 1962(d)).**

### Instruction 52–26
### The Indictment and the Statute

The indictment charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act. This means that the defendant has been charged with conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity. The indictment reads as follows:

### [Read Indictment]

The defendant is charged with violating section 1962(d) of Title 18 of the United States Code. That section reads as follows:

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

(Matthew Bender & Co., Inc.)                                                    (Rel.36b–6/00  Pub.485)

# INSTRUCTION NO. 2.2

*Elements of the Offense*

## INSTRUCTION NO. 2.2
### *Elements of the Offense*

In order to establish the crime of conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, you must be convinced that the government has sustained its burden of proving each of the following essential elements beyond a reasonable doubt with respect to the defendant:

First, that an agreement existed between two or more persons to conduct or participate in the affairs of the SHA through a pattern of racketeering activity;

Second, that the SHA was an enterprise whose activities affected interstate commerce;

Third, that the defendant deliberately joined or became a member of the conspiracy or agreement knowing its purpose and with the intent to further the illegal purpose; and

Fourth, that the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment as part of a pattern of racketeering activity.

(Adapted from 2B O'Malley, *et al.*, Federal Jury Practice and Instructions, § 56.11 (2000); Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962(d); Eleventh Circuit Criminal Pattern Jury Instruction 61.2).

THIS PAGE INTENTIONALLY LEFT BLANK



**Federal Jury Practice And Instructions**
**Criminal**
**Current through the 2006 Update**

Kevin F. O'Malley[FNa0], Jay E. Grenig[FNa1], Hon. William C. Lee
[FNa2]

**Part III. Instructions for Particular Federal Criminal Cases**
**Chapter 56. Racketeer Influenced and Corrupt Organizations**
**(18 U.S.C.A. § § 1961 et seq.)**
**B. Conspiracy to Participate in the Affairs of an Interstate Enterprise**
**Through a Pattern of Racketeering Activity**
**(18 U.S.C.A. § 1962(d))**

§ 56.11. The essential elements of the offense charged

In order to sustain its burden of proof for the crime of conspiring to participate in the affairs of an interstate enterprise through a pattern of racketeering activity as charged in Count __ of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity;

Two: Defendant _____ deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose, and;

Three: Defendant _____ agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.

**NOTES**

*In General*

See Chapter 31 Conspiracy.

Unlike the general conspiracy statute, 18 U.S.C.A. § 371, a RICO conspiracy conviction, pursuant to 18 U.S.C.A. § 1962(d), does not require an overt or specific act. In order to be guilty of conspiracy under RICO, the conspirator must simply agree to the objective violation of RICO, and the conspirator need not agree personally to commit the two proscribed acts in violation of the statute. Salinas v. United States, 522 U.S. 52, 61, 118 S.Ct. 469, 476, 139 L.Ed.2d 352, 366 (1997).

*Second Circuit*

The Second Circuit upheld the following instructions regarding a Ries Conspiracy:

The second element is that the accused willfully became a member of the conspiracy ...
This means that in order to meet its burden of proof, the Government must show that the Defendant, knowing the object of the conspiracy, agreed to join with others to achieve those objects, namely the conducting of the affairs of the enterprise through each of them agreeing to commit at least two of the predicate acts identified as the objects of the conspiracy.
A RICO conspiracy conviction requires something more than an ordinary conspiracy. The Defendant must have agreed to assist in at least two of the predicate acts he or she is accused of committing.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

This means that the Government must prove beyond a reasonable doubt agreement to commit two charged predicate crimes.
United States v. Teitler, 802 F.2d 606, 612 (2d Cir. 1986).

See United States v. Zichettello, 208 F.3d 72, 87 (2d Cir. 2000) ("Because a conspiracy to violate N.Y. Penal Code 180.15 is not a state bribery offense 'punishable for more than one year,' within the meaning of RICO's definition of permissible state predicate offenses, 18 U.S.C.A. § 1961(1), the jury was improperly instructed that it could convict these defendants based upon criminal conduct which is not a RICO predicate."); United States v. Tellier, 83 F.3d 578, 581 (2d Cir.), cert. denied, 519 U.S. 955, 117 S.Ct. 373, 136 L. Ed. 2d 262 (1996), (reversing RICO and RICO conspiracy convictions because only evidence of one of two required predicate acts was inadmissible hearsay).

The Second Circuit in United States v. Carrillo, 229 F.3d 177, 179 (2d Cir.2000), rejected the defendant's argument that "in order to find that he had committed the racketeering act or VICAR *[Violent Crimes in Aid of Racketeering]* act of conspiracy to murder, the jury must find that a member of the conspiracy had committed an overt act in furtherance of the conspiracy."

In this case, the court's failure to charge the jury on the need to prove an overt act as an element of conspiracy to murder had no practical effect. As Ocasio's counsel conceded at argument, for each conspiracy-to-murder racketeering or VICAR act found by the jury, the jury also found that Ocasio committed the murder or attempted murder that was the objective of the particular conspiracy. Thus, the jury necessarily found that Ocasio himself had committed an "overt act" of murder or attempted murder in furtherance of each conspiracy to murder. For example, the jury found that Ocasio had committed the racketeering act of conspiracy to murder Rudolph Wyatt, and also found that he had committed the racketeering act of attempted murder of Rudolph Wyatt. Attempting a murder is clearly an "overt act" in furtherance of a conspiracy to commit that murder. Likewise, the jury found that Ocasio had committed the racketeering acts of conspiracy to murder Kelvin Lyons and Joseph Hendrickson, and also found that he had committed attempted murder of Kelvin Lyons and murder of Rufus Brown (mistaken for Hendrickson). The jury found that Ocasio had committed the racketeering acts of conspiracy to murder Robert and Axel Antonetti, and had committed the racketeering acts of the murders of Robert and Axel Antonetti. Because in each case, the jury necessarily found that overt acts had been committed in furtherance of the murder conspiracies, there can have been no prejudice to the defendant from the court's refusal to charge the jury on the need to find an overt act. Notwithstanding the trial court's failure to instruct the jury that an overt act is an essential element of the crime of conspiracy under New York law, the jury necessarily found an overt act committed in furtherance of each murder conspiracy. We therefore uphold Ocasio's conviction.
Carrillo, 229 F.3d at 186.

*Third Circuit*

In United States v. Adams, 759 F.2d 1099, 1116 (3d Cir.), cert. denied, 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985), the Third Circuit wrote, "[w]e now decide that to be convicted of a RICO conspiracy a defendant must agree only to the commission of the predicate acts, and need not agree to commit personally those acts." See United States v. Boffa, 688 F.2d 919 (3d Cir.1982), cert. denied, 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 494 (1983).

*Fourth Circuit*

In United States v. Abed, 203 F.3d 822 (4th Cir.2000), the defendants argued that the district court erred in its instruction to the jury on the proof necessary to find one guilty of RICO conspiracy. The Fourth Circuit rejected the defendants' argument and approved the following jury instruction,

One, a conspiracy or agreement existed, as detailed in Count Two, to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity; two, the particular defendant deliberately enjoined--deliberately joined or became a member of a conspiracy or agreement with knowledge of its purpose; and, three, the particular defendant knew at the time he joined the conspiracy or at some later time while he still was a member that someone, not necessarily the defendant, would commit at least

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

two of the racketeering acts detailed in the indictment in furtherance of the racketeering scheme.
Abed, 203 F.3d at __, 2000 WL 14190 at 5.

The district court further instructed the jury that to meet its burden under this Count, the Government was required to prove that "the defendant knowingly adopted the goal of furthering or facilitating the criminal endeavor," or in other words, that "the defendant knew about the pattern of racketeering activity and agreed to facilitate the racketeering scheme," but was not required "to prove that the defendant himself committed or agreed to commit two or more acts of racketeering." Abed, 203 F.3d at __, 2000 WL 14190 at 6. The court explained,

> This instruction, viewed in its entirety, is almost identical to the jury instruction the Supreme Court upheld in Salinas, which also did not specifically mention that the Government was required to prove that the defendant agreed that someone would commit two predicate acts. The instruction in the instant case is also virtually identical to the Supreme Court's characterization of the requirements of RICO conspiracy. See Salinas, 118 S.Ct. at 477 ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor."). Accordingly, we hold that the district court's jury instruction on the proof necessary to find one guilty of RICO conspiracy, 18 U.S.C.A. § 1962(d), fairly stated the controlling law and was not reversible error.

Abed, 203 F.3d at __, 2000 WL 14190 at 7 (footnote omitted).

*Fifth Circuit*

In United States v. Posada-Rios, 158 F.3d 832, 857 (5th Cir.1998), cert. denied, 526 U.S. 1031, 119 S.Ct. 1280, 143 L.Ed.2d 373 (1999), the court stated,

> We conclude that the better-reasoned rule is the one adopted by the Second, Seventh, and Eleventh Circuits, especially in light of the Supreme Court's recent decision in Salinas v. United States, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), which affirmed this court's decision in United States v. Marmolejo, 89 F.3d 1185 (5th Cir.1996). In Salinas the petitioner argued that to convict a defendant of conspiring to violate RICO the government must prove that the defendant personally agreed to commit two predicate acts. The Court disagreed, holding instead that § 1962(d) is governed by traditional conspiracy law. The Court held that "[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." Salinas, 522 U.S. at __, 118 S.Ct. at 477.

Posada-Rios, 158 F.3d at 857. See also, United States v. Quintanilla, 2 F.3d 1469, 1484-85 (7th Cir.1993); accord United States v. Starrett, 55 F.3d 1525, 1547 (11th Cir.1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1335, 134 L.Ed.2d 485 (1996); Napoli v. United States, 45 F.3d 680, 683-84 (2d Cir.), cert. denied, 514 U.S. 1084, 115 S.Ct. 1796, 131 L.Ed.2d 724 (1995).

In United States v. Marmolejo, 86 F.3d 404, 416 (5th Cir.1996), the Fifth Circuit held that "to be guilty of RICO conspiracy, the conspirator must simply agree to the objective violation of RICO; he need not agree personally to violate the statute."

*Sixth Circuit*

> To show a pattern of racketeering activity conspiracy, a defendant need not personally agree to commit two predicate acts; rather, he need only "kn[ow] about and agree to facilitate the scheme." Salinas v. United States, 522 U.S. 52, 66, 118 S.Ct. 469, 478, 139 L.Ed.2d 352 (1997). Further, a defendant need not know about every member and component of the enterprise; he need only know "the general nature of the enterprise and that the enterprise extends beyond his role." United States v. Eufrasio, 935 F.2d 553, 577 n. 29 (3d Cir.1991).

United States v. Tocco, 200 F.3d 401, 425 (6th Cir.2000).

In United States v. Joseph, 781 F.2d 549, 554 (6th Cir.1986), appeal after remand, 835 F.2d 1149 (6th Cir.1987), the Sixth Circuit held that "[f]or a conspiracy conviction it is not necessary to prove that the defendant

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

agreed to personally commit the requisite acts, but only that he agreed that another violate section 1962(c) by committing two acts of racketeering."

See United States v. Tripp, 782 F.2d 38, 41 (6th Cir.), cert. denied, 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 199 (1986) (RICO conspiracy "does not require proof of an overt act."). See also, United States v. Licavoli, 725 F.2d 1040 (6th Cir.), cert. denied, 467 U.S. 1252, 104 S.Ct. 3535, 82 L. Ed. 2d 840 (1984).

*Seventh Circuit*

## (RACKETEERING CONSPIRACY--ELEMENTS)

To prove the [a] defendant guilty of conspiracy to commit racketeering, as charged in Count __, the government must prove the following propositions:

First, that the defendant knowingly conspired to conduct or participate in the conduct of the affairs of *[insert name]*, an enterprise, through a pattern of racketeering activity as described in Count __; and

Second, that *[insert name] [was] [would be]* an enterprise,

Third, that the activities of *[insert name]* would affect interstate commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to the [a] defendant, then you should find *[that]* defendant guilty of Count __.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the [a] defendant, then you should find the *[that]* defendant not guilty of Count __.

### Committee Comment

The "Conspiracy" elements instruction, without the overt act requirement, should be given in conjunction with this instruction. There are other conspiracy charges under 1962(a), (b) and (c). This pattern instruction covers the most commonly charged offense. 1962(d).
Federal Criminal Jury Instructions of the Seventh Circuit, Instruction No. 1962(d), p. 317 (1999).

In Goren v. New Vision International Inc., 156 F.3d 721, 731-32 (7th Cir.1998), the Seventh Circuit addressed the applicability of Salinas [v. United States, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)] in the context of a civil RICO complaint. The Seventh Circuit concluded that a viable claim under § 1962(d) requires "that each defendant agree to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity" and "that each defendant further agree that someone would commit at least two predicate acts to accomplish those goals." Goren, 156 F.3d at 732.

In United States v. Neapolitan, 791 F.2d 489, 491-498 (7th Cir.), cert. denied, 479 U.S. 939, 107 S.Ct. 421, 93 L.Ed.2d 371 (1986), the Seventh Circuit specifically adopted the position of the Eleventh Circuit and held that a RICO conspiracy requires only an agreement to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity and does not require proof that the defendant agreed to personally commit the two acts. See also, United States v. O'Malley, 796 F.2d 891, 894- 895 (7th Cir.1986) (excerpts of RICO conspiracy instructions.). United States v. Melton, 689 F.2d 679 (7th Cir.1982).

*Eighth Circuit*

See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction Nos. 6.18.1962B and 6.18.1962C (2003), citing 2B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*: Criminal § **56.11** (5th ed. 2000).

See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 6.18.1962C (2003).

In United States v. Kragness, 830 F.2d 842, 860 (8th Cir.1987), a RICO prosecution focusing on a narcotics

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ring, the court held,

> However, we agree with the majority of the other circuits that RICO conspiracy law, like traditional conspiracy law, requires only that each defendant agree to join the conspiracy, not that he agree to commit each of the acts that would achieve the conspiracy's objective. The terms Congress employed in the statute are expansive; it speaks not just of "conduct(ing)," but also of "participat(ing), directly or indirectly, in the conduct ... through a pattern of racketeering activity." As other circuits have observed, the statute does not explicitly require an agreement personally to commit predicate acts, and such a narrow construction would not square with the congressional purpose in RICO of broadening the remedies available to combat organized crime.

*Ninth Circuit*

A defendant need not agree to personally commit two racketeering acts in order to violate the RICO conspiracy provision. United States v. Tille, 729 F.2d 615, 619 (9th Cir.), cert. denied, 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984) (RICO prosecution of arson, attempted murder, and illegal gambling.).

See also, United States v. Frega, 179 F.3d 793, 810 fn. 21 (9th Cir.1999), cert. denied, __ U.S. __, 120 S.Ct. 1247, 146 L.Ed.2d 105 (2000) (citing, Tille with approval).

*Eleventh Circuit*

See Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Offense Instruction Nos. 71.1 and 71.2 (2003).

In United States v. Caporale, 806 F.2d 1487, 1515 (11th Cir.1986), the court cited the following instructions as "fully inform[ing]" the jury:

> In summary, four essential elements are required to be proved in order to establish the offense of conspiracy charged in the indictment:
> First, that the conspiracy charged in the indictment was willfully formed, and was existing at or about the time alleged;
> Second, that the accused willfully became a member of the conspiracy, that is, he objectively manifested, by his words or actions, an agreement to participate, directly or indirectly, in the conduct of the affairs of the enterprise, through a pattern of racketeering activity, as hereinafter defined, that is by agreeing to participate, directly or indirectly, in two or more acts of racketeering activity;
> Third, that one of the conspirators thereafter knowingly committed at least one of the overt acts charged in the indictment, at or about the time and place alleged; and
> Fourth, that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy, as charged.
> If the jury should find beyond a reasonable doubt from the evidence in the case, that the existence of the conspiracy charged in the indictment has been proved, and that during the existence of the conspiracy, one of the overt acts alleged was knowingly done by one of the conspirators in furtherance of some object or purpose of the conspiracy, then proof of the conspiracy offense charged is completed; and it is complete as to every person found by the jury to have been willfully a member of the conspiracy at the time the overt acts were committed, regardless of which of the conspirators did the overt act.
> The object and purpose of the conspiracy charged in Count One, is the conduct of the affairs of an enterprise, in this case the Laborer's International Union of North America, through a pattern of racketeering activity.

[FNa0] The O'Malley Law Firm, Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Chief Judge, United States District Court for the Northern District of Indiana.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FED-JI § 56.11
2B Fed. Jury Prac. & Instr. § **56.11** (5th ed.)

© 2006 Thomson/West

FED-JI § **56.11**
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

THIS PAGE INTENTIONALLY LEFT BLANK



FEDCRIM-JI7 § 1962(d)                                                    Page 1
Fed. Crim. Jury Instr. 7th Cir. s 1962(d)
(INSTRUCTIONS)


**Federal Jury Practice & Instructions**
**Pattern & Model Jury Instructions -- Criminal**
**Federal Criminal Jury Instructions of the Seventh Circuit**
Committee on Federal Criminal Jury Instructions of the Seventh Circuit


**1999 Edition**
**8. Title 18 Offenses**
**18 U.S.C. § 1962(d)**


s 1962(d)


### (SUBSTANTIVE RACKETEERING--ELEMENTS)

    To prove the [a] defendant guilty of racketeering, as charged in Count ___, the
government must prove the following propositions:

    First, that [insert name] was an enterprise;


    Second, that the defendant was associated with [or employed by] the enterprise;

    Third, that the defendant knowingly conducted or participated in the conduct of
the affairs of [insert name] through a pattern of racketeering activity as
described in Count ___; and

    Fourth, that the activities of [insert name] affected interstate commerce.

    [Fifth, that the commission of at least one of the racketeering acts described
in Count ___ occurred on or after [five years prior to the return of the
indictment].]

    If you find from your consideration of all the evidence that each of these
propositions has been proved beyond a reasonable doubt as to the [a] defendant, you
should find the [that] defendant guilty of Count ___.

    If, on the other hand, you find from your consideration of all the evidence that
any of these propositions has not been proved beyond a reasonable doubt as to the
[a] defendant, then you should find the [that] defendant not guilty of Count ___.

### (PATTERN REQUIREMENT--SUBSTANTIVE RACKETEERING)

    In order to find a "pattern of racketeering activity" for purposes of Count ___,
you must find beyond a reasonable doubt that the defendant committed [or caused
another person to commit] at least two racketeering acts described in Count ___,
and that those acts were in some way related to each other and that there was
continuity between them[, and that they were separate acts]. Although a pattern of
racketeering activity must consist of two or more acts, deciding that two such acts
were committed, by itself, may not be enough for you to find that a pattern exists.

    Acts are related to each other if they are not isolated events, that is, if they

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FEDCRIM-JI7 § 1962(d)                                                    Page 2
  Fed. Crim. Jury Instr. 7th Cir. s 1962(d)
  (INSTRUCTIONS)

have similar purposes, or results, or participants, or victims, or are committed a
similar way[, or have other similar distinguishing characteristics] [or are part of
the affairs of the same enterprise].

     There is continuity between acts if, for example, they are ongoing over a
substantial period, or if they are part of the regular way some entity does
business or conducts its affairs.

     The government need not prove that all the acts described in Count ___ were
committed, but you must unanimously agree as to which two or more racketeering acts
the defendant committed [or caused to be committed] in order to find the defendant
guilty of that count.

(RACKETEERING CONSPIRACY--ELEMENTS)

     To prove the [a] defendant guilty of conspiracy to commit racketeering, as
charged in Count ___, the government must prove the following propositions:

     First, that the defendant knowingly conspired to conduct or participate in the
conduct of the affairs of [insert name], an enterprise, through a pattern of
racketeering activity as described in Count ___; and

     Second, that [insert name] [was] [would be] an enterprise,

     Third, that the activities of [insert name] would affect interstate commerce.

     If you find from your consideration of all the evidence that each of these
propositions has been proved beyond a reasonable doubt as to the [a] defendant,
then you should find the [that] defendant guilty of Count ___.

     If, on the other hand, you find from your consideration of all the evidence that
any of these propositions has not been proved beyond a reasonable doubt as to the
[a] defendant, then you should find the [that] defendant not guilty of Count ___.

Committee Comment

     The "Conspiracy" elements instruction, without the overt act requirement, should
be given in conjunction with this instruction. There are other conspiracy charges
under 1962(a), (b) and (c). This pattern instruction covers the most commonly
charged offense. 1962(d).

(Pattern Requirement--Racketeering Conspiracy)

     In order to find a "pattern of racketeering activity" for purposes of Count ___,
you must find beyond a reasonable doubt that the defendant agreed that some
member[s] of the conspiracy would commit at least two acts of racketeering as
described in Count ___ [, and that they were separate acts]. You must also find
that those acts were in some way related to each other and that there was
continuity between them.

     Acts are related to each other if they are not isolated events, that is, if they
have similar purposes, or results, or participants, or victims, or are committed a
similar way[, or have other similar distinguishing characteristics] [or are part of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FEDCRIM-JI7 § 1962(d)                                            Page 3
Fed. Crim. Jury Instr. 7th Cir. s 1962(d)
(INSTRUCTIONS)

the affairs of the same enterprise].

There is continuity between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count ___, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

Committee Comment

See *Salinas v. United States*, 522 U.S. 52 (1997); *United States v. Neapolitan*, 791 F.2d 489 (7th Cir.), *cert. denied*, 479 U.S. 939, 479 U.S. 940 (1986); *United States v. Glecier*, 923 F.2d 496 (7th Cir.), *cert. denied*, 502 U.S. 810 (1991); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989).

(1999)

FEDCRIM-JI7 s 1962(d)
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

THIS PAGE INTENTIONALLY LEFT BLANK

Westlaw.

FEDCRIM-JI11 OI 71.2                                                                      Page 1
Pattern Crim. Jury Instr. 11th Cir. OI 71.2 (2003)
(INSTRUCTIONS)

**Federal Jury Practice & Instructions**
**Pattern & Model Jury Instructions -- Criminal**
**Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations**
**and Comments**
Prepared by Committee on Pattern Jury Instructions of the Judicial
Council of the Eleventh Circuit

**Offense Instructions**
**2. Offenses In Other Titles**

71.2. **RICO**--Conspiracy Offense  18 USC § 1962(d)

   Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

   The meaning of these terms and an explanation of what must be proved in order to establish that offense, is discussed in that part of the instructions covering Count _____ of the indictment.

   However, the Defendants named in Count _____ of the indictment--the conspiracy count--are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

   So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c) as elsewhere defined in these instructions. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

   The evidence in the case need *not* show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, *or* the precise ways in which the purpose was to be accomplished. Neither must it be proved that *all* of the persons charged to have been members of the conspiracy were such, *nor* that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

   What the evidence in the case *must* show beyond a reasonable doubt is:

   First:      That two or more persons, in some way or manner, came to a
               mutual understanding to try to accomplish a common and
               unlawful plan, namely, to engage in a "pattern of
               racketeering activity" as charged in the indictment; and

   Second:     That the Defendant knowingly and willfully became a member of
               such conspiracy; and

   Third:      That at the time the Defendant knowingly and willfully agreed
               to join in such conspiracy, the Defendant did so with the
               specific intent either to personally participate in the
               commission of two "predicate offenses," as elsewhere
               defined in these instructions, or that the Defendant
               specifically intended to otherwise participate in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FEDCRIM-JI11 OI 71.2                                                    Page 2
Pattern Crim. Jury Instr. 11th Cir. OI 71.2 (2003)
(INSTRUCTIONS)

> affairs of the "enterprise" with the knowledge and intent
> that other members of the conspiracy would commit two or
> more "predicate offenses" as a part of a "pattern of
> racketeering activity."

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

### Annotations and Comments

18 USC § 1962(d) provides:
> It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section.

Maximum Penalty: Twenty (20) years imprisonment and applicable fine. Life imprisonment if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment. (The jury must find that defendant committed such a predicate act beyond a reasonable doubt. *See United States v. Nguyen,* 255 F.3d 1335 (11th Cir.2001) (applying *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

*United States v. To,* 144 F.3d 737 (11th Cir.1998) (discusses 'single objective' and 'overall objective' **RICO** conspiracy theories); *see also United States v. Beale,* 921 F.2d 1412 (11th Cir.1991) (discusses the alternate methods of proving a **RICO** conspiracy).

*Salinas v. United States,* 522 U.S. 52, 63, 118 S.Ct. 469, 476, 139 L.Ed.2d 352 (1997) (finding that no overt act is required under the **RICO** conspiracy statute); *see also United States v. Starrett,* 55 F.3d 1525 (11th Cir. 1995) (observing that no overt act is required under § 1962(d)).

(2003)

FEDCRIM-JI11 OI 71.2
END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# INSTRUCTION NO. 2.3

*Existence of Agreement*

## INSTRUCTION NO. 2.3
### *Existence of Agreement*

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment, namely, to conduct or participate in, directly or indirectly, the conduct of the affairs of the Springfield Housing Authority through a pattern of racketeering activity.

A conspiracy is an agreement to accomplish an unlawful objective, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

## 4.03   CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

*Second*, that [defendant] willfully joined in that agreement; [and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

54

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

**4.03**                                    CRIMINAL INSTRUCTIONS

### Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping)

56

**SPECIFIC CRIMES**                                    **4.03**

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).