# INSTRUCTION NO. 2.4

*Enterprise Affecting Interstate Commerce*

## INSTRUCTION NO. 2.4
### *Enterprise Affecting Interstate Commerce*

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit racketeering is that the SHA is an enterprise that engaged in or had an effect upon interstate (or foreign) commerce.

An enterprise includes any legal entity, such as a partnership, corporation, or association, and some other entities as I shall define them for you. If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

Interstate commerce includes the movement of goods, services, money and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

(Adapted from Tenth Circuit Criminal Pattern Jury Instructions, Instruction No. 2.74.3, 2.74.4 (2005); 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-29, 52-30 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK



Federal Jury Practice & Instructions
Pattern & Model Jury Instructions -- Criminal
**Criminal Pattern Jury Instructions: Tenth Circuit**
Prepared by the Criminal Pattern Jury Instruction Committee of the United
States Court of Appeals for the Tenth Circuit

### Substantive Offenses

**2.74.3**. Racketeer Influenced and Corrupt Organizations Act--"Section A"

### First Element--The Enterprise

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

The government has charged the following in the indictment as constituting the enterprise: [Insert the counts or allegations which relate to the enterprise.]

An enterprise includes any legal entity, such as a partnership, corporation, or association, and some other entities as I shall define them for you.

If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

An enterprise also includes a group of people who associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. This group of people must have (1) a common purpose; and (2) an ongoing organization, either formal or informal; and (3) personnel who function as a continuing unit.

If you find these three elements, then you may find that an enterprise existed.

### Comment

The existence of the enterprise is an essential element of the offense which must be charged to the jury. Section 1961(4) defines "enterprise" to include two distinct types of enterprise: legal entities and associations-in-fact. This distinction is drawn in the instruction. When only a "legal entity" enterprise is charged in the indictment, only that part of the instruction should be read; when only an association-in-fact enterprise is charged, only that part of the instruction should be read.

Under section 1961(4), the legal entity type of enterprise is self-explanatory: " 'enterprise' includes any individual, partnership, corporation, association, or other legal entity." "Legal entity" enterprises have included, besides partnerships and corporations, sole proprietorships, unions and their benefit funds, and a variety of governmental entities. It also applies to foreign corporations or other foreign entities.

The courts are agreed that an enterprise may be comprised of two or more legal entities. There is a textual argument to the contrary, based on the language of section 1961(4) that an enterprise includes a "legal entity ... or group of individuals," thereby excluding a group of entities. The courts have uniformly rejected this argument on the ground that the use of the word "includes" means that the list is not exhaustive.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The association-in-fact enterprise is defined in section 1961(4) as "any union or group of individuals associated in fact although not a legal entity." In *United States v. Turkette*, 452 U.S. 576, 583 (1981), the Supreme Court defined the association-in-fact enterprise as

an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct.... The [enterprise] is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.

One problem that arises from *Turkette* is determining the extent to which the defendant's association with others arising from the joint commission of the predicate acts can be construed as an association-in-fact enterprise. In other words, what is it that distinguishes a simple conspiracy to commit a series of predicate acts from an association-in-fact RICO enterprise? In *Turkette*, the Supreme Court gave a partial answer to this question, suggesting that the enterprise must have an organization with a structure and goals separate from the predicate acts themselves, although proof of the pattern of racketeering and enterprise elements may "coalesce." *Id.*

In *United States v. Sanders*, 928 F.2d 940, 943-44 (10th Cir. 1991), the Tenth Circuit stated that an enterprise requires (1) an ongoing organization with a decision-making framework or mechanism for controlling the group, (2) various associates that function as a continuing unit, and (3) an enterprise separate from the pattern of racketeering activity. "The issues of ongoing organization, continuing membership and an enterprise existing apart from the underlying pattern of racketeering are factual questions for the jury." *Id.* at 943.

The courts of appeals have focused on the structure and organization of the group as the critical defining element of an enterprise. For example, the Seventh Circuit has stated that an enterprise is "an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999) (quotation omitted). Thus, "continuity of an informal enterprise and the differentiation among roles can provide the requisite 'structure' to prove the elements of 'enterprise.' " *Id.* at 806 (quotation omitted). Similarly, the Eighth Circuit has stated that the hallmark of an enterprise is "a pattern of roles and a continuing system of authority." *United States v. Davidson*, 122 F.3d 531, 535 (8th Cir. 1997) (quotation omitted).

Most circuits have interpreted *Turkette* to mean that from proof of the defendant's association with others to commit the predicate acts of racketeering, a jury may infer continuity, organization, and common purpose, and so find the existence of an association-in-fact type enterprise. Accordingly, this instruction does not require that the evidence of the pattern of racketeering activity be distinct and independent from the evidence of the enterprise. *See Sanders*, 928 F.2d at 943.

It is not required that the enterprise have a separate purpose apart from the intent to commit the predicate acts as long as it possesses the requisite structure which makes it an enterprise. As the Seventh Circuit has pointed out, illegal associations-in-fact, such as drug trafficking rings, have no separate purpose other than the commission of the underlying criminal acts; if a separate purpose were required, RICO would not apply to the associations-in-fact at which RICO is clearly aimed. *United States v. Rogers*, 89 F.3d 1326, 1336-37 (7th Cir. 1996).

An association-in-fact enterprise may include any collective entity, including purely illegal criminal associations. There is no requirement that the enterprise have any economic purpose, even in cases under sections 1962(a) and (b) where the enterprise is the victim of the criminal activity. In *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994), the Supreme Court rejected the economic purpose requirement, stating that while the enterprise "may very well be a 'profit-seeking' entity ... the statutory language in subsections (a) and (b) does not mandate that the enterprise be a 'profit-seeking' entity; it simply requires that the enterprise be an entity that was acquired through illegal activity or the money generated from illegal activity."

The last paragraph of the above charge is responsive to the Supreme Court's characterization of an enterprise as a "continuing unit." *Turkette*, 452 U.S. at 583. Because the nature of the relationship of the enterprise to the other elements of the crime is different in section 1962(c) than it is in sections 1962(a) and 1962(b), this portion of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FEDCRIM-JI10 2.74.3                                                  Page 3
 Pattern Crim. Jury Instr. 10th Cir. **2.74.3** (2006)
 (INSTRUCTIONS)


charge is required only when charging on a violation of section 1962(c).

(2006)

 FEDCRIM-JI10 **2.74.3**
 END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**Federal Jury Practice & Instructions**
**Pattern & Model Jury Instructions -- Criminal**
**Criminal Pattern Jury Instructions: Tenth Circuit**
Prepared by the Criminal Pattern Jury Instruction Committee of the United
States Court of Appeals for the Tenth Circuit

### Substantive Offenses

**2.74.4**. Racketeer Influenced and Corrupt Organizations Act--"Section A"

### Second Element--Effect on Interstate Commerce

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate (or foreign) commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

### Comment

There is some difference between the interstate commerce element in section 1962(c) cases as opposed to cases brought under subsections (a) and (b) with respect to proof that the predicate racketeering activity affected interstate commerce. It is clear that proof that the racketeering activity affected interstate commerce is never *required* in any RICO case. In cases involving subsections (a) and (b), it is the enterprise which must have an effect on interstate commerce because it is the enterprise that is the target of the criminal activities. *See National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 258-59 (1994) (discussing difference in function of the term "enterprise" in sections 1962(a) and (b) vs. section 1962(c)). In section 1962(c) cases, however, the enterprise is the vehicle for the commission of the predicate crimes, so proof that any of the racketeering activities affected interstate commerce is sufficient by itself to establish that the enterprise affected interstate commerce. Thus, in section 1962(c) cases, proof that either the enterprise itself or the predicate criminal activity affected interstate commerce satisfies this element. The same act can satisfy the interstate impact requirement and also serve as one of the predicate acts in the pattern of racketeering activity.

As indicated in the instruction, although the government has the burden, even a minimal effect on interstate commerce will do. *See United States v. Farmer*, 924 F.2d 647, 651 (7th Cir. 1991). Indeed, even a potential or probable effect is sufficient. The courts are agreed that this satisfies constitutional requirements. There is also no requirement that the activity affecting interstate commerce be legal.

(2006)

 FEDCRIM-JI10 **2.74.4**
 END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

THIS PAGE INTENTIONALLY LEFT BLANK

### Instruction 52–29
### First Element—The Enterprise

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

For the purposes of this case, an enterprise includes any legal entity, such as a partnership, corporation or association, and some other entities as I shall define them for you.

The government has charged that the enterprise in this case is as follows: [Read the counts or allegations which relate to the enterprise.] If you find that this was, in fact, a legal entity such as a partnership, corporation or association, then you may find that an enterprise existed.

An enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

The government has charged the following in the indictment as constituting the enterprise. [Read the counts or allegations which relate to the enterprise.] If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

---

### Authority

**United States Supreme Court:** United States v. Turkette, 452 U.S. 576, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981).

**Second Circuit:** United States v. Errico, 635 F.2d 152 (2d Cir. 1980), *cert. denied,* 453 U.S. 911 (1981).

(Matthew Bender & Co., Inc.)                              (Rel.36b–6/00  Pub.485)

**Seventh Circuit:** Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962.

**D.C. Circuit:** United States v. Richardson, 167 F.3d 621 (D.C. Cir.), *cert. denied,* 120 S. Ct. 225 (1999); United States v. White, 116 F.3d 903 (D.C. Cir.), *cert. denied,* 118 S. Ct. 391 (1997).

---

**Comment**

*See* Comment to Instruction 52-20, *above.*

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 52–30

### Second Element—Effect on Interstate Commerce

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect upon interstate (*or* foreign) commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states (*or* between states and the District of Columbia or a U.S. Territory or possession *or* between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

---

### Authority

**Second Circuit:** United States v. Miller, 116 F.3d 641 (2d Cir. 1997), *cert. denied,* 118 S. Ct. 2063 (1998).

**Seventh Circuit:** United States v. Maloney, 71 F.3d 645 (7th Cir. 1995), *cert. denied,* 519 U.S. 927 (1996); United States v. Farmer, 924 F.2d 647 (7th Cir. 1991); Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962.

**Ninth Circuit:** United States v. Juvenile Male, 118 F.3d 1344 (9th Cir. 1997).

**D.C. Circuit:** United States v. White, 116 F.3d 903 (D.C. Cir.), *cert. denied,* 118 S. Ct. 391 (1997).

---

### Comment

*See* Comment to Instruction 52-21, *above.*

(Matthew Bender & Co., Inc.)                                      (Rel.36b–6/00  Pub.485)

## Instruction 52–31

### Third Element—Association With the Enterprise

The third element which the government must prove beyond a reasonable doubt is that the defendant was associated with or employed by the enterprise.

It is not required that the defendant have been employed by or associated with the enterprise for the entire time that the enterprise existed. It *is* required, however, that the government prove, beyond a reasonable doubt, that at *some* time during the period indicated in the indictment, the defendant in question was employed by or associated with the enterprise.

A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

---

### Authority

**Third Circuit:** United States v. Parise, 159 F.3d 790 (3d Cir. 1999).

---

### Comment

*See* Comment to Instruction 52-22, *above.*

(Matthew Bender & Co., Inc.)

(Rel.36b–6/00  Pub.485)

# INSTRUCTION NO. 2.5

*Membership in the Conspiracy*

### INSTRUCTION NO. 2.5
### *Membership in the Conspiracy*

The fourth element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit racketeering is that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the government must show that the defendant agreed to conduct or participate in, directly or indirectly, the affairs of the SHA through a pattern of racketeering activity.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Davis can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Intent may be inferred from the surrounding circumstances.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that the defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his or her own acts or statements.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-32, 19-6 (2002); First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 52–32

### Fourth Element—Membership in the Conspiracy

The fourth element the government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy. This means that in order to meet its burden of proof, the government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that defendant agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges that the following racketeering acts were or were intended to be committed as part of the conspiracy. [Read relevant portion of indictment.] Again, the government must prove that two of these acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that defendant committed or agreed to commit any of these acts as long as the government proves that defendant participated in some manner in the overall objective of the conspiracy.

---

### Authority

**United States Supreme Court:** Salinas v. United States, 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997).

**First Circuit:** United States v. Shifman, 124 F.3d 31 (1st Cir. 1997), *cert. denied*, 118 S. Ct. 1053 (1998).

**Second Circuit:** United States v. Viola, 35 F.3d 37 (2d Cir. 1994).

**Fifth Circuit:** United States v. Posada Rios, 158 F.3d 832, 857 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1792 (1999); United States v. Marmolejo, 89 F.3d 1185 (5th Cir. 1996), *aff'd*, 118 S. Ct. 469 (1997).

**Eighth Circuit:** United States v. Darden, 70 F.3d 1507 (8th Cir. 1995), *cert. denied,* 518 U.S. 1026 (1996); United States v. Bennett, 44 F.3d 1364 (8th Cir.), *cert. denied,* 516 U.S. 828 (1995).

**Eleventh Circuit:** United States v. To, 144 F.3d 737 (11th Cir. 1998).

---

## Comment

Prior to the Supreme Court's decision in *Salinas v. United States,*[1] the courts of appeal had been divided as to exactly what the defendant had to agree in order to be a member of a RICO conspiracy. Some courts had held that the defendant had to commit or agree to personally commit two predicate acts.[2] while others had held that the defendant only had to agree to the general objectives of the criminal enterprise.[3]

In *Salinas,* the Court rejected the argument that section 1962(d) requires that the defendant agree to commit or actually commit two predicate acts. Speaking about the nature of conspiracies in general, the Court pointed out that "[t]he partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work ... ."[4] Thus, traditionally there is no requirement that each member of the conspiracy commit an overt act. As the Court stated, to require an overt act by each conspirator "would not only be an innovation upon established principles, but would render most prosecutions for the offense nugatory."[5] The Court, noting that there is no requirement in section 1962(d) that any participant commit an overt act, concluded:

> The RICO conspiracy statute ... broadened conspiracy coverage by omitting the requirement of an overt act; it did not, at the same time, work the radical change of requiring the Government to prove each conspirator agreed that he would be the one to commit two predicate acts.[6]

The Instruction adopts the Fifth Circuit's language that what must be proven is that the defendant participated in some manner in the overall objective of the

---

[1] 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997).

[2] *See, e.g.,* United States v. Sanders, 929 F.2d 1466, 1473 (10th Cir.), *cert. denied,* 502 U.S. 846 (1991).

[3] *See, e.g.,* United States v. Pryba, 900 F.2d 748, 760 (4th Cir.), *cert. denied,* 498 U.S. 924 (1990).

[4] 522 U.S. at 63.

[5] 522 U.S. at 64, *quoting* Bannon v. United States, 156 U.S. 464, 469, 15 S. Ct. 610, 39 L. Ed. 494 (1895).

[6] 522 U.S. at 64.

(Matthew Bender & Co., Inc.)                    (Rel.36b–6/00  Pub.485)

conspiracy.[7] The final paragraph has been added in deference to the Ninth Circuit's holding that the failure to identify for the jury what predicate acts would constitute racketeering activity is reversible error.[8]

---

[7] United States v. Posada Rios, 158 F.3d 832, 857 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1792 (1999).

[8] United States v. Frega, 179 F.3d 793, 808-810 (9th Cir. 1999).

## Instruction 19–6
## Membership in the Conspiracy[1]

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge

---

[1] Adapted from the charge of the Hon. Milton Pollock in United States v. Hanlon, TR. 1652–53, aff'd at 548 F.2d 1096 (2d Cir. 1977). *See* the charge of Judge Weinfeld in United States v. Corr, 543 F.2d 1042, 1049–50 (2d Cir. 1976); Fifth Circuit Pattern Criminal Jury Instruction 2.20; Sixth Circuit Pattern Criminal Jury Instruction 3.03; Seventh Circuit Pattern Criminal Jury Instruction 5.08; Ninth Circuit Model Criminal Jury Instruction 8.16; Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 13.1; Federal Judicial Center Pattern Criminal Jury Instruction (Draft) No. 4.

on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

---

### Authority

United States Supreme Court: Blumenthal v. United States, 332 U.S. 539, 68 S. Ct. 248, 92 L. Ed. 154 (1947).

Second Circuit: United States v. Barlin, 686 F.2d 81 (2d Cir. 1982).

Third Circuit: United States v. Gomberg, 715 F.2d 843 (3d Cir. 1983), *cert. denied,* 464 U.S. 1078 (1984).

(Rel.46b–6/05   Pub.485)

19–32.1                     **CONSPIRACY**                     Inst. **19–6**

**Fifth Circuit:** United States v. Graves, 669 F.2d 964 (5th Cir. 1982).

*(Text continued on page 19–33)*

(Rel.46b–6/05  Pub.485)

**Sixth Circuit:** United States v. Bibby, 752 F.2d 1116, 1124 (6th Cir. 1985), *cert. denied,* 475 U.S. 1262 (1986).

**Seventh Circuit:** United States v. Martinez de Ortiz, 883 F.2d 515 (7th Cir. 1989); United States v. McPartlin, 595 F.2d 1321 (7th Cir.), *cert. denied,* 444 U.S. 833 (1979).

**Eighth Circuit:** United States v. Graham, 548 F.2d 1302 (8th Cir. 1977).

---

## Comment

Instruction 19–6 begins with the standard admonition to the jury that the government's evidentiary burden is to prove this element beyond a reasonable doubt. In those rare instances where a judge has instructed the jury that the government need only introduce "slight evidence" of a defendant's participation in the conspiracy, appellate courts have held such instructions to be reversible error, reasoning that such language suffocates the reasonable doubt standard.[2] The fact that the language "slight evidence" "correctly states the appropriate standard for appellate review of the sufficiency of the evidence," does not make the error any less improper.[3]

In short, what the government must prove is that the defendant knew of the conspiracy and that, with such knowledge, he voluntarily became a participant in it.[4] Needless to say, in order to convict the defendant, the jury must find that the defendant was a member of the conspiracy charged in the indictment and not some other conspiracy.[5]

---

[2] *See, e.g.,* United States v. Esparza, 876 F.2d 1390, 1392 (9th Cir. 1989); United States v. Gray, 626 F.2d 494, 500 (5th Cir.), *cert. denied,* 449 U.S. 1& (1980); United States v. Cooper, 567 F.2d 252, 253 (3d Cir. 1977); United States v. Partin, 552 F.2d 621, 628 (5th Cir.), *cert. denied,* 434 U.S. 903 (1977). *See generally* United States v. Burgos, 94 F.3d 849, 858-862 (4th Cir. 1996) (discussing difference between burden of proof and standard of appellate review, and reversing numerous cases which had confused this issue); United States v. Martinez de Ortiz, 883 F.2d 515, 523–25 (7th Cir. 1989) (Easterbrook, J., concurring).

[3] United States v. Partin, 552 F.2d 621, 628 (5th Cir.), *cert. denied,* 434 U.S. 903 (1977).

[4] *See, e.g.,* United States v. Aponte-Suarez, 905 F.2d 483, 489 (1st Cir. 1990); United States v. Hernandez, 896 F.2d 513, 519 (11th Cir. 1990); United States v. Adamo, 882 F.2d 1218 (7th Cir. 1989); United States v. Esparza, 876 F.2d 1390, 1392 (9th Cir. 1989); United States v. Roper, 874 F.2d 782, 789–90 (11th Cir. 1989); United States v. Burton, 871 F.2d 1566, 1571 (11th Cir. 1989); United States v. Graves, 669 F.2d 964, 969 (5th Cir. 1982).

[5] *See* United States v. Payne, 226 F.3d 792, 794-95 (7th Cir. 2000) (jury instruction sufficiently informed the jury that to find the defendant guilty of the alleged conspiracy it must determine that the defendant was a member of the conspiracy charged in the indictment and not some other conspiracy); United States v. Barlin, 686 F.2d 81, 88 (2d Cir. 1982).

As the instruction reflects, the willfulness of the defendant's participation in the conspiracy is a crucial element in the case for the government.[6]

In this regard, it can be proper to give a "conscious avoidance," or "ostrich instruction," when a defendant knowingly associated with other conspirators but consciously avoided knowledge of their unlawful aims and objectives.[7] For example, the Seventh Circuit approved the following instruction in *United States v. Paiz:*[8]

> You may infer knowledge from a combination of suspicion and indifference to the truth. If you find that a person had a strong suspicion that things were not as they seemed or that someone had withheld some important facts, yet shut his eyes for fear of what he would learn, you may conclude that he acted knowingly, as I have used that word.[9]

Because the jury had also been instructed that guilt had to be established beyond a reasonable doubt and that mere presence or association with conspirators is insufficient to prove guilt, the court found the instruction proper.[10] Although the use of "conscious avoidance" instructions has been accepted by a number of circuits,[11] it should not be given where there is a risk the jury will convict on a negligence standard.[12] If the evidence indicates direct knowledge or lack

[6] *See, e.g.,* United States v. Velez, 652 F.2d 258, 261 (2d Cir. 1981); United States v. Provenzano, 615 F.2d 37, 45 (2d Cir. 1980), *cert. denied,* 446 U.S. 953 (1980); United States v. De la Torre, 605 F.2d 154, 156 (5th Cir. 1979) (willful membership element "crucial to a comprehension" of a conspiracy charge and omission of element not harmless error). *See also* United States v. Hirst, 668 F.2d 1180, 1184 (11th Cir. 1982); United States v. Malatesta, 590 F.2d 1379 (5th Cir.), *cert. denied,* 444 U.S.846 (1979). *Cf.* United States v. Poludniak, 657 F.2d 948, 958–959 (8th Cir. 1981), *cert. denied,* 455 U.S. 940 (1982) (instruction to the effect that defendant's claimed reliance on advice of counsel no defense to a willful and knowing violation of the law a proper one). *But cf.* United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir. 1992) (suggesting that knowledge alone is enough).

[7] *See generally* Instruction 3A–2, *above. See, e.g.,* United States v. Schnabel, 939 F.2d 197, 203–04 (4th Cir. 1991); Beech-Nut Nutrition Corp., 871 F.2d 1181, 1195–96 (2d Cir.), *cert. denied,* 493 U.S. 933 (1989); United States v. Diaz, 864 F.2d 544, 550 (7th Cir. 1988), *cert. denied,* 490 U.S. 1070 (1989); United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir. 1986); United States v. Heinemann, 801 F.2d 86 (2d Cir. 1986). *Compare* United States v. Mankini, 738 F.2d 538 (2d Cir. 1984) (error to submit conscious avoidance with respect to knowing participation.)

[8] 905 F.2d 1014 (7th Cir. 1990).

[9] *Id.* at 1022.

[10] *Id.* at 1023.

[11] *See, e.g.,* United States v. Sanchez Solis, 882 F.2d 693, 697 (2d Cir. 1989); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1195–96 (2d Cir.), *cert. denied,* 493 U.S. 933 (1989); United States v. Diaz, 864 F.2d 544, 550 (7th Cir. 1988), *cert. denied,* 409 U.S. 1070 (1989); United States v. Lizotte, 856 F.2d 341, 343 (1st Cir. 1988).

[12] United States v. Alvarado, 838 F.2d 311, 314 (9th Cir.), *cert. denied,* 487 U.S. 1222 (1988); United States v. White, 794 F.2d 367, 371 (8th Cir. 1986).

of knowledge, it may be reversible error to give a conscious avoidance instruction.[13] The Second Circuit has held that it is error to give a conscious avoidance instruction with respect to the "knowing participation" component of this element.[14]

The conscious avoidance approach was expressly approved in *United States v. Gurary*,[15] where the following charge of Judge Walker was upheld:

[Y]ou may find that a defendant knew the purpose of the invoice and cash selling operation was to defraud IRS, or evade taxes, or file false returns, or aid and assist the filing of false returns if you find that

　　1.　the defendant you are considering was aware of a high probability that the false invoices or cash would be used for one or more of these unlawful purpose[s], and

　　2.　the defendant acted with deliberate disregard of how the invoices or the cash would be used with a conscious purpose to avoid learning the truth on this subject.

　　Conscious avoidance may satisfy the requirement of willfulness, unless you find that the defendant you are considering actually believed that the invoices and cash would not be used to defraud the IRS or to violate the tax laws to which I have referred.[16]

The Second Circuit noted that in general, conscious avoidance instructions are only approved where knowledge of an existing fact, and not knowledge of the result of the defendant's conduct is in question. However, the inference of "knowledge" of an existing fact is usually drawn from proof of notice of high probability of its existence, unless the defendant established an honest contrary

---

[13] United States v. Paiz, 905 F.2d 1014, 1022–23 (7th Cir. 1990); United States v. Herrero, 893 F.2d 1512, 1538 (7th Cir. 1990), *cert. denied,* 496 U.S. 927 (1990); United States v. Diaz, 864 F.2d 544, 550 (7th Cir. 1988), *cert. denied,* 409 U.S. 1070 (1989); United States v. Alvarado, 838 F.2d 311, 314 (9th Cir.), *cert. denied,* 487 U.S. 1222 (1988).

　In United States v. Mankini, 738 F.2d 538, 547 n.1 (2d Cir. 1984), the Second Circuit questioned the use of conscious avoidance instructions in conspiracies; however, subsequently it has upheld such instructions respecting the knowledge component. *See, e.g.,* United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1195–96 (2d Cir.), *cert. denied,* 493 U.S. 933 (1989); United States v. Gurary, 860 F.2d 521, 527 (2d Cir. 1988); United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir. 1986). Nevertheless, the court in *Beech-Nut* stated that they "urge the trial court in each case to clarify for the jury to the greatest extent possible that the conscious-avoidance concept is pertinent to knowledge or sincerity of belief, or to the knowledge component of intent, but that a finding of conscious avoidance could not alone provide the basis for finding purpose or for finding intent as a whole." *Id.* at 1196.

[14] United States v. Mankini, 738 F.2d 538, 547 n.1 (2d Cir. 1984)

[15] 860 F.2d 521 (2d Cir. 1988).

[16] *Id.* at 526 n.5.

belief.[17] The court felt that the transactions with over 200 purchasers over eight years constituted enough "proof of notice of high probability" to warrant a conscious avoidance instruction.[18] On the other hand, the First Circuit has approved a general charge of conscious avoidance without clarifying whether the conscious avoidance concerned knowledge of participation or knowledge of the unlawful objects of the scheme.[19]

More than seven decades ago, the United States Supreme Court observed that the intent to accomplish an act cannot be alleged more clearly than by stating that the parties involved conspired to accomplish it.[20] Authorities of a more recent vintage have held that the intent to commit the substantive offense is an essential ingredient of the crime of conspiracy.[21]

The Ninth Circuit pattern instruction which takes a step in the right direction, provides, in relevant part, as follows:

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.[22]

Alternatively, the Sixth Circuit requires a finding that the defendant "knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals."[23]

In that connection, recent decisions have stressed that the specific intent required to convict a defendant charged with conspiracy is the intent to advance or further the unlawful object of the conspiracy.[24] In *United States v.*

---

[17] United States v. Fletcher, 928 F.2d 495, 502 (2d Cir.), *cert. denied,* 502 U.S. 815 (1991) ("the jury was properly warned that reckless ignorance of the tax law does not constitute willful intent to violate the law, that willful participation in conspiracy requires 'specific intent to do something the law forbids' and that the [defendants] were not guilty if they 'actually believed that the agreements and understandings would not be used to defraud the Internal Revenue Service.' ").

[18] United States v. Gurary, 860 F.2d 527 (2d Cir. 1988).

[19] United States v. Lizotte, 856 F.2d 341, 343 (1st Cir. 1988).

[20] United States v. Frohwerk, 249 U.S. 204, 209, 39 S. Ct. 249, 63 L. Ed. 561 (1919). *See also* Williams v. United States, 208 F.2d 447, 449 (5th Cir.), *cert. denied,* 347 U.S. 928 (1953).

[21] *See, e.g.* Ingram v. United States, 360 U.S. 672, 678, 79 S. Ct. 1314, 3 L. Ed. 2d 1503 (1959); United States v. Fletcher, 928 F.2d 495, 501–02 (2d Cir.), *cert. denied,* 502 U.S. 815 (1991); United States v. LaBudda, 882 F.2d 244, 248 (7th Cir. 1989); United States v. Gurary, 860 F.2d 521 (2d Cir. 1988); United States v. Carter, 333 F.2d 354, 356 (10th Cir. 1964); United States v. Danielson, 321 F.2d 441, 445 (9th Cir. 1963) (failure to include this point in charge held to be error).

[22] Ninth Circuit Model Criminal Jury Instruction 8.16.

[23] Sixth Circuit Pattern Criminal Jury Instruction 3.03.

[24] *See, e.g.,* United States v. Haldeman, 559 F.2d 31, 112–13 (D.C. Cir. 1976) *cert. denied,* 446 U.S. 933 (1977); United States v. Provenzano, 615 F.2d 37 (2d Cir.) *cert. denied,* 446 U.S. 953 (1980); United States v. Fontenot, 483 F.2d 315, 323–24 (5th Cir. 1973). *See also* United

*Provenzano,*[25] the trial court charged as follows:

> If you satisfy yourselves beyond a reasonable doubt as to each defendant whether the defendant knowingly and willfully was an active participant in the unlawful plan with the intention of furthering its objectives.[26]

Similarly, in *United States v. De Biasi,*[27] the following language was employed:

> What the government must prove beyond a reasonable doubt, in order to bring the accused into the conspiracy, is that the accused knew the purpose and the object of the conspiracy, and knowing that, willfully participated in the conspiracy—help [ed] *further the business of the conspiracy,* that he did it deliberately, intentionally, not inadvertently, negligently, innocently, but willfully.[28]

Instruction 19–6 adopts the above-stated approach, subject, however, to the generally accepted proposition that knowledge of the existence and goals of a conspiracy does not, without more, make one a conspirator; one must also have a stake in the venture.[29] Yet, many courts have ruled that a trial court is not *required* to use this so-called "stake in the interest test" language in a conspiracy instruction.[30] Mindful of this divergence of authority, Instruction 19–6 merely points out to the jury that proof of a defendant's financial stake in the outcome of the criminal venture is a proper factor to be considered in determining whether the defendant was a member of the conspiracy.

The instruction also correctly informs the jury that it must decide whether the defendant agreed to participate in an unlawful scheme, with knowledge of its essential nature.[31]

---

States v. Reese, 775 F.2d 1066, 1071 (9th Cir. 1985); United States v. Colwell, 764 F.2d 1070, 1072 (5th Cir. 1985); United States v. Porter, 764 F.2d 1, 17 (1st Cir. 1985); United States v. Bibby, 752 F.2d 1116, 1124 (6th Cir. 1985) ("an essential part of any conspiracy is a showing that a particular defendant knew and adopted the conspiracy's main objective.").

[25] 615 F.2d 37 (2d Cir.) *cert. denied,* 446 U.S. 953 (1980).

[26] *Id.* at 45 (emphasis added).

[27] 712 F.2d 785 (2d Cir.), *cert. denied,* 464 U.S. 962 (1983).

[28] *Id.* at 792–93 (emphasis added).

[29] *See* United States v. Cianchetti, 315 F.2d 384, 588 (2d Cir. 1963).

[30] United States v. Torres, 901 F.2d 205, 244–5 (2d Cir. 1990) (to prevent misleading the jury, the court did not err in declining to give the "stake in the venture" instruction proposed by the defendant); United States v. Keller, 784 F.2d 1296 (5th Cir. 1986) (fact that defendant did not have stake in the conspiracy not determinative but merely relevant to establishing participation); United States v. De Biasi, 712 F.2d 785 (2d Cir.), *cert. denied,* 464 U.S. 962 (1983); United States v. Rush, 666 F.2d 10, 12 (2d Cir. 1981); United States v. Noah, 475 F.2d 688, 696 (9th Cir.), *cert. denied,* 414 U.S. 821 (1973) ("all that is required is that he [the defendant] not be indifferent to its outcome.")

[31] Blumenthal v. United States, 332 U.S. 539, 555, 68 S. Ct. 248, 92 L. Ed. 154 (1947); United States v. Salameh, 152 F.3d 88, 148 (2d Cir. 1998), *cert. denied,* 526 U.S. 1044 (1999); United

In this regard, where some knowledge of the law is an element (such as where a defendant must have acted willfully, that is, in violation of a *known* legal duty), the Second Circuit has held it reversible error to instruct the jury that the law presumes "that every person knows what the law forbids and what the law requires to be done."[32]

As a general proposition there is no requirement that the defendant be charged with personal participation in one of the overt acts,[33] so long as there is evidence of his own conduct which proves his participation in the conspiracy and at least one of the overt acts charged in the indictment has been committed by a co-conspirator.[34] In addition, a defendant's participation in the conspiracy need not be shown by direct evidence.[35] The defendant's knowledge and intent may be shown by circumstantial evidence.[36]

Membership in the conspiracy must be proved by independent evidence of the defendant's own acts and statements.[37] Until recently, it was standard practice

---

States v. Auerbach, 913 F.2d 407, 415 (7th Cir. 1990); United States v. Herrero, 893 F.2d 1512, 1534–36 (7th Cir.), *cert. denied,* 496 U.S. 927 (1990) (jury only had to find that the defendant possessed requisite knowledge that drug kingpin engaged in controlled substance activities and not specifically cocaine when defendant helped drug kingpin convert drug proceeds into real estate holdings); United States v. Howard, 895 F.2d 722, 724 (11th Cir. 1990). *See also* United States v. Krasovich, 819 F.2d 253, 256 (9th Cir. 1987) (evidence also must show knowledge of conspiracy's essential objectives.)

[32] United States v. Maniktala, 934 F.2d 25, 29 (2d Cir. 1991); United States v. Golitschek, 808 F.2d 195, 201–02 (2d Cir. 1986).

[33] *See* Instruction 19–7, *below.* United States v. Reed, 875 F.2d 107, 112 (7th Cir. 1989).

[34] United States v. Brown, 335 F.2d 170, 172 (2d Cir. 1964). *See also* United States v. Scop, 940 F.2d 1004, 1011 (7th Cir. 1991) (defendant need not participate in all conspiratorial acts to become a member of conspiracy); United States v. Muehlbauer, 892 F.2d 664, 667 (7th Cir. 1990) (government need only prove conspiracy and "participatory link" with defendant and defendant's awareness of essential features and broad scope of the conspiracy.)

[35] United States v. Lechuga, 888 F.2d 1472, 1476–77 (5th Cir. 1989); United States v. Ayala, 887 F.2d 62, 68 (5th Cir. 1989); United States v. Doran, 299 F.2d 511, 514 (7th Cir. 1962).

[36] United States v. Cota, 953 F.2d 753, 758 (2d Cir. 1992); United States v. Aponte-Suarez, 905 F.2d 483, 490–91 (1st Cir. 1990); United States v. Fox, 902 F.2d 1508, 1514 (10th Cir.), *cert. denied,* 498 U.S. 874 (1990); United States v. Battle, 892 F.2d 992, 1002 (11th Cir. 1990); United States v. Medina, 887 F.2d 528, 531 (5th Cir. 1989) (evidence of defendant's presence in notorious drug smuggling area, driving in front of a van carrying 650 pounds of marijuana when both vehicles were moving slowly with their lights turned off and no other vehicles were seen in the area supported permissible inference of defendant's knowledge of drug smuggling activity); United States v. Gaddis, 877 F.2d 605, 609 (7th Cir. 1989); United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), *cert. denied,* 484 U.S. 969 (1987). *See* United States v. Wheeler, 802 F.2d 778 (5th Cir. 1986), *cert. denied,* 480 U.S. 908 (1987).

[37] United States v. Richardson, 225 F.3d 46, 53-54 (1st Cir. 2000), *cert. denied,* 531 U.S. 1203 (2001); United States v. Penson, 896 F.2d 1087, 1090 (7th Cir. 1990) (the trial court was correct in charging the jury that "in determining whether the defendant became a member of the conspiracy you may consider only the acts and statements of that particular defendant"); United States v. Ortiz, 883 F.2d 515, 520 (7th Cir. 1989); United States v. Esparza, 876 F.2d 1390, 1393 (9th Cir. 1989); United States v. McPartlin, 595 F.2d 1321, 1358 (7th Cir.), *cert. denied,* 444 U.S. 833 (1979).

(Rel.43B–12/03  Pub.485)

to charge the jury that a defendant's membership in the conspiracy could only be proven by the defendant's words and actions. This view was repudiated by the Supreme Court in *Bourjaily v. United States,* [38] which broadened the uses to which co-conspirator statements may be put. It is now clear that the jury may consider co-conspirator statements when determining whether a defendant was a member of the conspiracy. [39] As the Second Circuit stated in *United States v. Lanese,* [40] the jury, in determining whether defendant was a participant, may consider "independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them." [41] The Seventh Circuit has specifically repudiated its own pattern instruction to the contrary. [42]

The Seventh Circuit, in *United States v. Martinez de Ortiz,* [43] suggested the following instruction:

> During the trial you heard about statements made by persons who the prosecutor says are the defendant's fellow conspirators. You may consider these statements when you decide whether the defendant joined the conspiracy. Please remember, however that only the defendant's own words and acts show whether he joined. You therefore should use statements by other persons to decide what the defendant did and said, or to help you understand the defendant's acts and words. If you decide that the defendant joined the conspiracy, you may use the statements by other persons in order to decide questions that are pertinent to the other accusations against him. [44]

Because this instruction is confusing and internally inconsistent, [45] the Second Circuit's formulation has been adopted here.

---

[38] 483 U.S. 171, 181, 107 S. Ct. 2227, 97 L. Ed. 2d 144 (1987).

[39] United States v. Stephenson, 53 F.3d 836, 847 (7th Cir. 1995); United States v. Hagmann, 950 F.2d 175, 180–82 (5th Cir. 1991), *cert. denied,* 506 U.S. 835 (1992); United States v. Lanese, 890 F.2d 1284, 1290 (2d Cir. 1989).

[40] 890 F.2d 1284 (2d Cir. 1989).

[41] *Id.* at 1290. *See* United States v. Cusimano, 148 F.3d 824, 830 (9th Cir. 1998) (approving similar language).

[42] United States v. Martinez de Ortiz, 907 F.2d 629 (7th Cir. 1990) (en banc), *cert. denied,* 498 U.S. 1029 (1991). *See* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 5.08. *See also* United States v. Torres, 965 F.2d 303, 308–09 (7th Cir.), *cert. denied,* 506 U.S. 833 (1992) (reaffirming *Martinez de Ortiz* on this point).

[43] 907 F.2d 629 (7th Cir. 1990) (en banc), *cert. denied,* 498 U.S. 1029 (1991).

[44] *Id.* at 635. *See also* United States v. Garcia, 35 F.3d 1125, 1131 (7th Cir. 1994); United States v. Goines, 988 F.2d 750 (7th Cir.), *cert. denied,* 510 U.S. 887 (1993) (criticizing trial court for omitting recommended instruction from *Martinez de Ortiz* ); United States v. Olson, 978 F.2d 1472, 1477–78 (7th Cir. 1992), *cert. denied,* 507 U.S. 997 (1993).

[45] *See* United States v. Collins, 966 F.2d 1214, 1222–24 (7th Cir. 1992).

The instruction continues with language which embodies the well-settled view that the defendant need not know the identities of all of the other alleged conspirators, nor need he be aware of their respective functions.[46]

It is equally well-established that the defendant need not be aware of all of the details of the conspiracy.[47] The reason underlying this principle was, perhaps, best stated by the Supreme Court in *Blumenthal v. United States:*[48]

[T]he law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connections with it, without requiring evidence of knowledge of all its details or of the participation of others. Otherwise the difficulties, not only of discovery, but of certainty in proof and of correlating proof with pleading would become insuperable, and conspirators would go free by their very ingenuity.[49]

Furthermore, Instruction 19–6 makes it clear that the defendant need not have joined in all of the conspiracy's unlawful objectives.[50]

---

[46] *See, e.g.,* Blumenthal v. United States, 332 U.S. 539, 556, 68 S. Ct. 248, 92 L. Ed. 154 (1947) ("not all of [the conspirators] joining in the earlier [stages of the plan] make known their participation to others later coming in"); United States v. Stephenson, 53 F.3d 836, 847 (7th Cir. 1995); United States v. Sperling, 726 F.2d 69 (2d Cir.), *cert. denied,* 467 U.S. 1243 (1984); United States v. Garcia-Duarte, 718 F.2d 42 (2d Cir. 1983); United States v. Cunningham, 723 F.2d 217 (2d Cir. 1983), *cert. denied,* 466 U.S. 951 (1984); United States v. Brito, 721 F.2d 743, 746 (11th Cir. 1983); Hayes v. United States, 329 F.2d 209, 213 (8th Cir. 1964). *See also* United States v. Casamento, 887 F.2d 1141, 1157–58 (2d Cir. 1989) ("A lack of evidence connecting one defendant with others does not preclude a determination that all the defendants were coconspirators . . . so long as each defendant knew from the scope of the operation that others were involved in the performance functions vital to the success of the endeavor."); United States v. Martin, 790 F.2d 1215 (5th Cir. 1986) (leader of a large tax-avoidance organization was guilty of conspiracy even though the "volunteers" in the organization were unnamed and unknown to the defendant); Seventh Circuit Pattern Criminal Jury Instruction 5.08, which states:

To be a member of the conspiracy, *the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished.* The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

(emphasis added).

[47] *See* United States v. Lokey, 945 F.2d 825 (5th Cir. 1991); United States v. Wiley, 846 F.2d 150, 153 (2d Cir. 1988); United States v. Gomberg, 715 F.2d 843, 847 (3d Cir. 1983), *cert. denied,* 465 U.S. 1078 (1984); United States v. Lyman, 592 F.2d 496 (9th Cir. 1978), *cert. denied,* 442 U.S. 931 (1979). *See also* United States v. Casamento, 887 F.2d 1141, 1168 (2d Cir. 1989); United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989); United States v. Meester, 762 F.2d 867, 881 (11th Cir.), *cert. denied,* 474 U.S. 1024 (1985); United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), *cert. denied,* 474 U.S. 971 (1985).

[48] 332 U.S. 539, 68 S. Ct. 248, 92 L. Ed. 154 (1947).

[49] *Id.* at 557.

[50] *See* United States v. Gomberg, 715 F.2d 843 (3d Cir. 1983), *cert. denied,* 465 U.S. 1078 (1984); United States v. Murray, 618 F.2d 892, 898 (2d Cir. 1980); United States v. Carman, 577 F.2d 556, 557 (9th Cir. 1978).

The recommended instruction also includes reference to the settled proposition that "one participating in a conspiracy is no less liable because his part is minor and subordinate."[51] Utilizing similar language, Sixth Circuit pattern instruction states that a conviction does not "require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough."[52]

To be sure, even a single act can be sufficient to draw a defendant within the ambit of the conspiracy.[53] In that regard, in *United States v. Gomberg*,[54] the Third Circuit upheld the following charge to the jury:

> One may become a member of a conspiracy without full knowledge of all of the details of the alleged unlawful scheme . . . so if a defendant with an understanding of the unlawful character of a plan knowingly and willfully joins in an unlawful scheme on one occasion that is sufficient to convict him for conspiracy . . . .[55]

The language utilized in the Fifth Circuit pattern instruction is not substantially different:

> One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that

---

[51] Sabari v. United States, 333 F.2d 1019, 1021 (9th Cir. 1964). *See also* United States v. Roper, 874 F.2d 782, 789–90 (11th Cir. 1989); United States v. Stromberg, 268 F.2d 256, 265 (2d Cir.), *cert. denied*, 361 U.S. 863 (1959).

[52] Sixth Circuit Pattern Criminal Jury Instruction 3.03.

[53] United States v. Vanwort, 887 F.2d 375, 386 (2d Cir. 1989), *cert. denied*, 495 U.S. 906 (1990) (a defendant's participation in a single transaction can suffice to sustain a charge of knowing participation in an existing conspiracy); United States v. Pack, 773 F.2d 261, 266 (10th Cir. 1985) ("Even a single overt act by the defendant can be sufficient to connect him to the conspiracy if that act leads to a reasonable inference of intent to participate in an unlawful agreement or criminal enterprise."). *See also* United States v. Rodriguez-Arevalo, 734 F.2d 612, 615 (11th Cir. 1984) (defendant who joined late and played only a minor role may be a member of conspiracy); United States v. Darby, 744 F.2d 1508, 1541 (11th Cir. 1984), *cert. denied*, 471 U.S. 1100 (1985) (participation in overall, long-term conspiracy may be inferred from involvement in single episode); United States v. Di Pasquale, 740 F.2d 1282, 1292–93 (3d Cir. 1984), *cert. denied*, 469 U.S. 1228 (1985) (limited participation in scheme of conspiracy sufficient to support conviction because "even the cymbalist is part of the orchestra").

[54] 715 F.2d 843, 847 (3d Cir. 1983), *cert. denied*, 465 U.S. 1078 (1984).

[55] *Id.* at 847. *See also* United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989) (judge properly charged that "one may become a member of the conspiracy without full knowledge of all of its details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part").

is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.[56]

Instruction 19–6 correctly cautions the jury that the mere presence of the defendant at the scene of the alleged crime is not sufficient by itself to establish his guilt.[57] Similarly, mere association with the members of a conspiracy, without more, cannot serve to establish guilt.[58] However, evidence of presence at the scene and of association with conspirators are "material and probative factor [s]" which the jury may consider in reaching its decision.[59]

The Second Circuit has approved the following instruction detailing the evidentiary value to which presence and association with conspirators may be put:

> Now, although mere presence or mere association with conspirators is not enough, it's a factor that you may consider among others to determine whether a defendant was a member of the conspiracy. The defendant's presence may establish his membership in a conspiracy, if all of the circumstances considered together show that his presence was meant to advance the goals of that conspiracy.
>
> He must not only have been present, he must have known about the conspiracy, he must have intended by his presence to participate in the conspiracy or to help it succeed.
>
> In other words, presence itself may demonstrate membership in a conspiracy only if that presence is a functional part of the conspiracy.[60]

---

[56] Fifth Circuit Pattern Criminal Jury Instruction 2.20. *See* United States v. Casto, 889 F.2d 562, 565-566 (5th Cir. 1989), *cert. denied,* 493 U.S. 856 (1990).

[57] *See* United States v. Meyer, 149 F.3d 535, 542-43 (7th Cir. 1998); United States v. Paul, 142 F.3d 836, 840 (5th Cir. 1998), *cert. denied,* 527 U.S. 1027 (1999); United States v. Hester, 140 F.3d 753, 757 (8th Cir. 1998); United States v. Hubbard, 91 F.3d 1218, 1224 (9th Cir. 1996); United States v. Ocampo, 964 F.2d 80, 82 (1st Cir. 1992); United States v. Garate-Vergana, 942 F.2d 1543, 1547 (11th Cir. 1991), *cert. denied,* 502 U.S. 1110 (1992); United States v. Villegas, 899 F.2d 1324, 1338–41 (2d Cir. 1990).

[58] *See* United States v. Hubbard, 91 F.3d 1218, 1224 (9th Cir. 1996); United States v. Lechuga, 888 F.2d 1472, 1477 (5th Cir. 1989); United States v. Kelly, 888 F.2d 732, 740 (11th Cir. 1989); United States v. Casamento, 887 F.2d 1141, 1167 (2d Cir. 1989); United States v. Whaley, 830 F.2d 1469, 1473 (7th Cir. 1987), *cert. denied,* 486 U.S. 1009 (1988); United States v. Casperson, 773 F.2d 216, 221 (8th Cir. 1985); United States v. Nipp, 422 F.2d 509, 514 (10th Cir. 1969), *cert. denied,* 399 U.S. 913 (1970).

[59] United States v. Burrell, 963 F.2d 976, 988 (7th Cir.), *cert. denied,* 506 U.S. 928 (1992). *See, e.g.,* United States v. Prince, 883 F.2d 953, 957–58 (11th Cir. 1989); United States v. Espinosa, 771 F.2d 1382, 1393 (10th Cir. 1985); United States v. Reese, 775 F.2d 1066, 1071–72 (9th Cir. 1985); United States v. Soto, 716 F.2d 989, 991 (2d Cir. 1983); United States v. Graham, 548 F.2d 1302 (8th Cir. 1977).

[60] United States v. Locascio, 6 F.3d 924, 945 (2d Cir. 1993), *cert. denied,* 511 U.S. 1070 (1994).

The Fifth Circuit pattern instruction handles these aspects of the membership charge in the following manner:

> Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.[61]

The Sixth Circuit describes, as follows, factors which may be used to determine that the defendant joined a conspiracy:

> But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.[62]

There are situations, of course, as the Second Circuit noted in *United States v. Carson,*[63] where "seemingly innocent acts, when viewed in the context of the surrounding circumstances" may justify "an inference of complicity."[64] *Carson,* however, does not state the general rule. According to the overwhelming majority of cases, even in the Second Circuit, an individual who has no knowledge of an unlawful agreement, but who simply happens to act in such a way as to further the purposes of a conspiracy does not, ipso facto, become a conspirator. "Merely acting in a way which incidentally furthers the purpose of a conspiracy without knowledge that a conspiracy exists does not make a person a member of the conspiracy."[65]

---

[61] Fifth Circuit Pattern Criminal Jury Instruction 2.20. *See* United States v. Casto, 889 F.2d 562, 565-566 (5th Cir. 1989), *cert. denied,* 493 U.S. 856 (1990). Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 13.1 is similar.

[62] Sixth Circuit Pattern Criminal Jury Instruction 3.03.

[63] 702 F.2d 351 (2d Cir.), *cert. denied,* 462 U.S. 1108 (1983).

[64] *Id.* at 362, *quoting* United States v. Calabro, 449 F.2d 885, 890 (2d Cir. 1971), *cert. denied,* 414 U.S. 1047 (1972).

[65] United States v. Provenzano, 615 F.2d 37 (2d Cir.), *cert. denied,* 446 U.S. 953 (1980). In *Provenzano,* the Second Circuit affirmed the trial court's charge, despite the fact that there was no express language to the effect that the defendant's mere association with the alleged conspirators was an insufficient basis for a conviction. *See also* Fifth Circuit Pattern Criminal Jury Instruction 2.20, which reads, in relevant part, as follows:

> [A] person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

(Rel.43B–12/03  Pub.485)

A defendant may contend that his contact with alleged co-conspirators was limited to an isolated incident. In the absence of an understanding or agreement with co-conspirators, mere participation in a single transaction may be an insufficient basis for a conspiracy conviction, even though the defendant was fully aware of the character of the goods sold.[66] As one court reasoned: "In such circumstances the buyer's purpose is to buy; the seller's purpose is to sell. There is no joint objective."[67] Under appropriate circumstances, a defendant may request the following instruction:

> You may find that the defendant took part in a transaction (e.g., involving illegal goods) and that that was his only involvement with the conspiracy. If so, unless the defendant participated in the transaction with knowledge of the conspiracy's unlawful purpose, and with the specific intention of furthering the conspiracy's business or objective, you must acquit the defendant on the conspiracy count. This is true even if the defendant sought to further other unlawful objectives. In order to be a member, the defendant must have intended to further the aims of the conspiracy.

It should be noted that failure to give this instruction would probably not be error if the court's instruction made clear that there must be an agreement and common objectives between conspirators.[68]

On the other hand, a defendant will often contend that he acted without knowledge of what his associates were doing, while the evidence presented suggests the contrary. In such instances, the jury should be informed of the relevance of the defendant's ignorance or the defendant's claim that he was not a knowing participant.[69] In addition, it may, depending on the circumstances of the case, be appropriate to employ the so-called "intentional avoidance" language, which has been approved by a number of courts:

*See also* United States v. Herrero, 893 F.2d 1512, 1537 (7th Cir.), *cert. denied*, 496 U.S. 927 (1990) (the court was correct when instructing the jury "a person who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator"); United States v. Alvarez-Moreno, 874 F.2d 1402, 1413 (11th Cir. 1989) (approving essentially the same instruction).

[66] United States v. Hyman, 741 F.2d 906, 914 (7th Cir. 1984); United States v. DeLutis, 722 F.2d 902, 906 (1st Cir. 1983); United States v. Borelli, 336 F.2d 376, 384 (2d Cir. 1964).

[67] United States v. Ford, 324 F.2d 950 (7th Cir. 1963). *See also* United States v. Kapp, 781 F.2d 1008 (3d Cir.), *cert. denied*, 479 U.S. 821 (1986) (where defendant purchased a stolen truck and provided fraudulent paperwork, there was sufficient evidence that the defendant did not merely participate in a single transaction, but rather agreed to enter into the criminal endeavor with knowledge that the vehicle was stolen).

[68] United States v. Solomon, 686 F.2d 863, 875–77 (11th Cir. 1982).

[69] *See, e.g.*, United States v. Shilleci, 545 F.2d 519, 526 (5th Cir. 1977).

(Rel.43B–12/03  Pub.485)

19–45                           **CONSPIRACY**                      **Inst. 19–6**

No person can intentionally avoid knowledge by closing his eyes to facts which should prompt him to investigate.[70]

Instruction 19–6 calls upon the jury to decide whether the evidence of the defendant's knowledge of the purpose of the conspiracy is clear and unequivocal. An alternative formulation of this instruction was approved in *United States v. Fontenot:*[71]

How does a person become a member of a conspiracy? A person may become a member of a conspiracy without full knowledge of all of the details of the conspiracy. On the other hand, a person who has no knowledge of a conspiracy but simply happens to act in some way which furthers the object or purpose of the conspiracy does not thereby become a conspirator. Before the Jury would be authorized to find that a defendant or any other person has become a member of a conspiracy, the evidence must show that the conspiracy was formed in some way and that the defendant or other person who is claimed to be a member knowingly and willfully participated in some way in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy. To participate knowingly and willfully means to participate voluntarily and understandingly and with specific intent to do some act which the law forbids. That is to say to participate with bad purpose either to disobey or disregard the law. So, if a defendant or any other person, with understanding of the unlawful character of a plan, intentionally encourages, advises, or assists for the purpose of furthering the undertaking or scheme, he thereby becomes a knowing and willful participant, a conspirator. Also, one who knowingly and willfully joins an existing conspiracy is charged with the same responsibility as if he had been one of the original instigators of the plan. In determining whether or not a defendant or any other person was a member of a conspiracy the Jury is not to consider what others may have said or done, that is to say, the membership of a defendant or any other person in a conspiracy must be established by evidence as to that person's own conduct, what he himself said or what he himself did.[72]

Instruction 19–6 is recommended for its greater clarity, simplicity and attention to material detail.

---

[70] United States v. Gold, 743 F.2d 800, 822 (11th Cir. 1984), *cert. denied,* 469 U.S. 1217 (1985); United States v. Petullo, 709 F.2d 1178, 1181 (7th Cir. 1983). *See also* United States v. Burns, 683 F.2d 1056 (7th Cir. 1982), *cert. denied,* 459 U.S. 1173 (1983); United States v. Hogg, 670 F.2d 1358, 1363 (4th Cir. 1982); United States v. Gabriel, 597 F.2d 95, 100 (7th Cir.), *cert. denied,* 444 U.S. 858 (1979).

[71] 483 F.2d 315 (5th Cir. 1973).

[72] *Id.* at 323–24.

THIS PAGE INTENTIONALLY LEFT BLANK

CRIMINAL INSTRUCTIONS

### 4.03   CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

*Second*, that [defendant] willfully joined in that agreement; [and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

**4.03**                               **CRIMINAL INSTRUCTIONS**

### Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping)

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).