# INSTRUCTION NO. 2.7

*Intent to Commit Racketeering*

## INSTRUCTION NO. 2.7
### *Intent to Commit Racketeering*

I instructed you that in order to find Mr. Davis guilty of conspiracy to commit racketeering, the government must prove beyond a reasonable doubt that Mr. Davis had both the intent to agree to join the conspiracy and the intent that the underlying crime of conducting or participating in the conduct of an enterprise through a pattern of racketeering activity be committed.

The elements of conducting or participating in the conduct of an enterprise through a pattern of racketeering activity are:

First, that the SHA was an enterprise whose activities affected interstate commerce;

Second, that the defendant was associated with or employed by the SHA;

Third, that the defendant engaged in a pattern of racketeering activity; and

Fourth, that the defendant conducted or participated in the conduct of the enterprise through a pattern of racketeering activity.

While the government is not required to prove that the defendant himself violated § 1962(c), it is required to prove beyond a reasonable doubt that his intent in joining the conspiracy was that § 1962(c) be violated.

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 52-19 (2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

## Instruction 52–19
### Elements of the Offense

In order to prove that the defendant violated section 1962(c), the government must establish beyond a reasonable doubt each of the following five elements of the offense:

First, that an enterprise existed as alleged in the indictment;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was associated with or employed by the enterprise;

Fourth, that the defendant engaged in a pattern of racketeering activity (or the collection of an unlawful debt); and

Fifth, that the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity (or collection of an unlawful debt).

### Authority

**Eighth Circuit:** United States v. Keltner, 147 F.3d 662 (8th Cir.), *cert. denied,* 119 S. Ct. 574 (1998); United States v. Darden, 70 F.3d 1507 (8th Cir. 1995), *cert. denied,* 518 U.S. 1026 (1996).

**Eleventh Circuit:** United States v. To, 144 F.3d 737 (11th Cir. 1998); United States v. Starrett, 55 F.3d 1525 (11th Cir. 1995), *cert. denied,* 517 U.S. 1127 (1996); Eleventh Circuit Criminal Pattern Jury Instruction 61.1.

---

### Comment

In *Salinas v. United States,* [1] the Supreme Court stated that "[t]he elements predominant in a [section 1962(c)] violation are (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity.[2] Since the Court was clearly not intending to delineate the elements precisely, let alone creating a formulation that should be charged to the jury, that language is not used here.

[1] 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997).

[2] 522 U.S. at 62.

Several formulations of a section 1962(c) offense are in use among the courts. The recommended five-element formulation has been adopted by several circuits and the Eleventh Circuit pattern instructions.[3] Several others combine the first and second elements, requiring as one element the existence of an enterprise affecting interstate commerce.[4] Other courts and the Fifth and Seventh Circuit pattern instructions combine the fourth and fifth elements requiring as one element that the defendant conducted or participated in the conduct of the enterprise by committing a pattern of racketeering activity.[5] For example, the Fifth Circuit pattern instruction provides the following formulation:

*First:* That the defendant was a person employed by or associated with the enterprise charged;

*Second:* That the enterprise existed as alleged in the indictment. ...

*Third:* That the defendant, either directly or indirectly, conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

*Fourth:* That the enterprise was engaged in interstate [foreign] commerce or that its activities affected interstate [foreign] commerce.[6]

The Seventh Circuit pattern instruction is similar:

First, that [insert name] was an enterprise;

Second, that the defendant was associated with [or employed by] the enterprise;

Third, that the defendant knowingly conducted or participated in the conduct of the affairs of [insert name] through a pattern of racketeering activity as described in Count _____; and

Fourth, that the activities of [insert name] affected interstate commerce.[7]

The Ninth Circuit pattern instruction recommends a three-element formulation with both of the combinations discussed above:

First, the defendant was employed by or associated with [*insert name of enterprise or union*];

---

[3] United States v. Keltner, 147 F.3d 662, 668 (8th Cir.), *cert. denied,* 119 S. Ct. 574 (1998); United States v. To, 144 F.3d 737, 747 (11th Cir. 1998); Eleventh Circuit Criminal Pattern Jury Instruction 61.1.

[4] United States v. Richardson, 167 F.3d 621, 625 (D.C. Cir.), *cert. denied,* 120 S. Ct. 225 (1999); United States v. Parise, 159 F.3d 790, 794 (3d Cir. 1998); United States v. Posada-Rios, 158 F.3d 832, 855 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1792 (1999); United States v. Shifman, 124 F.3d 31, 35 (1st Cir. 1997), *cert. denied,* 118 S. Ct. 1053 (1998).

[5] United States v. Palumbo Bros., Inc., 145 F.3d 850, 877 (7th Cir.), *cert. denied,* 119 S. Ct. 376 (1998); Fifth Circuit Criminal Pattern Jury Instruction 2.78; Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962(c).

[6] Fifth Circuit Criminal Pattern Jury Instruction 2.78. Note that in practice, the Fifth Circuit has approved the four-element formulation joining the first two elements. *See* United States v. Posada-Rios, 158 F.3d 832, 855 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1792 (1999).

[7] Seventh Circuit Criminal Pattern Jury Instruction to 18 U.S.C. § 1962(c).

Second, the defendant [conducted] [or] [participated, directly or indirectly, in the conduct of] the affairs of [*name of enterprise or union*] through a pattern of racketeering activity; and

Third, [*name of enterprise or union*] engaged in or its activities in some way affected commerce between one state and [an]other state[s], or between a state or the United States and a foreign country.[8]

Although none of these alternative formulations in use is objectionable, Instruction 54-21 is preferred. The elements relating to the enterprise and its affect on interstate commerce are separated for purposes of clarity in RICO cases, although they are treated as one element for textual reasons in section 1959 cases.[9] The fourth and fifth elements are treated separately because the evidence of the commission of the predicate acts is substantially different from evidence of a defendant's participation in the operation of the enterprise, and linking them unnecessarily complicates the jury's consideration of the issues.

---

[8] Ninth Circuit Criminal Pattern Jury Instruction 8.34.3.

[9] *See* Comment to Instruction 52-38, *below.*

# INSTRUCTION NO. 3.0

*Description of Count 3*

**INSTRUCTION NO. 3.0**
*Description of Count 3*

The indictment charges Mr. Davis with having been a member of a conspiracy to

commit a federal crime, the crime of bribery of a public official.    The indictment reads:

[Read Indictment]

The relevant statute, 18 U.S.C. § 201, provides in relevant part:

> Whoever, directly or indirectly, corruptly gives, offers, or
> promises anything of value to any public official or person
> who has been selected to be a public official, or offers or
> promises any public official or person who has been
> selected to be a public official to give anything of value to
> another person or entity, with intent—
>
> (1) to influence any official act;
>
> [shall be guilty of a crime].

(Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instruction No. 16-1
(2002)).

THIS PAGE INTENTIONALLY LEFT BLANK

¶ 16.01.   Bribery of Public Officials (18 U.S.C. § 201)

## Instruction 16–1
### The Indictment and the Statute

The indictment charges the defendant with bribery of a public official. The indictment reads as follows:

### [Read Indictment]

The defendant is charged with a violation of section 201(b) of Title 18 of the United States Code. That section, which I shall refer to as the bribery section, provides that:

Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or person who has been selected to be a public official to give anything of value to another person or entity, with intent—

(1)    to influence any official act; or

(2)    to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(3)    to induce such public official or person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person

[shall be guilty of a crime].

Subsection (c) of section 201, which I shall refer to as the gratuity section, states that

Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official [shall be guilty of a crime].

I shall explain the distinction between the bribery section and the gratuity section in detail in another portion of these instructions.

(Rel.45b–11/04  Pub.485)

### Comment

Section 201 extends not only to whoever "gives, offers or promises" a bribe or gratuity to a public official,[1] but also to whoever "gives, offers or promises" a bribe or gratuity to a witness in a trial, hearing or other proceeding.[2] The statute further extends to public officials who accept or solicit bribes or gratuities.[3] Of course, only the section charged in the indictment should be read to the jury.

The giving or accepting of a gratuity in violation of any provision of subsection (c) is a lesser included offense of the corresponding bribery provision in subsection (b).[4] A defendant may be charged with violating both subsections in one transaction, but cannot be convicted of both.[5] Thus, if the defendant is convicted of the bribery count, a verdict should not be returned on the gratuity count.[6]

---

[1] 18 U.S.C. § 201(b)(1), (c)(1)(A).

[2] 18 U.S.C. § 201(b)(3), (c)(2).

[3] 18 U.S.C. § 201(b)(2), (b)(4), (c)(1)(B), (c)(3). *See* ¶ 16.02, *below.*

[4] *See* United States v. Wilson, 26 F.3d 142, 161 (D.C. Cir. 1994), *cert. denied,* 514 U.S. 1051 (1995); United States v. Muldoon, 931 F.2d 282, 287 (4th Cir. 1991); United States v. Johnson, 647 F.2d 815 (8th Cir. 1981); United States v. Crutchfield, 547 F.2d 496, 500 (9th Cir. 1977); United States v. Brewster, 506 F.2d 62 (D.C. Cir. 1974).

[5] United States v. Umans, 368 F.2d 725, 728–730 (2d Cir.), *cert. dismissed as improvidently granted,* 384 U.S. 80 (1966).

[6] United States v. Lipton, 467 F.2d 1161, 1163 n.1 (2d Cir. 1972), *cert. denied,* 410 U.S. 927 (1973). *Cf.* United States v. Muldoon, 931 F.2d 282, 288 (4th Cir. 1991) (jury convicted on both charges but trial court correctly merged them for sentencing).

# INSTRUCTION NO. 3.2

*Elements of the Offense*

## INSTRUCTION NO. 3.2
### *Elements of the Offense*

Mr. Davis is accused of conspiring to commit a federal crime—specifically the crime of bribery of a public official.  It is against federal law to conspire with someone to commit this crime.

For you to find Mr. Davis guilty of conspiracy to commit bribery of a public official, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime of bribery of a public official;

Second, that Mr. Davis willfully joined in that agreement; and

Third, that one of the members of the conspiracy knowingly committed an overt act in an effort to further the purpose of the conspiracy.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

## 4.03  CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> *First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

> *Second*, that [defendant] willfully joined in that agreement; [and

> *Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

SPECIFIC CRIMES

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

**4.03**                                              CRIMINAL INSTRUCTIONS

### Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping)

56

**SPECIFIC CRIMES**                                      **4.03**

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers,* 102 F.3d 641, 644 (1st Cir. 1996).

57

# INSTRUCTION NO. 3.3

*Existence of Agreement*

**INSTRUCTION NO. 3.3**
*Existence of Agreement*

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that two or more persons entered the unlawful agreement specified in the indictment.

A conspiracy is an agreement to accomplish an unlawful objective, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

## 4.03  CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

*Second*, that [defendant] willfully joined in that agreement; [and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

**4.03**                                    CRIMINAL INSTRUCTIONS

### Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping)

56

**SPECIFIC CRIMES**                                    **4.03**

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).

# INSTRUCTION NO. 3.4

*Membership in the Conspiracy*

## INSTRUCTION NO. 3.4
### *Membership in the Conspiracy*

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that Mr. Davis willfully entered into the conspiracy knowing its purpose and with the intent to further the illegal purpose. I have previously explained to you what it means to act "willfully."

Proof that Mr. Davis willfully joined the conspiracy must be based upon evidence of his own words or actions. You need not find that Mr. Davis agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Davis was not part of the conspiracy at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the conspiracy. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

CRIMINAL INSTRUCTIONS

## 4.03  CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

*Second*, that [defendant] willfully joined in that agreement; [and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

## Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.,* 18 U.S.C. § 1201(c) (kidnapping)

SPECIFIC CRIMES                                         **4.03**

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).

# INSTRUCTION NO. 3.5

*Commission of an Overt Act*

**INSTRUCTION NO. 3.5**
*Commission of an Overt Act*

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy to commit bribery of a public official is that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Mr. Davis personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

(Adapted from First Circuit Pattern Jury Instructions (Criminal), Instruction 4.03 (1998)).

THIS PAGE INTENTIONALLY LEFT BLANK

## 4.03  CONSPIRACY
### [18 U.S.C. § 371; 21 U.S.C. § 846]

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> *First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

> *Second*, that [defendant] willfully joined in that agreement; [and

> *Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully

54

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

**4.03**                                            CRIMINAL INSTRUCTIONS

## Comment

(1) This charge is based largely upon *United States v. Rivera–Santiago*, 872 F.2d 1073, 1078–80 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989), as modified by *United States v. Piper*, 35 F.3d 611, 614–15 (1st Cir. 1994), *cert. denied*, 513 U.S. 1158, 115 S. Ct. 1118 (1995). *See also United States v. Boylan*, 898 F.2d 230, 241–43 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see *United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. *See Piper*, 35 F.3d at 614–15. There must be proof, however, that a second conspirator with criminal intent existed. *See United States v. Alzanki*, 54 F.3d 994, 1003 (1st Cir. 1995), *cert. denied*, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." *United States v. Mena–Robles*, 4 F.3d 1026, 1033 (1st Cir. 1993), *cert. denied*, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if " 'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.' " *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir.) (quoting *Boylan*, 898 F.2d at 243), *cert. denied*, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from *United States v. Monteiro*, 871 F.2d 204, 208–09 (1st Cir.), *cert. denied*, 493 U.S. 833 (1989). For alternate definitions see *United States v. Porter*, 764 F.2d 1, 17 (1st Cir. 1985), *cert. denied*, 481 U.S. 1048 (1987), and *United States v. Drape*, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. *See United States v. Yefsky*, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. *See United States v. Giry*, 818 F.2d 120, 126 (1st Cir.), *cert. denied*, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." *United States v. Goldberg*, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. *See, e.g.*, 18 U.S.C. § 1201(c) (kidnapping)

56

SPECIFIC CRIMES                                           **4.03**

(overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. *See United States v. Rogers*, 102 F.3d 641, 644 (1st Cir. 1996).

57