UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 04-30033-MAP |
| RAYMOND ASSELIN, SR., et al. | |
| Defendants. | |

**DEFENDANT PETER DAVIS'S MOTION *IN LIMINE* # 13 TO EXCLUDE IMPROPER SUMMARY WITNESS TESTIMONY**

The government has stated its intention to call Special Agent Michael Brin as a witness. While defendant does not know the precise nature of Agent Brin's expected testimony, the government has stated that he will "testify to the summarh witness material in [sic] some of the voluminous records." Trial Transcript at 2490 (Oct. 10, 2006). The government has since indicated its intention to use a multitude of exhibits with Agent Brin, including many that appear to be both unnecessary and inappropriate for use with a summary witness. Accordingly, defendant hereby moves *in limine* to exclude the government from introducing improper summary witness testimony.

Courts have held that it is impermissible for the government to use a summary witness in order to make what is essentially its closing argument to the jury. *United States v. Fullwood*, 342 F.3d 409 (5th Cir. 2003) ("[S]ummary witnesses are not to be used as a substitute for, or a supplement to, closing argument."). Often summary witnesses are used either to summarize a large number of relevant documents, as governed by Fed. R. Evid. 1006, *id.*, or to explain complex evidence or perform complex calculations in a manner that renders the evidence more understandable by the jury. *See, e.g.*, *United States v. Sutherland*, 929 F.2d 764, 780 (1st Cir.

1991) (using summary witness to calculate income tax owed and due using "expenditures method).

It appears that at least some of Agent Brin's testimony will be more in the nature of the government's closing argument, rather than any helpful summary testimony. For instance, the government has indicated that it intends for Agent Brin to testify about 11 checks paid by either P.J. Richfield or G & R Construction for work done on the home of Joseph Asselin. To begin, as this Court has repeatedly noted, the payment of a small number of checks for work on the homes of the Asselin children is actually the one aspect of this case that is <u>not</u> confusing or difficult for the jury to understand, and summary testimony is simply neither necessary nor appropriate to tally up those checks through Agent Brin.[1] To make matters worse, the government has not indicated that it will ask Agent Brin to summarize all payments P.J. Richfield made to to pay for work done on the Asselin childrens' homes, or all such payments by G &R Construction, but rather it appears to have selectively chosen those checks that paid for the building of Joseph Asselin's home in Amherst, MA. Presumably this testimony will come on the heels of Mr. Asselin's testimony that SHA contractors paid for significant amounts of the building of his home, and the introduction into evidence of a photograph of that home by the government. This plainly appears to be an attempt to use a purported "summary" witness to attempt to score rhetorical points with the jury, which is clearly inappropriate.

Furthermore, the government has also indicated that it intends to introduce some exhibits that are either not in evidence or that appear to be unrelated to other exhibits, and therefore not appropriate for a summary witness. While defendant cannot anticipate the precise testimony the

---

[1] Futhermore, if Agent Brin will provide some sort of analysis of these checks that goes beyond merely tallying up the payments, such analysis would likely cross the line into expert testimony, which, given the lack of any Rule 16 disclosure, would be impermissible.

2

government intends to elicit through Agent Brin concerning such exhibits, defendant has serious doubts that any testimony concerning such exhibits would be appropriate for a "summary witness."

Accordingly, Mr. Davis requests that this Court grant his motion *in limine* to preclude inappropriate summary testimony.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: October 12, 2006

## CERTIFICATE OF SERVICE

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on October 12, 2006.

 /s/ James C. Rehnquist
James C. Rehnquist

LIBA/1733071.2

3