UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CR-N-04-30033-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PETER DAVIS,** | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO RECONSIDER THE COURT'S
PARTIAL GRANT OF DEFENDANT'S MOTION IN LIMINE NO. 11**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, Steven H. Breslow, Assistant United States Attorney, and Kevin O'Regan, Assistant United States Attorney, hereby files this Motion to Reconsider the Court's Partial Grant of Defendant Peter Davis's Motion in Limine No. 11 (the "Motion").

Because the defendant's false denial of home improvements for Asselin family home improvements was specified as a charged racketeering act, it is being offered as direct evidence of the charged racketeering conspiracy rather than as evidence of consciousness of guilt. Consequently, the statement should be admitted because the defendant's consciousness of guilt case law simply does not apply to this particular statement.

I.  The Defendant's False Denial Is Part
    Of The Defendant's Charged Offense

When the defendant was interviewed by FBI agents on April 2003, he told them that he had not paid for work on the homes of Asselin family members.  This false statement is explicitly charged as Racketeering Act 248.  See Superseding Indictment, ¶ 54.  Indeed, among its objectives, the racketeering enterprise had an objective to conceal the participation in and enrichment of its members and persons associated with the Enterprise."  Superseding Indictment, ¶ 26.

As a result, the government is not offering this statement as evidence of consciousness of guilt, but rather as direct evidence of the defendant's specific involvement in the racketeering conspiracy charged in Count One.  Because the government is not offering this statement as consciousness of guilt evidence, the defense cases cited in support of its Motion are simply inapposite because they deal with falsely exculpatory statements that are not part of the changed offense.  See, e.g., United States v. Littlefield, 840 F.2d 143, 148 (1st Cir. 1988) (stating that [f]or an allegedly false exculpatory statement to be of any value in the factfinder's deliberations, we think it must either involve a matter collateral to the facts establishing guilt or should be so incredible that its very implausibility suggests that it was created to conceal guilt.") (citations omitted).

By contrast, it is well-settled that a defendant's straightforward denial of guilt can constitute a chargeable offense. Brogan v. United States, 522 U.S. 398 (1998) (abrogating United States v. Chevoor, 526 F.2d 178 (1st Cir. 1976) and rejecting the "exculpatory no" exception to a false statements charge under 18 U.S.C. § 1001).

Here, the defendant's false statement was explicitly charged as a specific racketeering act committed in furtherance of the racketeering conspiracy. Thus, the statement is direct evidence of the defendant's guilt, not evidence of his consciousness of guilt. Because the statement is a charged racketeering act, it should be admitted. See United States v. Biaggi, 705 F. Supp. 830, 836 (S.D.N.Y. 1988) (finding that adequate evidence existed to support a racketeering act in which defendant made false statements to the grand jury). As a result, United States v. Littlefield and the remainder of the defense cases simply do not apply.

II. Conclusion

For the foregoing reasons, the Government respectfully moves the Court to reconsider its partial grant of the defendant's Motion in Limine No 11 and permit the government to offer evidence that the

defendant told the FBI that he had not paid for work on the homes of Asselin family members.

Filed this 15th day of October, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Steven H. Breslow
STEVEN H. BRESLOW
Assistant United States Attorney


 /s/ Kevin O'Regan
KEVIN O'REGAN
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                          Springfield, Massachusetts
                                      October 15, 2006

    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by filing said motion by ECF to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                                            /s/ Steven H. Breslow
                                            STEVEN H. BRESLOW
                                            Assistant United States Attorney