UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 04-30033-MAP |
| RAYMOND ASSELIN, SR., et al. | |
| Defendants. | |

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Defendant Peter Davis hereby submits the following proposed instructions to the jury pursuant to Fed. R. Crim. P. 30. These proposed instructions supplement the instructions he previously filed.

Respectfully submitted,

PETER DAVIS

By his attorneys,

 /s/ James C. Rehnquist
James C. Rehnquist (BBO # 552602)
Kathleen Luz (BBO # 643278)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: October 17, 2006

## INSTRUCTION NO. 2.8
### *Unanimity as to Predicate Acts*

The indictment charges Mr. Davis with agreeing to the commission of _____ [insert quantity] racketeering acts. As I have previously instructed, for you to find Mr. Davis guilty of the racketeering conspiracy, the government must prove beyond a reasonable doubt that Mr. Davis agreed that someone, not necessarily him, would commit at least two of the racketeering acts recited in the indictment as part of a pattern of racketeering activity.

You may not find Mr. Davis guilty unless you are unanimous that Mr. Davis agreed that at least two particular racketeering acts would be committed. That is, you cannot find Mr. Davis guilty if some of you think that Mr. Davis agreed that only racketeering acts A and B would be committed and the rest of you think that Mr. Davis only agreed that acts C and D would be committed. There must be at least two specific racketeering acts that all of you believe Mr. Davis agreed would be committed in order to convict Mr. Davis.[1]

---

[1]    Adapted from 3-52 L. Sand, *Modern Federal Jury Instructions-Criminal P 52.04*, Form Instruction 52-24 (2005).

## INSTRUCTION NO. 3.9
### *Unanimity as to Bribery*

The indictment charges Mr. Davis with agreeing to the commission of thirteen acts of bribery. These thirteen acts of bribery are charged as both racketeering acts in furtherance of the racketeering conspiracy and as overt acts in furtherance of the conspiracy to commit bribery.

I have previously instructed you that in this case the crime of bribery requires an offer or promise of anything of value to a public official with the corrupt intent to influence an official act. Whether you consider the question in the context of the racketeering conspiracy or the bribery conspiracy, you cannot find Mr. Davis agreed to commit bribery unless you are unanimous that Mr. Davis agreed that a particular offer or promise of a thing of value would be made in exchange for a particular official act. That is, you cannot find that Mr. Davis agreed to the commission of bribery in a particular instance if some of you think that Mr. Davis agreed that the offer or promise would be made with the intent to influence official act A and the rest of you think that Mr. Davis agreed that the offer or promise would be made with the intent to influence official act B. You must all agree which official act Mr. Davis agreed would be influenced by any offer or promise the government might prove.[2]

---

[2]    *See United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398 (1999).

## <u>CERTIFICATE OF SERVICE</u>

    I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on October 17, 2006.

                     **/s/ James C. Rehnquist**_____
                          James C. Rehnquist