# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                      )
          v.            ) CR NO. 04-30033-MAP
                      )
PETER DAVIS               )

## MEMORANDUM AND ORDER REGARDING
## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
(Dkt. No. 331)

October 18, 2006

PONSOR, D.J.

Defendant Peter Davis was charged in Counts 2 and 3 of the indictment with conspiracy to participate in the affairs of an enterprise (specifically the Springfield Housing Authority) through a pattern of racketeering activity, 18 U.S.C. § 1962(d), and conspiracy to commit bribery, 18 U.S.C. §§ 201 and 371. On October 17, 2006, the court allowed Defendant's motion under Fed. R. Crim. P. 29(a). This memorandum will set forth the court's reasons in brief.

The indictment charging Defendant was handed down by the grand jury on July 9, 2004. It is undisputed that the statute of limitations for Counts 2 and 3 is five years. Thus at trial the government had the burden of proving beyond a

reasonable doubt that Defendant engaged in the unlawful agreement to commit bribery and/or to participate in the affairs of a racketeering enterprise some time after July 9, 1999.

At trial, with one exception, the only evidence offered by the government with regard to this Defendant concerned activities occurring prior to July 9, 1999, outside the limitations period. The one exception was a statement made by Defendant on April 10, 2003 to F.B.I. agents. During this conversation, a jury could have found that Defendant stated untruly that he was the only founder of the company P. J. Richfield, that his only relationship with Joseph Asselin concerned construction work performed while Joseph Asselin worked for a bank, that his relationship with Raymond Asselin was mainly professional, and that the extent of his contracts with the Springfield Housing Authority ranged from $50,000 to several hundred thousand dollars.

Assuming the jury found the 2003 statements to be untrue, they were insufficient, for several reasons, to constitute evidence of Defendant's participation in any conspiracy. First, the evidence of the statements was offered by the

2

government only as evidence tending to show consciousness of guilt, not as evidence supporting the substantive conspiracy charges. It was only at the eleventh hour that the government proposed to offer a related statement, excluded by the court after an analysis under Fed. R. Evid. 403, as substantive evidence of the conspiracy. Second, the substantive import of the statements was, at best, highly ambiguous. Third, given that Defendant had had no contact whatsoever with the Springfield Housing Authority after June of 1998, the only conceivable connection the statements might have had to the underlying conspiracy would have arisen from Defendant's desire to conceal his involvement. Evidence of concealment, however -- absent an express, original agreement to conceal the conspiracy -- cannot extend the life of a conspiracy. United States v. Twitty, 72 F.3d 228, 233 (1st Cir. 1995) (citing Grunewald v. United States, 353 U.S. 391, 404 (1957)). No evidence of any express, original agreement was offered.

In sum, the government presented absolutely no evidence, let alone evidence sufficient to convince a reasonable juror beyond a reasonable doubt, that Defendant's "agreement with the core group continued into the period not barred by the

3

statute of limitations." <u>United States v. Juodakis</u>, 834 F.2d 1099, 1103-04 (1st Cir. 1987) (<u>per</u> <u>curiam</u>).  As the First Circuit noted, in determining the effect of the statute of limitations it is "essential to determine what kind of agreement or understanding existed as to <u>each</u> defendant." <u>Id.</u> at 1104, (citing <u>United States v. Borelli</u>, 336 F.2d 376, 384 (2d Cir. 1964) (Friendly, J.) (emphasis supplied by First Circuit)).

The evidence showing activity extending into the limitations period on the part of Defendant Davis was not only insufficient, but was nonexistent.  Given this failure, the government lacked evidence to prove that Davis engaged any unlawful agreement within the applicable statute of limitations period.  He was therefore entitled to judgment as a matter of law on both counts.

A second, independent reason required allowance of Defendant's motion.  Defendant, it is undisputed, received his last payment from the Springfield Housing Authority on May 11, 1998 and submitted his last, unsuccessful bid to the Springfield Housing Authority in June of 1998.  Shortly thereafter, it is undisputed that he moved 100 miles to the

4

east and retired completely from the contracting business. The evidence of several witnesses confirmed that he communicated his retirement from the contracting business to his alleged co-conspirators.

This evidence constituted a powerful showing of an affirmative withdrawal from the conspiracy by Defendant. It is well settled that in order to demonstrate withdrawal from a conspiracy it is insufficient simply to cease criminal activity. On the other hand, "a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals" is sufficient to show withdrawal. United States v. Pizarro-Berrios, 448 F.3d 1, 10 (1st Cir. 2006), (citing United States v. Piper, 298 F.3d 47, 53 (1st Cir. 2002) and United States v. Robinson, 390 F.3d 853, 882 (6th Cir. 2004)). The evidence of Defendant's communication of his abandonment of the enterprise to his co-conspirators was uncontested.

In the face of this strong showing of withdrawal, the government bore the burden of proving beyond a reasonable doubt that Defendant did not withdraw. Again, the evidence to satisfy this burden was not merely insufficient, but was

5

Case 3:04-cr-30033-MAP   Document 84   Filed 01/06/2006   Page 7 of 8

entirely nonexistent. The record of the trial contained
absolutely no evidence of additional conduct on the part of
Defendant in furtherance of the conspiracy. The ambiguous
comments made to the F.B.I. agent were, for the reasons stated
above, inadequate. The two or three occasional social
contacts after June 1998 certainly offered no evidence to
demonstrate the absence of a withdrawal.

In sum, Defendant is entitled to judgment as a matter of
law both because the evidence offered at trial was wholly
insufficient to demonstrate that Defendant's participation in
the conspiracy extended after July of 1999, and was further
insufficient to support a jury in finding beyond a reasonable
doubt that Defendant did not withdraw from the conspiracy
prior to the applicable limitations period.

The court is aware that its ruling has the effect of
permanently disposing of the charges against this Defendant.
Nevertheless, Fed. R. Crim. P. 29(a) places a responsibility
on the court to make this judgment. The rule states that "the
court on defendant's motion must enter a judgment of acquittal
of any offense for which the evidence is insufficient to
sustain a conviction." Id. (emphasis added).

6

As the court has already noted orally, its decision should not be seen to impugn the dedicated and resourceful efforts made by the government in this investigation. A number of the co-defendants in the case, including the parties who were arguably at the center of the conspiracy, have pled guilty. Despite the government's best efforts, the insufficiency of the evidence to support the charges against Defendant Davis, in light of the statute of limitations, was glaring. For these reasons, the court has ALLOWED Defendant's Motion for Judgment as a Matter of Law pursuant to Fed. R. Crim. P. 29(a).[1]

It is So Ordered.

Michael A. Ponsor
U.S. District Judge

---

[1] On September 7, 2006, the court issued a short memorandum setting forth its reasons for dismissing Counts 1 and 107 on the basis of United States v. Aguilar, 515 U.S. 593 (1995), with the promise of a more detailed memorandum to follow. In light of the court's Rule 29(a) decision, no further memorandum will issue regarding the September 7 ruling.

7