```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )   CRIM. NO. 04-30033-MAP
                             )
        vs.                  )
                             )
PETER DAVIS,                 )
                             )
                Defendant.   )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT PETER DAVIS'S MOTION TO OBTAIN LIMITED DISCOVERY RELATING TO HIS APPLICATION FOR COSTS AND ATTORNEYS' FEES PURSUANT TO THE HYDE AMENDMENT**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files the instant Opposition To Defendant Peter Davis's Motion To Obtain Limited Discovery Relating To His Application For Costs And Attorneys' Fees Pursuant To The Hyde Amendment (Docket No. 382) (the "Discovery Motion").

Although styled as a motion to obtain "limited" discovery, the Discovery Motion in fact broadly requests an order directing the government "to produce <u>the prosecution memorandum and any similar documentation setting forth the facts and law</u> the Assistant U.S. Attorneys relied upon in obtaining authority from their superiors in the Department of Justice to commence this prosecution." Discovery Motion, at 1. As set forth below, the defense request is as baseless as it is boundless, and it should be denied.

1. <u>The Hyde Amendment Does Not Permit The Discovery Sought</u>

Congress did not authorize criminal defendants to conduct discovery to support their Hyde Amendment claims, but instead expressly limited the district court's review to the existing record, possibly supplemented by a narrow class of additional evidence which the court <u>may</u> receive for good cause shown, which must be submitted *ex parte* and *in camera,* and which must be kept under seal.

As even the defendant concedes, the Hyde Amendment contains no language authorizing discovery of any kind, much less the sweeping discovery sought here.[1] To the contrary, the Hyde Amendment narrowly limits the receipt of additional evidence as follows:

> To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence *ex parte* and *in camera* (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.

Pub. L. No. 105-110, 111 Stat. 2440, 2519 (1997), reprinted in 18 U.S.C. § 3006A (statutory note). Thus, the statute narrowly provides that: (1) only "for good cause shown" (2) the court "may receive evidence" (3) "*ex parte*" and (4) "*in camera*" (5) and such

---

[1] "Mr. Davis acknowledges that . . . the Hyde Amendment itself (unlike certain provisions of the Rules of Criminal Procedure) does not affirmatively provide the [sic] an applicant with a right to discovery." Discovery Motion, at 5.

evidence "shall be kept under seal." Id. Such limiting language clearly evinces Congress's intent to bar discovery in support of Hyde Amendment claims. Without these limitations, Hyde Amendment litigation would involve sweeping and protracted discovery, like that sought here, and would require district courts to referee privilege claims and other discovery disputes, all of which would consume scarce judicial resources.

Moreover, to the extent that the Hyde Amendment states that the Court "may receive evidence," such receipt permits the government to supplement the record, *ex parte* and *in camera*, with classified evidence or grand jury information. This provision does not provide defendants with any discovery right; rather, it allows the government to protect the confidentiality of sensitive materials that the government may rely upon on its defense of a Hyde Amendment application. See United States v. Truesdale, 211 F.3d 898 (5th Cir. 2000); United States v. Schneider, 395 F.3d 78, 91 (2nd Cir.), cert. denied, 544 U.S. 1062 (2005); United States v. Carlson, No. 04-370-09, 2005 W.L. 2989671 (E.D. Pa. Nov. 2, 2005).

In Truesdale, the Fifth Circuit reviewed the legislative history of the Hyde Amendment and concluded:

> It appears the provision for *in camera* review of evidence was included to enable the government to defend itself against Hyde Amendment motions and at the same time protect confidential information. We do not read the Amendment as providing for discovery and a hearing as a matter of right.

211 F.3d at 907.

Similarly, in <u>Schneider</u>, the Second Circuit observed that "[t]he statute's text contains no indication of intent to grant a court the authority to order the production of government materials." 395 F.3d at 91. The Second Circuit noted two problems to the defense argument that the Hyde Amendment provides discovery authority. First, while the Hyde Amendment states that the court "may receive evidence," the statute "says nothing about authorization to order its production." <u>Id.</u> Second, "the term 'for good cause shown' relates only to the need for *ex parte* and *in camera* inspection to protect the confidentiality of government materials, <u>not to the movant's need to acquaint the court with the government's materials in order to show entitlement to relief</u>." <u>Id.</u> at 91-92 (emphasis added) (citing to 143 Cong. Rec. H7793 (daily ed. Sept. 14, 1997) (statement of Rep. Lynn Rivers)). The Second Circuit concluded, "In short, nothing in the words of the statute suggest that the court has the power to order the government to produce materials, either to the defendant or to the court, *ex parte* and *in camera*."

Like the Fifth and Second Circuits, the district court in <u>Carlson</u> reasoned that the plain text of the Hyde Amendment did not support a discovery right:

> The above-quoted language does not, in this Court's opinion, authorize discovery of the government's file, which is a foreign concept in the administration of criminal justice in

> federal courts. For many years Congress has consistently refused to authorize broad discovery of the government's investigation files. The above provision for *ex parte* and *in camera* review of evidence only enables the government to defend itself against Hyde Amendment motions and at the same time protect confidential information. This Court would expect a more explicit statement by Congress in the statute if Congress intended to allow a defendant in a criminal case to have discovery of government files in connection with a Hyde Amendment petition.

2005 W.L. 2989671 at *7.

Even in United States v. Gardner, upon which the defendant here relies, the district court denied the defendant's request to engage in discovery but only ordered the production of certain documents *in camera* and *ex parte*:

> [T]he Court rejects Mr. Gardner's request to conduct depositions of IRS agents and United States Attorneys. There is also no authority to support the view that Hyde Amendment applicants should have either sweeping access to sensitive materials or broad powers to compel testimony. To the contrary, a careful reading of the Amendment suggests that Congress was aware of the potentially invasive effect of the statute and sought to put in place an *ex parte* and *in camera* review procedure to protect against the ill-effects of any such invasion.

23 F. Supp. 2d 1283, 1296 (N.D. Okla. 1998). Likewise, in United States v. Holland, the district court denied the parties' motions "to expand the record" and "to conduct an evidentiary hearing on [defendants'] Hyde Amendment Application." 34 F. Supp. 2d 346, 355 (E.D. Va.), amended, 48 F. Supp. 2d 571 (E.D. Va. 1999).

This limitation on discovery in Hyde fee cases is consistent with the procedure under the Equal Access to Justice Act ("EAJA"). See Blaylock Elec. v. NLRB, 121 F.3d 1230, 1233-34 n.1 (9th Cir. 1997) (stating that the "Congress did not intend an EAJA fees determination to involve 'additional evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes.'") (quoting United States v. Certain Real Estate Property, 838 F.2d 1558, 1565 (11th Cir. 1988)). The Hyde Amendment incorporates "the procedures and limitations (but not the burden of proof)" of EAJA. 18 U.S.C.A. § 3006A (statutory note). See United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir. 1999) (EAJA procedures and limitations, as incorporated into the Hyde Amendment, address "the steps a litigant must take" in seeking attorneys' fees and costs in a criminal case).

2. The Government's Prosecution Memorandum Is Privileged And Protected From Discovery

First, the government's prosecution memorandum is expressly protected by Rule 16(a)(2) of the Federal Rules of Criminal Procedure, which explicitly "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting this case." Fed. R. Crim. P. 16(a)(2). The defendant cannot now use the Hyde Amendment, which contains absolutely no provision for discovery, to obtain the government's prosecution memorandum, which

the defendant could not even review during the broad pre-trial discovery permitted by the Federal Rules of Criminal Procedure.

Moreover, the defendant's request for the government's prosecution memorandum falls squarely within the deliberative process privilege, the attorney work product doctrine, and the attorney-client privilege. See United States v. Edelin, 128 F. Supp. 2d 23, 39-41 (D.D.C. 2001) (denying defendant's request for internal documents concerning the government's decision to seek the death penalty).

The deliberative process privilege protects from disclosure the internal, preliminary deliberations of a government agency. See United States v. Morgan, 313 U.S. 409, 422 (1941); NLRB v. Sears, Roebuck and Co., 421 U.S. 132, 150 (1975); Town of Norfolk v. United States Army Corps of Engineers, 968 F.2d 1438, 1458 (1st Cir. 1992); United States v. Exxon Corp., 87 F.R.D. 624, 636 (D.D.C. 1980). "Simply put, the defendant is not entitled to probe into the opinions, recommendation, or decisions of the United States Attorney and the Attorney General." Edelin, 128 F. Supp. 2d at 40.

In addition, the attorney work product doctrine further shields the government's prosecution memorandum, since it reveals the mental processes of the government's attorneys and their agents. See generally Hickman v. Taylor, 329 U.S. 495 (1947). Clearly, the government's prosecution memorandum, which is prepared

prior to a decision whether or not to indict, was "made with an eye to litigation, the ultimate trial in this case." Edelin, 128 F. Supp. 2d at 40. Because the prosecution memorandum contains the mental impressions of the attorneys who worked on this case in anticipation of litigation, its disclosure should be precluded.

Further, the attorney-client privilege protects the prosecution memorandum, since it contains confidential communications between a client and attorney when the communication is for the purpose of securing legal advice or services. "In this context, the government agency serves as the client, and the government attorney is its attorney." Id. In Edelin, the district court held that "[a]ny communication, intended to remain confidential, that was conveyed by the United States Attorney to the Department of Justice for the purpose of formulating a decision by the government as to whether to seek the death penalty, would qualify as attorney-client privileged communications" and would not be discoverable. Id. Likewise, the prosecution memorandum sought here is a communication intended to be confidential that was conveyed by the Assistant U.S. Attorney to the United States Attorney's Office for the purpose of formulating a decision by the government whether or not to indict the defendant.

Finally, as set forth below, the evidence supporting the government's decision to prosecute the defendants is available in the extensive materials provided during pre-trial discovery and at

8

trial.

3. The Government Has Already Provided Extensive Documentation Supporting The Propriety Of Its Prosecution

Prior to the defendant's trial, the government made available thousands of pages of documents, and then produced hundreds of interview reports and transcripts of grand jury testimony for its witnesses. In addition, both before and during trial, the Court held oral argument on a number of legal issues after full briefing by the parties. Lastly, the defendant's trial lasted approximately five weeks, and defense counsel used many of these interview reports and grand jury transcripts to cross-examine the government's witnesses. As a result, the record amply permits the Court to decide the defendant's Hyde Amendment application without recourse to any of the requested discovery.

Against this backdrop of extensive pre-trial discovery and lengthy trial testimony, the defendant now falsely claims that "the government has made numerous unsupported assertions of reliance on particular facts and legal positions at the time of its decision to indict." Discovery Motion, at 6. For example, the defendant ignores the fact that the government's proper reliance on the defendant's post-1998 conduct was demonstrated by the interview reports and/or grand jury testimony of Lisa Sanford and Special Agent Moorehead, all of which were disclosed to defense counsel. Similarly, the defendant ignores the fact that the government's appropriate reliance on the "arm of the grand jury" theory is well

supported by this Court's prior approval of that theory in United States v. Jamie Dwyer, *et al.*, CR-N-03-30018-MAP.

4.   The Defendant Has Failed To Establish "Good Cause Shown"

Even if the Court were to construe the Hyde Amendment as authorizing discovery, the defendant has failed to establish the "good cause shown" required even for the *in camera*, *ex parte* submission of evidence.

As set forth above, the defendant has had full and unfettered access to hundreds of thousands of pages of discovery, numerous interview reports and grand jury transcripts, and a complete trial record.  Moreover, the defendant has failed to demonstrate any good cause for expanding this broad record.  Lastly, this extensive record amply demonstrates that the government's prosecution was proper, even if ultimately unsuccessful.

In this context, the Discovery Motion should be denied. See Schneider, 395 F.3d at 92 (affirming denial of production of prosecution memo where defendant, "lacking evidence that even raised a likelihood of government liability, hoped to make his case by requiring the government to disclose its confidential materials to the court."); United States v. Lindberg, 220 F.3d 1120, 1126 (9th Cir. 2000) (affirming denial of discovery where defendant's Hyde Amendment application "rests entirely on his assertion that the government lacked sufficient evidence to convict him"); United States v. Gugnani, 178 F. Supp. 2d 538, 546 (D. Md. 2002) (denying

discovery request where "the record is devoid of any evidence suggesting that the government pursued the charges for an improper purpose"); United States v. Aubrey, 290 F. Supp. 2d 1215, 1218 (D. Mont. 2003) (denying discovery request and noting that "it appears that defendants want to conduct a fishing expedition to support their claims").

5.  **The Defendant Has Failed To Establish That He Has Paid For His Own Defense**

Even if criminal defendants were entitled to discovery to support Hyde Amendment claims, it would not be appropriate for such discovery to occur without a prior finding that this particular defendant incurred his legal fees and expenses.

The Hyde Amendment authorizes courts to award attorney's fees and litigation expenses "pursuant to the procedures and limitations (but not the burden of proof) provided for an award under Title 28, United States Code, Section 2412."  18 U.S.C. § 3006A (statutory note).  As the First Circuit recognized, Hyde Amendment fee applicants must satisfy the eligibility requirements of Section 2412(d).  United States v. Knott, 256 F.3d 20, 27 (1st Cir. 2001).  Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . ."  28 U.S.C. § 2412(d)(1)(A).

In support of his Hyde Amendment application, the defendant submitted the Declaration of James C. Rehnquist, Esq. (the

"Declaration"), which stated that the "total amount of legal fees and disbursements was $649,368.61" and that "Mr. Davis's net worth is less than $2,000,000." Declaration, ¶¶ 5-6. The Declaration also stated that the amount of legal fees was calculated using a rate of $125 per hour, which is the statutory cap for attorney's fees in 28 U.S.C. § 2142. Declaration, ¶ 3, note 1. The defendant's Hyde Amendment application further noted that "Mr. Davis's attorneys's billing rates were much higher than $125 per hour, and thus the monetary costs of defending this criminal prosecution were higher." Docket No. 247, page 6, note 2.

Notably, the Declaration fails to state that the defendant "incurred" or paid any fees or expenses at all within the meaning of Section 2412(d). It is settled law that an individual may not recover fees and expenses when he has been indemnified by a corporate entity. <u>United States v. Paisley</u>, 957 F.2d 1161 (4th Cir. 1992); <u>SEC v. Comserv Corp.</u>, 908 F.2d 1407 (8th Cir. 1990) (corporate officer deemed ineligible for fee award where, pursuant to contract or statute, his fees would be fully paid by his corporate employer or by its insurer).

The Declaration fails to state that the defendant, and not some third party, actually paid the legal fees and expenses requested. Because the defendant has not satisfied the procedures and limitations in Section 2412(d), he is not eligible for discovery, much less a fee award.

12

6.  <u>Conclusion</u>

Based upon the foregoing, the government respectfully submits that the Discovery Motion should be denied.

Filed this 25th day of January, 2007.

                                      Respectfully submitted,
                                      MICHAEL J. SULLIVAN
                                      United States Attorney


                                      _____/s/ Steven H. Breslow____
                                      STEVEN H. BRESLOW
                                      Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          January 25, 2007

    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing motion by ECF to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109
Counsel for Peter Davis

                                         /s/ Steven H. Breslow
                                         STEVEN H. BRESLOW
                                         Assistant United States Attorney