# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 03-CR-30018-MAP |
| ) | |
| GERALD PHILLIPS, JAMIE DWYER, ) | |
| LUISA CARDAROPOLI, GIUSEPPE ) | |
| POLIMENI, ) | |
| Defendants ) | |

DEFENDANTS' POST-CONVICTION MOTIONS
(Docket Nos. 267, 270, 284, 286, 287, and 288)

June 8, 2005

PONSOR, D.J.

Following their convictions on charges of conspiracy, wire fraud, program fraud, obstruction of justice and false statement, all four defendants have filed motions for new trial, motions for judgment of acquittal and renewed motions to dismiss. These submissions cite a variety of grounds; with one important exception, detailed below, all these motions will be denied. With one qualification, none of the arguments offered for dismissal, judgment of acquittal, or new trial is supportable, either in fact or in law.

The court will, however, allow the motions of all four

defendants for judgment as a matter of law on the wire fraud counts. At trial, the government took the position that, in order to satisfy the elements of this offense, it was *not* necessary to present evidence that the pertinent wire communications themselves actually crossed state lines, as long as the communications (whether interstate or intrastate) traveled via an "instrument of an integrated system of interstate commerce," such as the interstate phone system.

Pointing to a failure of the evidence to support a jury finding that the wire communications at the heart of the wire fraud counts actually crossed state lines, the defendants moved for judgment as a matter of law both when the government rested and at the conclusion of the trial. Despite doubts about the government's theory, the court denied the defendants' motions.

In its instructions, the court thereafter informed the jury that the government was not required to prove that the wire transmissions in question actually crossed state or international boundaries, because "[i]t is enough that the defendants use a wire communication facility -- such as a

telephone or facsimile -- and that the facility be an instrument of an integrated system of interstate commerce."

Having now had time to consider the matter further, the court has concluded that the defendants' view of the matter presents the more accurate picture of the law. The government's theory was inconsistent with the statute's requirements, and the instruction as requested by the government and given to the jury was incorrect.

In reaching this conclusion, the court has relied primarily on three considerations.

First, the plain words of the wire fraud statute, 18 U.S.C. § 1343, extend only to situations where the defendant "transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds" for the purpose of executing an artifice or scheme to defraud. No reference is made in the text to mere "use" of the mechanisms of interstate commerce, as is the case with other statutes. The transmission itself must be "in interstate or foreign commerce."

Second, Congress on two occasions has considered but

3

declined to enact amendments to 18 U.S.C. § 1343 extending the law to cover simple use of an interstate instrumentality. The Crime Prevention Act of 1989, S. 327, 101st Cong. § 4 (1989)[1] and the Crime Prevention Act of 1995, S. 1495, 104th Cong. § 1102 (1995), both contained amendments that would have changed the language of the statute to include the use of a facility of interstate commerce. Specifically, the bills each would have amended 18 U.S.C. § 1343 by:

> striking "transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds" and inserting "uses or causes to be used any facility of interstate or foreign commerce".

S. 327 at § 4(a); S. 1495 at § 1102(a)(1). The bills would also have changed the heading of § 1343 from "Fraud by wire, radio, or television" to "Fraud by use of facility of interstate commerce." Although of course the precise inference to be drawn from Congress' inaction is not clear, this history seems to suggest that Congress was unwilling to

---

[1] An identical bill was introduced in the House as the Crime Prevention Act of 1989, H.R. 2083, 101st Cong. § 4 (1989).

4

take the step that the government would have the court take in this case.

Third, in United States v. Darby, 37 F.3d 1059 (4th Cir. 1994), the Court of Appeals held that a prosecution under 18 U.S.C. § 875(c), for transmitting a threatening communication, requires that the communication actually cross state lines. The court held that under that statute "the Government was required to prove that Darby's phone call crossed a state line" to meet the "jurisdictional peg on which to hang the federal prosecution." Id., at 1067. The language of § 875(c) requires that the defendant "transmit in interstate or foreign commerce" a communication containing a threat. The text, lacking any reference to "instrumentality" or other similar language, is substantively identical to that of 18 U.S.C. § 1343.

In reaching its conclusion, the court is mindful of the First Circuit's ruling in United States v. Gilbert, 181 F.3d 142 (1st Cir. 1999), relied upon by the government, which held that an intrastate communication sent via an interstate instrumentality was sufficient to support a conviction under 18 U.S.C. § 844(e). That statute, however -- unlike both

5

§ 875(c) and § 1343 -- makes explicit use of "instrumentality" language, stating: "Whoever, through the use of the mail, telephone, telegraph or other instrument of interstate or foreign commerce . . . willfully makes any threat" is guilty of a crime. 18 U.S.C. § 844(e)(emphasis supplied). The contrast in this language to the wire fraud statute underlines the weakness of the government's position here.

The government, in opposing defendants' motions, relies on United States v. Lopez, 514 U.S. 549 (1995), and United States v. Morrison, 529 U.S. 598 (2000), as support for Congress's rather broad (though not boundless) authority to regulate criminal activity through its commerce power. The authority of Congress, however, is not at issue here; the question is rather the extent to which Congress has chosen to exercise its authority.

It is obvious that Congress has, at times, chosen to make criminal the mere improper use of an instrumentality of interstate commerce; at other times, it has acted more narrowly, making criminal only actual transmissions that themselves occur in interstate or foreign commerce.

Although the issue is not crystal clear, the better view is that, in crafting § 1343, Congress opted for a narrower criminal footprint. As such, the government was required to prove beyond a reasonable doubt that the pertinent wire transmissions actually crossed state lines. Since, at the government's request, the court's instruction relieved the government of this responsibility, the defendants' motions on this point must be allowed.

The court's reasoning is especially compelling with regard to Counts Two, Three, and Four, where the evidence linking the defendants to any actual interstate transmissions was practically non-existent. Even on Count Five, however, where the inference linking the defendant Phillips to an actual interstate communication was more strongly supported by the evidence, the motion for judgment as a matter of law must be allowed. The reason for this is that the court's instruction permitted the jury to find the defendant guilty only upon a finding that "an instrument of an integrated system of interstate commerce" was employed. A conviction anchored on this erroneous instruction cannot stand.

As noted, the government chose (or was compelled in light of the available evidence) to found its case on shaky legal ground. Recognizing that the issue was a close call, the court declined to allow the defendants' motions on this point at the conclusion of the evidence, thereby preserving in this instance the government's right to appeal. Having the opportunity to look carefully at the matter now, the court must conclude that the defendants have a stronger position.

For the reasons set forth above, the motions for judgment as a matter of law to the extent they are directed to the wire fraud counts (Docket Nos. 267, 284, 286 and 288) are hereby ALLOWED. The guilty verdicts on Counts Two, Three, Four, and Five are hereby vacated; the clerk will enter required verdicts of not guilty for all four defendants to the extent they are named in any of these four counts. To the extent that any pending motions by any of the four defendants offer other arguments on these or other counts, the motions are DENIED.[2]

---

[2] The docket sheet should reflect that Docket Nos. 267, 284, 286 and 288 are allowed, in part, and otherwise denied. Docket Nos. 270 and 287 are denied.

8

It is So Ordered.

*/s/ Michael A. Ponsor*
MICHAEL A. PONSOR
U. S. District Judge