UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
       v. ) NO. 04-CR-30033-MAP
)
PETER DAVIS, )
       Defendant )


MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR COSTS AND ATTORNEY'S FEES
PURSUANT TO THE HYDE AMENDMENT
(Docket No. 347)

February 2, 2007

PONSOR, D.J.

On July 9, 2004, Defendant Peter Davis was charged, along with twelve others, with a variety of offenses arising out of the corrupt operation of the Springfield Housing Authority. On January 11, 2005, the grand jury returned a superceding indictment adding additional counts.

Defendant Davis was charged with four counts: racketeering, in violation of 18 U.S.C. § 1962(c) (Count 1); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 2); conspiracy to commit federal bribery, in violation of 18 U.S.C. §§ 201 and 371 (Count 3); and obstruction of justice, in violation of 18 U.S.C. § 1503 (Count 107). On

September 7, 2006, the court granted Defendant's pretrial Motion to Dismiss Counts 1 and 107, finding that Defendant's allegedly false statements to the F.B.I. agents were insufficient to support an obstruction prosecution under § 1503, in light of United States v. Aguilar, 515 U.S. 593 (1995). (See Dkt. No. 243.) The government agreed that the dismissal of Count 107 eliminated the only timely racketeering offence specified in Count 1. Based on this concession, the court dismissed Count 1 of the indictment as well.

Following guilty pleas by all twelve other defendants, this case proceeded to trial against Defendant Davis only, commencing September 18, 2006. Following the close of the government's evidence, the court on October 18, 2006 allowed Defendant's Motion Pursuant to Fed. R. Crim. P. 29(a), on the ground that the evidence failed to show that Defendant engaged in any unlawful agreement to commit bribery and/or to participate in the affairs of a racketeering enterprise within the applicable five-year limitations period. (See Dkt. No. 339.)

Based on the court's ruling, Defendant has now moved for costs and attorney's fees pursuant to the Hyde Amendment, Pub.

L. No. 105-110, 111 stat. 2440, 2519 (1997), Reprinted in 18 U.S.C. § 3006(A). This statute states that a court "may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust."

Defendant makes clear in his submission that he is <u>not</u> seeking an award of fees based upon vexatious conduct by the government or upon any bad faith. Rather, Defendant argues that the absence of evidence within the limitations period that would support any of the charges brought by the government rendered the position of the United States in this case frivolous.

Although the court is convinced, as its strongly-worded memorandum of October 18, 2006 indicated, that its ruling on Defendant's Motion for Judgment of Acquittal was correct, it is not persuaded that the circumstances of this case justify an award of fees and costs under the Hyde Amendment.

The First Circuit discussed the standards to be applied to applications under this statute in the case of <u>United</u>

States v. Knott, 256 F.3d 20 (1st Cir. 2001). Although the First Circuit's decision addresses only the "vexatious" tine of the Hyde Amendment, dicta in that case provides guidance to this court regarding the standard to be used in addressing a claim of frivolousness. The Court of Appeals stated that "if the government pursues a prosecution without any foundation or basis for belief that it might prevail, such a prosecution would more appropriately be deemed 'frivolous' than 'vexatious.'" Id. at 29-30. An Eleventh Circuit case, cited in Knott, states that in order to satisfy the requirements of Hyde, the government's position must be "foreclosed by binding precedent or so obviously wrong as to be frivolous." United States v. Gilbert, 198 F.3d 1293, 1304 (11th Cir. 1999).

In this case, the government was confronted by an extraordinarily complex factual situation, with numerous possible legal theories that might have been pursued. The evidence of criminal misconduct by Defendant, lying just outside the period of the statute of limitations and extending for many years into the past, was prodigious. Some evidence of Defendant's ongoing contact with the primary conspirators existed in the record, as well as evidence that Defendant was

4

falsely denying his earlier criminal involvement. Comments made by Defendant to law enforcement officers investigating the conspiracy might well have supported a charge against Defendant under 18 U.S.C. § 1001 for false statement, but, for reasons that are not clear, the government chose not to charge Defendant under that statute. Moreover, the government had colorable, though in the end not substantial, arguments in opposition to evidentiary rulings by the court excluding evidence that might have formed a basis for opposition to Defendant's Rule 29 motion.

Based on all these factors, the court cannot conclude that the prosecution of Defendant here was without any foundation or basis for belief that it might prevail. For the foregoing reasons, Defendant's Motion for Costs and Attorney's Fees (Dkt. No. 347) is hereby DENIED.[1]

---

[1] The court has by marginal ruling today denied Defendant's Motion to Obtain Limited Discovery (Dkt. No. 382). While there may be situations where a defendant is entitled to discovery in connection with a Hyde Amendment application, this is not one of them. No discovery that Defendant could conceivably obtain regarding any prosecution memorandum would alter the court's ruling given the reasons stated in this memorandum.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge